# Exhibit 1

STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99439)
Chief, Criminal Division

CHRISTA HALL (CABN 328881)
Assistant United States Attorney

EDWIN FARLEY
Law Clerk

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Christa.Hall@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3-22-MJ-70781-MAG |
| Plaintiff, | UNITED STATES'S MEMORANDUM IN SUPPORT OF DETENTION OF ALEX KAI TICK CHIN |
| v. | |
| ALEX KAI TICK CHIN, | Date: June 17, 2022<br>Time: 10:30 a.m. |
| Defendant. | |

    The Defendant, Alex Chin, was indicted in the Southern District of West Virginia, and arrested in the Northern District of California. Defendant Chin, a registered sex offender, is charged with violating 18 U.S.C § 2251(a), sexual exploitation of children, after he convinced two minor females to send him sexually explicit photos of themselves on Snapchat. Defendant Chin then drove to West Virginia and attempted to make contact with the minor in a store. There is a rebuttable presumption that defendant is both a flight risk and a danger to the community. 18 U.S.C. §3142(e). The government respectfully requests Defendant remain detained pending his transfer to face his charges in West Virginia. There is no combination of conditions that can assure the safety of the community.

US SUPPORT OF DETENTION
3-22-MJ-70781-MAG                                                               1

## I. **INTRODUCTION**

On April 26, 2022, a federal grand jury in the Southern District of West Virginia returned an indictment charging CHIN with one violation of 18 U.S.C. § 2251(a), sexual exploitation of children. CHIN, a registered sex offender with a California driver's license, was expected to check in as part of his 290 registration requirements with the San Francisco Police Department no later than June 13, 2022. When CHIN checked in on June 13, 2022, he was arrested pursuant to a federal warrant from the West Virginia indictment. On June 14, 2022, CHIN appeared before this Court in custody and a detention hearing was scheduled for June 17, 2022.

The underlying charge stems from an investigation by Homeland Security Investigations (HSI) of the Department of Homeland Security (DHS). The investigation was initiated when CHIN applied for entry into the United States at the Paso Del Norte Port of Entry and a law enforcement query based on CHIN's California Driver License returned information that CHIN was a registered sex offender. A review of CHIN's cell phone revealed possession of unclothed photos of what appeared to be a minor female child, herein identified as Minor Female 1.

On or about December 12, 2020, through on or about January 11, 2020, at or near Huntington, Wayne County, West Virginia, CHIN did employ, use, persuade, induce, entice, and coerce a minor, Minor Female 1, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct and the visual depictions were transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate commerce.

As a matter of law, pursuant to 18 U.S.C. § 3142(e)(3)(e), it is presumed that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. CHIN has demonstrated that he will go to any length, including driving across the country during a pandemic to obtain and entice the production of child pornography.

The defendant must be detained pending trial and relocation to West Virginia. Even if the defendant can rebut the presumption, the United States can demonstrate by clear and convincing evidence that the defendant is a danger to the community. The United States submits that this danger to the community cannot be mitigated with any reasonable assurance and therefore the defendant should be detained.

## II.  FACTUAL BACKGROUND

CHIN began corresponding with Minor Female 1 on Snapchat under the name "Alexander Hamilton" after another victim, Minor Female 2, introduced him to her. DHS ROI No. WV07QE22EP0002-003. When CHIN began exchanging messages with them, Minor Female 1 was 16 and Minor Female 2 was 12 years old. *See id.*; DHS ROI No. WV07QE22EP0002-005. On a Facetime call CHIN asked the victims for their age. DHS ROI No. WV07QE22EP0002-004. HSI discovered through its interviews with the Child Protective Services employee responsible for Minor Female 1 that she has a cognitive disability; although Minor Female 1 is now 18 years old, she has the mind of a 13-year-old. DHS ROI No. WV07QE22EP0002-002. Minor Female 1 is currently in foster care, having been removed from her home in March 2022 because of physical, emotional, and sexual abuse allegations against her parents. *Id.*

