Query    Reports    Utilities    Help    What's New    Log Out

# U.S. District Court
# California Northern District (San Francisco)
# CRIMINAL DOCKET FOR CASE #: 3:22-mj-70781-MAG-1

Case title: USA v. Chin

Date Filed: 06/14/2022

Assigned to: Magistrate Judge

USA v. Alex Kai Tick Chin
3:22-cr-00087

**Defendant (1)**

**Alex Kai Tick Chin**  represented by  **David W. Rizk**
Federal Public Defender
Northern District of California
450 Golden Gate Ave.
Rm 19-6884
San Francisco, CA 94102
415-436-7700
Fax: 415-436-7706
Email: david_rizk@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | **Christa Hall**<br>DOJ-USAO<br>450 Golden Gate Avenue<br>Floor 11<br>San Francisco, CA 94102<br>415-436-7200<br>Email: christa.hall@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney* |

| Date Filed | # | Docket Text |
|---|---|---|
| 06/14/2022 | 1 | Rule 5(c)(3)Documents Received as to Alex Kai Tick Chin (ark, COURT STAFF) (Filed on 6/14/2022) (Entered: 06/14/2022) |
| 06/14/2022 | doc | Minute Entry for proceedings held before Magistrate Judge Laurel Beeler: Detention Hearing set for 6/17/2022 10:30 AM in San Francisco, Courtroom 14, 18th Floor before Magistrate Judge Laurel Beeler. Recording Time 10:58 - 11:03. DPPA advised. (lsk, COURT STAFF) (Filed on 6/14/2022) (lsk, COURT STAFF). (Entered: 06/15/2022) |
| 06/15/2022 | 2 | NOTICE OF ATTORNEY APPEARANCE: David W. Rizk appearing for Alex Kai Tick Chin (Rizk, David) (Filed on 6/15/2022) (Entered: 06/15/2022) |
| 06/16/2022 | 4 | MEMORANDUM *in Support of Detention* by USA as to Alex Kai Tick Chin (Hall, Christa) (Filed on 6/16/2022) (Entered: 06/16/2022) |
| 06/17/2022 | 5 | Minute Entry for proceedings held before Magistrate Judge Laurel Beeler: Detention Hearing as to Alex Kai Tick Chin held on 6/17/2022 Status Conference re bond set for 6/27/2022 10:30 AM in San Francisco, Courtroom 14, 18th Floor before Magistrate Judge Laurel Beeler. Recording Time 10:56-11:34. (lsk, COURT STAFF) (Filed on 6/17/2022) (Entered: 06/17/2022) |

1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2
3  THOMAS A. COLTHURST (CABN 99493)
   Chief, Criminal Division
4  CHRISTA HALL (CABN 328881)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
7       FAX: (415) 436-7234
        Christa.Hall@usdoj.gov
8
   Attorneys for United States of America
9

**FILED**

Jun 14 2022

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO.  3-22-mj-70781MAG |
|---|---|
| Plaintiff, | ) NOTICE OF PROCEEDINGS ON OUT-OF-DISTRICT CRIMINAL CHARGES PURSUANT TO RULES 5(c)(2) AND (3) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| v. | |
| ALEX KAI TICK CHIN, | |
| Defendant. | |

Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that on June 13, 2022, the above-named defendant was arrested pursuant to an arrest warrant (copy attached) issued upon an

    X    Indictment

    ☐    Information

    ☐    Criminal Complaint

    ☐    Other (describe) _____

pending in the Southern District of West Virginia, Case Number 3:22-CR-00087.

In that case (copy of indictment attached), the defendant is charged with a violation of Title 18 United States Code, Section 2251(a) and (e).

v. 7/10/2018

Description of Charges: The defendant, on or about December 12, 2020 through on or about January 11, 2021, at or near Huntington, Wayne County, West Virginia, did employ, use, persuade, induce, entice, and coerce a minor, Minor Female 1, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, and the visual depictions were transmitted using any means and facility of interstate and foreign commerce and in an affecting interstate and foreign commerce.

