IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**UNITED STATES OF AMERICA**

**v.**                                                CRIMINAL NO. 3:22-CR-00087

**ALEX KAI TICK CHIN**

### MOTION OF UNITED STATES TO REVOKE RELEASE ORDER

Comes now the United States of America by Jennifer Rada Herrald, Assistant United States Attorney for the Southern District of West Virginia, hereby files this motion seeking revocation of the release order issued by United States Magistrate Judge Laurel Beeler in the Northern District of California (hereainfter "Magistrate Judge" and "NDCA") in this matter pursuant to 18 U.S.C. § 3145(a)(1).

On April 26, 2022, a single-count indictment was returned by a federal grand jury sitting in Charleston, West Virginia, charging defendant with a violation of 18 U.S.C. § 2251(a) (production of child pornography). A sealed warrant was issued for defendant's arrest. On or about June 13, 2022, defendant was arrested in San Francisco, California, on the indictment. The United States moved to detain defendant, asserting the rebuttable presumption pursuant to 18 U.S.C. § 3142(e).

On June 14, 2022, defendant made his initial appearance before the Magistrate Judge in the NDCA. On June 17, 2022, defendant

1

appeared for a bond hearing before the Magistrate Judge in the NDCA and was ordered released on bond to reside in a halfway house with certain conditions. At the request of the United States, the Magistrate Judge stayed defendant's release to allow for an appeal of the release order to this Court.

As an initial matter, the United States submits that defendant has not and cannot rebut the presumption of dangerousness. Defendant has a prior child pornography conviction in California and was a registered sex offender at the time of his offense. The offense, as detailed further below, was particularly egregious in nature and involved extraordinary actions by defendant, including driving over 2,000 miles to West Virginia to attempt to contact his minor victims in person. Defendant is transient and has lived in his white panel van since March 2022. His parents, the only family he has regular contact with, advised the NDCA that they were unwilling to have defendant reside in their home. The only option for defendant was a halfway house in San Francisco. Halfway houses, with an ever-rotating population and sometimes insufficiently stringent monitoring is inadequate to overcome the presumption of danger. Given his repeated sex offenses involving minors and the lack of a suitable release location, defendant should be detained.

Even if the Court finds that the presumption of dangerousness has been rebutted, defendant is also a risk of non-appearance and

poses a danger that cannot be mitigated by any conditions of release. He should accordingly be detained pending trial.

As to risk of non-appearance, defendant has no ties to West Virginia beyond targeting children who live in the state for his sexual gratification. He resides over 2,000 miles away from the district and no release plan beyond a halfway house. It appears that NDCA was assuming that defendant would be allowed to appear remotely for his court proceedings and might not have to travel to West Virginia on multiple occasions, but this is unlikely to be the case. Beyond the substantial logistical challenges of defendant physically appearing in court in West Virginia, defendant's history of drug use and threats of suicide heighten the risk that defendant could harm himself while on release and be unavailable for court. The Probation Office in NDCA was correct in concluding that defendant should be detained as a risk of non-appearance.

With regard to danger to the community, the factors under 18 U.S.C. § 3142(g) warrant detention pending trial.

A. <u>18 U.S.C. § 3142(g)(1) – Nature of the Offense Charged</u>

The offense charged in the current indictment – production of child pornography, is a serious offense. Given his prior conviction in California for Possession of Obscene Material of Minor Sex, defendant faces a mandatory minimum sentence of 25 years in prison.

The facts underlying the charge are disturbing. Defendant began communicating on Snapchat with two minors in West Virginia – one girl who was approximately 12 at the beginning of the chats and one who was 16.[1] During these chats, defendant requested the minors produce and send sexually suggestive and sexually explicit images and videos of themselves. The 12-year-old girl sent defendant photos of her bare breasts, while the 16-year-old girl sent him photos and videos of her nude vagina. According to the victims, defendant would threaten to commit suicide if they refused to send him these images, and would send them photos of himself holding a knife to his wrists or face. Defendant also sent the victims pictures and videos of his penis.

While coercing children to produce these images through threats of suicide is horrifying in itself, defendant went further in his criminal conduct toward the children and traveled from California to West Virginia to attempt to contact them. Defendant drove his white panel van, complete with a bed in the back, and contacted the younger child to ask to meet. Fortunately, the child found the situation concerning and did not meet him, but she did see his vehicle drive past her house in Wayne County. The older child and her sister saw the defendant in a local shopping store;

---

[1] Per his statement to Customs and Border Protection, defendant believed the 16-year-old girl to only be 13 years old.

4

despite his attempts to have them come over to him, the girls refused.

During this same time frame, in March 2022, defendant traveled to Texas and walked over to Mexico. Upon his return, Customs and Border Protection located images of the 16-year-old girl on his phone. One (non-explicit) image of the girl was the lock screen on the phone, and other images were sexually explicit. When asked who the girl was, defendant said she was a 13-year-old friend he'd met online. After Homeland Security Investigations were called in on the matter, the investigation identified the victims in West Virginia. Slightly over a month after the images of the then-unidentified minors were discovered at the Mexican border, defendant was indicted on the current charges in West Virginia.

The egregious nature of the offense calls for detention pending trial.

B. 18 U.S.C. § 3142(g)(2) – Weight of the Evidence

The case against defendant is extremely compelling. Sexually explicit images of the then minor victim were located on defendant's phone at the border, and he advised the agents there that he thought the girl was 13 years old. The victims' statements were consistent with the digital evidence obtained in the case, and they were able to identify defendant's DMV photo as the person with whom they were talking online. In additional, all three girls in West Virginia were able to identify that he traveled to West

Virginia in March 2022 and attempted to contact them; this is corroborated by messages recovered that he sent to the younger child telling her that he drove 2,300 miles to see her.

This factor weighs in favor of detention.

C. 18 U.S.C. § 3142(g)(3) – History and Characteristics of Defendant

Defendant's history and characteristics also warrant detention. Defendant has already been convicted of a felony in California related to the sexual exploitation of children. He has additional convictions of possession of a destructive device and evading a peace officer. These convictions weigh in favor of detention.

Defendant's history regarding the victims in this case, including traveling to West Virginia and threatening to commit suicide to coerce them to produce sexual images for him, also are deeply concerning and warrant detention.

D. 18 U.S.C. § 3142(g)(4) – Danger Posed to Community

The above factors all combine to demonstrate defendant's danger to the community. Defendant not only has a child pornography conviction, but also appears to have escalated to production and traveling to meet children in person. This escalation, coupled with his use of coercion, makes him a grave danger to children. His lack of stable residence (other than the van he drove to attempt to meet the girls) limits the options to impose any

6

sufficient conditions to even satisfy the minimum requirements under the Adam Walsh Act, and a halfway house is equally unsuitable as a release option that can mitigate the danger.

This factor weighs in favor of detention.

E. <u>Prior Release Order</u>

While a motion to revoke bond is generally a de novo hearing, it is worth assessing the basis for the Magistrate Judge's decision to release defendant on bond. The United States submits that the reasons for release were insufficient to overcome the rebuttable presumption and were inconsistent with the factors under 18 U.S.C. § 3142(g).

Per the hearing transcript (attached as Exhibit 1) it does not appear that the Magistrate Judge even addressed the rebuttable presumption invoked by the United States. Instead, it was simply noted that the offense of production of child pornography was "a little different" than simple possession of child pornography. Exh. 1 at 4. In fact, the difference between possession of child pornography and active production of child pornography is vast, which is why the rebuttable presumption applies to one but not the other.

It also appears that the Magistrate Judge was under the impression that it was unlawful for her to deprive the defendant of Internet access despite his use of the Internet to locate victims and produce child pornography. Exh. 1 at 22. This is

7

incorrect. Accordingly, the bond condition allowing him to have a cell phone and Internet access is insufficient to mitigate the danger posed by defendant.

The order also appears to interchange "lockdown" at the halfway house with the electronic monitoring required under the Adam Walsh Act. One reason that halfway houses are not suitable for release in this kind of case is the challenge of complying with those monitoring requirements. Moreover, a halfway house where individuals are apparently permitted to keep cell phones would give defendant unfettered and unmonitored access to the Internet by simply borrowing another resident's cell phone. There is also no indication that the halfway house would not have generally accessible computers with internet capabilities. This release situation results in essentially no mitigation at all of the danger defendant poses to minors online.

The Magistrate Judge also claimed that the "lag" before indictment undermined the danger argument. However, she was looking to the date of the production of the child pornography, which was in late 2020 through early 2021. Exh. 1 at 13. However, law enforcement did not discover the crime until late March of this year. Following the initial discovery, law enforcement in Texas had to identify the victims and refer the case to West Virginia. The victims had to be interviewed. A review of the digital evidence had to be conducted. That a border crossing in

8

Texas on March 22, 2022, was investigated and indicted in West Virginia on April 26, 2022, is actually an extremely quick turnaround time for charging the defendant.

For the foregoing reasons, the United States respectfully seeks revocation of the Magistrate Judge's release order in this case and order defendant detained and transferred to West Virginia pending trial.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney


/s/Jennifer Rada Herrald
JENNIFER RADA HERRALD
Assistant United States Attorney
WV State Bar No. 12181
300 Virginia Street East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax:  304-347-5104
E-mail: Jennifer.herrald@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "MOTION OF UNITED STATES TO REVOKE RELEASE ORDER" has been electronically filed and service has been made on opposing counsel by electronic mail this the 1st day of July, 2022, to:

>David R. Bungard
>Assistant Federal Public Defender
>300 Virginia St. E., Rm. 3400
>Charleston, WV 25301
>David_bungard@fd.org

>/s/Jennifer Rada Herrald
>JENNIFER RADA HERRALD
>Assistant United States Attorney
>WV State Bar No. 12181
>300 Virginia Street East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>E-mail: Jennifer.herrald@usdoj.gov