IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**UNITED STATES OF AMERICA**

v.  Criminal No. 3:22-cr-00087

**ALEX KAI TICK CHIN**

### DEFENDANT'S RESPONSE
### TO THE GOVERNMENT'S MOTION TO REVOKE RELEASE ORDER

As the defendant has been charged with a single count of production of child pornography in violation of 18 U.S.C. § 2251(a), the defendant does not dispute the Government's contention that rebuttable presumption under 18 U.S.C. § 3142(e) is applicable in this case. The defendant would submit that there was sufficient information contained within the Probation Office's Pretrial Services Report as well as the arguments of counsel to United States Magistrate Judge Laurel Beeler which rebutted the presumption for detention and that support Magistrate Judge Beeler's decision to place the defendant on bond. For the following reasons, this Court should affirm the Magistrate Judge's release order along with any additional modifications of the special conditions of pretrial supervision to conform with those that are typically imposed in this District.[1]

---

[1] A copy of the June 17, 2022, release order setting forth the conditions for release have been attached as Defendant's Exhibit No. 1.

## ARGUMENT

**1. A review of the pertinent 18 U.S.C. § 3142(g) factors support Magistrate Judge Beeler's decision to direct the release of the defendant to reside in a halfway house.**

The factors as to whether there are sufficient conditions to assure the defendant's future appearance at court proceedings and to assure the safety of the community are set forth in 18 U.S.C. § 3142(g)(1-4). The first factor concerns the nature and circumstances of the offense conduct. The single count indictment alleges that the defendant has committed an offense which involves a minor victim. Dkt. No. 1. The Government has contended that the defendant persuaded a minor to take pornographic pictures of herself and electronically send them to him. The Government further contends that a second minor electronically sent pictures of her breasts to the defendant. Both minors were living in West Virginia at the time that the images were taken. Counsel is not presently in any position to comment on the nature of any text messages between the defendant and the minors without first being provided with copies of the same. There are no allegations that the defendant committed any act of physical sexual abuse against these two minors or anyone else. At the present time, counsel is not aware of any other images or videos of child pornography being found on any electronic device that has been subsequently seized by the Government.

The second factor requires this Court to assess the weight of the evidence against the defendant. 18 U.S.C. § 3142(g)(2). Although suppression issues are not meant to be fully litigated at detention hearings, this Court should be aware that the

defendant has grounds to challenge the warrantless March 21, 2022, seizure and subsequent search of his smart phone by border patrol and Homeland Security officers. On that date, the defendant was crossing from Mexico into the United States at a port of entry station near El Paso, Texas.[2] The border patrol officers ran the defendant's driver's license and learned that he was a registered sex offender. Without probable cause or even reasonable suspicion that the defendant had engaged in any criminal conduct, the defendant was directed to turn over his smartphone for a manual inspection. The border patrol officers told the defendant to unlock his phone to allow for this inspection. One of the officers who reviewed the contents of a photo gallery application reportedly observed an image of a nude minor. The defendant's smartphone was seized and then subjected to a second inspection by two Homeland Security agents. This second warrantless search resulted in the discovery of fifteen images of a minor in various stages of undress. Three of the images reportedly contained depictions that would constitute child pornography. During this search, Homeland Security agents further reviewed various text message entries that were stored within a Snapchat application on the smartphone.

The Supreme Court's unanimous decision in *Riley v. California*, 573 U.S. 373 (2014) establishes the legal principle that police need to first obtain a warrant in order to search the digital contents of any cell phone possessed by a defendant at the time of his arrest. The Court's decision recognized the storage capacity of modern

---

[2] A redacted copy of a March 29, 2022, Homeland Security Report documenting the actions taken by customs and border patrol officers with respect to the defendant on March 21, 2022, has been attached as Defendant's Exhibit No. 2.

cell phone renders them capable of storing extensive amounts of personal information which warrants protection of the owner's privacy interests. *Riley*, 573 U.S. at 393-398.

There is a recognized "border search" exception to the warrant requirement which allows government agents to conduct "routine" searches and seizures of persons and property at border crossings without a warrant or any requirement of reasonable suspicion of criminal activity. *See Almeida-Sanchez v. United States*, 413 U.S. 266, 272-73 (1973); *United States v. Montoya de Hernandez*, 473 U.S. 531, 538 (1985). There is one reported decision from the Fourth Circuit which held that after the *Riley* decision, forensic searches of cell phones which are conducted by border patrol officers are to be treated as non-routine border search which requires some form of individualized suspicion to justify the search. *United States v. Kolsuz*, 890 F.3d 133, 146 (4th Cir. 2018). The Fourth Circuit's decision focused on the defendant's challenge to a subsequent forensic search of his seized smartphone by border patrol officers as he was going through an airport checkpoint. *Kolsuz*, 890 F.3d at 139. The issue which was not addressed by the Fourth Circuit was the legality of suspicionless manual searches of electronic devices at border checkpoints. *Id.* at 146, n.5. Given the existence of this suppression issue, this Court should find that the weight of evidence against the defendant is potentially subject to being excluded at any trial.

The third factor under 18 U.S.C. § 3141(g)(3) evaluates the history and personal characteristics of the defendant. The pretrial services report prepared by

the Probation Office from the Northern District of California provides an accurate snapshot of the defendant's current status. The report accurately reflects that the defendant has been living out of his car for the past couple of months. He does have a past history of mental health and substance abuse issues. The defendant been receiving cognitive behavioral treatment services through the VA for the past two years. He has held meaningful employment in the past.

The pretrial services report indicated that the defendant was previously convicted in 2018 of a felony possession of obscene material involving a minor and was given a suspended sentence of five years of probation. As a result of this conviction, the defendant is a registered sex offender in California. He has two prior misdemeanor convictions involving the possession of a destructive device and evading a police officer. The Government's case represents the only pending charge and detainer that has been lodged against the defendant.

Magistrate Judge Beeler considered all of these facts and decided that the defendant could remain in California and be supervised through the U.S. Pretrial Services Office located in the Northern District of California. The particular halfway house where the defendant would be residing is operated by GeoCare, a private company, and is located at 111 Taylor Street in San Francisco, California. It is counsel's understanding that the halfway house will allow for electronic monitoring of the defendant. Counsel has been advised by the Pretrial Services Office that the defendant is currently second in line on the waitlist for the halfway house placement and that there may be some openings during the week of July 11, 2022.

The defendant would also be required to stay at the halfway house unless he has to travel to West Virginia for court and/or attorney visits or other activities that are pre-approved by the Pretrial Services Office. With this Court's permission, the defendant could remain in California at the halfway house facility and participate any pre-trial proceeding via a video conference call.

The fourth factor under 18 U.S.C. § 3141(g)(4) considers the danger to the public presented by the defendant if he were to be released on bond. Given all of the restrictive conditions imposed by Magistrate Judge Beeler, as well as the mandatory condition of electronic monitoring, the defendant is not going to pose any risk if he is on lockdown status at the GeoCare halfway house. Def. Ex. 1. Should the defendant proceed to trial in this case, this Court can revisit the issue as to the manner in which the defendant is transported from San Francisco to Huntington and where he will reside during the duration of any trial.

Respectfully submitted this 11th day of July, 2022.

**ALEX KAI TICK CHIN**

**By Counsel**

**WESLEY P. PAGE**
**FEDERAL PUBLIC DEFENDER**

**s/David R. Bungard**
David R. Bungard, Bar Number: 5739
Assistant Federal Public Defender
Office of the Federal Public Defender
300 Virginia Street, East, Room 3400
Charleston, West Virginia 25301
Telephone: (304) 347-3350
Facsimile: (304) 347-3356
E-mail: david_bungard@fd.org