IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**UNITED STATES OF AMERICA**

**v.**                                          **CRIMINAL NO. 3:22-CR-00087**

**ALEX KAI TICK CHIN**

**UNITED STATES REPLY TO DEFENDANT'S RESPONSE MOTION OF UNITED
STATES TO REVOKE RELEASE ORDER**

    Comes now the United States of America by Jennifer Rada Herrald, Assistant United States Attorney for the Southern District of West Virginia, hereby files this reply to defendant's response to its motion seeking revocation of the release order.

    Defendant's arguments fail to rebut the presumption of dangerousness. Even were this presumption to be found rebutted, the arguments previously set forth for detention by the United States are more than sufficient to demonstrate that there are no conditions that can assure the safety of the community or defendant's appearance at future proceedings.

    Defendant argues that any risk he might pose as a man who would coerce children to produce child pornography and child erotica by threatening to kill himself is somehow diminished by the fact that no "act of physical sexual abuse" against the minor victims in West Virginia took place. The fact that defendant was unsuccessful in luring the children into his white panel van is hardly an indication that he does not pose a danger. Defendant

1

drove over 2,000 miles to make physical contact with the children he had been sexually grooming online, and his failure to achieve his goal does nothing to reduce the clear danger he poses to children.

Defendant attempts to divert attention from this substantial threat by improperly litigating a suppression issue that is not yet before the Court. The only support for his claim that a warrantless manual border search of his cell phone was impermissible is a single Fourth Circuit case – <u>United States v. Kolsuz</u> – that explicitly addressed only *forensic* searches of cell phones as part of a border search, and it noted that even intrusive forensic cell phone searches require only reasonable suspicion at the border. The brief manual search of the phone at the border was entirely permissible under the border search exception, and no court has ever ruled otherwise. Law enforcement obtained a search warrant prior to a forensic search of defendant's cell phone. As suppression of the brief manual border search of a cell phone would be contrary to every case to address the matter, defendant's "potential" suppression issue is meritless and has no bearing on the question of detention.

Finally, as to defendant's risk of non-appearance, it appears that defendant's proposed solution is to simply *not* require him to appear. This is not an appropriate remedy to what is otherwise a complete lack of plan for defendant to appear in this district.

2

There is no suggestion as to how defendant would travel from California to West Virginia for court appearances or where he could safely reside (subject to electronic monitoring requirements) while in the district. Defendant fails to address the reasonable concerns raised by probation in California, and this Court should properly find defendant to be a risk of non-appearance.

Defendant is a convicted sex offender who used threats of violence to coerce children to produce sexual images of themselves and eventually drove a van across the country to try to meet the girls in person. He has no family willing to take him in, no home, no apparent means to travel to this district, and no way to ensure that any such travel could possibly take place while ensuring the safety of all those he might encounter along the way. Defendant must remain incarcerated pending trial in this district both to protect the community and assure his appearance.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney


/s/Jennifer Rada Herrald
JENNIFER RADA HERRALD
Assistant United States Attorney
WV State Bar No. 12181
300 Virginia Street East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax:  304-347-5104
E-mail: Jennifer.herrald@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "REPLY TO DEFENDANT'S RESPONSE TO THE MOTION OF UNITED STATES TO REVOKE RELEASE ORDER" has been electronically filed and service has been made on opposing counsel by electronic mail this the 13th day of July, 2022, to:

>David R. Bungard
>Assistant Federal Public Defender
>300 Virginia St. E., Rm. 3400
>Charleston, WV 25301
>David_bungard@fd.org

>/s/Jennifer Rada Herrald
>JENNIFER RADA HERRALD
>Assistant United States Attorney
>WV State Bar No. 12181
>300 Virginia Street East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>E-mail: Jennifer.herrald@usdoj.gov