IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO.   3:22-00087

ALEX KAI TICK CHIN

**MEMORANDUM OPINION AND ORDER**

Pending is the Motion of United States to Revoke Release Order. ECF No. 12. Defendant has filed a Response in opposition to the motion, and the United States has replied. Upon consideration of the parties' arguments and for the following reasons, the Court **GRANTS** the motion.

Defendant Alex Kai Tick Chin was indicted in this District on April 26, 2022, on a single count indictment charging him with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e). On June 17, 2022, Defendant appeared before a Magistrate Judge in the Northern District of California, who ordered him released on bond to reside in halfway house with certain conditions. *See Tr. of Bond Hrg.* (June 17, 2022), ECF No. 12-1; *Order Setting Cond. of Release and Appearance Bond*, ECF No. 14-1. The Magistrate Judge then granted the United States' request to stay Defendant's release to give it time to file an appeal with this Court. *Id.* at 18; *see* 18 U.S.C. § 3145(a)(1) ("If a person is ordered released by a magistrate judge . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order"). The Magistrate Judge scheduled a status hearing for June 27, 2022, to determine if the stay should continue. *Id.*

The United States Attorney in this District then promptly filed a motion with this Court to stay the Magistrate Judge's decision to release Defendant. *Mot. for Stay and Notice of Intent to Seek Revoc. of Release Or.*, ECF No. 8. The Court granted the motion by Order entered on June 21, 2022, and directed the United States to file its motion for revocation within five (5) days of the record from California being made available. On July 1, the United States filed its Motion to Revoke Release Order. Defendant filed his opposition to the motion on July 11, 2022, and the United States replied on July 13, 2022.

In analyzing the parties' arguments, the Court applies the factors set forth in 18 U.S.C. § 3142(g)(1) through (4) "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(g), in part. First, the Court must consider "the nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim[.]" 18 U.S.C. § 3142(g)(1), in part. Second, the Court must review "the weight of the evidence against" Defendant. 18 U.S.C. § 3142(g)(2). Third, the Court looks at Defendant's "history and characteristics." 18 U.S.C. § 3142(g)(3). Fourth, the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4).

In this case, the United States alleges that Defendant communicated over Snapchat with the two minor victims, who reside in this District, and he coerced them into sending sexually suggestive and sexually explicit images and videos of themselves. He told the girls he would commit suicide if they did not comply, and he allegedly sent the girls pictures of himself holding a

knife near his wrists and face. He also sent the girls pictures and videos of his penis. Defendant then traveled from California to West Virginia in a white panel van, with a bed inside, and attempted to get the girls to meet him. He contacted the girls, but they refused to meet him. However, Defendant purportedly was seen driving by the home of one of the girls and was seen in a local store where he attempted to make contact with the other girl. The United States contends that statements from the victims are consistent with the digital evidence, and the victims identified Defendant's picture as the person they were chatting with online and whom they saw in West Virginia.

After leaving West Virginia (but during this same time frame), the United States asserts Defendant traveled to Texas and walked over the Mexican border. Upon his return into the United States, he was stopped by Customs and Border Protection. Agents ran a check on Defendant's driver's license and found he was a registered sex offender, having been convicted of sexual exploitation of children.[1] Agents then obtained Defendant's cellphone and found some of the images at issue in this case. Defendant reportedly gave a statement to agents that he believed the girl in one of the photos was thirteen. Following an investigation, Defendant was indicted on the current charge.

In Defendant's Response, counsel represents that he is not in position at this time to comment on any of the messages between Defendant and the girls, but he believes there may be a

---

[1] Defendant states he was convicted in 2018 of a felony offense of possessing obscene material involving a minor. The United States asserts Defendant also has convictions for possession of a destructive device and evading a peace officer.

meritorious suppression motion over the legality of the cellphone search.[2] He also notes that there are no allegations of physical sexual abuse. Additionally, counsel represents he is unaware of any other images of child pornography on electronic devices seized by the Government. Moreover, counsel represents that the bond conditions ordered by the Magistrate Judge include lockdown status at a halfway house, with mandatory electronic monitoring and other conditions, diminishing any risk factors. Defense counsel concedes, however, that the pretrial services report accurately reflects that Defendant has lived in his vehicle for the past couple months and he has a history of mental health and substance abuse issues.

As a starting point, the parties agree that Defendant is subject to a rebuttable presumption of dangerousness pursuant to 18 U.S.C. § 3142(e). Upon considering the parties' arguments, the Court also finds that all four factors under 18 U.S.C. § 3142(g) weigh heavily against Defendant's release on bond. Defendant is alleged to have committed a serious crime involving minors, has a criminal history involving minors, has mental health and substance abuse issues, was living in his vehicle prior to this offense, drove across the country to attempt contact with the victims, has no connection with this District, and traveled internationally after he left West Virginia. Upon *de novo* review, the Court finds by clear and convincing evidence that Defendant poses a serious flight risk and there are no conditions of release, including lockdown status at a halfway house with other conditions, that will reasonably assure his appearance or assure the safety of the victims and the community. Although defense counsel believes there may be a meritorious suppression motion, the Court is not in a position at this time to evaluate the legality of the cellphone search.

---

[2] In its Reply, the United States disputes there was an unlawful search of Defendant's cellphone.

Accordingly, the Court **GRANTS** the United States' motion, **REVOKES** the Release Order, and **ORDERS** Defendant be detained and transferred to West Virginia pending trial. The Court further **ORDERS** that Defendant be afforded reasonable opportunity for private consultation with counsel and that on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:   July 14, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE