**Query**   **Reports**   **Utilities**   **Help**   **What's New**   **Log Out**

3:22-cr-00087

# U.S. District Court
## California Northern District (San Francisco)
## CRIMINAL DOCKET FOR CASE #: 3:22-mj-70781-MAG-1

Case title: USA v. Chin

Date Filed: 06/14/2022

Date Terminated: 08/31/2022

---

Assigned to: Magistrate Judge

**Defendant (1)**

**Alex Kai Tick Chin**
*TERMINATED: 08/31/2022*

represented by **David W. Rizk**
Federal Public Defender
Northern District of California
450 Golden Gate Ave.
Rm 19-6884
San Francisco, CA 94102
415-436-7700
Fax: 415-436-7706
Email: david_rizk@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pending Counts**                         **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                       **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                              **Disposition**

None

---

**Plaintiff**

**USA**                                   represented by   **Christa Hall**
DOJ-USAO
450 Golden Gate Avenue
Floor 11
San Francisco, CA 94102
415-436-7200
Email: christa.hall@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Benjamin Kurtis Kleinman**
United States Attorney's Office
Oakland Branch
1301 Clay Street
3rd Floor
Oakland, CA 94612
415-912-6519
Email: benjamin.kleinman2@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/14/2022 | 1 | Rule 5(c)(3)Documents Received as to Alex Kai Tick Chin (ark, COURT STAFF) (Filed on 6/14/2022) (Entered: 06/14/2022) |
| 06/14/2022 | doc | Minute Entry for proceedings held before Magistrate Judge Laurel Beeler: Detention Hearing set for 6/17/2022 10:30 AM in San Francisco, Courtroom 14, 18th Floor before Magistrate Judge Laurel Beeler. Recording Time 10:58 - 11:03. DPPA advised. (lsk, COURT STAFF) (Filed on 6/14/2022) (lsk, COURT STAFF). (Entered: 06/15/2022) |
| 06/15/2022 | 2 | NOTICE OF ATTORNEY APPEARANCE: David W. Rizk appearing for Alex Kai Tick Chin (Rizk, David) (Filed on 6/15/2022) (Entered: 06/15/2022) |
| 06/16/2022 | 4 | MEMORANDUM *in Support of Detention* by USA as to Alex Kai Tick Chin (Hall, Christa) (Filed on 6/16/2022) (Entered: 06/16/2022) |
| 06/17/2022 | 5 | Minute Entry for proceedings held before Magistrate Judge Laurel Beeler: Detention Hearing as to Alex Kai Tick Chin held on 6/17/2022 Status Conference re bond set for 6/27/2022 10:30 AM in San Francisco, Courtroom 14, 18th Floor before Magistrate Judge Laurel Beeler. Recording Time 10:56-11:34. (lsk, COURT STAFF) (Filed on 6/17/2022) Modified on 6/24/2022: Matter transcribed by Dipti Patel (Liberty Transcripts). (rjd, COURT STAFF). (Entered: 06/17/2022) |
| 06/22/2022 | 6 | TRANSCRIPT ORDER for proceedings held on 6/17/2022 before Magistrate Judge Laurel Beeler by USA for Court Reporter FTR - San Francisco (Hall, Christa) (Filed on 6/22/2022) (Entered: 06/22/2022) |
| 06/24/2022 | 7 | AUDIO RECORDINGS ORDER (re: 5 Detention Hearing,, Set Hearings, ),. Court will send to Christa Hall at christa.hall@usdoj.gov a link to the files requested in this order. Fee waived because filer is USAO, FPD or CJA counsel on this case (Hall, Christa) (Filed on 6/24/2022) (Entered: 06/24/2022) |

| | | |
|---|---|---|
| 06/24/2022 | 8 | CLERKS NOTICE SETTING ZOOM HEARING. Status Conference set for 7/28/2022 at 2:30 PM in San Francisco - Videoconference Only before Magistrate Judge Alex G. Tse. Matter to be heard by Magistrate Judge Laurel Beeler. This proceeding will be held via a Zoom webinar.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/lb<br><br>**General Or der 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>*(This is a text-only entry generated by the court. There is no document associated w ith this entry.)* (ejk, COURT STAFF) (Filed on 6/24/2022) (Entered: 06/24/2022) |
| 06/25/2022 | | Set/Reset Deadlines/Hearings as to Defendant Alex Kai Tick Chin. Status Conference set for 7/28/2022 02:30 PM in San Francisco - Videoconference Only before Magistrate Judge Alex G. Tse. This proceeding will be held via a Zoom webinar.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/agt<br><br>**General Order 58.** Persons granted a ccess to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>(ejk, COURT STAFF) (Filed on 6/25/2022) (Entered: 06/25/2022) |
| 07/15/2022 | 9 | NOTICE *Revocation of Release Order* by USA as to Alex Kai Tick Chin (Attachments: # 1 Order Revoking Release)(Kleinman, Benjamin) (Filed on 7/15/2022) (Entered: 07/15/2022) |
| 08/30/2022 | | Set/Reset Hearing as to Defendant Alex Kai Tick Chin. Status Conference set for 8/31/2022 10:30 AM in San Francisco, Courtroom 14, 18th Floor before Magistrate Judge Sallie Kim. (mkl, COURT STAFF) (Filed on 8/30/2022) (Entered: 08/30/2022) |
| 08/31/2022 | 10 | Minute Entry for proceedings held before Magistrate Judge Sallie Kim: Status Conference as to Alex Kai Tick Chin held on 8/31/2022. Status Conference re removal set for 9/13/2022 10:30 AM in San Francisco, Courtroom 14, 18th Floor before Magistrate Judge Joseph C. Spero. Recording Time 10:58-11:01. (lsk, COURT STAFF) (Filed on 8/31/2022) (Entered: 08/31/2022) |
| 08/31/2022 | 11 | **COMMITMENT TO ANOTHER DISTRICT as to Alex Kai Tick Chin. Defendant committed to District of Southern District West Virginia. Signed by Magistrate Judge Sallie Kim on 8/31/2022. (lsk, COURT STAFF) (Filed on 8/31/2022) (Entered: 08/31/2022)** |

| 08/31/2022 | 12 | NOTICE OF CRIMINAL CASE TRANSFER.<br><br>Case transfer from California Northern to Southern District West Virginia of a Rule 5, Rule 32, or Rule 40 Appearance as to Alex Kai Tick Chin. Your case number is: 3:22-CR-00087. Public transfer documents are accessible and can be retrieved by your court via PACER. Under seal or otherwise restricted documents will be emailed directly. Please send acknowledgement of receipt, including the case number, to InterDistrictTransfer_CAND@cand.uscourts.gov<br>*If you wish to designate a different email address for future transfers, send your request to the national list host at InterDistrictTransfer_TXND@txnd.uscourts.gov.*<br>(lsk, COURT STAFF) (Filed on 8/31/2022) (Entered: 08/31/2022) |

1   STEPHANIE M. HINDS (CABN 154284)
    United States Attorney
2
    THOMAS A. COLTHURST (CABN 99493)
3   Chief, Criminal Division

4   CHRISTA HALL (CABN 328881)
    Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
7       FAX: (415) 436-7234
        Christa.Hall@usdoj.gov
8
    Attorneys for United States of America
9

10                  **FILED**

                    Jun 14 2022

                    Mark B. Busby
                    CLERK, U.S. DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
                    SAN FRANCISCO

                  UNITED STATES DISTRICT COURT

                 NORTHERN DISTRICT OF CALIFORNIA

                    SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,              )   CASE NO.   3-22-mj-70781MAG
                                           )
14          Plaintiff,                     )   NOTICE OF PROCEEDINGS ON OUT-OF-
                                           )   DISTRICT CRIMINAL CHARGES PURSUANT TO
15     v.                                  )   RULES 5(c)(2) AND (3) OF THE FEDERAL
                                           )   RULES OF CRIMINAL PROCEDURE
16  ALEX KAI TICK CHIN,                    )
                                           )
17          Defendant.                     )
                                           )
18  _____   )

19          Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure

20  that on June 13, 2022, the above-named defendant was arrested pursuant to an arrest warrant (copy

21  attached) issued upon an

22          X       Indictment

23          □       Information

24          □       Criminal Complaint

25          □       Other (describe) _____

26  pending in the Southern District of West Virginia, Case Number 3:22-CR-00087.

27          In that case (copy of indictment attached), the defendant is charged with a violation of Title 18

28  United States Code, Section 2251(a) and (e).

                                                                                    v. 7/10/2018

Description of Charges: The defendant, on or about December 12, 2020 through on or about January 11, 2021, at or near Huntington, Wayne County, West Virginia, did employ, use, persuade, induce, entice, and coerce a minor, Minor Female 1, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, and the visual depictions were transmitted using any means and facility of interstate and foreign commerce and in an affecting interstate and foreign commerce.

      The maximum penalties are as follows:

      18 U.S.C. § 2251(a),(e):  30 years imprisonment and no less than 15 years; $250,000 fine; 5 years minimum supervised release, and a maximum of life; $5,100 special assessment ($100 special assessment under 18 U.S.C. § 3013 and an additional $5,000 special assessment under 1 U.S.C. § 3014(a)(3) because the crime relates to sexual exploitation of children).

      If the defendant has one prior conviction of possession of child pornography, the maximum penalty includes imprisonment for not less than 25 years and no more than 50 years.

Respectfully Submitted,

STEPHANIE M. HINDS
UNITED STATES ATTORNEY

Date: June 13, 2022

*Christa Hall*
CHRISTA HALL
Assistant United States Attorney

v. 7/10/2018

# Attachment 1

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of West Virginia

SEALED

United States of America

v.

ALEX KAI TICK CHIN

Defendant

)
)
)
)
)
)

Case No.  3:22-cr-00087

REC'D USMS CHARLESTON, WV
APR 26 2022 PM 12:46

## ARREST WARRANT

To:     Any authorized law enforcement officer

    **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*     ALEX KAI TICK CHIN                                                              ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

  Production of child pornography.

Date:     04/26/2022                                     _____ tr
                                                               *Issuing officer's signature*

City and state:    CHARLESTON, WV                        RORY L. PERRY II, CLERK
                                                               *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____                         _____<br>*Arresting officer's signature*<br><br>_____<br>*Printed name and title* |

**Attachment 2**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2021
APRIL 26, 2022 SESSION

UNITED STATES OF AMERICA

v.                    CRIMINAL NO. _____
                                  18 U.S.C. § 2251(a)
                                  18 U.S.C. § 2251(e)
ALEX KAI TICK CHIN


**I N D I C T M E N T**

The Grand Jury Charges:

From on or about December 12, 2020 through on or about January 11, 2021, at or near Huntington, Wayne County, West Virginia, and within the Southern District of West Virginia, defendant ALEX KAI TICK CHIN did employ, use, persuade, induce, entice, and coerce a minor, Minor Female 1, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, and the visual depictions were transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a) and (e).

**FORFEITURE**

In accordance with Section 2253(a) of Title 18 of the United States Code, and Rule 32.2(a) of the Federal Rules of Criminal Procedure, and premised on the conviction of defendant ALEX KAI TICK CHIN of a violation of 18 U.S.C. §§ 2251 <u>et</u> <u>seq.</u>, as set forth in this indictment, the defendant shall forfeit to the United States any visual depictions and any books, magazines, periodicals, films, videotapes, and other matter which contains such visual depictions, which were produced, transported, mailed, shipped, or received in connection with the violations set forth in this indictment, any real and personal property constituting or traceable to gross profits or other proceeds obtained from the violations set forth in this indictment, and any real and personal property used or intended to be used to commit or to promote the commission of the violations set forth in this indictment.


WILLIAM S. THOMPSON
United States Attorney


By: _____
JENNIFER RADA HERRALD
Assistant United States Attorney

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2021
APRIL 26, 2022 SESSION

UNITED STATES OF AMERICA

v.                              CRIMINAL NO. _____

                                18 U.S.C. § 2251(a)
                                18 U.S.C. § 2251(e)

ALEX KAI TICK CHIN


**I N D I C T M E N T**


                              A True Bill.


                              _____
                              Foreperson

| MAGISTRATE JUDGE MINUTE ORDER | DEPUTY CLERK<br>Elaine Kabiling | | DOCUMENTS UNDER SEAL ☐ | | TOTAL TIME (mins): 5 minutes | REPORTER/DIGITAL RECORDING:<br>10:58 - 11:03 |
|---|---|---|---|---|---|---|
| MAGISTRATE JUDGE<br>Laurel Beeler | DATE<br>06/14/2022 | | | | NEW CASE<br>☐ | CASE NUMBER<br>3:22-mj-70781-MAG-1 |

### APPEARANCES

| DEFENDANT<br>Alex Kai Tick Chin | AGE | CUST<br>Y | P/NP<br>P | ATTORNEY FOR DEFENDANT<br>David Rizk, prov. appt. | PD. ☒ RET. ☐<br>APPT. ☐ |
|---|---|---|---|---|---|
| U.S. ATTORNEY<br>Christa Hall | INTERPRETER<br>Not Required | | | FIN. AFFT<br>SUBMITTED ☐ | COUNSEL APPT'D |
| PROBATION OFFICER | PRETRIAL SERVICES OFFICER<br>Elba Romero | | | DEF ELIGIBLE FOR<br>APPT'D COUNSEL ☐ | PARTIAL PAYMENT<br>OF CJA FEES ☐ |

### PROCEEDINGS SCHEDULED TO OCCUR

| ☐ INITIAL APPEAR<br>☑ DPPA ADVISED | ☐ PRELIM HRG | ☐ MOTION | ☐ JUGM'T & SENTG | ☐ STATUS<br>☐ TRIAL SET |
|---|---|---|---|---|
| ☐ I.D. COUNSEL | ☐ ARRAIGNMENT | ☐ BOND HEARING | ☒ IA REV PROB. or<br>or S/R 5 mins | ☐ OTHER |
| ☐ DETENTION HRG | ☐ ID / REMOV HRG | ☐ CHANGE PLEA | ☐ PROB. REVOC. | ☐ ATTY APPT<br>HEARING |

### INITIAL APPEARANCE

| ☒ ADVISED<br>OF RIGHTS | ☒ ADVISED<br>OF CHARGES | ☐ NAME AS CHARGED<br>IS TRUE NAME | ☐ TRUE NAME: |
|---|---|---|---|

### ARRAIGNMENT

| ☐ ARRAIGNED ON<br>INFORMATION | ☐ ARRAIGNED ON<br>INDICTMENT | ☐ READING WAIVED<br>SUBSTANCE | ☐ WAIVER OF INDICTMENT FILED |
|---|---|---|---|

### RELEASE

| ☐ RELEASED<br>ON O/R | ☐ ISSUED<br>APPEARANCE BOND | AMT OF SECURITY<br>$ | SPECIAL NOTES | ☐ PASSPORT<br>SURRENDERED<br>DATE: |
|---|---|---|---|---|
| PROPERTY TO BE POSTED<br>☐ CASH $ | | CORPORATE SECURITY ☐ | REAL PROPERTY: ☐ | |
| ☒ MOTION<br>FOR<br>DETENTION | ☒ PRETRIAL<br>SERVICES<br>REPORT | ☐ DETAINED ☐ RELEASED | ☐ DETENTION HEARING<br>AND FORMAL FINDINGS<br>WAIVED | ☐ REMANDED<br>TO CUSTODY |

ORDER REMOVED TO THE DISTRICT OF

### PLEA

| ☐ CONSENT<br>ENTERED | ☐ NOT GUILTY | ☐ GUILTY | GUILTY TO COUNTS: ☐ |
|---|---|---|---|
| ☐ PRESENTENCE<br>REPORT ORDERED | ☐ CHANGE OF PLEA | ☐ PLEA AGREEMENT<br>FILED | OTHER: |

### CONTINUANCE

| TO:<br>6/17/2022 | ☐ ATTY APPT<br>HEARING | ☐ BOND<br>HEARING | ☐ STATUS RE:<br>CONSENT | ☐ TRIAL SET |
|---|---|---|---|---|
| AT:<br>10:30 AM | ☐ SUBMIT FINAN.<br>AFFIDAVIT | ☐ PRELIMINARY<br>HEARING | ☐ CHANGE OF<br>PLEA | ☐ STATUS |
| BEFORE HON.<br>Beeler | ☒ DETENTION<br>HEARING | ☐ ARRAIGNMENT | ☐ MOTIONS | ☐ JUDGMENT &<br>SENTENCING |
| ☐ TIME WAIVED | ☐ TIME EXCLUDABLE<br>UNDER 18 § USC<br>3161 | ☐ IDENTITY /<br>REMOVAL<br>HEARING | ☐ PRETRIAL<br>CONFERENCE | ☐ PROB/SUP REV.<br>HEARING |

| CC: | ADDITIONAL PROCEEDINGS | DOCUMENT NUMBER: |
|---|---|---|

Gov't moves for detention. Matter referred to PTS for full bail study.

JODI LINKER
Federal Public Defender
Northern District of California
DAVID RIZK
Assistant Federal Public Defender
450 Golden Gate Avenue, Box 36106
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:    (415) 436-7706
Email:        david_rizk@fd.org
Counsel for Defendant CHIN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.:** 22-mj-70781 MAG |
| Plaintiff, | **NOTICE OF ATTORNEY APPEARANCE** |
| v. | |
| ALEX KAI TICK CHIN, | |
| Defendant. | |

PLEASE TAKE NOTICE that the Clerk is hereby asked to enter the appearance of David Rizk,

Assistant Federal Public Defender, on behalf of the defendant.  The Clerk is requested to include

AFPD David Rizk on all e-filing notices for the above-captioned matter.  Counsel's mailing address,

telephone number, facsimile number and email address is listed above.

Dated:      June 15, 2022                           Respectfully submitted,

                                                   JODI LINKER
                                                   Federal Public Defender
                                                   Northern District of California

                                                              /S
                                                   DAVID RIZK
                                                   Assistant Federal Public Defender

1   STEPHANIE M. HINDS (CABN 154284)
    United States Attorney
2
    THOMAS A. COLTHURST (CABN 99439)
3   Chief, Criminal Division

4   CHRISTA HALL (CABN 328881)
    Assistant United States Attorney
5
    EDWIN FARLEY
6   Law Clerk

7        450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495
8        Telephone: (415) 436-7200
         FAX: (415) 436-7234
9        Christa.Hall@usdoj.gov

10  Attorneys for the United States of America

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                 SAN FRANCISCO DIVISION

14
    UNITED STATES OF AMERICA,          )   CASE NO. 3-22-MJ-70781-MAG
15                                     )
            Plaintiff,                 )   UNITED STATES'S MEMORANDUM
16                                     )   IN SUPPORT OF DETENTION OF
        v.                             )   ALEX KAI TICK CHIN
17                                     )
    ALEX KAI TICK CHIN,                )   Date:  June 17, 2022
18                                     )   Time: 10:30 a.m.
            Defendant.                 )
19  _____)

20
            The Defendant, Alex Chin, was indicted in the Southern District of West Virginia, and arrested

21  in the Northern District of California. Defendant Chin, a registered sex offender, is charged with

22  violating 18 U.S.C § 2251(a), sexual exploitation of children, after he convinced two minor females to

23  send him sexually explicit photos of themselves on Snapchat. Defendant Chin then drove to West

24  Virginia and attempted to make contact with the minor in a store. There is a rebuttable presumption that

25  defendant is both a flight risk and a danger to the community. 18 U.S.C. §3142(e). The government

26  respectfully requests Defendant remain detained pending his transfer to face his charges in West

27  Virginia. There is no combination of conditions that can assure the safety of the community.

28

## I. __INTRODUCTION__

On April 26, 2022, a federal grand jury in the Southern District of West Virginia returned an indictment charging CHIN with one violation of 18 U.S.C. § 2251(a), sexual exploitation of children. CHIN, a registered sex offender with a California driver's license, was expected to check in as part of his 290 registration requirements with the San Francisco Police Department no later than June 13, 2022. When CHIN checked in on June 13, 2022, he was arrested pursuant to a federal warrant from the West Virginia indictment. On June 14, 2022, CHIN appeared before this Court in custody and a detention hearing was scheduled for June 17, 2022.

The underlying charge stems from an investigation by Homeland Security Investigations (HSI) of the Department of Homeland Security (DHS). The investigation was initiated when CHIN applied for entry into the United States at the Paso Del Norte Port of Entry and a law enforcement query based on CHIN's California Driver License returned information that CHIN was a registered sex offender. A review of CHIN's cell phone revealed possession of unclothed photos of what appeared to be a minor female child, herein identified as Minor Female 1.

On or about December 12, 2020, through on or about January 11, 2020, at or near Huntington, Wayne County, West Virginia, CHIN did employ, use, persuade, induce, entice, and coerce a minor, Minor Female 1, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct and the visual depictions were transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate commerce.

As a matter of law, pursuant to 18 U.S.C. § 3142(e)(3)(e), it is presumed that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. CHIN has demonstrated that he will go to any length, including driving across the country during a pandemic to obtain and entice the production of child pornography.

The defendant must be detained pending trial and relocation to West Virginia. Even if the defendant can rebut the presumption, the United States can demonstrate by clear and convincing evidence that the defendant is a danger to the community. The United States submits that this danger to the community cannot be mitigated with any reasonable assurance and therefore the defendant should be detained.

## II. **FACTUAL BACKGROUND**

CHIN began corresponding with Minor Female 1 on Snapchat under the name "Alexander Hamilton" after another victim, Minor Female 2, introduced him to her. DHS ROI No. WV07QE22EP0002-003. When CHIN began exchanging messages with them, Minor Female 1 was 16 and Minor Female 2 was 12 years old. *See id.*; DHS ROI No. WV07QE22EP0002-005. On a Facetime call CHIN asked the victims for their age. DHS ROI No. WV07QE22EP0002-004. HSI discovered through its interviews with the Child Protective Services employee responsible for Minor Female 1 that she has a cognitive disability; although Minor Female 1 is now 18 years old, she has the mind of a 13-year-old. DHS ROI No. WV07QE22EP0002-002. Minor Female 1 is currently in foster care, having been removed from her home in March 2022 because of physical, emotional, and sexual abuse allegations against her parents. *Id.*

Over the time CHIN exchanged messages with Minor Female 1 and Minor Female 2, CHIN repeatedly threatened to harm or kill himself, sending photos of himself with a knife to his wrist or in his mouth, in order to entice Minor Female 1 and Minor Female 2 to send him sexually explicit images and videos, suggesting that he would follow through on his threat if he did not receive what he wanted. *See* DHS ROI No. WV07QE22EP0002-003; DHS ROI No. WV07QE22EP0002-005. Both Minor Female 1 and Minor Female 2 sent photos of themselves to CHIN and CHIN sent photos and videos of himself to Minor Female 1, including an image of himself masturbating. *Id.* CHIN continued to attempt to contact Minor Female 1 through newly created Snapchat accounts when Minor Female 1 blocked CHIN's "Alexander Hamilton" account on Snapchat. DHS ROI No. WV07QE22EP0002-003. CHIN would act possessive over Minor Female 1, telling her she was not allowed to see other friends of hers and he threatened to kill the boyfriend Minor Female 1 told CHIN she had. *Id.*

In February and March 2022, CHIN attempted to make contact with Minor Female 1 and Minor Female 2 in person. Minor Female 1 stated that CHIN would dress like a teenager, wearing a t-shirt and ripped jeans. DHS ROI No. WV07QE22EP0002-003. CHIN had told both victims on numerous occasions that he would come to visit them. *Id.*; DHS ROI No. WV07QE22EP0002-005. On or about February 2022, CHIN contacted Minor Female 2 by text message, telling her that he was in West Virginia. Although Minor Female 2 never gave CHIN her exact address, Minor Female 2 claims to have

1  recognized CHIN's van outside of her house. DHS ROI No. WV07QE22EP0002-006. Minor Female 2

2  never met with CHIN even though he drove to meet her. *Id.* Later, CHIN approached or attempted to

3  approach Minor Female 1 and her sister at a Sam's Club in South Point, Ohio during or around March

4  2022. DHS ROI No. WV07QE22EP0002-003; DHS ROI No. WV07QE22EP0002-004. CHIN had tried

5  to contact Minor Female 1 on Snapchat saying that he was in town but that Minor Female 2 would not

6  meet him and had blocked him. DHS ROI No. WV07QE22EP0002-003. CHIN was insistent. *Id.* CHIN

7  attempted to have Minor Female 1 meet him, including by waving her over to him in the Sam's Club,

8  and expressed that he wanted to come to Minor Female 1's foster mother's home. *Id.* Minor Female 1

9  told him no and blocked him on Snapchat. CHIN stared at Minor Victim 1 and her sister while they were

10  in the checkout line. *Id.*; DHS ROI No. WV07QE22EP0002-004.

11        On Monday, March 21, 2022, at approximately 7:31 p.m., CHIN applied for entry at the Paso

12  Del Norte (PDN) Port of entry (POE) pedestrian lanes. DHS ROI No. EP07QE22EP0002-001. CHIN

13  presented a duly issued California Driver license as an entry document and verbally stated he was a

14  United States Citizen heading back to San Francisco. *Id.* Primary Officer Alberto Torres conducted a

15  law enforcement query and received a positive match for a registered sex offender for CHIN. *Id.* CHIN

16  was referred to Passport Control Secondary (PCS). *Id.* CHIN stated he was on a cross country trip,

17  heading back to San Francisco where he resides, and decided to visit Mexico. *Id.* CHIN was traveling

18  with two smart phone devices and consented to their search, voluntarily unlocking providing the

19  passwords for the devices. *Id.* The lock screen wallpaper of one of CHIN's devices was a photo of a

20  female. *Id.* A Customs and Border Patrol (CPB) officer asked CHIN about the female depicted. *Id.*

21  CHIN advised she was a friend. *Id.* CHIN said she was 13 years of age and further stated he had no

22  family relationship with her and had met her online, communicating with her over a period of about 1.5

23  years. *Id.* Although CHIN stated the female in the photo was 13, she was later identified as Minor

24  Female 1, who was 16 or 17 at the time. *Id.*; DHS ROI No. WV07QE22EP0002-003. Further search of

25  the device found additional photos, including photos dated December 12, 2020, January 8, 2021,

26  January 9, 2021, and January 11, 2021. DHS ROI No. EP07QE22EP0002-001. Multiple photos depicted

27  Minor Female 1 undressed so as to expose her breasts. *Id.* Three photos contained a white female's

28  genitalia. *Id.* The female's face was not visible in every photo, but Minor Female 1 later identified

herself and stated she had taken the photos at her home. DHS ROI No. WV07QE22EP0002-003. At least some of the photos were screenshots from Snapchat conversations where the photos were sent. DHS ROI No. EP07QE22EP0002-001. CHIN also had photos taken from the Facebook profile of Female Victim 1, including his lock screen wallpaper. DHS ROI No. EP07QE22EP0002-002. There were at least 15 photos of Minor Female 1 on CHIN's device. DHS ROI No. EP07QE22EP0002-001.

CHIN was not arrested by CPB and was released later on the evening of March 21, 2022. *Id.*

## III. ARGUMENT

### A. Legal standard

The Bail Reform Act of 1984 (the "Act") permits pre-trial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Detention is appropriate where defendant is either a danger to the community or a flight risk; it is not necessary to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Motamedi*, 767 F.2d at 1406.

The Court must consider four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

The rules concerning admissibility of evidence in criminal trials do not apply to a detention hearing. 18 U.S.C. § 3142(f).

### B. The nature and circumstances of the offenses charged demonstrate the danger the defendant poses to the community. (18 U.S.C. §§ 3142(g)(1) and (4))

The nature and circumstances of the charged offenses demonstrate that there are no conditions that will reasonably assure the safety of the community should CHIN be released. Before CHIN

travelled to West Virginia, he was communicating with Minor Female 1 electronically from across the country. This is more than a simple possession of child pornography case. Defendant has taken intentional steps toward and has successfully enticed children to send him sexually explicit images over the phone. The lengths at which defendant has shown he would go—driving cross country during a pandemic—to confront the children shows how dangerous defendant is to the community. Defendant went as far as threatening suicide to convince the child to send him pictures. Detention is the only condition that can reasonably assure the safety of the community given the nature and circumstances of the charged offenses.

### C. The weight of the evidence against the defendant is strong. (18 U.S.C. § 3142(g)(2))

Minor Female 1 and her sister identified CHIN from his driver license photo after their encounter with him in the Sam's Club in Ohio. Minor Female 2 also identified CHIN from his driver license photo as the person she chatted with online and to whom she sent topless photos. Minor Female 2 also corroborated a description of CHIN's vehicle. Both victims who identified CHIN have provided access to their cell phones to HSI for continued investigation.

### D. The defendant's history and habits do not support release. (18 U.S.C. § 3142(g)(3))

CHIN was already a registered sex offender following a conviction in 2018 under California Penal Code § 311, yet he continued to solicit sexually explicit conduct from minors. CHIN's tendency to dress like a teenager and his willingness to approach the targets of his enticement in public speaks to the inadequacy of any kind of supervision short of detention. Moreover, CHIN is known to be transient and to live in his van at times, making release, even with conditions, particularly unsuitable for CHIN, especially in light of his demonstrated willingness to travel thousands of miles based on his criminal proclivities.

### E. The defendant is presumed a danger to the community as a matter of law. (18 U.S.C. § 3142(g)(4))

This is a presumption case. Congress intended that the statutory presumptions would have a "significant practical effect." *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985). The presumptions do not disappear when a defendant meets his or her burden of producing rebuttal evidence. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (citing *United States v. Dominguez*, 783 F.2d

702, 707 (7th Cir. 1986)). The presumption remains as an evidentiary finding militating against release, to be weighed along with other evidence relevant to the factors listed in Section 3142(g). *Id.*

The presumption exists under 18 U.S.C. § 3142(e)(3)(e) because cases involving conduct like the defendant's—exploiting children by directing them to produce sexually explicit images of themselves and subjecting them to images of himself—demonstrate the danger inherent in these crimes that the defendant would commit similar crimes again if released, as CHIN has done here. *See Hir*, 517 F.3d at 1089. The government urges the court to take into consideration Congress' designation of these crimes as ones where defendants "pose an especially grave risk to the safety of the community." *Id.* (internal citations omitted).

Even absent this presumption, the danger CHIN poses is evidenced by the way he conducts himself. This includes how he dresses and his vehicle, as discussed above. In his communications with Minor Female 1, CHIN is vulgar and oppressive and is willing to circumvent being blocked by creating new accounts and tracking his victims down in person. CHIN is not beneath preying on the good conscience of his minor victims by threatening to harm himself if they do not accede to his requests to expose themselves to him. CHIN uses these tactics to amplify the seriousness of the danger he poses, and his release would be to allow this danger to persist, if not to Minor Female 1 and Minor Female 2, to potential victims in the San Francisco area and West Virginia.

## IV.    **CONCLUSION**

For these reasons, the United States respectfully requests that this Court find that the defendant is subject to the presumption against release of 18 U.S.C. § 3142(e)(3)(e), that the United States has established by clear and convincing evidence that the defendant is a danger to the community, and that there are no conditions or combination of conditions that will reasonably assure the safety of the community.

DATED: June 17, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney
_____/s/_____
CHRISTA HALL
Assistant United States Attorney
EDWIN FARLEY
Law Clerk

| MAGISTRATE JUDGE **MINUTE ORDER** | DEPUTY CLERK Elaine Kabiling | | REPORTER/DIGITAL RECORDING: 10:56 - 11:34 |
|---|---|---|---|
| MAGISTRATE JUDGE Laurel Beeler | DATE 06/17/2022 | NEW CASE ☐ | CASE NUMBER 3:22-mj-70781-MAG-1 |

DOCUMENTS UNDER SEAL ☐      TOTAL TIME (mins): 38 minutes

### APPEARANCES

| DEFENDANT Alex Kai Tick Chin | AGE | CUST Y | P/NP P | ATTORNEY FOR DEFENDANT David Rizk | PD. ☒ RET. ☐ APPT. ☐ |
|---|---|---|---|---|---|

| U.S. ATTORNEY Christa Hall | INTERPRETER Not Required | FIN. AFFT SUBMITTED ☐ | COUNSEL APPT'D ☐ |
|---|---|---|---|

| PROBATION OFFICER | PRETRIAL SERVICES OFFICER Pepper Friesen | DEF ELIGIBLE FOR APPT'D COUNSEL ☐ | PARTIAL PAYMENT OF CJA FEES ☐ |
|---|---|---|---|

### PROCEEDINGS SCHEDULED TO OCCUR

- ☐ INITIAL APPEAR
- ☐ PRELIM HRG
- ☐ MOTION
- ☐ JUGM'T & SENTG
- ☐ STATUS / ☐ TRIAL SET
- ☐ I.D. COUNSEL
- ☐ ARRAIGNMENT
- ☐ BOND HEARING
- ☐ IA REV PROB. or or S/R
- ☐ OTHER
- ☒ DETENTION HRG 38 minutes
- ☐ ID / REMOV HRG
- ☐ CHANGE PLEA
- ☐ PROB. REVOC.
- ☐ ATTY APPT HEARING

### INITIAL APPEARANCE
- ☐ ADVISED OF RIGHTS
- ☐ ADVISED OF CHARGES
- ☐ NAME AS CHARGED IS TRUE NAME
- ☐ TRUE NAME:

### ARRAIGNMENT
- ☐ ARRAIGNED ON INFORMATION
- ☐ ARRAIGNED ON INDICTMENT
- ☐ READING WAIVED SUBSTANCE
- ☐ WAIVER OF INDICTMENT FILED

### RELEASE
- ☐ RELEASED ON O/R
- ☒ ISSUED APPEARANCE BOND *STAYED*
- AMT OF SECURITY $ 50,000
- SPECIAL NOTES Unsecured
- ☐ PASSPORT SURRENDERED DATE:

PROPERTY TO BE POSTED ☐ CASH $    CORPORATE SECURITY ☐    REAL PROPERTY: ☐

- ☐ MOTION FOR DETENTION
- ☐ PRETRIAL SERVICES REPORT
- ☐ DETAINED
- ☐ RELEASED
- ☐ DETENTION HEARING AND FORMAL FINDINGS WAIVED
- ☐ REMANDED TO CUSTODY

ORDER REMOVED TO THE DISTRICT OF

### PLEA
- ☐ CONSENT ENTERED
- ☐ NOT GUILTY
- ☐ GUILTY
- GUILTY TO COUNTS: ☐
- ☐ PRESENTENCE REPORT ORDERED
- ☐ CHANGE OF PLEA
- ☐ PLEA AGREEMENT FILED
- OTHER:

### CONTINUANCE

| TO: 6/27/2022 | ☐ ATTY APPT HEARING | ☐ BOND HEARING | ☐ STATUS RE: CONSENT | ☐ TRIAL SET |
|---|---|---|---|---|
| AT: 10:30 AM | ☐ SUBMIT FINAN. AFFIDAVIT | ☐ PRELIMINARY HEARING | ☐ CHANGE OF PLEA | ☒ STATUS re: Bond |
| BEFORE HON. Beeler | ☐ DETENTION HEARING | ☐ ARRAIGNMENT | ☐ MOTIONS | ☐ JUDGMENT & SENTENCING |
| ☐ TIME WAIVED | ☐ TIME EXCLUDABLE UNDER 18 § USC 3161 | ☐ IDENTITY / REMOVAL HEARING | ☐ PRETRIAL CONFERENCE | ☐ PROB/SUP REV. HEARING |

### ADDITIONAL PROCEEDINGS

Proffer heard re: detention. Court amenable to releasing defendant to a halfway house upon availability. Defendant and sureties admonished re bond conditions. Bond stayed pending appeal. Gov't to update the court re: appeal by 6/24. Bond conditions signed this date.   Anthony Tam, Cantonese interpreter; sworn, appearing for sureties.

CC:                                                                 DOCUMENT NUMBER:

# TRANSCRIPT ORDER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
CAND 435
(CAND Rev. 08/2018)

Please use one form per court reporter.
*CJA counsel please use Form CJA24*
*Please read instructions on next page.*

COURT USE ONLY
**DUE DATE:**

1a. CONTACT PERSON FOR THIS ORDER
Amala James

2a. CONTACT PHONE NUMBER
(415) 436-7066

3. CONTACT EMAIL ADDRESS
amala.james@usdoj.gov

1b. ATTORNEY NAME (if different)
Christa Hall

2b. ATTORNEY PHONE NUMBER
(415) 203-3502

3. ATTORNEY EMAIL ADDRESS
Christa.Hall@usdoj.gov

4. MAILING ADDRESS (INCLUDE LAW FIRM NAME, IF APPLICABLE)
450 Golden Gate Ave, 11th floor, San Francisco, CA 94102

5. CASE NAME
USA v. Chin

6. CASE NUMBER
3:22-mj-70781

7. COURT REPORTER NAME ( FOR FTR, LEAVE BLANK AND CHECK BOX)→ ☑ FTR

8. THIS TRANSCRIPT ORDER IS FOR:
☐ APPEAL  ☑ CRIMINAL
☐ NON-APPEAL  ☐ CIVIL

☐ In forma pauperis (NOTE: Court order for transcripts must be attached)
CJA: Do not use this form: use Form CJA24.

9. TRANSCRIPT(S) REQUESTED (Specify portion(s) and date(s) of proceeding(s) for which transcript is requested), format(s) & quantity and delivery type:

a. HEARING(S) (OR PORTIONS OF HEARINGS)

b. SELECT FORMAT(S) (NOTE: ECF access is included with purchase of PDF, text, paper or condensed.)

c. DELIVERY TYPE (Choose one per line)

| DATE | JUDGE (initials) | TYPE (e.g. CMC) | PORTION If requesting less than full hearing, specify portion (e.g, witness or line) | PDF (email) | TEXT/ASCII (email) | PAPER | CONDENSED (email) | ECF ACCESS (web) | ORDINARY (30-day) | 14-Day | EXPEDITED (7-day) | 3-DAY | DAILY (Next day) | HOURLY (2 hrs) | REALTIME |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/17/2022 | LB | Det Hrg | | ● | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ● | ○ | ○ |
| | | | | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |
| | | | | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |
| | | | | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |
| | | | | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |
| | | | | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |

10. ADDITIONAL COMMENTS, INSTRUCTIONS, QUESTIONS, ETC:

ORDER & CERTIFICATION (11. & 12.) By signing below, I certify that I will pay all charges (deposit plus additional).

11. SIGNATURE
/s/ Christa Hall

12. DATE
06/22/2022

Clear Form

Save as new PDF

CAND 435
(Rev. 08/2018)

# INSTRUCTIONS

Use this form to order the transcription of a record of proceedings. **CJA counsel should use Form CJA24.** Before completing this form, please visit cand.uscourts.gov/transcripts for complete transcript ordering information. **THESE INSTRUCTIONS SUPPLEMENT THE WEBSITE INFORMATION.**

1.   Complete a separate order form for each case number for which transcripts are ordered.
2.   Complete a separate order form for each court reporter who reported proceedings in the case.
3.   Complete Items 1-12. Keep a copy of your completed order form for your records.
4.   E-file this form in the U.S. District Court CM/ECF system. **Exceptions to e-filing:** (a) sealed cases/proceedings; (b) non-parties; (c) pro se parties who are not e-filers. In such cases, mail or hand-deliver a hard copy addressed to the court reporter supervisor (email list available at cand.uscourts.gov/transcripts/contact) at the Court division where the proceeding was held.
5.   Next, the court reporter/transcriber will contact you to confirm estimated costs and delivery options. Deliver payment to the court reporter/transcriber promptly. Upon receipt of the deposit, the court reporter/transcriber will begin work on the transcript.
6.   Unless prepayment is waived, delivery time is computed from the date the court reporter/transcriber receives the deposit, authorized CJA 24 Form, authorization from Federal Public Defender's Office or, for transcripts ordered by the U.S. government, from the date of receipt of the DCN number.
7.   The deposit fee is an estimate. Any overage will be refunded; any shortage will be due from you.

## ITEM-BY-ITEM INSTRUCTIONS (ITEMS 1-12):

Items 1-3   In fields 1a, 2a & 3a, please provide the contact name and information for the person responsible for ordering the transcript. In a law office, this is usually a paralegal or administrative assistant, not the attorney. In fields 1b, 2b & 3b, provide the attorney name and contact info, if the attorney is not the contact person.

Items 5-6   Only one case number may be listed per order.

Item 7.   Visit cand.uscourts.gov/transcripts for instructions for determining the name of the court reporter who reported the proceeding or if the proceeding was audio-recorded. If minutes have not been filed, contact the court reporter supervisor at the division where the hearing was held.

Item 8.   Check appeal OR non-appeal AND criminal OR civil. **In forma pauperis**: a court order specifically authorizing transcripts is required before transcripts may be ordered in forma pauperis.

Item 9a.   List specific date(s) of the proceedings for which transcript is requested. A transcript of only a portion of a proceeding may be ordered, if the description is clearly written to facilitate processing. Under "type," indicate briefly what type of proceeding it was, such as "motion," "sentencing," or "CMC."

Item 9b.   Select desired **FORMAT(S)** for transcript. There is an additional charge for each format ordered. Visit cand.uscourts.gov/transcripts/rates for details. Unlock ECF/web access is included at no extra charge with each of the other formats.

Item 9c.   There are 7 **DELIVERY TYPES** to choose from (times are computed from date of receipt of the deposit fee or DCN number). **NOTE:** Full price may be charged only if the transcript is delivered within the required time frame. For example, if an order for expedited transcript is not completed and delivered within 7 calendar days, the 14-day delivery rate would be charged.

**TRANSCRIPT DELIVERY TIMES:**
- **ORDINARY** — 30 calendar days.
- **14-DAY** — 14 calendar days.
- **EXPEDITED** — 7 calendar days.
- **3-DAY** — 3 calendar days
- **DAILY (NEXT DAY)** — Following adjournment and prior to the normal opening hour of the court on the following morning whether or not it actually is a court day.
- **HOURLY (SAME DAY)** — within two (2) hours.
- **REALTIME** — A draft unedited, uncertified transcript produced by a certified realtime reporter as a byproduct of realtime to be delivered electronically during proceedings or immediately following adjournment.

Item 11.   Sign in this space to certify that you will pay all charges (the deposit plus any additional charges.) An electronic or conformed (/s/) signature is acceptable.

Item 12.   Enter the date of signing the order and certification.

1    STEPHANIE M. HINDS (CABN 154284)
     United States Attorney
2
     THOMAS A. COLTHURST (CABN 99493)
3    Chief, Criminal Division

4    BENJAMIN K. KLEINMAN (NYBN 5358189)
     Assistant United States Attorney
5
         450 Golden Gate Avenue, Box 36055
6        San Francisco, California 94102-3495
         Telephone: (415) 436-7108
7        FAX: (415) 436-7234
         Benjamin.kleinman2@usdoj.gov
8
     Attorneys for United States of America
9
                          UNITED STATES DISTRICT COURT
10
                       NORTHERN DISTRICT OF CALIFORNIA
11
                             SAN FRANCISCO DIVISION
12

13   UNITED STATES OF AMERICA,              )   NO. 3:22-MJ-70781
                                            )
14           Plaintiff,                     )   NOTICE OF RELEASE ORDER REVOCATION
                                            )
15       v.                                 )
                                            )
16   ALEX KAI TICK CHIN,                    )
                                            )
17           Defendant.                     )
                                            )
18   _____)

19           The defendant, Alex Kai Tick Chin, was indicted in the Southern District of West Virginia on

20   April 26, 2022, on a single count indictment charging him with Production of Child Pornography, in

21   violation of 18 U.S.C. § 2251(a) and (e).  On June 17, 2022, the defendant appeared before a Magistrate

22   Judge in the Northern District of California pursuant to Rule 5 of the Federal Rules of Criminal

23   Procedure.  In pertinent part, the defendant was ordered released on bond to reside in a halfway house.

24   The Magistrate Judge also granted the United States' request to stay the defendant's release so it may

25   appeal to the Court in the Southern District of West Virginia.  On July 14, 2022, the Court in the

26   Southern District of West Virginia revoked the release order issued in the Northern District of California

27   and ordered the defendant be detained and transferred to West Virginia pending trial.  The

28   aforementioned order from the Southern District of West Virginia is attached to this notice, and the

     NOTICE OF RELEASE ORDER REVOCATION
     No. 3:22-mj-70781 _____                                        v. 8/4/2021

assigned defense counsel in the Northern District of California has been notified and provided a copy.

DATED: 07/15/2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney


*/s/ Benjamin K. Kleinman*
BENJAMIN K. KLEINMAN
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO.   3:22-00087

ALEX KAI TICK CHIN

## MEMORANDUM OPINION AND ORDER

Pending is the Motion of United States to Revoke Release Order. ECF No. 12. Defendant has filed a Response in opposition to the motion, and the United States has replied. Upon consideration of the parties' arguments and for the following reasons, the Court **GRANTS** the motion.

Defendant Alex Kai Tick Chin was indicted in this District on April 26, 2022, on a single count indictment charging him with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e). On June 17, 2022, Defendant appeared before a Magistrate Judge in the Northern District of California, who ordered him released on bond to reside in halfway house with certain conditions. *See Tr. of Bond Hrg.* (June 17, 2022), ECF No. 12-1; *Order Setting Cond. of Release and Appearance Bond*, ECF No. 14-1. The Magistrate Judge then granted the United States' request to stay Defendant's release to give it time to file an appeal with this Court. *Id.* at 18; *see* 18 U.S.C. § 3145(a)(1) ("If a person is ordered released by a magistrate judge . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order"). The Magistrate Judge scheduled a status hearing for June 27, 2022, to determine if the stay should continue. *Id.*

The United States Attorney in this District then promptly filed a motion with this Court to stay the Magistrate Judge's decision to release Defendant. *Mot. for Stay and Notice of Intent to Seek Revoc. of Release Or.*, ECF No. 8. The Court granted the motion by Order entered on June 21, 2022, and directed the United States to file its motion for revocation within five (5) days of the record from California being made available. On July 1, the United States filed its Motion to Revoke Release Order. Defendant filed his opposition to the motion on July 11, 2022, and the United States replied on July 13, 2022.

In analyzing the parties' arguments, the Court applies the factors set forth in 18 U.S.C. § 3142(g)(1) through (4) "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(g), in part. First, the Court must consider "the nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim[.]" 18 U.S.C. § 3142(g)(1), in part. Second, the Court must review "the weight of the evidence against" Defendant. 18 U.S.C. § 3142(g)(2). Third, the Court looks at Defendant's "history and characteristics." 18 U.S.C. § 3142(g)(3). Fourth, the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4).

In this case, the United States alleges that Defendant communicated over Snapchat with the two minor victims, who reside in this District, and he coerced them into sending sexually suggestive and sexually explicit images and videos of themselves. He told the girls he would commit suicide if they did not comply, and he allegedly sent the girls pictures of himself holding a

knife near his wrists and face. He also sent the girls pictures and videos of his penis. Defendant then traveled from California to West Virginia in a white panel van, with a bed inside, and attempted to get the girls to meet him. He contacted the girls, but they refused to meet him. However, Defendant purportedly was seen driving by the home of one of the girls and was seen in a local store where he attempted to make contact with the other girl. The United States contends that statements from the victims are consistent with the digital evidence, and the victims identified Defendant's picture as the person they were chatting with online and whom they saw in West Virginia.

After leaving West Virginia (but during this same time frame), the United States asserts Defendant traveled to Texas and walked over the Mexican border. Upon his return into the United States, he was stopped by Customs and Border Protection. Agents ran a check on Defendant's driver's license and found he was a registered sex offender, having been convicted of sexual exploitation of children.[1] Agents then obtained Defendant's cellphone and found some of the images at issue in this case. Defendant reportedly gave a statement to agents that he believed the girl in one of the photos was thirteen. Following an investigation, Defendant was indicted on the current charge.

In Defendant's Response, counsel represents that he is not in position at this time to comment on any of the messages between Defendant and the girls, but he believes there may be a

---

[1] Defendant states he was convicted in 2018 of a felony offense of possessing obscene material involving a minor. The United States asserts Defendant also has convictions for possession of a destructive device and evading a peace officer.

meritorious suppression motion over the legality of the cellphone search.[2] He also notes that there are no allegations of physical sexual abuse. Additionally, counsel represents he is unaware of any other images of child pornography on electronic devices seized by the Government. Moreover, counsel represents that the bond conditions ordered by the Magistrate Judge include lockdown status at a halfway house, with mandatory electronic monitoring and other conditions, diminishing any risk factors. Defense counsel concedes, however, that the pretrial services report accurately reflects that Defendant has lived in his vehicle for the past couple months and he has a history of mental health and substance abuse issues.

As a starting point, the parties agree that Defendant is subject to a rebuttable presumption of dangerousness pursuant to 18 U.S.C. § 3142(e). Upon considering the parties' arguments, the Court also finds that all four factors under 18 U.S.C. § 3142(g) weigh heavily against Defendant's release on bond. Defendant is alleged to have committed a serious crime involving minors, has a criminal history involving minors, has mental health and substance abuse issues, was living in his vehicle prior to this offense, drove across the country to attempt contact with the victims, has no connection with this District, and traveled internationally after he left West Virginia. Upon *de novo* review, the Court finds by clear and convincing evidence that Defendant poses a serious flight risk and there are no conditions of release, including lockdown status at a halfway house with other conditions, that will reasonably assure his appearance or assure the safety of the victims and the community. Although defense counsel believes there may be a meritorious suppression motion, the Court is not in a position at this time to evaluate the legality of the cellphone search.

---

[2]In its Reply, the United States disputes there was an unlawful search of Defendant's cellphone.

-4-

Accordingly, the Court **GRANTS** the United States' motion, **REVOKES** the Release Order, and **ORDERS** Defendant be detained and transferred to West Virginia pending trial. The Court further **ORDERS** that Defendant be afforded reasonable opportunity for private consultation with counsel and that on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:       July 14, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

DOCUMENTS UNDER SEAL ☐ | TOTAL TIME (mins): 3 minutes

| **MAGISTRATE JUDGE MINUTE ORDER** | DEPUTY CLERK Melinda K. Lock | REPORTER/DIGITAL RECORDING: 10:58-11:01 | |
|---|---|---|---|
| MAGISTRATE JUDGE SALLIE KIM | DATE August 31, 2022 | NEW CASE ☐ | CASE NUMBER 3:22-mj-70781-MAG |

| APPEARANCES | | | | | | |
|---|---|---|---|---|---|---|
| DEFENDANT Alex Kai Tick Chin | AGE | CUST Y | P/NP P | ATTORNEY FOR DEFENDANT David Rizk | PD. ☒ RET. ☐ APPT. ☐ | |
| U.S. ATTORNEY Christa Hall | INTERPRETER | | | FIN. AFFT SUBMITTED ☐ | COUNSEL APPT'D ☐ | |
| PROBATION OFFICER | PRETRIAL SERVICES OFFICER Vanessa Vargas | | DEF ELIGIBLE FOR APPT'D COUNSEL ☐ | PARTIAL PAYMENT OF CJA FEES ☐ | | |

### PROCEEDINGS SCHEDULED TO OCCUR

| | | | | |
|---|---|---|---|---|
| ☐ INITIAL APPEAR | ☐ PRELIM HRG | ☐ MOTION | ☐ JUGM'T & SENTG | ☒ STATUS ☐ TRIAL SET |
| ☐ I.D. COUNSEL | ☐ ARRAIGNMENT | ☐ BOND HEARING | ☐ IA REV PROB. or or S/R | ☐ OTHER |
| ☐ DETENTION HRG | ☐ ID / REMOV HRG | ☐ CHANGE PLEA | ☐ PROB. REVOC. | ☐ ATTY APPT HEARING |

### INITIAL APPEARANCE

| | | | |
|---|---|---|---|
| ☐ ADVISED OF RIGHTS | ☐ ADVISED OF CHARGES | ☐ NAME AS CHARGED IS TRUE NAME | ☐ TRUE NAME: |

### ARRAIGNMENT

| | | | |
|---|---|---|---|
| ☐ ARRAIGNED ON INFORMATION | ☐ ARRAIGNED ON INDICTMENT | ☐ READING WAIVED SUBSTANCE | ☐ WAIVER OF INDICTMENT FILED |

### RELEASE

| | | | |
|---|---|---|---|
| ☐ RELEASED ON O/R | ☐ ISSUED APPEARANCE BOND | AMT OF SECURITY $ | SPECIAL NOTES | ☐ PASSPORT SURRENDERED DATE: |
| PROPERTY TO BE POSTED ☐ CASH $ | | CORPORATE SECURITY ☐ | REAL PROPERTY: ☐ | |
| ☐ MOTION FOR DETENTION | ☐ PRETRIAL SERVICES REPORT | ☐ DETAINED | ☐ RELEASED | ☐ DETENTION HEARING AND FORMAL FINDINGS WAIVED | ☒ REMANDED TO CUSTODY |

ORDER REMOVED TO THE DISTRICT OF SOUTHERN WEST VIRGINIA

### PLEA

| | | | |
|---|---|---|---|
| ☐ CONSENT ENTERED | ☐ NOT GUILTY | ☐ GUILTY | GUILTY TO COUNTS: ☐ |
| ☐ PRESENTENCE REPORT ORDERED | ☐ CHANGE OF PLEA | ☐ PLEA AGREEMENT FILED | OTHER: |

### CONTINUANCE

| | | | |
|---|---|---|---|
| TO: 9/13/2022 | ☐ ATTY APPT HEARING | ☐ BOND HEARING | ☐ STATUS RE: CONSENT | ☐ TRIAL SET |
| AT: 10:30 AM | ☐ SUBMIT FINAN. AFFIDAVIT | ☐ PRELIMINARY HEARING | ☐ CHANGE OF PLEA | ☒ STATUS Re: Removal |
| BEFORE HON. Joseph C. Spero | ☐ DETENTION HEARING | ☐ ARRAIGNMENT | ☐ MOTIONS | ☐ JUDGMENT & SENTENCING |
| ☐ TIME WAIVED | ☐ TIME EXCLUDABLE UNDER 18 § USC 3161 | ☐ IDENTITY / REMOVAL HEARING | ☐ PRETRIAL CONFERENCE | ☐ PROB/SUP REV. HEARING |

### ADDITIONAL PROCEEDINGS

The Court will issue an order directing the Defendant to be transported forthwith in USMS custody to the Southern District of West Virginia.

DOCUMENT NUMBER:

1
2
3
4                           UNITED STATES DISTRICT COURT
5                          NORTHERN DISTRICT OF CALIFORNIA
6
7    USA,                                    Case No.22-mj-70781-MAG-1  (SK)
                    Plaintiff,
8                                            Charging District's Case No.
9         v.                                 3:22-CR-00087
10   ALEX KAI TICK CHIN,
                    Defendant.
11

12                       **COMMITMENT TO ANOTHER DISTRICT**
13        The defendant has been ordered to appear in the Southern District of West Virginia.
14   The defendant may need an interpreter for this language: n/a.
15        The defendant:          (  ) will retain an attorney.
16                                (X) is requesting court-appointed counsel.
17        The defendant remains in custody after the initial appearance.
18        **IT IS ORDERED:**  The United States Marshal must transport the defendant, together with
19   a copy of this order, to the charging district and deliver the defendant to the United States Marshal
20   for that district, or to another officer authorized to receive the defendant.  The Marshal or officer
21   of the charging district should immediately notify the United States Attorney and the Clerk of the
22   Clerk for that district of the defendant's arrival so that further proceedings may be promptly
23   scheduled.  The Clerk of this district must promptly transmit the papers and any bail to the
24   charging district.
25   Dated: August 31, 2022
26                                           _____
                                             SALLIE KIM
27                                           United States Magistrate Judge
28