IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**UNITED STATES OF AMERICA**

v.                                                     **Criminal No. 3:22-cr-00087**

**ALEX KAI TICK CHIN**

### DEFENDANT'S MOTION TO DISMISS SUPERSEDING INDICTMENT

Defendant, Alex Kai Tick Chin, by his counsel, pursuant to Rule 12(b)(3)(A)(iii) of the Federal Rules of Criminal Procedure and 18 U.S.C. §§ 3161(c)(1) and 3162(a)(2), moves for the entry of an appropriate Order dismissing, with prejudice, the Government's Superseding Indictment. Counsel relies upon the following facts which document the Government's violation of the defendant's substantive and procedural rights afforded the Speedy Trial Act, 18 U.S.C. § 3161.

(1)  On April 26, 2022, the Government filed an Indictment charging the defendant with persuading, inducing, and enticing "Minor Female 1" to engage in sexually explicit conduct for purposes of producing visual depictions in violation of 18 U.S.C. §§ 2251(a) and (e). Dkt. No. 1.

(2)  On June 13, 2022, the defendant was arrested in San Francisco, California, on the underlying warrant issued for the Indictment. Dkt. No. 6. On June 15, 2022, the defendant had his initial appearance on the Indictment before United States Magistrate Judge Laurel Beeler in San Francisco, California. Dkt. No. 10 at 11. The defendant was kept in custody as the Government had filed a motion

for detention. Dkt. No. 10 at 13. On June 17, 2022, a detention hearing was held before Magistrate Judge Beeler, who found that the defendant could be released to a local halfway house, subject to available bedspace. Dkt. No. 10 at 20. Magistrate Judge Beeler's release order was stayed pending the Government's appeal of the same. *Id.*

(3) On June 17, 2022, the Government filed a Motion for Stay requesting this Court to stay Magistrate Judge Beeler's Release Order pending "an appeal of that Order to this Court. Dkt. No. 8. On June 21, 2022, this Court granted the Government's Motion for Stay and directed the Government to file its motion for revocation of the Magistrate Judge's Order within five days of the Rule 5 documents from California being available. Dkt. No. 9. This Order directed the Clerk's office to provide a copy of the same to the defendant and his counsel. On June 22, 2022, the undersigned counsel filed a notice of appearance on behalf of the defendant. Dkt. No. 10.

(4) On July 1, 2022, the Government filed a Motion to Revoke Release Order. Dkt. No. 12. On July 5, 2022, this Court entered an Order directing the defendant to file a response to the Government's Motion by July 11, 2022. Dkt. No. 13. Counsel filed the defendant's response on July 11, 2022, and the Government's reply was filed on July 13, 2022. Dkt. Nos. 14, 16.

(5) On July 14, 2022, this Court considered the arguments submitted by both parties and granted the Government's Motion to Revoke Release Order. Dkt. No. 17. This Order included a directive that the defendant "be detained and

transferred to West Virginia pending trial." Dkt. No. 17 at 5. The Clerk's office was directed to send a copy of this Order to the United States Marshal. *Id*.

(6) The defendant continued to remain in federal custody in the San Francisco, California, area for a significant period of time. On August 9, 2022, a federal grand jury in this District returned a Superseding Indictment which charged the defendant with two felony counts. Dkt. No. 19. The first count was identical to the production of child pornography charge previously set forth in the April 26, 2022, Indictment. The second count charged the defendant, as a registered sex offender, with committing a felony production of child pornography offense involving a minor in violation of 18 U.S.C. § 2260A.

(7) The defendant's appointed counsel in California requested a status conference with Magistrate Judge Sallie Kim to determine why the defendant had not yet been transported to West Virginia. Dkt. No. 21 at 32. On August 31, 2022, that status conference was held, and Magistrate Judge Kim entered a second Commitment Order directing that the defendant be transported to the Southern District of West Virginia. Dkt. No. 21 at 33.

(8) As of the date of the filing of this Motion, the defendant has not been transported to the Southern District of West Virginia. It is counsel's understanding that he is in route and is currently being detained at a BOP facility in Oklahoma. As the defendant's trial in this case has not taken place within 70 days from the August 9, 2022, filing of the Superseding Indictment, the defendant's substantive and

procedural rights under the Speedy Trial Act have been violated and this Court should dismiss the Superseding Indictment, with prejudice.

## ARGUMENT

(9) Congress enacted the Speedy Trial Act to protect both "a defendant's right to a speedy trial" and "the public interest." *Zedner v. United States*, 547 U.S. 489, 501 (2006). The Speedy Trial Act requires, in relevant part, that a defendant's trial "commence within seventy days … from the filing date of the information or indictment, or from the date when the defendant has appeared before a judicial officer of the court in which such charge is pending, whatever date last occurs." 18 U.S.C. § 3161(c)(1).

(10) The Third Circuit has held that a preindictment initial appearance by a defendant can constitute an appearance before a judicial officer for purposes of 18 U.S.C. § 3161(c)(1). *United States v. Carrasquillo*, 667 F.2d 382, 384 (3d Cir. 1981). When such an appearance occurs, the subsequent filing of an indictment against the defendant will trigger the 70 day period in which trial has to commence. *Id.* In *Carrasquillo*, the defendant had previously appeared for an initial appearance after she was presumably arrested on a criminal complaint. *Id.* at 383. The record showed that thirteen days later, the grand jury returned an indictment against the defendant. *Id.* The Third Circuit held that the dismissal of the case was mandatory where the Speedy Trial Act had been violated as the defendant's trial had not commenced within 70 days from the date of the return of the Government's indictment. *Id.* at 390.

4

(11) Although in the instant case this defendant has yet to physically appear in any courtroom within this District, the Government's filing of a Motion which contested the defendant's pretrial release necessarily created a situation where his appointed counsel would have to make an appearance on the defendant's behalf before this Court. This Court's July 5, 2022, Order directed the defendant to file a response to the Government's pending Motion to Revoke Release Order. Dkt. No 13.

As such, the Defendant's July 11, 2022 Response filed by his appointed counsel should be treated as evidence of the defendant making an appearance within this District for purposes of 18 U.S.C. § 3161(c)(1). The substantive ruling which this Court made on the Government's motion was done only after consideration was given to the defendant's stated reasons supporting the conditions for pretrial release envisioned by Magistrate Judge Beeler.[1] Dkt. No. 17. As this appearance occurred prior to the Government's filing of the Superseding Indictment, the latter date for purposes of Speedy Trial considerations would be the August 9, 2022, filing date for the Superseding Indictment.

(12) The Speedy Trial act further provides for a variety of exclusions of time from the 70 day time period as set forth in 18 U.S.C. § 3161(h). One exclusion allows for a delay of ten days in the transporting of a defendant from another district. 18 U.S.C. § 3161(h)(1)(F). Any delay greater than ten days from either an order of removal or an order directing such transportation "shall be presumed to be

---

[1] Counsel had also filed a motion requesting this Court to allow the defendant to appear by video conference call for any hearing scheduled for the Government's Motion which this Court subsequently denied as being moot. Dkt. Nos. 15 and 18.

unreasonable." *Id.* This Court's July 14, 2022, Order specifically directed the defendant to be "detained and transferred to West Virginia pending trial." Dkt. No. 17 at 5. This Order was further provided to the U.S. Marshal's Service.

(13) More than three and a half months have lapsed since this Court's July 14, 2022, directive to the U.S. Marshal's Service to have the defendant brought from California to West Virginia. This clearly constitutes an unreasonable delay which was meant to be addressed by the Speedy Trial Act. The defendant has not been transported to West Virginia in order to allow the defendant's trial to commence by October 28, 2022. That date would have been the last date that the defendant's trial could have commenced within 70 day window of the filing of the Superseding Indictment along with an additional 10 day exclusion under 18 U.S.C. § 3161(h)(1)(F) for transportation from another district.

For the reasons stated herein, the defendant moves this Court to enter an appropriate Order finding that the defendant's Speedy Trial Rights have been violated by the failure of the Government to transport the defendant from California to West Virginia in order to have a trial on the pending criminal charges by October 28, 2022. As a result, this Court should proceed to dismiss the Superseding Indictment, with prejudice and release the defendant from the custody of the U.S. Marshal's Service.

Respectfully submitted this 3rd day of November, 2022.

        **ALEX KAI TICK CHIN**

        **By Counsel**

**WESLEY P. PAGE**
**FEDERAL PUBLIC DEFENDER**

**s/David R. Bungard**
David R. Bungard, Bar Number: 5739
Assistant Federal Public Defender
Office of the Federal Public Defender
300 Virginia Street, East, Room 3400
Charleston, West Virginia  25301
Telephone: (304) 347-3350
Facsimile: (304) 347-3356
E-mail: david_bungard@fd.org