IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:22-cr-00087

ALEX KAI TICK CHIN

### Response of the United States to Defendant's Motion to Dismiss Superseding Indictment

Comes now the United States of America by Jennifer Rada Herrald, Assistant United States Attorney for the Southern District of West Virginia, and hereby files this response to defendant's motion to dismiss the superseding indictment.

### BACKGROUND

Defendant was indicted on April 26, 2022, in a single-count indictment charging him with production of child pornography, in violation of 18 U.S.C. § 2251(a). On June 13, 2022, defendant was arrested in California on this indictment. Following an initial appearance in California on June 15, 2022, a magistrate judge in California ordered defendant to be released on bond; this order was stayed at the request of the United States pending an appeal to this Court. On July 15, 2022, this Court granted the motion to revoke the release order and directed that defendant be detained and transported to West Virginia.

On August 9, 2022, a superseding indictment was returned against defendant; this superseding indictment added a new charge for a violation of 18 U.S.C. § 2260A. A status conference was held on August 31, 2022, at which time the court in California filed the Rule 5 paperwork to transfer the case to West Virginia. A second status conference was held on September 20, 2022, to review the status of defendant's transfer to West Virginia. Based upon information received from the United States Marshals Service, the transport of defendant to West Virginia

1

began on October 7, 2022, and he arrived in this district on November 7, 2022. His arraignment was held on November 9, 2022.

## ARGUMENT

**I.     Defendant's Speedy Trial Act rights have not been violated.**

Defendant's rights under the Speedy Trial Act have not been violated and his motion must be denied. In relevant part, the Speedy Trial Act states:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an . . . indictment . . . shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).[1] Defendant's argument that his right has been violated fails for two reasons: 1) the latter triggering event for the beginning of the 70-day clock — a defendant's appearance at arraignment in the district in which the charges are pending — did not occur until November 9, 2022; and 2) the exclusion of time under 18 U.S.C. § 3161(h)(1)(F) does not apply to transfer time that occurs prior to defendant's arraignment in the district in which the charges are pending.

  A. *As defendant did not appear before a judicial officer in this district for arraignment on the superseding indictment until November 9, 2022, the 70-day clock under the Speedy Trial Act has not yet begun to run.*

Courts have held that when an indictment is returned prior to a defendant's arrest, it is his arraignment on the indictment in the charging district that triggers the application of the Speedy

---

[1] At the time defendant filed this motion, his case was not one in which a plea of not guilty had been entered, and it was thus premature under the Speedy Trial Act. *See United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) ("[U]nless a defendant has entered a plea of not guilty, the provisions of [18 U.S.C. § 3161(c)(1)] have not been triggered."). However, this particular argument is now moot, as defendant was arraigned and pled not guilty on November 9, 2022.

Trial Act. Per the terms of § 3161(c)(1) and the fact that defendant was indicted prior to his arrest, the 70-day clock for trial will not begin until defendant "has appeared before a judicial officer of the court in which such charge is pending," that is, at his arraignment. As defendant was only arraigned today, the 70-day time for trial will not begin to run until tomorrow (November 10, 2022), and his motion must be denied.

Multiple circuits have found that it is the initial appearance in the charging district (which, in an indictment case with an out-of-district arrest, is the arraignment) that triggers the start of the Speedy Trial Act clock. In *United States v. Lynch*, the Second Circuit found that the 70-day timeline for trial did not begin until the defendant arrived and was arraigned in the charging district. 726 F.3d 346, 352-53 (2d Cir. 2013). This finding is consistent with several other circuits. *See, e.g., United States v. Grimes*, 702 F.3d 460, 466-67 (8th Cir. 2012) ("[T]he STA time period does not begin to accrue until a defendant appears in the particular district court in which the charges against him are pending."); *United States v. Palombo*, 31 F.3d 1456,1462 (9th Cir. 1994) (concluding that when "the indictment predates the initial appearance[,]" the 70-day clock does not begin to run until the defendant is arraigned in the charging district): *United States v. Hernandez*, 724 F.2d 904, 905 (11th Cir. 1984) ("When a defendant is indicted prior to his arrest, the seventy-day pretrial period runs from the date of his arraignment.").

This Court also recently found that it was the date of arraignment in this district rather than the initial appearance in another district that triggered the speedy trial clock. In *United States v. Mosley*, this court found that arraignment in this district was the date from which the 70-day clock should be calculated and not the date of any prior appearance in another district. 2021 U.S. Dist. LEXIS 216672 at *34 (S.D.W.V. 2021).

The first appearance in the charging district triggering the start of the Speedy Trial Act clock also makes logical sense. Until a defendant has arrived in the charging district, it is impossible for a trial to take place. Applying a time limit for trial prior to the time at which a trial could even occur would thwart the ends of justice. Moreover, at least in this district, a trial date is not set on the docket until the arraignment. It would not make sense for a court, with or without a motion from the government, to "continue" a nonexistent trial date to another nonexistent date. Given this impracticality, starting the trial clock prior to a trial being scheduled would functionally remove the option of a continuance under § 3161(h)(7)(A), although allowing time for a defendant to be transported to the charging district clearly serves the ends of justice. To have the 70-day clock for trial expire before a trial was even scheduled is certainly not consistent with Congress's intent when it passed the Speedy Trial Act and would do an unintended disservice to the administration of justice.

Defendant's reliance upon *United States v. Carrasquillo* is misplaced, as the case instead supports the conclusion that the 70-day time frame for trial has not yet been triggered. In *Carrasquillo*, the Third Circuit explicitly stated that when a case is initiated by an indictment, rather than a complaint, "the postindictment arraignment will be the relevant 'last occurring date'" for purposes of § 3161(c)(1). 667 F.2d 382, 384 (3d Cir. 1981). Defendant instead focuses on the language in *Carrasquillo* that addresses an indictment that is subsequent to a pre-indictment court appearance based on a complaint. Defendant here, however, was arrested on an indictment, and therefore never made any pre-indictment appearances in court. *Carrasquillo*'s only relevance to this case is to make clear that defendant's 70-day clock has not yet started to run.

Additionally, the appearance of defendant's counsel via filings regarding the appeal of the release order does not constitute an appearance by defendant. Under cannons of statutory

4

construction, it is presumed that "Congress acts intentionally when it omits language included elsewhere." *Dep't of Homeland Sec. v. MacLean*, 574 U.S. 383, 392 (2015). The proximity between the use of certain language and the omission of such language is a particularly compelling basis to conclude the language was intentionally left out. While § 3161(c)(1) refers to "the date the defendant appeared before a judicial officer of the court," the very next subsection (§ 3161(c)(2)) refers to "the date on which the defendant first appears through counsel." Had Congress intended for a defendant's appearance under § 3161(c)(1) to include an appearance by counsel, it could easily have mirrored the "through counsel" language of the next subsection and said so explicitly. *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("Had Congress intended to restrict § 1963(a)(1) to an interest in an enterprise, it presumably would have done so expressly as it did in the immediately following subsection (a)(2)."). The omission of the language used almost immediately thereafter demonstrates that it is the appearance of the defendant himself, not merely his counsel through filings, that triggers the application of the Speedy Trial Act.

Defendant's offer to waive his appearance at any hearing on the motion to revoke the release order is irrelevant to the Speedy Trial Act. While it is reasonable to conclude that waiver of appearance at the arraignment hearing would still constitute an appearance by defendant, the critical difference is such an arraignment hearing would still have occurred. There was no hearing on the motion to revoke the release order, and thus no hearing existed at which defendant could either appear or waive his appearance.[2]

While defendant does not have recourse under the Speedy Trial Act for the delay in his pre-arraignment transport from California, defendants are not without the ability to seek a remedy

---

[2] As no such hearing took place, the United States does not address whether a remote hearing by a defendant from another state would constitute an "appearance" in this district.

if they believe there is an unnecessary delay in their arraignment while they have been incarcerated. The Fourth Circuit has indicated that such a defendant could seek recourse by applying for a writ of habeas corpus under 28 U.S.C. § 2241. *Tootle*, 65 F.3d at 383. Such a petition can be made by a defendant regardless of the status of the pending case. *Id.* Accordingly, the fact that the Speedy Trial Act does not apply prior to defendant's arraignment in the charging district does not leave him hopelessly subject to pre-arraignment delays.

Defendant must appear in this district and be arraigned on the superseding indictment to trigger the beginning of the 70-day period in which his trial must occur. As he only did so today, the deadline for trial under § 3161(c)(1) has only now begun to run. Defendant's motion to dismiss must be denied.

B.  *Pre-arraignment travel from another district is not included in the 70-day calculation.*

As the Speedy Trial Act clock does not begin until a defendant's arraignment in the charging district, the exclusions of time set forth under 18 U.S.C. § 3161(h) are also not relevant or applicable until after arraignment. As such, the 10-day limit on transport of a defendant from another district, set forth in 18 U.S.C. § 3161(h)(1)(F) is not applicable to defendant. Rather, that limitation applies to post-arraignment transportation, such as for a competency evaluation or in relation to a Rule 20 transfer of jurisdiction.

The Fourth Circuit has recognized this limitation on the application of the 10-day cap on excludable time for transport of a prisoner. In *United States v. Odman*, the Court rejected defendant's argument that the days for his transfer from Florida to North Carolina in excess of the 10-day window were not excludable. 47 F. App'x 221, 225 (4th Cir. 2002). Finding that the travel from Florida to North Carolina took place prior to his arraignment on the indictment, the 70-day

clock had not begun to run and "the length of time it took to transport him is not relevant" to calculating time under the Speedy Trial Act. *Id.*

This approach is consistent with other circuits. In *United States v. Lynch*, the Second Circuit rejected a defendant's Speedy Trial Act argument regarding the transport time between his arrest in New Jersey and his arraignment in Connecticut. 726 F.3d 346, 352-53 (2d Cir. 2013). It found that the exclusion for travel time under § 3161(h)(1)(F) "only applies to time *after* Lynch's arraignment in Connecticut." Additional circuits have ruled the same way. *See, e.g., Grimes*, 702 F.3d at 466-67 (as the Speedy Trial Act clock does not begin until a defendant's arrival in the charging district, the time for transport from the arresting district was not included in the 70-day calculation); *United States v. Wickham*, 30 F.3d 1252, 1254 (9th Cir. 1994) (70-day clock did not start until defendant appeared in court in the charging district and did not include transport time from another district).

As noted above, this Court has also previously recognized that pre-arraignment time for transport from another district did not count toward the 70-day calculation under the Speedy Trial Act. In *Mosley*, this court rejected the argument that all but 10 days of the time it took for Mosley to arrive in this district should be counted as non-excludable time under the Speedy Trial Act because the transport time predated the event triggering the Speedy Trial Act. 2021. *Mosley*, U.S. Dist. LEXIS 216672 at *34.

Defendant's motion to dismiss must be denied as any pre-arraignment delays in transport are not considered in the 70-day window for trial under the Speedy Trial Act.

**II.     Defendant's request for dismissal with prejudice contradicts the Speedy Trial Act.**

In addition to failing to meet the necessary requirements under § 3161(c)(1) to trigger the application of the Speedy Trial Act and the start of his 70-day time frame for trial until today,

defendant contradicts both the statutory language and the purpose of the Speedy Trial Act by requesting dismissal with prejudice.

While a violation of the 70-day clock requires dismissal of an indictment under 18 U.S.C. § 3162(a)(2), such dismissal may be dismissed either with or without prejudice. In making a determination on the type of dismissal, the statute requires a court to look at three factors: 1) the seriousness of the offense; 2) the facts and circumstances of the case which led to the dismissal; and 3) the impact of a reprosecution on the administration of the Speedy Trial Act and the administration of justice. 18 U.S.C. § 3161(a)(2).

The offenses with which defendant is currently charged are undoubtedly serious and have been previously addressed by this Court in its order revoking the release order (ECF No. 17). Defendant coerced two minors in this district to send him sexually suggestive and sexually explicit images and videos to him, in part by threatening to commit suicide during live video chats if they did not comply. He also traveled from California in a white panel van to attempt to contact the girls in West Virginia; he was seen by one girl near her house and by another at a local store. Defendant has a prior conviction for possessing obscene material involving a minor and was a registered sex offender at the time of the offense. Child exploitation offenses, particular production of child pornography, are among the most egregious federal offenses. A defendant committing such an offense while already a registered sex offender for a previous sex offense involving minors makes the crime all the more heinous. This factor strongly weighs in favor of any dismissal being without prejudice.

When considering the second factor — the facts and circumstances leading to dismissal — this Court should consider whether the United States acted in bad faith or demonstrated a pattern of neglect of the requirements of the Speedy Trial Act. *United States v. Lloyd*, 50 F.4th 648, 656

(7th Cir. 2022). There is no evidence in this case that the government acted in bad faith or delayed defendant's appearance in this district to gain a tactical advantage at trial. The delay appears to be attributable to the court in California failing to file the Rule 5 paperwork until August 31, 2022, and the logistics of the United States Marshals Service transporting defendant across the country. These neutral reasons for delay support any dismissal being without prejudice.

Finally, the third factor also weighs in favor of rejecting defendant's request for dismissal with prejudice. The administration of justice is not served by dismissing serious charges against a defendant based upon transport delays that happened before he even had a trial date set. Defendant also has not shown any actual prejudice to his case that has resulted from the delay or that would result if a reprosecution was allowed. While defendant has been detained since his arrest, he was given a full opportunity for detention questions to be addressed both in California and by this Court. The interests of justice and the administration of the Speedy Trial Act would not be served by dismissal with prejudice.

## CONCLUSION

As defendant's 70-day window for trial under the Speedy Trial Act does not begin until the day after his arraignment, the pre-arraignment delay in transporting him from California to West Virginia did not violate his Speedy Trial Act rights. His motion to dismiss the superseding indictment must be denied.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney


/s/Jennifer Rada Herrald
JENNIFER RADA HERRALD
Assistant United States Attorney
WV State Bar No. 12181
300 Virginia Street East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: Jennifer.herrald@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "Response of the United States to Defendant's Motion to Dismiss Superseding Indictment" has been electronically filed and service has been made on opposing counsel by electronic mail this the 9th day of November, 2022, to:

>David R. Bungard
>Assistant Federal Public Defender
>300 Virginia St. E., Rm. 3400
>Charleston, WV 25301
>David_bungard@fd.org

>/s/Jennifer Rada Herrald
>JENNIFER RADA HERRALD
>Assistant United States Attorney
>WV State Bar No. 12181
>300 Virginia Street East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>E-mail: Jennifer.herrald@usdoj.gov