## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                   **Criminal No. 3:22-cr-00087**

**ALEX KAI TICK CHIN**

### DEFENDANT'S REPLY TO THE RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION TO DISMISS SUPERSEDING INDICTMENT

The Government's first argument that the defendant's Speedy Trial Act rights have not been violated rests entirely on a presumption that the 70-day clock does not start to run until the defendant is physically present within the district where he/she was charged.  Dkt. No. 26 at 2.  There is no requirement that a defendant has to be physically present in the charging district in order to have made an appearance before a court.  18 U.S.C. § 3161(c)(1) only requires that the "defendant has appeared before a judicial officer of the court in which such charge is pending . . . ."  18 U.S.C. § 3161(c)(1) does not mandate that such an appearance take place at an initial appearance or an arraignment.  By analogy, a defendant is not required to be physically present for an arraignment.  Rule 5(b) of the Federal Rules of Criminal Procedure allows for the submission of a written waiver of the defendant's physical appearance at that proceeding.  A court's acceptance of a not guilty plea submitted on behalf of the defendant by counsel would necessarily be considered as an appearance for purposes of the Speedy Trial Act calendar.

The circumstances of this case are unique as the Speedy Trial Act violations occurred as the direct result of the Government's action and inaction. The defendant made an appearance before this Court as a direct result of the Government's July 1, 2022, filing of a motion challenging the magistrate's release order. Dkt. No. 12. As such, counsel's filing of a written response to that motion, as directed by this Court, would constitute a defendant's appearance within this district under 18 U.S.C. § 3161(c)(1). This Court's dispositive ruling on that motion specifically directed the U.S. Marshal's Service to transport the defendant to West Virginia for further proceedings. The Government's August 9, 2022, filing of a Superseding Indictment became the latter date for purposes of 18 U.S.C. § 3161(c)(1) and served to reset the 70-day trial clock.

The Government's reliance on this Court's decision in *United States v. Langford*, 2021 U.S. Dist. LEXIS 216672 (S.D. W. Va. 2021) is misplaced as the underlying facts are not the same as those in this defendant's case. In *Langford*, one of the defendants (Mr. Mosley) had been arrested on November 18, 2019, in the Northern District of Ohio following the November 5, 2019, return of a superseding indictment in this district. *Id.* at *22. The U.S. Marshal's Service transported the defendant to this district, where his arraignment was held on December 10, 2019. *Id.* In *Langford*, there were not any intervening motions filed by the Government which required a written response from the defendant or any dispositive ruling by this Court prior to the defendant's December 10, 2019, arraignment. There was no three and a half month delay in transporting the defendant from Ohio to West Virginia for further

proceedings.  Therefore, in *Langford*, the defendant who had not made any appearances in this district prior to his arraignment and who did not have extensive transportation delays lacked the necessary grounds to support a motion to dismiss on Speedy Trial Act grounds.

There is no support for the Government's argument that a comparison of the language in 18 U.S.C. § 3161(c)(1) and 18 U.S.C. § 3161(c)(2) demonstrates an intention that the defendant's physical appearance is required to trigger the 70-day rule. Dkt. No. 26 at 5.  Subsections (c)(1) and (c)(2) provide for two distinctly different outcomes.  Subsection (c)(2) requires that trials not be scheduled less than 30 days from the date of the defendant's first appearance through counsel.  The purpose of this section is to ensure that defendants are allowed sufficient time to prepare for trial and that "any pretrial preparation shorter than thirty days is inadequate per se." *United States v. Daly*, 716 F.2d 1499, 1506 (9th Cir. 1983).  On the other hand, subsection (c)(1) establishes the 70-day maximum period in which a trial can take place either after the return of an indictment or the defendant's first appearance, whichever is later.   The fact that counsel's presence is recognized as a necessary factor in pretrial preparation has no bearing in insuring that a defendant's trial date is scheduled no later than 70 days from his appearance in the charging district.

No where in the Government's response is any explanation offered as to why it took three and a half months from this Court's July 14, 2022, directive to transport the defendant back to this district.  The cases relied upon by the Government all involve defendants who were arrested out of district and who had <u>not</u> yet made an

3

appearance in the charging district after the filing of an Indictment.   In the defendant's case, the transport time post-dated the defendant's appearance in responding to the Government's motion and the filing of a Superseding Indictment. This defendant's Speedy Trial Act rights were violated as the Government failed to insure that the defendant was timely transported to this district in order for his trial to commence by October 28, 2022.

The Government is correct in that this Court has the discretion under 18 U.S.C. § 3162(a)(2) to decide whether a Speedy Trial Act violation warrants a dismissal with or without prejudice.   A dismissal with prejudice is the most severe sanction and provides the Government with a powerful incentive to be careful about compliance. *Zedner*, 547 U.S. at 499.  The seriousness of the charges filed against the defendant is only one of three factors which this Court can consider under 18 U.S.C. § 3162(a)(2).   The second and third factors would support the dismissal of the Superseding Indictment with prejudice.  Clearly, the Government was complacent in initiating the process required to bring the defendant to this District.  The defendant remained detained in the San Francisco area from July 14, 2022, to October 7, 2022, before the transportation process even began.  Dkt. No. 26 at 1-2.   During this time, there were two status conferences held in California in August and September for the purpose of identifying the reasons why the defendant had not been moved from his California jail. The Fourth Circuit has affirmed a dismissal with prejudice on Speedy Trial Act grounds upon a finding that the Government acted "with a truly neglectful attitude."  *United States v. Harden*, 1998 U.S. App. LEXIS 13717 at *10 (4th Cir.

1998).  Such circumstances exist in this case with no explanation being provided by the Government for the unwarranted delay in the defendant's transportation to this district.

For the reasons stated herein, as well as in his previously filed Motion, the defendant requests this Court to enter an appropriate Order granting his Motion to Dismiss along with a finding of with prejudice.

Respectfully submitted this 14th day of November, 2022.

**ALEX KAI TICK CHIN**

**By Counsel**

**WESLEY P. PAGE**
**FEDERAL PUBLIC DEFENDER**

**s/David R. Bungard**
David R. Bungard, Bar Number: 5739
Assistant Federal Public Defender
Office of the Federal Public Defender
300 Virginia Street, East, Room 3400
Charleston, West Virginia  25301
Telephone: (304) 347-3350
Facsimile: (304) 347-3356
E-mail: david_bungard@fd.org