```
         IN THE UNITED STATES COURT DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         HUNTINGTON
```

**UNITED STATES OF AMERICA**

v.                                              CRIMINAL NO. 3:22-cr-00087

**ALEX KAI TICK CHIN**

### MOTION FOR ENTRY OF A PROTECTIVE ORDER GOVERNING DISCOVERY RELATING TO MINORS AND RECORDINGS

Comes now the United States of America by Jennifer Rada Herrald, Assistant United States Attorney for the Southern District of West Virginia, and hereby files a Motion for Entry of a Protective Order Governing Discovery Relating to Minors and Recordings, pursuant to 18 U.S.C. §§ 3509(d) and 3771(a) and Fed.R.Crim.P. 16(d), and in support thereof states as follows:

### I. Introduction

On April 26, 2022, defendant was indicted and charged with a single violation of 18 U.S.C. § 2251(a), production of child pornography. Defendant was arrested on the indictment in California on June 13, 2022. Following an appeal of the release order initially entered in California, defendant was detained for transport to West Virginia. A superseding indictment was returned on August 9, 2022, adding an additional charge of committing a felony offense involving a minor while required to register as a

sex offender. Defendant appeared in this district on November 9, 2022. The parties seek to obtain a protective order regarding certain discovery.

Portions of the discovery to be provided to counsel can be redacted in order to protect the identity of the alleged victim of in the superseding indictment (identified therein as Minor Female 1) and other minors involved in the investigation. Other discovery, including recorded interviews of the alleged victim and other minors, disclose the name and personal identifiers of the alleged victim or other minors, including their faces being shown in images or on video.

In order to protect the privacy and reputation of the alleged victim and other involved minors, the United States moves that defendant comply with the special conditions referenced in the Protective Order when handling any interview video of the alleged victim or other minors and other discovery materials containing unredacted references to the alleged victim or other minors by name or that depict their faces. The United States further moves that: (1) the parties maintain the confidentiality of documents or items identifying the alleged victim or other minors; (2) that documents to become part of the public record in this case identify the alleged victim only as Minor Female 1 and/or her initials and other minors by their initials; and (3) that the alleged victim be

2

referred to as Minor Female 1 and/or her initials and other minors by their initials.

## II. Argument

As the offense involves a minor victim, the privacy protection measures required by the Child Victims' and Child Witnesses' Rights Act (the "Act"), 18 U.S.C. § 3509, apply to this case.[1] The Act requires that certain measures be taken to protect a minor's privacy. Specifically, it provides as follows:

> **(d) Privacy protection.—**
> **(1) Confidentiality of information.**--(A) A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall –
> **(i)** keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and
> **(ii)** disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.
> **(B)** Subparagraph (A) applies to--
> **(i)** all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement

---

[1] The Act defines a "child" as "a person who is under the age of 18, who is or is alleged to be . . . a victim of a crime of physical abuse, sexual abuse, or exploitation . . . or a witness to a crime committed against another person." 18 U.S.C. § 3509(a)(2). The Act defines "sexual abuse" as including "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in . . . sexually explicit conduct. . . ." 18 U.S.C. § 3509(a)(8). The Act defines "sexually explicit conduct" as including "sadistic or masochistic abuse." 18 U.S.C. § 3509(a)(9)(E).

3

> > agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;
> > **(ii)** employees of the court;
> > **(iii)** the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and
> > **(iv)** members of the jury.
> > **(2) Filing under seal.**--All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court--
> > > **(A)** the complete paper to be kept under seal; and
> > > **(B)** the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

18 U.S.C. §§ 3509(d)(1) and (2).

The Act also permits the Court to issue a protective order "protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." 18 U.S.C. § 3509(d)(3)(A). A protective order may:

> (i) provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom; and
>
> (ii) provide for any other measures that may be necessary to protect the privacy of the child.

18 U.S.C. § 3509(d)(3)(B).

Although closure of the courtroom is authorized by statute, the United States is not seeking closure at this time. Rather, the United States merely asks that the alleged victim involved be referred to as Minor Female 1 and/or her initials at all court proceedings and in any filings in the case, and that any other minors involved in the investigation be referred to by their initials. The United States makes this request in an effort to protect the privacy and reputation of the alleged victim and any other minors involved in the investigation, to minimize additional emotional trauma which likely would result from publication of their identities, and to minimize any personal embarrassment the alleged victim or other minors might experience.

The measures the United States seek pass constitutional muster. In United States v. Broussard, 767 F. Supp. 1545, 1546-48 (D.Or. 1991), the court upheld the redaction of child-identifying information from documents made part of the public record in a criminal case. The court specifically rejected defendant's argument that redaction of documents affected his First or Sixth Amendment rights to a public trial. Id.

Moreover, in United States v. Anderson, 139 F.3d 291, 301-02 (1st Cir. 1998), the First Circuit upheld a district court's order

5

prohibiting the disclosure of the last names of two juvenile witnesses at trial. The defendants were charged, in part, with transporting the juveniles from Massachusetts to New Jersey for purposes of prostitution, in violation of 18 U.S.C. § 2423(a). Relying on 18 U.S.C. § 3509(d)(3), the district court ordered that, "in order to protect their identity, the last names of the juvenile witnesses not be disclosed during the trial." Anderson, 139 F.3d at 302.

In this case, in addition to requesting that child-identifying information be redacted from documents that will become part of the public record, the United States requests that the alleged victim be referred to at all court proceedings as Minor Female 1 or her initials instead of by her full name and that other minors be referred to by their initials. This restriction serves a compelling interest in "safeguarding the physical and psychological well-being of a minor." Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 604-05 (1982); Broussard, 767 F. Supp. at 1546.

The nature of the case, including the alleged victim's interview statements and other materials referring to her by name or depicting her face, and her age warrant protection of her identity. If no protective measures are taken, and the alleged victim's identity is disclosed, she will potentially be subjected

6

to inquiries and scrutiny from the press, her peers, and members of the community. As such, disclosure of the alleged victim's identity will likely harm the alleged victim's well-being. Similar concerns apply to other minors who are involved in the case.

For the same reasons that support the need to refer to the alleged victim only as Minor Female 1 and/or her initials and other minors by their initials, the United States hereby requests that defendant be required to comply with the special conditions referred to in the Protective Order regarding the handling of interview videos of the alleged victim or other minors or any other discovery items that disclose the full first or last name of the alleged victim or other minors or depict their faces.

### III. **Conclusion**

Given the compelling interest in protecting the welfare and privacy of the alleged minor victim and other minors involved in the case, the United States respectfully requests that the Court grant the requested relief.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney


By:   /s/ Jennifer Rada Herrald
      Jennifer Rada Herrald
      Assistant United States Attorney
      WV Bar No. 12181
      300 Virginia Street, East
      Room 4000
      Charleston, WV 25301
      Telephone:  304-345-2200
      Fax: 304-347-5104
      Email:  Jennifer.herrald@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing "MOTION FOR ENTRY OF A PROTECTIVE ORDER GOVERNING DISCOVERY RELATING TO MINORS AND RECORDINGS" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 22nd day of November, 2022, to:

>David R. Bungard
>Assistant Federal Public Defender
>300 Virginia Street, East
>Room 3400
>Charleston, WV 25301
>David_bungard@fd.org

>/s/ Jennifer Rada Herrald
>Jennifer Rada Herrald
>Assistant United States Attorney
>WV Bar No. 12181
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>Email: Jennifer.herrald@usdoj.gov