```
            IN THE UNITED STATES COURT DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                           HUNTINGTON
```

**UNITED STATES OF AMERICA**

**v.**                                    **CRIMINAL NO. 3:22-cr-00087**

**ALEX KAI TICK CHIN**

### PROTECTIVE ORDER GOVERNING DISCOVERY RELATING TO MINORS AND RECORDINGS

Having considered the United States Motion for Entry of a Protective Order Governing Discovery Relating to Minors and Recordings, and good cause appearing, IT IS HEREBY ORDERED that all persons acting in this case in a capacity described in 18 U.S.C. §§ 3509(d) and 3771(a) and Fed.R.Crim.P. 16(d) shall:

1. Keep all documents or other discovery materials that disclose the name or any other information concerning the alleged victim or other minors in a secure place to which no person who does not have reason to know their contents has access;

2. Disclose such documents, other discovery materials, or the information in them that concerns the alleged victim or other minors only to persons who, by reason of their participation in this proceeding, have reason to know such information;

3. At any court proceedings in this case, refer to the alleged victim as Minor Female 1 and/or her initials and other minors by their initials.

IT IS FURTHER ORDERED that all documents to be filed in court that disclose the name or other information concerning the alleged victim or other minors shall be filed under seal without necessity of obtaining a court order, and that the person who makes the filing shall submit to the clerk of the court:

1. The complete document to be kept under seal; and

2. The portions of the document containing the name of or other information concerning the alleged victim or other minors redacted, and the alleged victim's or other minors' names be replaced with Minor Female 1 or their initials, to be placed in the public record.

IT IS FURTHER ORDERED that the United States shall provide a copy of all interview videos of the alleged victim and other minors to counsel for defendant. In handling the videos, counsel for defendant and any members of his office ("the office") shall comply with the following special conditions:

1. The videos and recordings shall remain in the sole custody of the office in a safe located inside the office;

2. The office shall establish a means by which any removal/return of the videos and recordings from/to the safe will be documented;

3. When accessed by the office's agent or expert witness working on behalf of the office, his/her access of the videos and

2

recordings must be documented, and the agent or expert witness must be shown a copy of this Protective Order;

4. The videos and recordings shall not at any time under any conditions be in the defendant's custody, control, or possession, or be placed on the office's computer system;

5. Should the office determine that copies of the videos and recordings must be made for purposes of creating exhibits for sentencing or review by the office's agent located outside the Southern District of West Virginia, the United States must authorize such copies and document such duplication. Any exhibits or copies and the handling thereof must comply with this Protective Order; and

6. In the event that the office must subsequently withdraw from this case and a new attorney is appointed or retained and/or at the resolution of the case, the videos and recordings and any and all copies must be returned to the United States Attorney's Office.

DATED this the ____ day of November, 2022.

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE