IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

**UNITED STATES OF AMERICA**

**v.**                                         CRIMINAL NO. 3:22-cr-00087

**ALEX KAI TICK CHIN**

**RESPONSE OF THE UNITED STATES OF AMERICA
TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND
<u>REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY</u>**

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1(a) of the Local Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Request entered by the Court in this case on November 9, 2022, the United States of America, by counsel, herewith responds to each of defendant's Standard Discovery Requests as follows:

**Request A:** Disclose to defendant the substance of any relevant oral statement made by defendant, whether before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.  [Fed. R. Crim. P. 16(a)(1)(A)]

**Response:** Defendant's statements to Customs and Border Protection Officers are summarized in reports at CHIN-0014-17.

**Request B:** Disclose to defendant and make available for inspection, copying or photographing, all of the following:

(i)  Any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows--

or through due diligence could know--that the statement exists. [Fed. R. Crim. P. 16(a)(1)(B)(i)]

**Response:** Defendant's written messages to minors are included in digital forensic evidence available for review in the case, as further described in the response to Section F below.

(ii) The portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent. [Fed. R. Crim. P. 16(a)(1)(B)(ii)]

**Response:** See response to Request A.

(iii) The defendant's recorded testimony before a grand jury relating to the charged offense. [Fed. R. Crim. P. 16(a)(1)(B)(iii)]

**Response:** Defendant did not testify before the grand jury.

**Request C:** Where the defendant is an organization, e.g., a corporation, partnership, association or labor union, disclose to the defendant any statement described in Fed. R. Crim. P. 16(a)(1)(A) and (B), if the government contends that the person making the statement (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or (ii) was personally involved in the alleged conduct constituting the offense and was legally capable to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent. [Fed. R. Crim. P. 16(a)(1)(C)]

**Response:** Not applicable.

**Request D:** Furnish the defendant with a copy of defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or

**through due diligence could know--that the record exists.  [Fed. R. Crim. P. 16(a)(1)(D)]**

    **Response:**  Defendant's criminal history is attached as CHIN-0001-0012.


    **Request E:**  **Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant.  [Fed. R. Crim. P. 16(a)(1)(E)]**

    **Response:**

a.    Documents and Reports from Defendant's Border Crossing at El Paso, Texas (CHIN-0013-0032);
b.    Documents re: Seized Evidence (CHIN-0033-0037);
c.    Search Warrant Documents re: Defendant's Phone (CHIN-0038-0072);
d.    Snapchat Subpoena (CHIN-0063-0072);
e.    Defendant Driver's License photocopy (CHIN-0073);
f.    Snapchat Subpoena Response (CHIN-0074-0078);
g.    HSI Reports of Investigation (CHIN-0079-0094);
h.    Consent forms re: minor's electronic devices and accounts (CHIN-0095-0101);
i.    Notes re: online accounts (CHIN-0102);
j.    Forms re: minor interview and devices (CHIN-0103-0107);
k.    T-Mobile documents (zip file).

Forensic interviews have been conducted of three minors related to the case. The interviews will be disclosed pursuant to a protective order upon entry of such an order. Until that time, the videos of the interviews are available for defense counsel to review. Please contact Assistant United States Attorney Jennifer Rada Herrald to arrange a convenient time to view the evidence.


    **Request F:**  **Permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiment if (i) the item is within the government's possession, custody, or control;**

**(ii) the attorney for the government knows--or through due diligence could know--that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial. [Fed. R. Crim. P. 16(a)(1)(F)]**

**Response:** Law enforcement is in possession of various digital devices and media connected to the case. Many of these items have been examined forensically. The forensic reports for the analyzed items contain child pornography and child erotica. Upon request and at a time mutually convenient to counsel for the defendant and the government, counsel for the defendant may inspect the contents of the unredacted forensic reports. The United States will not permit copying by the defense of any images or videos containing child pornography. Please contact Assistant United States Attorney Jennifer Rada Herrald to arrange a convenient time to view the evidence. Redacted copies of some of these reports may be able to be provided pursuant to a protective order.

**Request G: Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [Fed. R. Crim. P. 16(a)(1)(G)]**

**Response:** The United States intends to call HSI Computer Forensics Analyst (CFA) Leland F. Pickering as a computer forensics expert. His curriculum vitae will be disclosed during supplemental discovery. CFA Pickering will testify as to his forensic analysis of the electronic media seized in the case, including defendant's cell phone and electronic devices obtained from minor victims. He will explain the methods used to ensure that the devices remained unaltered during the examination, the methods used for examination, and the results of the extraction and examination, including but not limited to recovered images and videos, downloaded applications, installed software programs, documented communications, and evidence of ownership and use of devices

4

(including documents, emails, account log-in information, etc.).

**Request H:  Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.**

**Response**:  The United States is not aware of any such evidence aside from what may be provided herein.

**Request I:  Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.**

**Response**:  The United States reserves the right to supplement its response to this Request.

**Request J:  Disclose to defendant all reports of government "mail cover," insofar as the same affects the government's case against the defendant or any alleged aiders and abettors or co-conspirators.**

**Response**:  None.

**Request K:  Disclose to defendant any matter as to which the government will seek judicial notice.**

**Response**:  The United States intends to seek judicial notice that Wayne County, West Virginia, is within the Southern District of West Virginia.

**Request L:  Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in its case-in-chief at the**

5

trial.  For each such interception, disclose (1) any application for an order authorizing the interception of a wire or oral communication; (2) any affidavits filed in support thereof; and (3) any court order authorizing such interception.

**Response:**  Not applicable.

**Request M:**  Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.

**Response:**  The United States reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such information and evidence which may be discovered and finally provided to defendant.

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute or federal case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant provide all applicable reciprocal discovery within 14 days of the service of this response and the provision of materials requested by defendant in the Standard Discovery Request.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney


By:
/s/Jennifer Rada Herrald
Jennifer Rada Herrald
Assistant United States Attorney
WV Bar No. 12181
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: Jennifer.herrald@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 23rd day of November, 2022 to:

    David R. Bungard
    Assistant Federal Public Defender
    300 Virginia St. E., Rm. 3400
    Charleston, WV 25301
    David_bungard@fd.org

    /s/Jennifer Rada Herrald
    Jennifer Rada Herrald
    Assistant United States Attorney
    WV Bar No. 12181
    300 Virginia Street, East
    Room 4000
    Charleston, WV 25301
    Telephone: 304-345-2200
    Fax: 304-347-5104
    Email: Jennifer.herrald@usdoj.gov