IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                               CRIMINAL ACTION NO. 3:22-00087

ALEX KAI TICK CHIN

### ORDER

Pending before the Court is Defendant's Motion to Dismiss Superseding Indictment. ECF No. 22. Defendant argues that his substantive and procedural rights to a speedy trial—as afforded by the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. § 3161—have been violated such that it warrants a dismissal of the Superseding Indictment. *Id.* For the reasons below, the Court **DENIES** this Motion. *Id.*

### BACKGROUND

Defendant was first indicted on April 26, 2022, for persuading, inducing, and enticing a minor to engage in sexually explicit conduct for purposes of producing visual depictions in violation of 18 U.S.C. §§ 2251(a) and (e). Indictment, ECF No. 1. A few weeks later, on June 13, 2022, he was arrested in San Francisco, California on an underlying warrant issued for the indictment. Return on Arrest Warrant, ECF No. 6. He had his initial appearance on the indictment before a magistrate judge in San Francisco on June 14, 2022, and as the Government had moved for detention, he continued to be held in custody at that time. Mag. J. Minute Order, ECF No. 10 at 11; United States' Mem. in Supp. of Det. of Def., ECF No. 10 at 13. On June 17, 2022, the magistrate judge entered a release order, allowing Defendant to be released to a halfway house.

Mag. J. Minute Order, ECF No. 10 at 20. The release order was stayed pending the Government's appeal of the order to this Court. *Id.*

This Court granted the Motion to Stay on June 21, 2022, directing that the Government file a motion for revocation no more than five days after the Rule 5 materials from California became available. ECF No. 9. The next day, Defendant's counsel in this district, Mr. Bungard, filed an appearance. Notice of Att'y Appearance, ECF No. 11. Though the Rule 5(c)(3) documents were received on June 21, 2022, Criminal Docket, ECF No. 10, the Government did not move to revoke the release order until July 5, 2022, Mot. of United States to Revoke Release Order, ECF No. 12. Nevertheless, Defendant responded to the motion on July 11, 2022, Def.'s Resp. to the Gov't Mot. to Revoke Release Order, ECF No. 14, and the Government filed a reply on July 13, 2022, United States' Reply to Def.'s Resp. to Mot. of United States to Revoke Release Order, ECF No. 16. One day later, the Court granted the Government's motion to revoke Defendant's release order and ordered that Defendant "be detained and transferred to West Virginia pending trial." ECF No. 17.

On August 9, 2022, a federal grand jury in Huntington, West Virginia returned a Superseding Indictment against Defendant, charging him with two felony counts. Superseding Indictment, ECF No. 19. The first felony count was the same count listed in the first indictment, though the second count charged defendant with a new offense—committing a felony involving a minor while being a registered sex offender in violation of 18 U.S.C. § 2260A. *Id.* at 2.

Several weeks later, Defendant's counsel in California requested a status conference to determine why Defendant had still not been transported to West Virginia. Def.'s Mot. to Dismiss Superseding Indictment ¶ 7, ECF No. 22 (citing Mag. J. Minute Order, ECF No. 21 at 32). A status conference was held on August 31, 2022, and the magistrate judge ordered that the U.S. Marshal transport Defendant to the charging district. Commitment to Another Dist., ECF No. 21 at 33. On

September 13, 2022, a magistrate judge in the Northern District of California held another status conference as to Defendant. Crim. Docket for Case No. 3:22-mj-70781-mag-1, Docket Text for ECF No. 13. During this conference, the US Marshal Service advised that the next airlift transport for Defendant would not be until October 2022, and Defendant's counsel indicated that he anticipated filing a renewed motion for release. *Id.* Another status conference was held on September 20, 2022, at which a magistrate judge set another date for a status conference should Defendant's transport still not be initiated by October. *Id.* at Docket Text for ECF No. 14. The October status conference was never held, as Defendant's transport began on October 7, 2022. Resp. of the U.S. to Def.'s Mot. to Dismiss Superseding Indictment at 1-2, ECF No. 26. Defendant arrived in this District exactly one month later, *id*. at 2, and was arraigned on November 9, 2022. Arraignment Order and Standard Disc. Reqs., ECF No. 25.

      Defendant moved to dismiss the superseding indictment on November 3, 2022. Def.'s Mot. to Dismiss Superseding Indictment ¶ 8, ECF No. 22. In his motion to dismiss, Defendant argues that the Court should dismiss the superseding indictment because the trial did not commence within seventy days of his appearance before a judicial officer of the charging district. *Id*. ¶ 8. Namely, Defendant contends that though he did not physically appear in the charging district until November 2022, his counsel made an appearance before this Court on June 22, 2022. *Id.* ¶ 11. Because his counsel appeared in the district in which he was charged, Defendant argues that the seventy-day speedy trial clock began to run when the Superseding Indictment was returned against him on August 9, 2022. *Id.* The Speedy Trial Act then excludes ten days from this period to provide for a defendant's transport, meaning that a trial on this matter would have had to commence by October 28, 2022. *Id.* (citing 18 U.S.C. § 3161(h)(1)(F)).

The Government responds that there is no speedy trial violation because the seventy-day period was not triggered until Defendant's arraignment in this District on November 9, 2022. Resp. of the U.S. to Def.'s Mot. to Dismiss Superseding Indictment at 2, ECF No. 26. Alternatively, the Government argues that the ten-day exclusion does not apply to transfer time prior to a defendant's arraignment in the charging district. *Id.*

## ANALYSIS

Neither Defendant's statutory rights under the Speedy Trial Act nor his Sixth Amendment speedy trial rights were violated by the delay. First, pursuant to the Speedy Trial Act, Defendant's trial can still take place within the allotted time, as the seventy-day period was not triggered until his arraignment in the Southern District of West Virginia on November 9, 2022. Second, Defendant's Sixth Amendment right to a speedy trial was not violated because any delay was minimal and well-justified. Moreover, Defendant did not assert his right to a speedy trial until the instant motion, and he will experience little, if any, prejudice as a result of the delay.

A. Speedy Trial Act

Defendant's statutory rights under the Speedy Trial Act were not violated because Defendant did not appear before a judicial officer of the charging district until his arraignment in the Southern District of West Virginia on November 9, 2022. The Speedy Trial Act provides that:

> [i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an . . . indictment . . . shall commence within seventy days from the filing date . . . of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). Courts must dismiss the charges if the seventy-day period elapses and the defendant moves to dismiss under the Speedy Trial Act. § 3162(a)(2). A district court has discretion to dismiss the charges with or without prejudice. *United States v. Velasquez*, 52 F.4th 133, 136 (4th Cir. 2022) (citing *United States v. Mosteller*, 741 F.3d 503, 506 (4th Cir. 2014)).

Because criminal cases vary widely, "there are valid reasons for greater delay in particular cases." *Zedner v. United States*, 547 U.S. 489, 497 (2006). The Act provides for such circumstances by excluding certain periods of time from the seventy days. *Id.* (citing 18 U.S.C. § 3161(h)). Namely, "delay resulting from transportation of any defendant from another district" is generally excludable. 18 U.S.C. § 3161(h)(1)(F). However, if the time between an order of removal (or an order directing the defendant's transport) and the defendant's arrival at the destination exceeds ten days, it "shall be presumed . . . unreasonable." *Id.*

Here, the Court need not consider whether the transportation delay was reasonable under the Speedy Trial Act because the seventy-day period only began to run when Defendant appeared before a judicial officer in the Southern District of West Virginia for his arraignment. While the Fourth Circuit has not yet ruled whether a defendant must physically appear in the charging district in order to trigger the seventy-day speedy trial period, many courts have held that this period does not begin to run until the defendant either physically appears or waives the right to physically appear at an arraignment in the charging district. *See United States v. Lynch*, 726 F.3d 346, 353 (2d Cir. 2013) ("[T]he seventy-day period mandated by § 3161(c)(1) only begins after. . . the defendant's first appearance in the court in which he [is] charged on that indictment"); *United States v. Hernandez*, 724 F.2d 904, 905 (11th Cir. 1984) (finding that where a defendant was indicted prior to his arrest, the seventy-day period started to run from the date of arraignment); *United States v. Santacruz*, No. 21-cr-754, 2022 WL 3701549 (S.D.N.Y. Aug. 26, 2022) (finding that the seventy-day clock begins to run when the defendant arrives and is arraigned in the district of prosecution); *United States v. Crooker*, No. 07-30038-DPW, 2011 WL 147687 (D. Mass. Jan. 18, 2011) ("[T]he obvious purposes of the [Speedy Trial] Act are best advanced by finding that the speedy trial clock started at the date of arraignment . . . albeit pursuant to [the defendant's]

waiver of his physical appearance at that proceeding"); *see also* Resp. of the U.S. to Def.'s Mot. to Dismiss Superseding Indictment at 3, ECF No. 26 (listing cases).

Defendant, however, cites *United States v. Carrasquillo*, 667 F.2d 382, 384 (3d Cir. 1981), for the proposition that his preindictment appearance on June 22, 2022, constituted an appearance before a judicial officer for the purposes of the Speedy Trial Act, meaning that the superseding indictment on August 9, 2022, triggered the seventy-day period. Def's Mot. to Dismiss Superseding Indictment ¶ 10, ECF No. 22. Defendant's reliance on *Carrasquillo* is misplaced for two reasons. First, in *Carrasquillo*, the defendant's preindictment appearance was before a magistrate in the district in which she was charged—whereas in this case, Defendant did not physically appear in this district until after his arraignment. 667 F.2d at 383. Second, as the Government points out, proceedings in *Carrasquillo* were initiated by a complaint. Resp. of the U.S. to Def.'s Mot. to Dismiss Superseding Indictment at 4, ECF No. 2. Conversely, proceedings in this case were initiated by an indictment, meaning that "the postindictment arraignment [is] the relevant 'last occurring date.'" *Carrasquillo*, 667 F.2d at 384 (citing Committee on the Admin. of the Crim. L. of the Judicial Conference of the United States, Guidelines to the Administration of the Speedy Trial Act of 1974, at 7-8).

Here, the Court finds that the seventy-day period did not begin to run until Defendant arrived and was arraigned before a judicial officer of the charging district. The plain language of the Speedy Trial Act requires an appearance before a judicial officer of the charging district, not an appearance by counsel via filing a motion. Moreover, allowing the seventy-day period to run prior to Defendant's arrival in the district would make it virtually impossible to conduct proceedings. For example, neither side would be able to move to continue any proceedings, as no proceedings would have been scheduled sans Defendant's arraignment in this district.

Defendant also argues that because he is not required to be physically present for an arraignment, the Court's acceptance of a not guilty plea via his attorney would necessarily be considered an appearance. Def.'s Reply to the Resp. of the U.S. to Def.'s Mot. to Dismiss Superseding Indictment at 1, ECF No. 27. In particular, he cites the Federal Rules of Criminal Procedure for the proposition that defendants can submit written waivers of their physical presence at arraignments. *Id.* However, this argument ignores the fact that the Court has the authority to reject the waiver should it have "reason to believe in a particular case the defendant should not be permitted the waive the right." Comm. Notes on Rules—2002 Am., Fed. R. Crim. P. 10(b). Defendant is not permitted to waive his appearance based on desire alone—rather, the Court has the authority to reject the waiver and require a physical appearance where it may be procedurally, or even practically, necessary. That would be the case here, where Defendant's distance from the charging district would make preparing for trial virtually impossible.

B. Sixth Amendment Right to a Speedy Trial

Nor was Defendant's Sixth Amendment right to a speedy trial violated.[1] Under the Sixth Amendment, defendants in criminal prosecutions "shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. In assessing whether a delay deprived a defendant of his constitutional right to a speedy trial, courts must balance four factors: "whether the delay before trial was uncommonly long, whether the government or the defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995)

---

[1] Though Defendant mainly cites his rights under the Speedy Trial Act in the Motion to Dismiss, he implicates his Sixth Amendment right to a speedy trial by fashioning the motion under Federal Rule of Criminal Procedure 12(b)(3)(A)(iii). Rule 12(b)(3)(A)(iii) requires a defendant to raise any violation of the constitutional right to a speedy trial in a pretrial motion.

(quoting *Doggett v. United States*, 505 U.S. 647, 651 (1992)); *Barker v. Wingo*, 407 U.S. 514, 530 (1972). To prevail on a Sixth Amendment speedy trial claim, a defendant must establish that "on balance, [the] four separate factors weigh in his favor." *Hall*, 551 F.3d at 271 (quoting *Thomas*, 55 F.3d at 148).

Here, on balance, the four factors weigh in favor of the Government. Any delay was minimal and well-justified, as Defendant had to be transported across the country. Moreover, Defendant only asserted his right to a speedy trial in the instant motion and has not pointed to any prejudice resulting from the delay.

  1. *Length of the delay*

In weighing the first *Barker* factor, courts must assess (1) whether the length of delay triggers a speedy trial inquiry and (2) "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Doggett*, 505 U.S. at 651-52. "[A delay approaching one year] marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry [sic]." *Id.* at 652 n.1. Here, even under circumstances most favorable to Defendant, the delay does not adequately approach one year. Defendant was first arrested on June 13, 2022, Return on Arrest Warrant, ECF No. 6, and filed a motion for continuance and for a finding of excludable time under the Speedy Trial Act on December 14, 2022, Def.'s Mot. for Continuance at 1, ECF No. 33. At most, the delay spans only six months, far from the one-year threshold needed to trigger a speedy trial inquiry under the Sixth Amendment.

Where the delay is not presumptively prejudicial, the Court need not continue its inquiry into the other *Barker* factors. *United States v. Lozano*, 962 F.3d 773, 780 (4th Cir. 2020) (citing *Doggett*, 505 U.S. at 651-52)). However, though Defendant has alleged a delay only half the time needed to establish presumptive prejudice in many circuits, the Fourth Circuit has found an eight-

month delay was presumptively prejudicial. *United States v. Woolfolk*, 399 F.3d 590, 598 (4th Cir. 2005). Because the Fourth Circuit has not established a baseline for presumptive prejudice and only two months lay between the eight-month presumptive prejudice period and the instant delay, the Court will continue its inquiry into the remaining *Barker* factors.

   2. *Reason for the delay*

Even if the period of delay was sufficient to warrant a speedy trial inquiry, the balance of factors would still weigh in favor of the Government. In assessing the second factor—the reason for the delay, courts should characterize it as either "valid, improper, or neutral." *United States v. Hall*, 551 F.3d 257, 272 (4th Cir. 2009) (citing *United States v. Grimmond*, 137 F.3d 823, 828 (4th Cir. 1998)). If the reason for delaying a trial is valid, it is weighed in favor of the Government. *Grimmond*, 137 F.3d at 828. Courts should focus on the intent of the prosecution in determining whether a delay was valid. *Hall*, 551 F.3d at 272 (citing *Barker*, 407 U.S. at 531). Here, the need to transport the defendant across the country constituted a valid reason for delay, one that does not implicate any ill intent on behalf of the prosecution. This factor, therefore, weighs in favor of the Government.

   3. *Defendant's assertion of his right to a speedy trial*

So, too, does the third factor weigh in favor of the Government. "The defendant's assertion of his speedy trial right . . . is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Barker*, 407 U.S. at 531-32. If a defendant does not assert this right, it will be difficult for him to show that he was denied a speedy trial. *Id.* Other than the instant motion, the only times that Defendant arguably asserted his speedy trial right was when he moved for release, requested a status conference to inquire why Defendant had not been transported to West Virginia, and later indicated he would file a renewed motion for release. Crim.

Docket for Case No. 3:22-mj-70781-mag-1, Docket Text for ECF No. 13. However, as far as the Court can tell, Defendant did not file a renewed motion for release, nor did he seek other recourse[2] to assert his right to a speedy trial, even though he has been represented by counsel since the time of his arrest.

As to Defendant's request for a status conference to inquire about his transport to West Virginia, the Court notes that the Northern District of California promptly granted this request and took measures to protect Defendant's speedy trial rights. At the status conference on August 31, 2022, for example, the magistrate judge entered a commitment order, Commitment to Another Dist., ECF No. 21 at 33, and scheduled a series of status conferences to ensure Defendant was transported to the Southern District of West Virginia as promptly as possible, *see* Crim. Docket for Case No. 3:22-mj-70781-mag-1, Docket Text for ECF Nos. 13 and 14. Moreover, as to the more direct assertion of his speedy trial rights via the Motion to Dismiss, Defendant was arraigned only six days after filing the instant motion and only two days after reaching the Southern District of West Virginia. Defendant was then promptly assigned a trial date of January 23, 2023, Arraignment Order at 2, ECF No. 25, a date his counsel has since moved to continue by at least sixty days, Def.'s Mot. for Continuance at 3, ECF No. 33. Because Defendant's trial was scheduled soon after he asserted his right to a speedy trial, this factor also weighs in favor of the Government. *See United States v. Robinson*, No. 21-4121, 2022 WL 17543355, at *5 (4th Cir. Dec. 9, 2022) (citing *Grimmond*, 137 F.3d at 829).

---

[2] As the Government notes, Defendant also could have applied for a writ of habeas corpus under 28 U.S.C. § 2241. Resp. of the U.S. to Def.'s Mot. to Dismiss Superseding Indictment at 6, ECF No. 16 (citing *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995)).

*4. Prejudice to the defendant*

The fourth factor also tips toward the Government. For this factor to weigh in a defendant's favor, the defendant must establish either actual prejudice or the credible possibility of it. *Lozano*, 962 F.3d at 781 (quoting *Ricon v. Garrison*, 517 F.2d 628, 634 (4th Cir. 1975)). In assessing prejudice to the defendant, courts consider three purposes of the right to a speedy trial: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility the defense will be impaired." *Barker*, 407 U.S. at 532. Courts give great weight to the third factor because a defendant's inability to adequately prepare his case skews the fairness of the entire system. *Id.*

While the first interest, that of preventing oppressive pretrial incarceration, weighs in favor of Defendant, the second and third interests weigh in favor of the Government. As to the second interest, Defendant has failed to point to any "restraint on liberty, disruption of employment, strain on financial resources, or exposure to public obloquy" greater than those experienced by "anyone openly subject to criminal investigation." *Hall*, F.3d at 272 (quoting *United States v. MacDonald*, 456 U.S. 1, 9 (1982)). As to the third—and most heavily weighted—interest, Defendant has not identified any impairment to his defense resulting from the delay. He does not cite to a general loss of memory for himself or his witnesses, much less identify any particular facts that he or another witness could not remember. Because he does not point to any credible probability of prejudice (much less actual prejudice), this factor weighs in favor of the Government.

**CONCLUSION**

Neither Defendant's statutory rights under the Speedy Trial Act nor his constitutional rights under the Sixth Amendment were violated because of any delay. First, his statutory rights were not violated because the seventy-day period under the Speedy Trial Act did not begin to run until

his arraignment in the Southern District of West Virginia on November 9, 2022. Second, his constitutional right to a speedy trial was not violated because the delay was minimal, justified, and resulted in little, if any, prejudice to Defendant. For these reasons, the Court **DENIES** Defendant's Motion to Dismiss Superseding Indictment. ECF No. 22.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: December 21, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE