IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**UNITED STATES OF AMERICA**

v.  Criminal No. 3:22-cr-00087

**ALEX KAI TICK CHIN**

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant, Alex Kai Tick Chin, by his counsel, pursuant to Rule 16(a)(1)(E) and Rule (16)(d)(1) of the Federal Rules of Criminal Procedure, moves this Court for the entry of a Protective Order which will permit the defendant, his counsel, his investigator, counsel's in-house computer systems administrator, and a retained forensic computer expert to be provided with an unredacted copy of the FBI's forensic report of a Samsung Galaxy S9 smartphone. In support of this Motion, the defendant relies upon the following grounds:

(1)  On August 9, 2022, the Government filed a two count Superseding Indictment against the defendant alleging that he persuaded, induced, and enticed a minor to engage in sexually explicit conduct for the purpose of producing visual depictions in violation of 18 U.S.C. §§ 2251(a) and (e). Dkt. No. 19. Specifically, the Government alleges that numerous graphic images of a known minor were found on the defendant's Samsung Galaxy S9 smart phone.

(2)  Counsel has been provided with a copy of the redacted forensic report for the defendant's smart phone that has been prepared by an agent with the

Department of Homeland Security. This report does not contain any images or any audio or video recordings that were found on the smart phone. Based upon the information contained during counsel's review as well as information provided by the defendant, counsel needs to have access to an unredacted copy of this report in order to evaluate possible defenses to the charged offense.

(3) Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure permits a defendant to inspect, copy, or photograph tangible objects that are within the custody and control of the Government and were obtained from, or otherwise belong to, the defendant.

(4) In previous child pornography prosecutions in this district, the parties have been able to agree upon the terms and conditions for the defense forensic examination of evidence containing images/videos of child pornography. The parties have previously requested the Court to enter an appropriate Protective Order which sets forth the agreed upon terms and conditions for the examination. The entry of a Protective Order prohibits the public dissemination of images/videos of child pornography while providing the defendant, his counsel, his investigator, counsel's in-house computer systems administrator and any retained forensic computer expert with the needed access to the Government's evidence.

(5) Counsel has prepared a proposed Protective Order which sets forth the terms and conditions for the defense forensic evaluation of the identified forensic report which allegedly contain evidence of child pornography. Jennifer Rada Herrald, the Assistant U.S. Attorney for this case, has reviewed the proposed Protective Order

and has indicated her approval of the same. A copy of the proposed Protective Order has been attached as Exhibit A.

For the reasons set forth herein, the defendant requests this Court to grant this Motion and enter the proposed Protective Order to allow the defense forensic review to proceed in this case.

Respectfully submitted this 3rd day of February, 2023.

**ALEX KAI TICK CHIN**

**By Counsel**

**WESLEY P. PAGE**
**FEDERAL PUBLIC DEFENDER**

**s/David R. Bungard**
David R. Bungard, Bar Number: 5739
Assistant Federal Public Defender
Office of the Federal Public Defender
300 Virginia Street, East, Room 3400
Charleston, West Virginia 25301
Telephone: (304) 347-3350
Facsimile: (304) 347-3356
E-mail: david_bungard@fd.org