IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                           **Criminal No. 3:22-cr-00087**

ALEX KAI TICK CHIN

## ORDER

Pending before the Court is the Defendant's Motion for Protective Order, which requests this Court to enter the appropriate Protective Order which would require the Government to produce an unredacted copy of the Department of Homeland Security's forensic report of the contents of the defendant's Samsung Galaxy S9 smart phone, Model SM-G965U1. This copy of an unredacted forensic report is sought by the defendant in order to permit a forensic review of the Government's evidence.

The Court recognizes that the defendant, his counsel, his investigator, his in-house computer systems administrator and a retained forensic computer expert ("the defense team") are entitled to be given reasonable access to the unredacted forensic report, including the discovered images of child pornography. The Court finds that the material sought by the defendant constitutes contraband evidence containing child pornography, of which the Government should retain physical custody in accordance with 18 U.S.C. § 3509(m). The defense team shall be allowed to only review such evidence at the Charleston, West Virginia, office of the Department of Homeland Security ("HSI"). The parties have agreed that the defense will need

several sessions to review the material in order to prepare for trial. The parties further agree that the defendant must have access to the material in a manner which will not leave any electronic "trail" which is accessible to the Government.

The Court, having reviewed the defendant's Motion, and, without objection from the Government, **GRANTS** the defendant's Motion and approves the following agreed upon terms and conditions for a defense forensic review of the identified unredacted forensic report in this case:

(1) The Government shall, upon being given reasonable notice by the defendant, provide the defense team with a secure and private area within the offices of the HSI located at 210 Kanawha Boulevard West in Charleston, West Virginia, within which the defendant may have private, secure, unfettered and uninterrupted access to the unredacted forensic report. The defendant will provide the Government with a blank hard drive for purposes of making a copy of the unredacted forensic report.

(2) The defense team can make electronic copies of anything contained within the unredacted forensic report which does not contain any image/video of child pornography and retain custody of all such evidence. All images/videos of child pornography shall remain in the custody of law enforcement.

(3) For purposes of undertaking any review of the unredacted forensic report, the defense will be permitted to bring its own computer to the designated location. The defense team recognizes their obligation to not store any images/videos of child pornography on the computer utilized to undertake the forensic review. The

2

hard drive for the computer used to conduct that forensic review will be left in the office at HSI where the defense work will take place. The defense team will not be permitted to use this hard drive for Internet access during the proceedings of this case. Within thirty days following the conclusion of the case, the defense team will wipe the internal hard drive used to conduct the forensic review and provide it to the HSI for inspection. The HSI will proceed to conduct a second wiping of the internal hard drive and return the same to the defense within five business days.

(4) The Government and its agents shall not inspect, examine, or otherwise have any access to the computer or any work product generated or accessed by the defense team which is left within the designated law enforcement office. The Government understands that the defense work product will include all notes, materials, and other electronic copies (DVD-R discs, CD-ROMs and USB storage drives) which are generated from the defense forensic review.

(5) Defense counsel will provide the Government with a "lockbox" or other type of locked storage cabinet in which the unredacted forensic report by the Government and all defense work product materials will be stored. This storage device will be kept by the Government in a secure area within the same office where the defense review will take place at the Charleston HSI. The Government and its agents will not be permitted to have access to this storage device or to review its contents. The Government and its agents will maintain custody of the "lockbox" and all defense-related, computer-related evidence for a period of one year following the conclusion of the case. At the completion of this time, defense counsel will open the

3

lockbox and return the hard drive containing the unredacted forensic report to the Government to be sanitized. HSI will return the sanitized hard drive to defense counsel.

(6) The parties recognize that it may become necessary for the defendant to make copies of some of the material containing child pornography from the unredacted forensic report for purposes of preparing sealed exhibits for use at a pretrial motions hearing and/or admission at trial. Counsel for the defendant will notify the Court and the Government in a separate pretrial motion should this need arise in this case. Counsel's in-house computer systems administrator and the retained computer forensic expert will be permitted to make copies of such material containing child pornography on DVD-R discs, CD-ROMs, or USB storage drives which will remain stored inside the lockbox containing the defense materials. These defense materials will remain in the lockbox at the Charleston HSI until the date of any pretrial motions hearing and/or trial. The defense materials will be marked as sealed exhibits for the defendant at any pretrial motions hearing and/or trial. A designated law enforcement officer selected by the Government will be permitted to go to the Charleston HSI offices on the morning of any scheduled pretrial motions hearing or trial, remove the lockbox containing the defense materials, and bring the same and its contents to the federal Courthouse where the hearing is being held. This law enforcement officer will return the lockbox to the Charleston HSI at the conclusion of each day of any pretrial motions hearing or trial.

It is the spirit and intent of this Order to provide the defense with reasonable access to the unredacted forensic report in accordance with 18 U.S.C. § 3509(m) and to allow the defense to proceed with reasonable and necessary forensic inspections and preparations privately without interference from the Government and with the assurance that the defendant's work product will not be viewed or intercepted by the Government.

Entered this ___3___ day of February, 2023.

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

**AGREED TO BY:**

**/s/ David R. Bungard**
David R. Bungard WV Bar No.: 5739
Assistant Federal Public Defender
300 Virginia Street, East, Room 3400
Charleston, West Virginia 25301
Telephone: (304) 347-3350
Facsimile: (304) 347-3356
Email: david_bungard@fd.org

**/s/ Jennifer Rada Herrald**
Jennifer Rada Herrald, WV Bar No. 12181
Assistant U.S. Attorney
300 Virginia Street, East, Room 4000
Charleston, West Virginia 25301
Telephone: (304) 345-2200
Facsimile: (304) 347-5104
Email: Jennifer.herrald@usdoj.gov