# EXHIBIT A

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No. |
| Black Samsung Galaxy 9 cellular telephone, model SM-G965U1, Belonging to Alex Kai Tick CHIN, Currently in Law Enforcement possession | ) ) ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A, which is incorporated herein

located in the _____ Western _____ District of _____ Texas _____ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B, which is incorporated herein

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 2252(a) | Transporation of Material Involving the Sexual Exploitation of Minors |

The application is based on these facts:
See attached affidavit, which is incorporated herein

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jason Grijalva, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 03/25/2022 _____

_____
*Judge's signature*

City and state: El Paso, Texas

Robert F. Castaneda, United States Magistrate Judge
*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the

Western District of Texas

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Black Samsung Galaxy 9 cellular telephone, model<br>SM-G965U1, Belonging to Alex Kai Tick CHIN, Currently<br>in Law Enforcement possession | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the _____ Western _____ District of _____ Texas _____
*(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A, WHICH IS INCORPORATED HEREIN

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property
described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B, WHICH IS INCORPORATED HEREIN

**YOU ARE COMMANDED** to execute this warrant on or before _____ *(not to exceed 14 days)*
❒ in the daytime 6:00 a.m. to 10:00 p.m.      ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the
person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the
property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory
as required by law and promptly return this warrant and inventory to _____ United States Magistrate Robert F. Castaneda _____.
*(United States Magistrate Judge)*

❒ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C.
§ 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose
property, will be searched or seized *(check the appropriate box)*
❒ for _____ days *(not to exceed 30)*   ❒ until, the facts justifying, the later specific date of _____ .

Date and time issued: _____

_____
*Judge's signature*

City and state:      El Paso, Texas _____

Robert F. Castaneda, U.S. Magistrate Judge
*Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

| Certification |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

Jason Grijalva, HSI Special Agent
_____
*Printed name and title*

## ATTACHMENT A

## PROPERTY TO BE SEARCHED

The item that is the subject of this search is: one (1) cellular telephone. The device is more particularly described as a black Samsung Galaxy 9 cellular telephone, model number SM-G965U1.

The item is currently in the possession of HSI El Paso, located at 11541 Montana Ave STE H, El Paso, TX 79936. This warrant authorizes the forensic examination of the SUSPECT DEVICE for the purpose of identifying the electronically stored information described in Attachment B.

### Front Side of Cellular Telephone





## ATTACHMENT B

## PROPERTY TO BE SEIZED

1.      All records on the devices described in Attachment A that relate to violations of

18 U.S.C. § 2252(a), including:

a.   All stored electronic and wire communications and information in memory on the
     mobile devices, including email, instant messaging, text messages, or other
     communications, contact lists, images, videos, travel records, information related
     to the identity of victims, and any other content or records on the mobile devices.

b.   visual depictions of minors engaged in sexually explicit conduct, as defined in 18
     U.S.C. § 2256;

c.   videos and other recordings of visual depictions of minors engaged in sexually
     explicit conduct, as defined in 18 U.S.C. § 2256;

d.   information pertaining to the possession, receipt or distribution of visual
     depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C.
     § 2256, that were transmitted, but not limited to, electronic mail, chat logs, and
     electronic messages, establishing possession, access to, or transmission through
     interstate or foreign commerce, including by mobile device, of visual depictions
     of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

2.      Evidence of user attribution showing who used or owned the mobile devices at

the time the things described in this warrant were created, edited, or deleted, such as logs,

phonebooks, saved usernames and passwords, documents, and browsing history.

3.      Storage media (to include a Micro SD card contained in the cellular telephone) used as a means to commit the violations described above or which contain evidence of the violations described above;

4.      For any mobile device whose seizure is otherwise authorized by this warrant, and any mobile device that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "Devices"):

   a.   evidence of who used, owned, or controlled the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

   b.   evidence of software that would allow others to control the Devices, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   c.   evidence of the lack of such malicious software;

   d.   evidence indicating how and when the Devices were accessed or used to determine the chronological context of access, use, and events relating to crime under investigation and to the user;

   e.   evidence indicating the device user's state of mind as it relates to the crime under investigation;

f.   evidence of the attachment to the Devices of other storage devices or similar containers for electronic evidence;

g.   evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Devices;

h.   evidence of the times the Devices was used;

i.   passwords, encryption keys, and other access devices that may be necessary to access the Devices;

j.   documentation and manuals that may be necessary to access the Devices or to conduct a forensic examination of the Devices;

k.   records of or information about Internet Protocol addresses used by the Devices;

l.   records of or information about the Devices' Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m.   Contextual information necessary to understand the evidence described in this attachment.

n.   Call lists to include dialed, received, and missed calls, telephone directories, text messages, voice mail messages, photographs, and any other evidence contained in internal or removable data storage

o.   All GPS "check ins" or saved "waypoints" and other location information.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any photographic form (such as image, negatives, video, motion pictures, or photographs).

The term "Devices" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including cellular telephones.

The term "storage medium" includes any physical object upon which computer data can be recorded.  Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| In the Matter of the Search of: | § | |
| | § | |
| A black Samsung Galaxy 9, | § | **CASE NUMBER:** |
| Cellular telephone, Model SM-G965U1 | § | |
| belonging to Alex Kai Tick CHIN, | § | |
| Currently located at 11541 Montana Ave | § | |
| El Paso, Texas 79936 | § | |

## AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

## INTRODUCTION AND AGENT BACKGROUND

1.  I am a Special Agent (SA) with the Department of Homeland Security, United States Immigration and Customs Enforcement, Homeland Security Investigations (HSI) assigned to El Paso, Texas.  I have been so employed since September 2010 and graduated the Criminal Investigator Training Program (CITP) in November 2010 and Homeland Security Investigations Special Agent Training (HSISAT) in February 2011.  As part of my daily duties as an HSI Special Agent, I investigate criminal violations relating to child exploitation and child pornography (hereinafter referred to as "child sexual abuse material" or CSAM) including violations pertaining to the illegal production, distribution, receipt, and possession of CSAM material, in violation of 18 U.S.C. § 2252(a) and as defined by 18 U.S.C § 2256. I have received training in the area of CSAM and have had the opportunity to observe and review examples of CSAM (as defined by 18 U.S.C. § 2256) in all forms of media including computer and phone media. I have participated in multiple enforcement operations which have involved CSAM offenses.

1

2.   This Affidavit is made in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search a black Samsung Galaxy 9 cellular phone, Model SM-G965U1 (hereinafter referred to as the "SUSPECT DEVICE"), for evidence of violations of 18 U.S.C. § 2252(a), which prohibits the knowing possession of child pornography that has been transported in interstate or foreign commerce by any means, including by computer; 18 USC § 2252A, which prohibits the knowing possession, receipt, or distribution of child pornography that has been transported in interstate or foreign commerce by any means, including by computer. The SUSPECT DEVICE to be searched is more particularly described in Attachment A. The SUSPECT DEVICE is currently in law enforcement possession at the Homeland Security Investigations, El Paso Office, located at 11541 Montana Ave, Ste. H. El Paso, Texas 79936. The applied for warrant would authorize the forensic examination of the SUSPECT DEVICE for the purpose of identifying electronically stored data particularly described in Attachment B.

3.   Because this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included details of every aspect or each and every fact known to me concerning this investigation.  I have set forth only those facts that I believe are necessary to establish probable cause for a search of the SUSPECT DEVICE.  I make this Affidavit based on personal knowledge and on the basis of information received from other law enforcement officers and/or agents.

**CHARACTERISTICS OF THOSE WHO DISTRIBUTE, RECEIVE, AND POSSESS CSAM**

4.   Based on my training and experience, I have learned that many people who receive and attempt to receive CSAM have the following characteristics.  They may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasies they

2

may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media; or from literature describing such activity.

5.  Those who receive and attempt to receive CSAM may collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides and/or drawings or other visual media.  Such individuals often times use these materials for their own sexual arousal and gratification.  Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

6.  Those who receive and attempt to receive CSAM often possess and maintain their "hard copies" of CSAM, that is, their pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etc., in the privacy and security of their home or some other secure location.  These individuals typically retain pictures, films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, child erotica, and videotapes for many years.

7.  Those who receive and attempt to receive CSAM also may correspond with and/or meet others to share information and materials; rarely destroy correspondence from other CSAM distributors/collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in CSAM.

8.  Those who receive and attempt to receive CSAM prefer not to be without their CSAM for any prolonged time period.  This behavior has been documented by law enforcement officers involved in the investigation of CSAM throughout the world.

3

9.  Likewise, those who receive and attempt to receive CSAM often maintain their digital and electronic collections of CSAM in a safe, secure and private environment, such as a computer or cellular telephone.

## DETAILS OF THE INVESTIGATION/PROBABLE CAUSE

10. On March 21, 2022, at approximately 7:31 p.m., Alex Kai Tick CHIN (DOB: 09/25/1984) applied for entry at the Paso Del Norte (PDN) Port of entry (POE) pedestrian lanes. CHIN presented a duly issued California Driver license and verbally stated he was a United States Citizen heading back to San Francisco. Primary Customs and Border Protection Officer (CBPO) Alberto Torres asked CHIN what his purpose in Mexico was and obtained a negative declaration. CHIN stated he visited Juarez to walk around and visit a bar. CHIN further stated he was returning to El Paso to continue a road trip back home to San Francisco, California. CBPO Torres conducted a law enforcement query and received a positive match for CHIN as a registered sex offender. CBPO Torres escorted CHIN to Passport Control Secondary (PCS).

11. At approximately 7:32 p.m., CBPO Ronald Mumma received a secondary negative declaration from CHIN. CBPO Mumma asked CHIN what his purpose in Mexico was. CHIN stated he was on a cross country trip and decided to visit Mexico. CHIN further stated he was in Mexico for an hour or two and got something to eat. CHIN stated he was headed back to San Francisco where he resides. CHIN was traveling with two (2) smart phone devices, a Samsung Galaxy 9 and a Armor 7E. Supervisor CBPO (SCBPO) Wally Terrazas approved a basic manual electronic media search. CBPO Mumma advised CHIN of the inspection of electronic devices. CHIN voluntarily unlocked the cell phone devices and provided the password. CBPO Mumma placed the Armor 7E on "airplane mode."

4

12. At approximately 7:39 p.m., CBPO Monica McQuality placed the Samsung Galaxy 9 on "airplane mode" and began a manual search of the gallery. CBPO McQuality discovered a photo(s) of what appeared to be an unclothed minor.

13. At approximately 8:20 p.m., SCBPO Wally Terrazas asked CHIN who was the female depicted on CHIN's Samsung Galaxy 9 "locked" screen wallpaper. CHIN advised she was a friend. SCBPO Terrazas asked for the friend's age. CHIN replied 13 years of age. CHIN further stated he has no family relationship as she's only a friend, he met on-line and has communicate with her for over 1 1/2 years.

14. At approximately 10:30 p.m., HSI Special Agent(s) Jason Grijalva and Ricardo Rubio arrived at the PDN POE and began an investigation. Agents conducted a preliminary search of the Samsung Galaxy 9 which resulted in the discovery of 15 photo(s) that were saved in the gallery. The photo(s) appeared to be screen shots taken from Snapchat communication. The photo(s) appear to depict the same female. The female is described as white, approximately 12-14 years of age, has brown reddish hair, and fair colored skin. The photo(s) were saved to the gallery on the following dates: December 12, 2020, January 8, 2021, January 9, 2021, and January 11, 2021. Multiple photo(s) depict the female in undress and expose the child's breasts.  Three (3) photo(s) contain a white female's genitalia. The face of the female is not observed.

15. Agents observed the following Snapchat account: Alexander Hamilton, username: karmadinosaur associated to CHIN's Samsung Galaxy 9. The Snapchat account contained "offline" recent communication with a Snapchat profile, later identified as belonging to A.C., hereinafter referred to as Victim (VCT). The female depicted on the Snapchat profile matched

5

the photo(s) saved in the Samsung Galaxy 9's gallery and the Samsung Galaxy 9's "locked" screen wallpaper.

16. At approximately 11:45 p.m., Agents read CHIN the Miranda Statement of rights in the English language.  At approximately 11:46 p.m., CHIN invoked his right to speak with an attorney and the interview was terminated. CHIN was subsequently released by CBP.

17. On March 22, 2022, Special Agent (SA) Jason Grijalva conducted a Facebook search the VCT. which resulted in a Facebook account. The photo(s) on the Facebook account match the same female photo(s) which were saved to CHIN's Samsung Galaxy 9's gallery and the "locked" screen wallpaper. The Facebook account indicates the VCT is associated to Spring Valley High School. VCT's friend list contained students of Spring Valley High School located at 1 Timberwolf Drive, Huntington, West Virginia 25704.

18. On March 23, 2022, HSI Charleston confirmed the location and date of birth for the VCT.

19. The photo(s) discovered of the VCT in CHIN's Samsung Galaxy 9 were saved when the VCT was 17 years of age and a minor child.

20. The SUSPECT DEVICE is currently in law enforcement custody at Homeland Security Investigations (HSI), El Paso Office, located at 11541 Montana Ave, Ste. H. El Paso, Texas. In my training and experience, I know that the SUSPECT DEVICE, since it was taken into custody by HSI has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the SUSPECT DEVICE first came into the possession of HSI.

**TECHNICAL TERMS**

 Based on my training and experience, I use the following technical terms to convey the following meanings:

6

a. Wireless telephone:  A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals.  These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.  These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet.  Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital camera:  A digital camera is a camera that records pictures as digital picture files,   rather than by using photographic film.  Digital cameras use a variety of fixed and removable storage media to store their recorded images.  Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader.  Removable storage media include various types of flash memory cards or miniature hard drives.  Most digital cameras also include a screen for viewing the stored images.

7

This storage media can contain any digital data, including data unrelated to photographs or videos.

c.  Portable media player:  A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files.  However, a portable media player can also store other digital data.  Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives.  This removable storage media can also store any digital data.  Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games

d.  GPS:  A GPS navigation device uses the Global Positioning System to display its current location.  It often contains records the locations where it has been.  Some GPS navigation devices can give a user driving or walking directions to another location.  These devices can contain records of the addresses or locations involved in such navigation.  The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth.  Each satellite contains an extremely accurate clock.  Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers.  These signals are sent by radio, using specifications that are publicly available.  A GPS antenna on Earth can receive those signals.  When a GPS antenna receives signals from at least four satellites, a computer connected

8

to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e.  PDA:  A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs.  Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail.  PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data.  Removable storage media include various types of flash memory cards or miniature hard drives.  This removable storage media can store any digital data.  Most PDAs run computer software, giving them many of the same capabilities as personal computers.  For example, PDA users can work with word-processing documents, spreadsheets, and presentations.  PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

f.  IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet.  An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178).  Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination.  Most Internet service providers control a range of IP addresses.  Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

9

g.   Internet: The Internet is a global network of computers and other electronic devices that communicate with each other.  Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

21.   Based on my training, experience, and research, as well as from consulting the manufacturer's advertisements and product technical specifications available online at the manufacturer's website, I know that the SUSPECT DEVICE has capabilities that allow it to possibly serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA, as well as allow the device to connect to the internet.  In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

22.   Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.  Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device.  This information can sometimes be recovered with forensics tools.

23.   *Forensic evidence*.  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the SUSPECT DEVICE was used, the purpose of its use, who used it, and when.  There is probable cause to believe that this forensic electronic evidence might be on the SUSPECT DEVICE because:

10

a.      Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file.

b.      A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

c.      The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process.  Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves.  Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

d.      Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

18. *Nature of examination.*  Based on the foregoing, and consistent with Rule 41 (e) (2) (B), the warrant I am applying for would permit the examination of the device consistent with the warrant.  The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

19. *Manner of execution.*  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the

11

physical intrusion onto a premise.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## **CONCLUSION**

20. Based on the foregoing, there is probable cause to believe that there is evidence of and property used in committing violations of 18 U.SC. § 2252(a) on the SUSPECT DEVICE.

21.  Accordingly, your Affiant requests that this Court issue a warrant authorizing a search of the SUSPECT DEVICE, which is described with particularity in Attachment A, for the items described in Attachment B.


Special Agent Jason Grijalva
Homeland Security Investigations


Subscribed and sworn to before me
this _____25th day of March 2022.


Robert F. Castaneda
United States Magistrate Judge

12

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF THE SEARCH OF:** | § | **SEALED** |
| | § | |
| **Black Samsung Galaxy 9 cellular telephone,** | § | **NO.** |
| **model SM-G965U1, Belonging to Alex Kai** | § | |
| **Tick CHIN, Currently in Law** | § | |
| **Enforcement possession** | § | |

**<u>MOTION TO SEAL</u>**

The United States of America, by and through undersigned counsel, hereby moves the

Court to **SEAL** (1) the Application for a Search and Seizure Warrant; (2) the attachments to the

Application for a Search and Seizure Warrant; (3) the Affidavit filed in support of the Search and

Seizure Warrant; (4) the Search and Seizure Warrant; (5) this Motion to Seal, and (6) the Order

Sealing (collectively, the "proposed sealed documents") in the above entitled and numbered cause.

The Application for a Search and Seizure Warrant, the Affidavit filed in support of the

Application for a Search and Seizure Warrant in the above entitled and numbered cause discloses

information concerning an ongoing criminal investigation. The premature disclosure of these

documents would place information into the public record that has the potential to undermine or

compromise the ongoing criminal investigation.

Accordingly, the United States respectfully moves the Court for an Order directing the

Clerk of the Court to seal the proposed sealed documents filed in the above entitled and numbered

cause, until further ordered by the Court, except that copies of the documents may be provided to

the Government and a copy of the warrant may be left with the appropriate individual at the time

of the search.

Signed on March 25, 2022.

Respectfully submitted,

ASHLEY C. HOFF
UNITED STATES ATTORNEY

By:    *Catherine Dos Santos*
       CATHERINE DOS SANTOS
       Assistant U.S. Attorney
       New York Registration #5381447
       700 E. San Antonio, Suite 200
       El Paso, Texas 79901
       (915) 534-6884

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF THE SEARCH OF:** | § | <span style="color:red">**SEALED**</span> |
| | § | |
| **Black Samsung Galaxy 9 cellular telephone,** | § | **NO.** |
| **model SM-G965U1, Belonging to Alex Kai** | § | |
| **Tick CHIN, Currently in Law** | § | |
| **Enforcement possession** | § | |

## <u>ORDER</u>

Came on this date to be considered the Government's Motion to Seal in the above entitled and numbered cause, and after considering the same, the Court is of the opinion that it should be granted. Accordingly, it is hereby

ORDERED that the Clerk of the Court seal (1) the Application for a Search and Seizure Warrant; (2) the attachments to the Application for a Search and Seizure Warrant; (3) the Affidavit filed in support of the Search and Seizure Warrant; (4) the Search and Seizure Warrant; (5) the Government's Motion to Seal, and (6) this Order Sealing, in the above entitled and numbered cause, until further ordered by the Court, except that copies of these documents may be provided to the Government and a copy of the warrant may be left with the appropriate individual at the time of the search.

SIGNED AND ENTERED this_____day of March 2022.


_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE