IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**UNITED STATES OF AMERICA**

v.                                                        Criminal No. 3:22-cr-00087

**ALEX KAI TICK CHIN**

DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE OTHER BAD ACTS EVIDENCE AT TRIAL

The defendant, Alex Kai Tick Chin, by his counsel, pursuant to Rules 401, 404(b), and 403 of the Federal Rules of Evidence, moves this Court to exclude anticipated "bad acts" evidence and additional testimony concerning this defendant that do not pertain to the charged conduct set forth in the three counts contained in the Second Superseding Indictment. In support of this Motion, the defendant states as follows:

(1)    The defendant has been charged with three child exploitation offenses. Dkt. No. 39. Count One charges the defendant with enticing a minor, identified as Minor Female 1, to engage in sexually explicit conduct for the purpose of producing visual depictions in violation of 18 U.S.C. §§ 2251(a) and (e). Count Two charges the defendant with enticing Minor Female 1 to engage in a sexual activity for which any person could have been charged with a criminal offense in violation of 18 U.S.C. § 2422(b) and § 2427. The reference to 18 U.S.C. § 2427 suggests that the underlying criminal offense for Count Two is the production of child pornography. Minor

Female 1 was seventeen years old at the time of the charged conduct between December 12, 2020, and February 14, 2021. Count Three is essentially a sentencing enhancement under 18 U.S.C. § 2260A that would seek to impose a ten year consecutive term of imprisonment. Count Three contends that at the time the defendant was required to register as a sex offender, he committed the production of child pornography offense charged in Count One.

(2)     The Government's initial discovery disclosures did not identify any specific evidence which the Government intended to introduce pursuant to Rule 404(b). Dkt. No. 30 at 5. Today, the Government advised that a supplemental Rule 404(b) disclosure would be forthcoming concerning the anticipated testimony of two other minors who also engaged in Snapchat related communications with the defendant. The defendant anticipates that the Government may seek to introduce the following "bad acts" evidence and additional testimony which should be excluded pursuant to Rule 404(b).

(3)     The defendant seeks to preclude the Government from introducing any evidence of text messages and digital images sent through Snapchat between the defendant and Minor Female 1, as well as any testimony pertaining to any communications that the two of them may have had from February 15, 2021, through March 21, 2022. This conduct would fall well <u>after</u> the charged time period of December 12, 2020, through February 14, 2021, for all of the criminal conduct alleged in the Second Superseding Indictment. It is counsel's understanding of the Government's forensic analysis that all of the suspected images of child pornography

relating to Minor Female 1 found on the defendant's smartphone had been produced on or prior to February 14, 2021.

(4) The defendant also seeks to prevent the Government from introducing any evidence of the defendant's cross-country trip across the United States which began from his home in San Francisco, California, in early March of 2022. The defendant had previously modified the interior of a white conversion van so that he would sleep in the rear area. During this trip, the Government would contend that around March 9, 2022, the defendant stopped in Huntington, West Virginia, in an attempt to personally meet Minor Female 1 as well as a second minor, hereinafter referred to as Minor Female 2.[1] There are Snapchat conversations between the parties which suggest that the minors provided their home addresses to the defendant. There is anticipated testimony from the younger sister of Minor Female 1, hereinafter referred to as Minor Female 3, that defendant tried to approach her older sister and her while they were in a Sam's Club outlet located in South Point, Ohio. Minor Female 3 has alleged that the defendant followed them around the store and, at one point, tried to grab her shoulder. There are no allegations that any face-to-face meeting between the defendant and Minor Female 1 ever took place.

(5) The defendant is concerned that the Government will contend that the defendant's motivations in attempting to personally contact the two minors were not platonic and that he had intended to either kidnap one or both of the minors and sexually assault them in the back of his conversion van. This trip and the defendant's

---

[1] Minor Female 1 was eighteen years of age in March of 2022. .

conduct occurring in March of 2022 remains well outside the scope of the December 12, 2020, through February 14, 2021, timeframe charged in the Second Superseding Indictment.

(6) The defendant would seek to preclude the introduction of any opinions from the Government's witnesses of their personal belief that the defendant was a child molester as well as the defendant's legal status as being required to register as a sex offender. The defendant has a 2014 conviction for possession of child pornography in the Superior Court of California, County of San Francisco. As a result of this conviction, the defendant was required to register as a sex offender for life while residing in California. The defendant anticipates that any Homeland Security agent or border patrol agent who is called to testify would now be aware of the defendant's legal status.

(7) There are no allegations in this case that any of the three minors in this case were ever subjected to any physical sexual abuse from the defendant. He has no prior convictions of committing an act of sexual abuse against another person. The introduction of the defendant's status as a sex offender as well as the personal opinions of some who would label him as being a child molester would only serve to improperly taint the defendant's character and significantly prejudice his defense in this case.

(8) At the time of the filing of this Motion, the defendant has not been charged with a child exploitation offense pertaining to Minor Female 2 and Minor Female 3. As such, the defendant would seek to preclude the introduction of any

4

testimony from those two minors concerning any communications that they had with the defendant during the time period from June 2020 through March 2022. These conversations were separate and distinct from any of the Snapchat chat sessions between Minor Female 1 and the defendant. Minor Female 2 has told Homeland Security that she sent a picture of her breasts to the defendant when she was 12 years old. She also indicated that the two of them would frequently exchange photos of their faces during their communications through Snapchat. Minor Female 2 recalled blocking the defendant on a variety of occasions because she felt that he had started getting obsessive and being manipulative towards her.

(9) The defendant would also seek to prevent the introduction of any digital images of Minor Female 2 and Minor Female 3 which were subsequently found on the defendant's smartphone. From counsel's review of the forensic evidence, none of the pictures of the two minors would constitute child pornography. Minor Female 2 was thirteen years old when she was interviewed by Homeland Security on April 1, 2022. Minor Female 3 was seventeen years old at the time of her March 21, 2022 interview.

(10) Rule 404(b) of the Federal Rules of Evidence provides that evidence which would serve to improperly taint the defendant's character is not admissible unless the Government can establish all of the requirements for admitting evidence of "other bad acts" allegedly committed by the defendant. *See United States v. Brizuela*, 962 F.3d 784, 793 (4th Cir. 2020); *United States v. McBride*, 676 F.3d 385, 395 (4th Cir. 2012). Rule 404(b) prohibits evidence of other crimes or bad acts to show

bad character or the defendant's propensity to break the law. *United States v. Siegel*, 536 F.3d 306, 317 (4th Cir. 2008); citing *United States v. Young*, 248 F.3d 260, 271 (4th Cir. 2001).

(11) In order to be considered admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary in the sense that it is probative of an essential claim or element of the offense; (3) reliable; and (4) pass the Rule 403 balancing test to determine whether its probative value is substantially outweighed by the danger of confusion or unfair prejudice. *Siegel*, 536 at 317. The Government bears the burden of establishing that evidence of a defendant's prior bad acts is admissible for a proper purpose. *United States v. Hall*, 858 F.3d 254, 266 (4th Cir. 2017).

(12) Rule 404(b) is applicable "when the challenged evidence is extrinsic, that is, separate from or unrelated to the charged offense." *Brizuela*, 962 F.3d at 793; citing *United States v. Bush*, 944 F.3d 189, 195 (4th Cir. 2019). In *Brizuela*, the Fourth Circuit reversed a district's denial of a defendant's Rule 404(b) motion by finding that some of the testimony which the Government introduced at the defendant's trial was extrinsic evidence which was not related to the charged conduct. *Id.* at 797. The facts of the case involved a board certified neurologist who had been indicted on twenty-one counts of distributing controlled substances outside of the bounds of professional medical practice. *Id.* at 789. The defendant's Rule 404(b) motion sought to preclude the Government from calling four patients of the defendant for which none of the charges related to their treatment. *Id.* at 791.

(13)     The Fourth Circuit agreed with the defendant's argument that the testimony of these four patients was not necessary to complete the story of the charged offenses and was not otherwise admissible under any of the provisions of Rule 404(b). *Id.* at 793. The testimony would not be considered as being intrinsic to the charges since the testimony was not probative of an "integral component of the crime on trial" and was not needed to complete the story of the crime itself. *Id.* at 795.

(14)     Rule 403 would further provide for the exclusion of anticipated bad acts evidence where the probative value of the testimony is substantially outweighed by the danger of unfair prejudice. *McBride*, 676 F.3d at 395. Evidence should be excluded for purposes of Rule 403 where there is a genuine risk that the emotions of a jury will be excited to "irrational behavior" and this risk is disproportionate to the probative value of the offered evidence. *United States v. Udeozor*, 515 F.3d 260, 264 (4th Cir. 2008); *United States v. Mohr*, 318 F.3d 613, 618 (4th Cir. 2003).

(15)     This Court can rely upon the holding of *Brizuela* to find that all of the identified bad acts evidence which the defendant seeks to preclude would constitute extrinsic evidence which is not necessary to complete the story of the charged offenses. The identified bad acts evidence would further not be admissible under the four part test prescribed by Rule 404(b).

(16)     First, it is counsel's understanding that there were no images of child pornography of Minor Female 1 produced <u>after</u> February 14, 2021.[2]  There is no relevance to introducing testimony relating to communications and shared digital images that took place between Minor Female 1 and the defendant <u>after</u> February 14, 2021, as well as any mentioning of the defendant's cross-country trip which included a stop in Huntington, West Virginia.  Such testimony would not be necessary for the Government to introduce during its case in chief for proving the required elements for any of the three counts.  There would be significant prejudice with the inference cast by the Government that the nefarious purpose of his cross-country trip in March of 2022 was to kidnap one or both of the minors so that he could sexually assault them.

(17)     Any testimony relating to the defendant's sex offender status or personal opinions that he was a child molester would also not pass the Rule 404(b) four part test.  The defendant's legal status as well as personal opinions that he was a child molester are not relevant to any issue other than tainting the defendant's character.  Such testimony is not necessary in the Government's case in chief for proving the elements of Counts One and Two.[3]  Such testimony would clearly not pass the Rule 403 component as this information would significantly raise the ire of most jurors and unfairly increase the juror's level of empathy towards any minor called to testify against him.

---

[2] Counsel has been told that the Government's forensic computer expert's review of the contents of the defendant's smartphone is still ongoing.

[3] The defendant will be filing a motion to sever Count Three in order to allow Counts One and Two to be tried first without having to introduce evidence relating to the defendant's sex offender status.

(18) Finally, any forensic evidence or additional testimony relating to any communications and shared digital images involving Minor Female 2 and Minor Female 3 would likewise fail to satisfy the Rule 404(b) four part test. No charges have been brought against the defendant concerning his interactions with Minor Female 2 or Minor Female 3. The majority of the recorded chat messages recovered from the defendant's smart phone pertain solely to communications between Minor Female 1 and the defendant. The other two minors were not participants in those Snapchats. None of the anticipated testimony would be necessary for the Government's burden of proving that the defendant enticed Minor Female 1 to produce images of child pornography. The prejudicial impact with the admission of this evidence would also be substantial as the juror would be speculating about the nefarious reasons why a defendant in his mid-thirties would be engaging in numerous conversations and sharing pictures of himself with two other minors, one of which was between the ages of eleven and thirteen year old.

In order to avoid significant and unfair prejudice to the defendant's case, this Court should proceed to grant this Motion and enter an appropriate Order directing that the Government be precluded from introducing any forensic evidence or other additional testimony pertaining to the identified bad acts evidence set forth in this Motion.

Respectfully submitted this 6th day of March, 2023.

                                      **ALEX KAI TICK CHIN**

                                      **By Counsel**

**WESLEY P. PAGE**
**FEDERAL PUBLIC DEFENDER**

**s/David R. Bungard**
David R. Bungard, Bar Number: 5739
Assistant Federal Public Defender
Office of the Federal Public Defender
300 Virginia Street, East, Room 3400
Charleston, West Virginia  25301
Telephone: (304) 347-3350
Facsimile: (304) 347-3356
E-mail: david_bungard@fd.org