IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**UNITED STATES OF AMERICA**

v.                                                                          Criminal No. 3:22-cr-00087

**ALEX KAI TICK CHIN**

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF PRIOR CONVICTION AT TRIAL**

The defendant, Alex Kai Tick Chin, by his counsel, moves this Court, pursuant to Rules 609 and 404(b) of the Federal Rules of Evidence, to preclude the Government from introducing any evidence or otherwise referring to the details of the defendant's prior felony conviction at trial. This Motion seeks to preclude the Government from introducing such evidence during its case in chief or during the cross-examination of the defendant, in the event that he decides to testify on his own behalf at trial. In support of this Motion, the defendant states as follows:

(1) On December 27, 2017, the defendant was convicted of the felony offense of possession of child pornography in the Superior Court of California, County of San Francisco. For the imposed sentence, the defendant was placed on probation for a period of five years, which included a term of 680 days in the county jail.

(2) Rule 609(a)(1) prohibits any reference to these convictions at trial once the Court makes a determination that the probative value of these convictions is outweighed by the prejudicial effect to the defendant. The Government has the

burden of establishing that the details of a defendant's prior conviction would have sufficient probative value for admission at trial. *See United States v. Gray*, 852 F.2d 136, 139 (4th Cir. 1988); *United States v. Cunningham*, 638 F.2d 696, 697 (4th Cir. 1981). The defendant's conviction would not be admissible under Rule 609(a)(2) since the elements of the offense do not include an act of dishonesty or the making of a false statement.

    (3)    The Fourth Circuit has recognized that evidence of similar offenses should be "admitted sparingly if at all" for impeachment. *United States v. Sanders*, 964 F.2d 295, 297-298 (4th Cir. 1992); citing *United States v. Beahm*, 664 F.2d 414, 418-19 (4th Cir. 1981). In *Sanders*, the Fourth Circuit found that it was reversible error for a district court to permit a defendant on trial for the offense of assault with a dangerous weapon to be impeached with evidence of his prior assault conviction. 964 F.2d at 297-298. The prior assault conviction was considered to be "extremely prejudicial" since it involved the exact type of conduct for which the defendant was on trial. *Id*. The Fourth Circuit cited its previous decision in *Beahm*, where evidence of a defendant's prior conviction for sodomy was excluded where a defendant was charged with taking indecent liberties with children. In *Beahm*, the Court found that the "[A]dmission of evidence of a similar offense does little to impeach the credibility of a testifying defendant while undoubtedly prejudicing him." 864 F.2d at 418. In such a situation, a limiting instruction can hardly protect against the jury drawing an unfair inference that the prior conviction suggests some probability that the defendant committed the similar offense for which he is currently charged.

(4) The defendant finds himself in the same situation as the defendant in Sanders. Any admission of the nature of his possession of child pornography conviction would allow jurors to conclude that the defendant has an ongoing sexual interest in minors, given the nature of the pending production of child pornography charges. It is anticipated that jurors will hear testimony from Minor Female 1 that the defendant requested her to send him nude images of herself through numerous conversations that took place through Snapchat. Jurors could improperly rely on information relating to the defendant's prior conviction as the sole basis for convicting the defendant in this case.

(5) Rule 404(b) provides additional authority for excluding evidence of prior convictions which would serve to improperly taint the defendant's character and where the Government cannot establish all of the requirements for admitting evidence of "other bad acts" allegedly committed by the defendant. *See United States v. Garcia-Lagunas,* 835 F.3d 479, 491 (4th Cir. 2016); *United States v. McBride*, 676 F.3d 385, 395 (4th Cir. 2012); *United States v. Johnson*, 617 F.3d 286, 296 (4th Cir. 2010). Rule 404(b) prohibits evidence of past offenses to show bad character or the defendant's propensity to break the law. *United States v. Siegel*, 536 F.3d 306, 317 (4th Cir. 2008); citing *United States v. Young*, 248 F.3d 260, 271 (4th Cir. 2001). In order to be considered admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary in the sense that it is probative of an essential claim or element of the offense; (3) reliable; and (4) pass the Rule 403

balancing test to determine whether its probative value is substantially outweighed by the danger of confusion or unfair prejudice. *Id.*

(6) The timing of a defendant's conduct with respect to the conduct is a factor in evaluating the element of necessity for Rule 404(b) purposes. *United States v. McBride*, 676 F.3d 385, 397 (4th Cir. 2012). The fact that a defendant may have engaged in criminal conduct in the past does not, by itself, provide a sufficient nexus to the charged conduct where the prior activity is not related in time, manner, place, or pattern of conduct." *Id.*

(7) In *McBride,* the Fourth Circuit found that the district court had committed reversible error by admitting testimony pertaining to an alleged encounter between a defendant and a police informant involving an attempt to purchase crack cocaine. *Id.* at 400-401. The alleged incident took place eighteen months prior to the charged drug conduct in the case. The Court held that the factors of relevance and necessity were not met where the prior act had occurred eighteen months before the charged conduct, involved a different narcotic than the one charged, and involved conduct which bore "no discernible relationship" to the charged conduct. The time gap was not necessary for the Government to provide the defendant's intent to commit the later charged offense. Where these factors were absent, the Court held that the introduction of the prior conduct served to unfairly prejudice the defense by casting the defendant as a drug dealer. *Id.* at 400.

(8) For purposes of excluding evidence of the defendant's prior conviction, the Rule 404(b) factors of relevance and necessity weigh against admission. The

4

conduct involving the 2017 conviction took place within the State of California and did not involve images of Minor Female 1. This took place more than two and a half years prior to the defendant's first contact with Minor Female 1 through Snapchat. As such, there should be no admission of the details of a prior felony conviction which is not related, directly or indirectly, to the production of child pornography charge alleged to have occurred between December 12, 2020, and February 14, 2021.

(9) The final and most significant factor for the Government to satisfy is the Rule 403 balancing test. Given the limited probative value which the prior federal conviction would have, Rule 403 would warrant exclusion of the same where the danger of unfair prejudice to the defense is significant. The fact that the prior conviction is considered a sex crime involving minors only serves to heighten the prejudice factor to the defendant. In this type of situation, a limiting instruction can hardly avoid drawing an inference that the prior conviction suggests some probability that the defendant had enticed Minor Female 1 to send him nude photographs of herself as charged in the three counts of the Second Superseding Indictment.

For the reasons set forth herein, the defendant respectfully requests that this Motion in Limine be granted and that the Government be precluded from introducing any evidence of, or otherwise referring to, the defendant's prior felony conviction at trial.

Respectfully submitted this 6th day of March, 2023.

                              **ALEX KAI TICK CHIN**

                              **By Counsel**

**WESLEY P. PAGE**
**FEDERAL PUBLIC DEFENDER**

**s/David R. Bungard**
David R. Bungard, Bar Number: 5739
Assistant Federal Public Defender
Office of the Federal Public Defender
300 Virginia Street, East, Room 3400
Charleston, West Virginia 25301
Telephone: (304) 347-3350
Facsimile: (304) 347-3356
E-mail: david_bungard@fd.org