IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.   Criminal No. 3:22-cr-00087

ALEX KAI TICK CHIN

DEFENDANT'S MOTION TO DISMISS COUNT ONE
OF THE SECOND SUPERSEDING INDICTMENT

Defendant, Alex Kai Tick Chin, by his counsel, pursuant to Rule 12(b)(3)B)(ii) of the Federal Rules of Criminal Procedure, moves this Court for the entry of an appropriate Order which dismisses Count One on multiplicity grounds since Count One has now become the lesser included offense of Count Two of the Second Superseding Indictment. In support of this Motion, counsel states as follows:

(1) On February 7, 2023, a federal grand jury returned the Second Superseding Indictment against this defendant. Dkt. No. 39. Count One charges the defendant with enticing a minor to engage in sexually explicit conduct for the purposes of producing visual depictions of the same in violation of 18 U.S.C. §§ 2251(a) and (e). Count Two charges the defendant with enticing a minor to engage in any sexual activity for which any person could be charged with a criminal offense in violation of 18 U.S.C. §§ 2422(b) and 2427.

(2) In Count Two, the Government has not specifically identified the criminal offense that was committed by any person. The Government's reference in

Count Two to the citation of 18 U.S.C. § 2427 is taken as meaning that the separate offense for Count Two would be the production of child pornography. That offense is specifically listed within 18 U.S.C. § 2427 as an inclusive offense for the phrase "sexual activity for which any person can be charged with a criminal offense."

(3) The alleged conduct in both Counts One and Two are charged with occurring during the same time span (on or about December 12, 2020, through February 14, 2021) and involve the same minor, who has been identified as Minor Female 1. Given these facts, the defendant has meritorious grounds to seek the dismissal of Count One for multiplicity as the required elements for Count Two would incorporate all of the required elements of Count One.

(4) Multiplicity occurs when a single offense is charged in several counts of an indictment. *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993); *United States v. Lawing*, 703 F.3d 229, 235, n.1 (4th Cir. 2012). The rule against multiplicitous prosecutions is based on the Fifth Amendment's Double Jeopardy Clause, which protects against multiple punishments for the same offense. *United States v. Lohse*, 797 F.3d 515, 523 (8th Cir. 2015). An indictment can charge multiplicitous counts if the same act is charged as violating two distinct statutory provisions where one is the lesser included offense of the other. *Rutledge v. United States,* 517 U.S. 292, 297 (1966). The test for determining whether there are two separate offenses is "whether each provision requires proof of a fact which the other does not." *Rutledge*, 517 U.S. at 297 quoting *Blockberger v. United States*, 284 U.S. 299, 304 (1932).

(5) The elements which the Government has the burden of proving for the 18 U.S.C. § 2422(b) offense charged in Count Two are as follows:

    (a) The defendant used a facility or means of interstate commerce;

    (b) To knowingly persuade, induce, entice, or coerce;

    (c) Another person who had not yet attained the age of eighteen years;

    (d) To engage in a sexual activity for which any person could have been charged with a crime, specifically, the offense of production of child pornography.[1]

*United States v. Banker*, 876 F.3d 530, 532-533 (4th Cir. 2017); *United States v. Engle*, 676 F.3d 405, 423 (4th Cir. 2012); *United States v. Fugit*, 703 F.3d 248, 253 (4th Cir. 2012). In order to obtain a conviction under 18 U.S.C. § 2422(b), the Government must prove the additional elements of the offense for which the defendant could have been charged with a crime. *United States v. Kaye*, 243 Fed. App'x 763, 766 (4th Cir. 2007).

(6) The elements which the Government has the burden of prooving for the 18 U.S.C. § 2251(a) offense charged in Count One would be incorporated within the fourth required element for Count Two. Given the manner in which the Government has decided to charge Count Two, Count One necessarily becomes the lesser included offense to Count Two.

---

[1] As no specific offense has been listed in Count Two, counsel has presumed that, given the reference to 18 U.S.C § 2427, the Government intends to rely upon the production of child pornography as the offense for Count Two.

(7) Federal Rule of Criminal Procedure 12(b)(3)(B) requires motions to dismiss on multiplicity grounds be filed as a pretrial motion otherwise the party risks having such defense being considered as waived. *Lawing*, 703 F.3d at 235, n.1.

For the reasons stated herein, the defendant request that this Motion be granted and that this Court enter an appropriate Order dismissing Count One of the Second Superseding Indictment on grounds of multiplicity.

Respectfully submitted this 6th day of March, 2023.

          **ALEX KAI TICK CHIN**

          By Counsel

**WESLEY P. PAGE**
**FEDERAL PUBLIC DEFENDER**

<u>s/David R. Bungard</u>
David R. Bungard, Bar Number: 5739
Assistant Federal Public Defender
Office of the Federal Public Defender
300 Virginia Street, East, Room 3400
Charleston, West Virginia  25301
Telephone: (304) 347-3350
Facsimile: (304) 347-3356
E-mail: david_bungard@fd.org