IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**UNITED STATES OF AMERICA**

v.                                             Criminal No. 3:22-cr-00087

**ALEX KAI TICK CHIN**

**DEFENDANT'S MOTION FOR SEVERANCE AND
SEPARATE TRIAL FOR COUNT THREE**

  The defendant, Alex Kai Tick Chin, by his counsel, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, moves this Court to enter an appropriate Order severing Count Three from Counts One and Two in the Indictment and scheduling a separate trial for the resolution of Count Three. In support of this Motion, the defendant states as follows:

  (1) The defendant has been charged with three child exploitation offenses in the Government's Second Superseding Indictment. Dkt. No. 39. Count One charges the defendant with enticing a minor, identified as Minor Female 1, to engage in sexually explicit conduct for the purpose of producing a visual depiction in violation of 18 U.S.C. §§ 2251(a) and (e). Count Two charges the defendant with enticing Minor Female 1 to engage in a sexual activity for which any person could have been charged with a criminal offense in violation of 18 U.S.C. §§ 2422(b) and 2427. Count Two essentially recharges the production of child pornography charge contained in Count One.

(2) Count Three charges the defendant with being a person required by law to register as a sex offender who has committed a felony offense involving a minor. The Government contends that the felony offense would be the production of child pornography as charged in Count One. All three counts are charged to have taken place on or about December 12, 2020, through February 14, 2021, at or near Huntington, West Virginia.

(3) Rule 14 of the Federal Rules of Criminal Procedure permits a district court to order separate trials where a defendant or the Government would be prejudiced by a joinder of offenses. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Severance is appropriate under Rule 14 when a joint trial will result in the admission of evidence which would not have been admissible in a severed trial if admission of that evidence is sufficiently prejudicial. *United States v. Gray*, 78 F. Supp. 2d 524, 531 (E.D. Va. 1999). A district court should grant a severance pursuant to Rule 14 where there is a serious risk that a joint trial may prevent a jury from making a reliable judgment about guilt or innocence. *Zafiro*, 506 U.S. at 539. Three other recognized sources of prejudice which justify granting severances are (1) when the jury may confuse and cumulate the evidence; (2) a defendant may be confounded in presenting defenses; and (3) the jury may conclude that a defendant is guilty of one crime and then find him guilty of the other because of his criminal disposition. *Gray*, 78 F. Supp. 2d at 533 (citing *United States v Foutz*, 540 F.2d 733, 736 (4th Cir. 1976).

(4) One of the elements which the Government would have to prove to obtain a conviction for Count Three would be that the defendant was required to

register as a sex offender. For purposes of Count Three, counsel would anticipate entering into a factual stipulation with the Government that the defendant has been previously convicted of a felony offense that required him to have to register as a sex offender. The defendant was further aware of his status as a sex offender at the time of the charged conduct in Count Three. *See Old Chief v. United States*, 519 U.S. 172, 189-192 (1997); *United States v. Grimmond*, 137 F.3d 823, 831-833 (4th Cir. 1998). The introduction of this type of stipulation, or other testimony concerning the same, would be highly prejudicial and inflammatory to the defendant during the course of any trial involving the first two counts. Evidence that the defendant has a 2014 conviction for possession of child pornography would not ordinarily be admissible under Rule 609 of the Federal Rules of Evidence. This type of evidence carries the very real danger that the defendant would be convicted on Counts One and Two simply because of the nature of the defendant's sex offender status, instead of the evidence or testimony which the Government would introduce on such counts. This proposal would eliminate all potential prejudice to the defendant caused from the introduction of a stipulation or additional testimony relating to the existence of the defendant's status as a sex offender.

For the reasons set forth therein, the defendant requests that this Court grant the motion to sever and schedule a separate trial for Count Three from Counts One and Two in the Indictment.

Respectfully submitted this 6th day of March, 2023.

                                                  **ALEX KAI TICK CHIN**

                                                  By Counsel

**WESLEY P. PAGE**
**FEDERAL PUBLIC DEFENDER**

<u>**s/David R. Bungard**</u>
David R. Bungard, Bar Number: 5739
Assistant Federal Public Defender
Office of the Federal Public Defender
300 Virginia Street, East, Room 3400
Charleston, West Virginia  25301
Telephone: (304) 347-3350
Facsimile: (304) 347-3356
E-mail: david_bungard@fd.org