**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

**UNITED STATES OF AMERICA**

v.                                             **CRIMINAL NO. 3:22-cr-00087**

**ALEX KAI TICK CHIN**

**Response of the United States to Defendant's
Motion to Suppress Evidence**

Comes now the United States of America by Jennifer Rada Herrald, Assistant United States Attorney for the Southern District of West Virginia, and hereby files this response to defendant's motion to suppress evidence related to the search and seizure of his cell phones and a statement made to Customs and Border Protection prior to being advised of his Miranda rights.

**A. Relevant Facts**

On March 21, 2022, defendant crossed over into Mexico through the El Paso, Texas port of entry and returned on foot after an hour or two. Upon initial entry, defendant presented his driver's license to United States Customs and Border Protection Officer ("CBPO") Alberto Torres. Per standard practice, Officer Torres ran defendant's information and received an NCIC hit indicating that defendant was a registered sex offender. Per protocol, this NCIC hit resulted in a mandatory referral to Passport Control Secondary for further screening. Officer Torres escorted defendant to the area for secondary processing. At no point in time while defendant was with Officer Torres was defendant placed into handcuffs.

Upon arrival in secondary processing, CBPO Ronald Mumma conducted a pat down of defendant while CBPO Monica McQuality checked further on the NCIC alert. Officer McQuality learned that defendant had a prior conviction for possession of obscene matter depicting minors engaged in sexual conduct. Officer Mumma informed Officer McQuality that he had located two

1

cell phones during his search of defendant. At that time, Officer McQuality obtained permission from Supervisory CBPO Wally Terrazas to conduct a manual search of defendant's cell phones. Officer McQuality inspected the Samsung Galaxy cell phone and Officer Mumma inspected the Armor 7E cell phone. During her manual review of the phone, Officer McQuality identified images of a clothed minor female and then additional photographs of the same female with her bare breasts exposed. Officer McQuality reported this information to SCBPO Terrazas, who advised her to stop searching the cell phone.

While the manual phone searches were being conducted, defendant was in a holding area for males in the secondary screening area. He was not restrained with handcuffs but was detained in the locked holding area. Upon SCBPO Terrazas reviewing the images located by Officer McQuality, defendant was escorted from that area to an office to speak in private. SCBPO Terrazas showed defendant a picture of the young female on the screensaver of his phone, later identified as Minor Female 1. SCBPO Terrazas asked who the girl was, and defendant responded that it was a friend he had met online about a year-and-a-half prior. SCBPO Terrazas asked how old the girl was, and he said she was 13 years old. During this interview defendant was not restrained with handcuffs. The interview ceased at that point and defendant was taken for further processing.

Special Agents with Homeland Security Investigations ("HSI") arrived later. They advised defendant of his Miranda rights, and defendant invoked his right to counsel. This interaction took place in a separate office. At that time, Chin was restrained with one hand placed in a handcuff.

### B. Cell Phone Search

Defendant first moves to suppress the search and seizure of his cell phones by Customs and Border Protection. As set forth below, the law on border searches is clear: a manual search of a cell phone may be conducted as part of border processing without any individualized suspicion.

Defendant's motion to suppress the phone (and all evidence derived from evidence on the phone) must be denied.

"Courts have long held that searches of closed containers and their contents can be conducted at the border without particularized suspicion under the Fourth Amendment." *United States v. Arnold*, 523 F.3d 941, 945 (9th Cir. 2008) (en banc). "Searches of the following specific items have been upheld without particularized suspicion: (1) the contents of a traveler's briefcase and luggage; (2) a traveler's purse, wallet or pockets; (3) papers found in containers such as pockets; and (4) pictures, films and other graphic materials." *Id*. at 945 (internal quotations and citations omitted). In *Arnold*, border officials detained the defendant for several hours and searched his computer, finding several images of child pornography; they seized the computer and later obtained a warrant.

Officers may take a "quick look" and "unintrusive search" of laptops and computer devices during a border search, without reasonable suspicion. *United States v. Cotterman*, 709 F.3d 952, 960 (9th Cir. 2013) (en banc) (stating that it had approved such searches in Arnold, *supra*, where a border officer asked Arnold to boot up his computer and officer looked at computer files). However, in *Cotterman*, the Ninth Circuit determined that the later forensic border search of the defendant's laptop by a computer expert nonetheless required reasonable suspicion because of the scope of the search conducted. *Id.* at 968. The en banc Ninth Circuit extensively addressed the very concerns raised by defendant here — such as the personal, sensitive nature of the contents of phones — and found that conducting a *forensic* review of the phone required reasonable suspicion. *Id.* at 964-68. The court narrowed *Arnold*: "[W]e narrow *Arnold* to approve only the relatively simple search at issue in that case, not to countenance suspicionless forensic examinations." The key distinction for the Ninth Circuit lay in the "comprehensive and intrusive nature of a forensic

3

examination," wherein the laptops' hard drives were copied and then "analyze[d] in [their] entirety, including data that ostensibly had been deleted." *Id*. at 962.

Defendant urges this Court to rule contrary to every circuit to address the issue and find that *Riley v. California*, 573 U.S. 373 (2014) requires at least reasonable suspicion to do a basic, manual search of a cell phone at the border. The Fourth Circuit has already found that *Riley* does not strictly apply to border searches and that even intrusive, non-routine forensic searches of a cell phone require only reasonable suspicion. *United States v. Kolsuz*, 890 F.3d 133, 144 (4th Cir. 2018). While *Kolsuz* addressed a forensic search, rather than a basic manual search, it recognized that the Fourth Circuit had previously held that a "manual, on-site inspection of computer contents that would be accessible to any user" was a routine border search that did not require any individualized suspicion. *Id.* at 147 n.5 (*citing United States v. Ickes*, 393 F.3d 501, 505-07 (4th Cir. 2005)). While the Fourth Circuit has not addressed manual border searches of cell phones after *Riley*, there is no reason to believe it would impute the higher reasonable suspicion standard to a routine border search of a cell phone.

Several circuit courts have also found that *Riley*, which precludes searches of cell phones incident to arrest, is inapplicable to searches of cell phones conducted pursuant to the border search exception. *See, e.g., Alasaad v. Mayrokas*, 988 F.3d 8, 19 (1st Cir. 2021) (holding that basic border searches of cell phones are routine searches that do not require reasonable suspicion); *United States v. Cano*, 934 F.3d 1002, 1016 (9th Cir. 2019) ("manual searches of cell phones at the border are reasonable without individualized suspicion"). The Eleventh Circuit went even further by finding that even *forensic* searches of cell phones at the border do not require reasonable suspicion. *United States v. Touset*, 890 F.3d 1227, 1233-36 (11th Cir. 2018). *Touset* highlighted the importance of discovering child pornography contraband — which will primarily be found on electronic devices

rather than in physical form — calls for the ability to conduct a suspicionless search of a phone. *Id.* at 1236. The court saw no reasonable basis to distinguish the suspicionless search for physical contraband in a suitcase from electronic contraband saved on a cell phone. *Id.*

In this case, CBP officers fully complied with the Fourth Amendment. They conducted a manual search of defendant's cell phones and located nude images of a suspected minor. At that point they ceased the manual review and notified HSI. HSI conducted a further manual inspection and then sought a search warrant prior to forensically analyzing the phone. This conduct went beyond what the law requires, as *Kolsuz* permits a forensic examination of a cell phone at the border based upon reasonable suspicion alone. Given that law enforcement had probable cause to obtain a warrant, they certainly had a sufficient reasonable suspicion to have conducted a warrantless forensic examination of the phone at the border. Law enforcement fully complied with the law, and defendant's motion to suppress the phone and the fruits of that search must be denied.

C. **Statement**

Defendant also moves to suppress statements made by him to Customs and Border Protection regarding the identity of the girl on the lock screen of his phone. Based upon statements from the officers involved, the United States disputes defendant's factual account of his detention, particularly regarding his claim that he was detained in handcuffs for many hours. The United States also does not concede that defendant was either in custody for purposes of Miranda at the time he admitted that the girl in the photo (Minor Female 1) was possibly only 13 years old or that the questions asked by the SCBPO were interrogation subject to Miranda rather than routine border questions. However, the United States does not intend to introduce evidence of those statements during its case in chief. Accordingly, defendant's motion to suppress the statements should be denied as moot.

**D. Conclusion**

For the above reasons, defendant's motion to suppress should be denied.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney


/s/Jennifer Rada Herrald
JENNIFER RADA HERRALD
Assistant United States Attorney
WV State Bar No. 12181
300 Virginia Street East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax:  304-347-5104
E-mail: Jennifer.herrald@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "Response to Defendant's Motion to Suppress Evidence" has been electronically filed and service has been made on opposing counsel by electronic mail this the 13th day of March, 2023, to:

> David R. Bungard
> Assistant Federal Public Defender
> 300 Virginia St. E., Rm. 3400
> Charleston, WV 25301
> David_bungard@fd.org

> /s/Jennifer Rada Herrald
> JENNIFER RADA HERRALD
> Assistant United States Attorney
> WV State Bar No. 12181
> 300 Virginia Street East
> Room 4000
> Charleston, WV 25301
> Telephone: 304-345-2200
> Fax: 304-347-5104
> E-mail: Jennifer.herrald@usdoj.gov