Over the time CHIN exchanged messages with Minor Female 1 and Minor Female 2, CHIN repeatedly threatened to harm or kill himself, sending photos of himself with a knife to his wrist or in his mouth, in order to entice Minor Female 1 and Minor Female 2 to send him sexually explicit images and videos, suggesting that he would follow through on his threat if he did not receive what he wanted. *See* DHS ROI No. WV07QE22EP0002-003; DHS ROI No. WV07QE22EP0002-005. Both Minor Female 1 and Minor Female 2 sent photos of themselves to CHIN and CHIN sent photos and videos of himself to Minor Female 1, including an image of himself masturbating. *Id.* CHIN continued to attempt to contact Minor Female 1 through newly created Snapchat accounts when Minor Female 1 blocked CHIN's "Alexander Hamilton" account on Snapchat. DHS ROI No. WV07QE22EP0002-003. CHIN would act possessive over Minor Female 1, telling her she was not allowed to see other friends of hers and he threatened to kill the boyfriend Minor Female 1 told CHIN she had. *Id.*

In February and March 2022, CHIN attempted to make contact with Minor Female 1 and Minor Female 2 in person. Minor Female 1 stated that CHIN would dress like a teenager, wearing a t-shirt and ripped jeans. DHS ROI No. WV07QE22EP0002-003. CHIN had told both victims on numerous occasions that he would come to visit them. *Id.*; DHS ROI No. WV07QE22EP0002-005. On or about February 2022, CHIN contacted Minor Female 2 by text message, telling her that he was in West Virginia. Although Minor Female 2 never gave CHIN her exact address, Minor Female 2 claims to have

recognized CHIN's van outside of her house. DHS ROI No. WV07QE22EP0002-006. Minor Female 2 never met with CHIN even though he drove to meet her. *Id.* Later, CHIN approached or attempted to approach Minor Female 1 and her sister at a Sam's Club in South Point, Ohio during or around March 2022. DHS ROI No. WV07QE22EP0002-003; DHS ROI No. WV07QE22EP0002-004. CHIN had tried to contact Minor Female 1 on Snapchat saying that he was in town but that Minor Female 2 would not meet him and had blocked him. DHS ROI No. WV07QE22EP0002-003. CHIN was insistent. *Id.* CHIN attempted to have Minor Female 1 meet him, including by waving her over to him in the Sam's Club, and expressed that he wanted to come to Minor Female 1's foster mother's home. *Id.* Minor Female 1 told him no and blocked him on Snapchat. CHIN stared at Minor Victim 1 and her sister while they were in the checkout line. *Id.*; DHS ROI No. WV07QE22EP0002-004.

On Monday, March 21, 2022, at approximately 7:31 p.m., CHIN applied for entry at the Paso Del Norte (PDN) Port of entry (POE) pedestrian lanes. DHS ROI No. EP07QE22EP0002-001. CHIN presented a duly issued California Driver license as an entry document and verbally stated he was a United States Citizen heading back to San Francisco. *Id.* Primary Officer Alberto Torres conducted a law enforcement query and received a positive match for a registered sex offender for CHIN. *Id.* CHIN was referred to Passport Control Secondary (PCS). *Id.* CHIN stated he was on a cross country trip, heading back to San Francisco where he resides, and decided to visit Mexico. *Id.* CHIN was traveling with two smart phone devices and consented to their search, voluntarily unlocking providing the passwords for the devices. *Id.* The lock screen wallpaper of one of CHIN's devices was a photo of a female. *Id.* A Customs and Border Patrol (CPB) officer asked CHIN about the female depicted. *Id.* CHIN advised she was a friend. *Id.* CHIN said she was 13 years of age and further stated he had no family relationship with her and had met her online, communicating with her over a period of about 1.5 years. *Id.* Although CHIN stated the female in the photo was 13, she was later identified as Minor Female 1, who was 16 or 17 at the time. *Id.*; DHS ROI No. WV07QE22EP0002-003. Further search of the device found additional photos, including photos dated December 12, 2020, January 8, 2021, January 9, 2021, and January 11, 2021. DHS ROI No. EP07QE22EP0002-001. Multiple photos depicted Minor Female 1 undressed so as to expose her breasts. *Id.* Three photos contained a white female's genitalia. *Id.* The female's face was not visible in every photo, but Minor Female 1 later identified

herself and stated she had taken the photos at her home. DHS ROI No. WV07QE22EP0002-003. At least some of the photos were screenshots from Snapchat conversations where the photos were sent. DHS ROI No. EP07QE22EP0002-001. CHIN also had photos taken from the Facebook profile of Female Victim 1, including his lock screen wallpaper. DHS ROI No. EP07QE22EP0002-002. There were at least 15 photos of Minor Female 1 on CHIN's device. DHS ROI No. EP07QE22EP0002-001.

CHIN was not arrested by CPB and was released later on the evening of March 21, 2022. *Id.*

### III. ARGUMENT

#### A. Legal standard

The Bail Reform Act of 1984 (the "Act") permits pre-trial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Detention is appropriate where defendant is either a danger to the community or a flight risk; it is not necessary to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Motamedi*, 767 F.2d at 1406.

The Court must consider four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

The rules concerning admissibility of evidence in criminal trials do not apply to a detention hearing. 18 U.S.C. § 3142(f).

#### B. The nature and circumstances of the offenses charged demonstrate the danger the defendant poses to the community. (18 U.S.C. §§ 3142(g)(1) and (4))

The nature and circumstances of the charged offenses demonstrate that there are no conditions that will reasonably assure the safety of the community should CHIN be released. Before CHIN

travelled to West Virginia, he was communicating with Minor Female 1 electronically from across the country. This is more than a simple possession of child pornography case. Defendant has taken intentional steps toward and has successfully enticed children to send him sexually explicit images over the phone. The lengths at which defendant has shown he would go—driving cross country during a pandemic—to confront the children shows how dangerous defendant is to the community. Defendant went as far as threatening suicide to convince the child to send him pictures. Detention is the only condition that can reasonably assure the safety of the community given the nature and circumstances of the charged offenses.

### C. The weight of the evidence against the defendant is strong. (18 U.S.C. § 3142(g)(2))

Minor Female 1 and her sister identified CHIN from his driver license photo after their encounter with him in the Sam's Club in Ohio. Minor Female 2 also identified CHIN from his driver license photo as the person she chatted with online and to whom she sent topless photos. Minor Female 2 also corroborated a description of CHIN's vehicle. Both victims who identified CHIN have provided access to their cell phones to HSI for continued investigation.

### D. The defendant's history and habits do not support release. (18 U.S.C. § 3142(g)(3))

CHIN was already a registered sex offender following a conviction in 2018 under California Penal Code § 311, yet he continued to solicit sexually explicit conduct from minors. CHIN's tendency to dress like a teenager and his willingness to approach the targets of his enticement in public speaks to the inadequacy of any kind of supervision short of detention. Moreover, CHIN is known to be transient and to live in his van at times, making release, even with conditions, particularly unsuitable for CHIN, especially in light of his demonstrated willingness to travel thousands of miles based on his criminal proclivities.

### E. The defendant is presumed a danger to the community as a matter of law. (18 U.S.C. § 3142(g)(4))

This is a presumption case. Congress intended that the statutory presumptions would have a "significant practical effect." *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985). The presumptions do not disappear when a defendant meets his or her burden of producing rebuttal evidence. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (citing *United States v. Dominguez*, 783 F.2d

702, 707 (7th Cir. 1986)). The presumption remains as an evidentiary finding militating against release, to be weighed along with other evidence relevant to the factors listed in Section 3142(g). *Id.*

The presumption exists under 18 U.S.C. § 3142(e)(3)(e) because cases involving conduct like the defendant's—exploiting children by directing them to produce sexually explicit images of themselves and subjecting them to images of himself—demonstrate the danger inherent in these crimes that the defendant would commit similar crimes again if released, as CHIN has done here. *See Hir*, 517 F.3d at 1089. The government urges the court to take into consideration Congress' designation of these crimes as ones where defendants "pose an especially grave risk to the safety of the community." *Id.* (internal citations omitted).

Even absent this presumption, the danger CHIN poses is evidenced by the way he conducts himself. This includes how he dresses and his vehicle, as discussed above. In his communications with Minor Female 1, CHIN is vulgar and oppressive and is willing to circumvent being blocked by creating new accounts and tracking his victims down in person. CHIN is not beneath preying on the good conscience of his minor victims by threatening to harm himself if they do not accede to his requests to expose themselves to him. CHIN uses these tactics to amplify the seriousness of the danger he poses, and his release would be to allow this danger to persist, if not to Minor Female 1 and Minor Female 2, to potential victims in the San Francisco area and West Virginia.

**IV.** **CONCLUSION**

For these reasons, the United States respectfully requests that this Court find that the defendant is subject to the presumption against release of 18 U.S.C. § 3142(e)(3)(e), that the United States has established by clear and convincing evidence that the defendant is a danger to the community, and that there are no conditions or combination of conditions that will reasonably assure the safety of the community.

DATED: June 17, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

_____/s/_____
CHRISTA HALL
Assistant United States Attorney
EDWIN FARLEY
Law Clerk

US SUPPORT OF DETENTION
3-22-MJ-70781-MAG 7