The maximum penalties are as follows:

18 U.S.C. § 2251(a),(e): 30 years imprisonment and no less than 15 years; $250,000 fine; 5 years minimum supervised release, and a maximum of life; $5,100 special assessment ($100 special assessment under 18 U.S.C. § 3013 and an additional $5,000 special assessment under 1 U.S.C. § 3014(a)(3) because the crime relates to sexual exploitation of children).

If the defendant has one prior conviction of possession of child pornography, the maximum penalty includes imprisonment for not less than 25 years and no more than 50 years.

Respectfully Submitted,

STEPHANIE M. HINDS
UNITED STATES ATTORNEY

Date: June 13, 2022

*Christa Hall*
CHRISTA HALL
Assistant United States Attorney

v. 7/10/2018

# Attachment 1

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

**SEALED**

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| ALEX KAI TICK CHIN | ) | Case No. 3:22-cr-00087 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant | | |

REC'D USMS CHARLESTON WV
APR 26 2022 PM 12:45

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* ALEX KAI TICK CHIN ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:
Production of child pornography.

Date: 04/26/2022

*Issuing officer's signature* tr

City and state: CHARLESTON, WV

RORY L. PERRY II, CLERK
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____ |
| Date: _____ |
| *Arresting officer's signature* |
| *Printed name and title* |

# Attachment 2

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2021
APRIL 26, 2022 SESSION

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. _____
   18 U.S.C. § 2251(a)
   18 U.S.C. § 2251(e)

**ALEX KAI TICK CHIN**

## I N D I C T M E N T

The Grand Jury Charges:

From on or about December 12, 2020 through on or about January 11, 2021, at or near Huntington, Wayne County, West Virginia, and within the Southern District of West Virginia, defendant ALEX KAI TICK CHIN did employ, use, persuade, induce, entice, and coerce a minor, Minor Female 1, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, and the visual depictions were transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a) and (e).

**FORFEITURE**

In accordance with Section 2253(a) of Title 18 of the United States Code, and Rule 32.2(a) of the Federal Rules of Criminal Procedure, and premised on the conviction of defendant ALEX KAI TICK CHIN of a violation of 18 U.S.C. §§ 2251 et seq., as set forth in this indictment, the defendant shall forfeit to the United States any visual depictions and any books, magazines, periodicals, films, videotapes, and other matter which contains such visual depictions, which were produced, transported, mailed, shipped, or received in connection with the violations set forth in this indictment, any real and personal property constituting or traceable to gross profits or other proceeds obtained from the violations set forth in this indictment, and any real and personal property used or intended to be used to commit or to promote the commission of the violations set forth in this indictment.

WILLIAM S. THOMPSON
United States Attorney

By: _____
JENNIFER RADA HERRALD
Assistant United States Attorney

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2021
APRIL 26, 2022 SESSION

**UNITED STATES OF AMERICA**

v.                      CRIMINAL NO. _____
                                    18 U.S.C. § 2251(a)
                                    18 U.S.C. § 2251(e)
**ALEX KAI TICK CHIN**

# I N D I C T M E N T

A True Bill.

_____
Foreperson

| DOCUMENTS UNDER SEAL ☐ | | TOTAL TIME (mins): 5 minutes | |
|---|---|---|---|
| **MAGISTRATE JUDGE MINUTE ORDER** | DEPUTY CLERK<br>Elaine Kabiling | REPORTER/DIGITAL RECORDING:<br>10:58 - 11:03 | |
| MAGISTRATE JUDGE<br>Laurel Beeler | DATE<br>06/14/2022 | NEW CASE ☐ | CASE NUMBER<br>3:22-mj-70781-MAG-1 |

| APPEARANCES | | | | | |
|---|---|---|---|---|---|
| DEFENDANT<br>Alex Kai Tick Chin | AGE | CUST<br>Y | P/NP<br>P | ATTORNEY FOR DEFENDANT<br>David Rizk, prov. appt. | PD. ☒  RET. ☐<br>APPT. ☐ |
| U.S. ATTORNEY<br>Christa Hall | INTERPRETER<br>Not Required | | ☐ FIN. AFFT SUBMITTED | | ☐ COUNSEL APPT'D |
| PROBATION OFFICER | PRETRIAL SERVICES OFFICER<br>Elba Romero | ☐ DEF ELIGIBLE FOR APPT'D COUNSEL | | ☐ PARTIAL PAYMENT OF CJA FEES | |

| PROCEEDINGS SCHEDULED TO OCCUR | | | | | |
|---|---|---|---|---|---|
| ☐ INITIAL APPEAR<br>☑ DPPA ADVISED | ☐ PRELIM HRG | ☐ MOTION | ☐ JUGM'T & SENTG | ☐ STATUS<br>☐ TRIAL SET | |
| ☐ I.D. COUNSEL | ☐ ARRAIGNMENT | ☐ BOND HEARING | ☒ IA REV PROB. or or S/R  5 mins | ☐ OTHER | |
| ☐ DETENTION HRG | ☐ ID / REMOV HRG | ☐ CHANGE PLEA | ☐ PROB. REVOC. | ☐ ATTY APPT HEARING | |

| INITIAL APPEARANCE | | | |
|---|---|---|---|
| ☒ ADVISED OF RIGHTS | ☒ ADVISED OF CHARGES | ☐ NAME AS CHARGED IS TRUE NAME | ☐ TRUE NAME: |

| ARRAIGNMENT | | | |
|---|---|---|---|
| ☐ ARRAIGNED ON INFORMATION | ☐ ARRAIGNED ON INDICTMENT | ☐ READING WAIVED SUBSTANCE | ☐ WAIVER OF INDICTMENT FILED |

| RELEASE | | | | |
|---|---|---|---|---|
| ☐ RELEASED ON O/R | ☐ ISSUED APPEARANCE BOND | AMT OF SECURITY<br>$ | SPECIAL NOTES | ☐ PASSPORT SURRENDERED DATE: |
| PROPERTY TO BE POSTED<br>☐ CASH   $ | | CORPORATE SECURITY ☐ | | REAL PROPERTY: ☐ |

| ☒ MOTION FOR DETENTION | ☒ PRETRIAL SERVICES REPORT | ☐ DETAINED | ☐ RELEASED | ☐ DETENTION HEARING AND FORMAL FINDINGS WAIVED | ☐ REMANDED TO CUSTODY |
|---|---|---|---|---|---|

ORDER REMOVED TO THE DISTRICT OF

| PLEA | | | |
|---|---|---|---|
| ☐ CONSENT ENTERED | ☐ NOT GUILTY | ☐ GUILTY | GUILTY TO COUNTS: ☐ |
| ☐ PRESENTENCE REPORT ORDERED | ☐ CHANGE OF PLEA | ☐ PLEA AGREEMENT FILED | OTHER: |

| CONTINUANCE | | | | |
|---|---|---|---|---|
| TO:<br>6/17/2022 | ☐ ATTY APPT HEARING | ☐ BOND HEARING | ☐ STATUS RE: CONSENT | ☐ TRIAL SET |
| AT:<br>10:30 AM | ☐ SUBMIT FINAN. AFFIDAVIT | ☐ PRELIMINARY HEARING | ☐ CHANGE OF PLEA | ☐ STATUS |
| BEFORE HON.<br>Beeler | ☒ DETENTION HEARING | ☐ ARRAIGNMENT | ☐ MOTIONS | ☐ JUDGMENT & SENTENCING |
| ☐ TIME WAIVED | ☐ TIME EXCLUDABLE UNDER 18 § USC 3161 | ☐ IDENTITY / REMOVAL HEARING | ☐ PRETRIAL CONFERENCE | ☐ PROB/SUP REV. HEARING |

| CC: | ADDITIONAL PROCEEDINGS | DOCUMENT NUMBER: |
|---|---|---|

Gov't moves for detention. Matter referred to PTS for full bail study.

JODI LINKER
Federal Public Defender
Northern District of California
DAVID RIZK
Assistant Federal Public Defender
450 Golden Gate Avenue, Box 36106
San Francisco, CA 94102
Telephone:  (415) 436-7700
Facsimile:   (415) 436-7706
Email:         david_rizk@fd.org
Counsel for Defendant CHIN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEX KAI TICK CHIN,<br><br>Defendant. | Case No.: 22-mj-70781 MAG<br><br>**NOTICE OF ATTORNEY APPEARANCE** |
|---|---|

PLEASE TAKE NOTICE that the Clerk is hereby asked to enter the appearance of David Rizk, Assistant Federal Public Defender, on behalf of the defendant. The Clerk is requested to include AFPD David Rizk on all e-filing notices for the above-captioned matter. Counsel's mailing address, telephone number, facsimile number and email address is listed above.

Dated:   June 15, 2022

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

_____/S_____
DAVID RIZK
Assistant Federal Public Defender

NOTICE OF ATTY. APPEARANCE
*CHIN*, 22–70781 MAG

1

1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2
3  THOMAS A. COLTHURST (CABN 99439)
   Chief, Criminal Division
4  CHRISTA HALL (CABN 328881)
   Assistant United States Attorney
5
6  EDWIN FARLEY
   Law Clerk
7     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
8     Telephone: (415) 436-7200
      FAX: (415) 436-7234
9     Christa.Hall@usdoj.gov

10 Attorneys for the United States of America

11                   UNITED STATES DISTRICT COURT
12                  NORTHERN DISTRICT OF CALIFORNIA
13                       SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 3-22-MJ-70781-MAG |
|---|---|
| Plaintiff, | ) |
| v. | ) UNITED STATES'S MEMORANDUM IN SUPPORT OF DETENTION OF ALEX KAI TICK CHIN |
| ALEX KAI TICK CHIN, | ) Date: June 17, 2022 |
| Defendant. | ) Time: 10:30 a.m. |

The Defendant, Alex Chin, was indicted in the Southern District of West Virginia, and arrested in the Northern District of California. Defendant Chin, a registered sex offender, is charged with violating 18 U.S.C § 2251(a), sexual exploitation of children, after he convinced two minor females to send him sexually explicit photos of themselves on Snapchat. Defendant Chin then drove to West Virginia and attempted to make contact with the minor in a store. There is a rebuttable presumption that defendant is both a flight risk and a danger to the community. 18 U.S.C. §3142(e). The government respectfully requests Defendant remain detained pending his transfer to face his charges in West Virginia. There is no combination of conditions that can assure the safety of the community.

## I.  INTRODUCTION

On April 26, 2022, a federal grand jury in the Southern District of West Virginia returned an indictment charging CHIN with one violation of 18 U.S.C. § 2251(a), sexual exploitation of children. CHIN, a registered sex offender with a California driver's license, was expected to check in as part of his 290 registration requirements with the San Francisco Police Department no later than June 13, 2022. When CHIN checked in on June 13, 2022, he was arrested pursuant to a federal warrant from the West Virginia indictment. On June 14, 2022, CHIN appeared before this Court in custody and a detention hearing was scheduled for June 17, 2022.

The underlying charge stems from an investigation by Homeland Security Investigations (HSI) of the Department of Homeland Security (DHS). The investigation was initiated when CHIN applied for entry into the United States at the Paso Del Norte Port of Entry and a law enforcement query based on CHIN's California Driver License returned information that CHIN was a registered sex offender. A review of CHIN's cell phone revealed possession of unclothed photos of what appeared to be a minor female child, herein identified as Minor Female 1.

On or about December 12, 2020, through on or about January 11, 2020, at or near Huntington, Wayne County, West Virginia, CHIN did employ, use, persuade, induce, entice, and coerce a minor, Minor Female 1, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct and the visual depictions were transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate commerce.

As a matter of law, pursuant to 18 U.S.C. § 3142(e)(3)(e), it is presumed that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. CHIN has demonstrated that he will go to any length, including driving across the country during a pandemic to obtain and entice the production of child pornography.

The defendant must be detained pending trial and relocation to West Virginia. Even if the defendant can rebut the presumption, the United States can demonstrate by clear and convincing evidence that the defendant is a danger to the community. The United States submits that this danger to the community cannot be mitigated with any reasonable assurance and therefore the defendant should be detained.

## II. FACTUAL BACKGROUND

CHIN began corresponding with Minor Female 1 on Snapchat under the name "Alexander Hamilton" after another victim, Minor Female 2, introduced him to her. DHS ROI No. WV07QE22EP0002-003. When CHIN began exchanging messages with them, Minor Female 1 was 16 and Minor Female 2 was 12 years old. *See id.*; DHS ROI No. WV07QE22EP0002-005. On a Facetime call CHIN asked the victims for their age. DHS ROI No. WV07QE22EP0002-004. HSI discovered through its interviews with the Child Protective Services employee responsible for Minor Female 1 that she has a cognitive disability; although Minor Female 1 is now 18 years old, she has the mind of a 13-year-old. DHS ROI No. WV07QE22EP0002-002. Minor Female 1 is currently in foster care, having been removed from her home in March 2022 because of physical, emotional, and sexual abuse allegations against her parents. *Id.*

Over the time CHIN exchanged messages with Minor Female 1 and Minor Female 2, CHIN repeatedly threatened to harm or kill himself, sending photos of himself with a knife to his wrist or in his mouth, in order to entice Minor Female 1 and Minor Female 2 to send him sexually explicit images and videos, suggesting that he would follow through on his threat if he did not receive what he wanted. *See* DHS ROI No. WV07QE22EP0002-003; DHS ROI No. WV07QE22EP0002-005. Both Minor Female 1 and Minor Female 2 sent photos of themselves to CHIN and CHIN sent photos and videos of himself to Minor Female 1, including an image of himself masturbating. *Id.* CHIN continued to attempt to contact Minor Female 1 through newly created Snapchat accounts when Minor Female 1 blocked CHIN's "Alexander Hamilton" account on Snapchat. DHS ROI No. WV07QE22EP0002-003. CHIN would act possessive over Minor Female 1, telling her she was not allowed to see other friends of hers and he threatened to kill the boyfriend Minor Female 1 told CHIN she had. *Id.*

In February and March 2022, CHIN attempted to make contact with Minor Female 1 and Minor Female 2 in person. Minor Female 1 stated that CHIN would dress like a teenager, wearing a t-shirt and ripped jeans. DHS ROI No. WV07QE22EP0002-003. CHIN had told both victims on numerous occasions that he would come to visit them. *Id.*; DHS ROI No. WV07QE22EP0002-005. On or about February 2022, CHIN contacted Minor Female 2 by text message, telling her that he was in West Virginia. Although Minor Female 2 never gave CHIN her exact address, Minor Female 2 claims to have

recognized CHIN's van outside of her house. DHS ROI No. WV07QE22EP0002-006. Minor Female 2 never met with CHIN even though he drove to meet her. *Id.* Later, CHIN approached or attempted to approach Minor Female 1 and her sister at a Sam's Club in South Point, Ohio during or around March 2022. DHS ROI No. WV07QE22EP0002-003; DHS ROI No. WV07QE22EP0002-004. CHIN had tried to contact Minor Female 1 on Snapchat saying that he was in town but that Minor Female 2 would not meet him and had blocked him. DHS ROI No. WV07QE22EP0002-003. CHIN was insistent. *Id.* CHIN attempted to have Minor Female 1 meet him, including by waving her over to him in the Sam's Club, and expressed that he wanted to come to Minor Female 1's foster mother's home. *Id.* Minor Female 1 told him no and blocked him on Snapchat. CHIN stared at Minor Victim 1 and her sister while they were in the checkout line. *Id.*; DHS ROI No. WV07QE22EP0002-004.

On Monday, March 21, 2022, at approximately 7:31 p.m., CHIN applied for entry at the Paso Del Norte (PDN) Port of entry (POE) pedestrian lanes. DHS ROI No. EP07QE22EP0002-001. CHIN presented a duly issued California Driver license as an entry document and verbally stated he was a United States Citizen heading back to San Francisco. *Id.* Primary Officer Alberto Torres conducted a law enforcement query and received a positive match for a registered sex offender for CHIN. *Id.* CHIN was referred to Passport Control Secondary (PCS). *Id.* CHIN stated he was on a cross country trip, heading back to San Francisco where he resides, and decided to visit Mexico. *Id.* CHIN was traveling with two smart phone devices and consented to their search, voluntarily unlocking providing the passwords for the devices. *Id.* The lock screen wallpaper of one of CHIN's devices was a photo of a female. *Id.* A Customs and Border Patrol (CPB) officer asked CHIN about the female depicted. *Id.* CHIN advised she was a friend. *Id.* CHIN said she was 13 years of age and further stated he had no family relationship with her and had met her online, communicating with her over a period of about 1.5 years. *Id.* Although CHIN stated the female in the photo was 13, she was later identified as Minor Female 1, who was 16 or 17 at the time. *Id.*; DHS ROI No. WV07QE22EP0002-003. Further search of the device found additional photos, including photos dated December 12, 2020, January 8, 2021, January 9, 2021, and January 11, 2021. DHS ROI No. EP07QE22EP0002-001. Multiple photos depicted Minor Female 1 undressed so as to expose her breasts. *Id.* Three photos contained a white female's genitalia. *Id.* The female's face was not visible in every photo, but Minor Female 1 later identified

US SUPPORT OF DETENTION
3-22-MJ-70781-MAG 4

herself and stated she had taken the photos at her home. DHS ROI No. WV07QE22EP0002-003. At least some of the photos were screenshots from Snapchat conversations where the photos were sent. DHS ROI No. EP07QE22EP0002-001. CHIN also had photos taken from the Facebook profile of Female Victim 1, including his lock screen wallpaper. DHS ROI No. EP07QE22EP0002-002. There were at least 15 photos of Minor Female 1 on CHIN's device. DHS ROI No. EP07QE22EP0002-001.

CHIN was not arrested by CPB and was released later on the evening of March 21, 2022. *Id.*

### III. ARGUMENT

#### A. Legal standard

The Bail Reform Act of 1984 (the "Act") permits pre-trial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Detention is appropriate where defendant is either a danger to the community or a flight risk; it is not necessary to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Motamedi*, 767 F.2d at 1406.

The Court must consider four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

The rules concerning admissibility of evidence in criminal trials do not apply to a detention hearing. 18 U.S.C. § 3142(f).

#### B. The nature and circumstances of the offenses charged demonstrate the danger the defendant poses to the community. (18 U.S.C. §§ 3142(g)(1) and (4))

The nature and circumstances of the charged offenses demonstrate that there are no conditions that will reasonably assure the safety of the community should CHIN be released. Before CHIN

travelled to West Virginia, he was communicating with Minor Female 1 electronically from across the country. This is more than a simple possession of child pornography case. Defendant has taken intentional steps toward and has successfully enticed children to send him sexually explicit images over the phone. The lengths at which defendant has shown he would go—driving cross country during a pandemic—to confront the children shows how dangerous defendant is to the community. Defendant went as far as threatening suicide to convince the child to send him pictures. Detention is the only condition that can reasonably assure the safety of the community given the nature and circumstances of the charged offenses.

**C. The weight of the evidence against the defendant is strong. (18 U.S.C. § 3142(g)(2))**

Minor Female 1 and her sister identified CHIN from his driver license photo after their encounter with him in the Sam's Club in Ohio. Minor Female 2 also identified CHIN from his driver license photo as the person she chatted with online and to whom she sent topless photos. Minor Female 2 also corroborated a description of CHIN's vehicle. Both victims who identified CHIN have provided access to their cell phones to HSI for continued investigation.

**D. The defendant's history and habits do not support release. (18 U.S.C. § 3142(g)(3))**

CHIN was already a registered sex offender following a conviction in 2018 under California Penal Code § 311, yet he continued to solicit sexually explicit conduct from minors. CHIN's tendency to dress like a teenager and his willingness to approach the targets of his enticement in public speaks to the inadequacy of any kind of supervision short of detention. Moreover, CHIN is known to be transient and to live in his van at times, making release, even with conditions, particularly unsuitable for CHIN, especially in light of his demonstrated willingness to travel thousands of miles based on his criminal proclivities.

**E. The defendant is presumed a danger to the community as a matter of law. (18 U.S.C. § 3142(g)(4))**

This is a presumption case. Congress intended that the statutory presumptions would have a "significant practical effect." *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985). The presumptions do not disappear when a defendant meets his or her burden of producing rebuttal evidence. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (citing *United States v. Dominguez*, 783 F.2d

702, 707 (7th Cir. 1986)). The presumption remains as an evidentiary finding militating against release, to be weighed along with other evidence relevant to the factors listed in Section 3142(g). *Id.*

The presumption exists under 18 U.S.C. § 3142(e)(3)(e) because cases involving conduct like the defendant's—exploiting children by directing them to produce sexually explicit images of themselves and subjecting them to images of himself—demonstrate the danger inherent in these crimes that the defendant would commit similar crimes again if released, as CHIN has done here. *See Hir*, 517 F.3d at 1089. The government urges the court to take into consideration Congress' designation of these crimes as ones where defendants "pose an especially grave risk to the safety of the community." *Id.* (internal citations omitted).

Even absent this presumption, the danger CHIN poses is evidenced by the way he conducts himself. This includes how he dresses and his vehicle, as discussed above. In his communications with Minor Female 1, CHIN is vulgar and oppressive and is willing to circumvent being blocked by creating new accounts and tracking his victims down in person. CHIN is not beneath preying on the good conscience of his minor victims by threatening to harm himself if they do not accede to his requests to expose themselves to him. CHIN uses these tactics to amplify the seriousness of the danger he poses, and his release would be to allow this danger to persist, if not to Minor Female 1 and Minor Female 2, to potential victims in the San Francisco area and West Virginia.

## IV.   CONCLUSION

For these reasons, the United States respectfully requests that this Court find that the defendant is subject to the presumption against release of 18 U.S.C. § 3142(e)(3)(e), that the United States has established by clear and convincing evidence that the defendant is a danger to the community, and that there are no conditions or combination of conditions that will reasonably assure the safety of the community.

DATED: June 17, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

/s/
_____
CHRISTA HALL
Assistant United States Attorney
EDWIN FARLEY
Law Clerk

US SUPPORT OF DETENTION
3-22-MJ-70781-MAG                                                7

| DOCUMENTS UNDER SEAL ☐ | | TOTAL TIME (mins): 38 minutes | |
|---|---|---|---|
| **MAGISTRATE JUDGE MINUTE ORDER** | DEPUTY CLERK Elaine Kabiling | REPORTER/DIGITAL RECORDING: 10:56 - 11:34 | |
| MAGISTRATE JUDGE Laurel Beeler | DATE 06/17/2022 | NEW CASE ☐ | CASE NUMBER 3:22-mj-70781-MAG-1 |

### APPEARANCES

| DEFENDANT Alex Kai Tick Chin | AGE | CUST Y | P/NP P | ATTORNEY FOR DEFENDANT David Rizk | PD. ☒ RET. ☐ APPT. ☐ |
|---|---|---|---|---|---|
| U.S. ATTORNEY Christa Hall | INTERPRETER Not Required | | | ☐ FIN. AFFT SUBMITTED | ☐ COUNSEL APPT'D |
| PROBATION OFFICER | PRETRIAL SERVICES OFFICER Pepper Friesen | | DEF ELIGIBLE FOR APPT'D COUNSEL ☐ | PARTIAL PAYMENT OF CJA FEES ☐ | |

### PROCEEDINGS SCHEDULED TO OCCUR

| ☐ INITIAL APPEAR | ☐ PRELIM HRG | ☐ MOTION | ☐ JUGM'T & SENTG | ☐ STATUS ☐ TRIAL SET |
|---|---|---|---|---|
| ☐ I.D. COUNSEL | ☐ ARRAIGNMENT | ☐ BOND HEARING | ☐ IA REV PROB. or or S/R | ☐ OTHER |
| ☒ DETENTION HRG 38 minutes | ☐ ID / REMOV HRG | ☐ CHANGE PLEA | ☐ PROB. REVOC. | ☐ ATTY APPT HEARING |

### INITIAL APPEARANCE

| ☐ ADVISED OF RIGHTS | ☐ ADVISED OF CHARGES | ☐ NAME AS CHARGED IS TRUE NAME | ☐ TRUE NAME: |
|---|---|---|---|

### ARRAIGNMENT

| ☐ ARRAIGNED ON INFORMATION | ☐ ARRAIGNED ON INDICTMENT | ☐ READING WAIVED SUBSTANCE | ☐ WAIVER OF INDICTMENT FILED |
|---|---|---|---|

### RELEASE

| ☐ RELEASED ON O/R | ☒ ISSUED APPEARANCE BOND *STAYED* | AMT OF SECURITY $ 50,000 | SPECIAL NOTES Unsecured | ☐ PASSPORT SURRENDERED DATE: |
|---|---|---|---|---|

| PROPERTY TO BE POSTED ☐ CASH $ | CORPORATE SECURITY ☐ | REAL PROPERTY: ☐ |
|---|---|---|

| ☐ MOTION FOR DETENTION | ☐ PRETRIAL SERVICES REPORT | ☐ DETAINED | ☐ RELEASED | ☐ DETENTION HEARING AND FORMAL FINDINGS WAIVED | ☐ REMANDED TO CUSTODY |
|---|---|---|---|---|---|

ORDER REMOVED TO THE DISTRICT OF

### PLEA

| ☐ CONSENT ENTERED | ☐ NOT GUILTY | ☐ GUILTY | GUILTY TO COUNTS: ☐ |
|---|---|---|---|
| ☐ PRESENTENCE REPORT ORDERED | ☐ CHANGE OF PLEA | ☐ PLEA AGREEMENT FILED | OTHER: |

### CONTINUANCE

| TO: 6/27/2022 | ☐ ATTY APPT HEARING | ☐ BOND HEARING | ☐ STATUS RE: CONSENT | ☐ TRIAL SET |
|---|---|---|---|---|
| AT: 10:30 AM | ☐ SUBMIT FINAN. AFFIDAVIT | ☐ PRELIMINARY HEARING | ☐ CHANGE OF PLEA | ☒ STATUS re: Bond |
| BEFORE HON. Beeler | ☐ DETENTION HEARING | ☐ ARRAIGNMENT | ☐ MOTIONS | ☐ JUDGMENT & SENTENCING |
| ☐ TIME WAIVED | ☐ TIME EXCLUDABLE UNDER 18 § USC 3161 | ☐ IDENTITY / REMOVAL HEARING | ☐ PRETRIAL CONFERENCE | ☐ PROB/SUP REV. HEARING |

### ADDITIONAL PROCEEDINGS

Proffer heard re: detention. Court amenable to releasing defendant to a halfway house upon availability. Defendant and sureties admonished re bond conditions. Bond stayed pending appeal. Gov't to update the court re: appeal by 6/24. Bond conditions signed this date. Anthony Tam, Cantonese interpreter; sworn, appearing for sureties.

CC:                                                                                      DOCUMENT NUMBER: