## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

**UNITED STATES OF AMERICA**

**v.**                                          **CRIMINAL NO. 3:22-cr-00087**

**ALEX KAI TICK CHIN**

### Response of the United States to Defendant's Motion to Dismiss
### Count One of the Second Superseding Indictment

Comes now the United States of America by Jennifer Rada Herrald, Assistant United States Attorney for the Southern District of West Virginia, and hereby files this response to defendant's motion to dismiss Count One of the second superseding indictment.

On February 7, 2023, a federal grand jury returned a second superseding indictment against defendant, charging him in relevant part with a violation of 18 U.S.C. § 2251(a) (Count One) and a violation of 18 U.S.C. § 2422(b) (Count Two). The conduct relied upon for both counts is the same—during the time frames charged, defendant persuaded and coerced a minor to engage in sexual activity for which a person could be charged with a crime, and this conduct was the production of child pornography. Defendant now moves to dismiss Count One of the second superseding indictment a multiplicitous to Count Two, as he claims that the production of child pornography is a lesser included offense of the enticement charge.

The basis for a multiplicity objection, which argues that a defendant is being punished more than once for the same offense, is the Double Jeopardy Clause of the Fifth Amendment. The test used to determine whether two counts charge the same offense is "whether each provision requires proof of a fact which the other does not." *Rutledge v. United States*, 517 U.S. 292, 297 (1966), quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Under the *Blockburger* test, "whether two offenses are the same depends on the elements of the crimes and not the similarity

1

of the underlying facts." *United States v. Martin*, 523 F.3d 281, 292 (4th Cir. 2008). "It is well settled that a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause." *Albernaz v. United States*, 450 U.S. 333, 344-45 n.3 (1981).

While the Fourth Circuit has not issued a multiplicity ruling specific to the particular charges involved in defendant's indictment, several other circuits have ruled directly on the interplay between enticing a minor to produce child pornography and the production of child pornography. All three have concluded that production is not a lesser included offense of enticement because each offense has an element not contained in the other and denied claims of multiplicity. The Eleventh Circuit has addressed the issue most recently. In *United States v. Sanchez*, 30 F.4th 1063 (11th Cir. 2022), the defendant moved to dismiss for multiplicity where he was sentenced for violating both §§ 2251(a) and 2422(b) based on enticing minors to produce child pornography. The Eleventh Circuit summarized Sanchez's argument as claiming that "he should not have been sentenced for both crimes because they have identical elements." *Id.* at 1077. It then answered that question succinctly: "No, they don't." *Id.* Importantly, to assess the Double Jeopardy claim, the focus is on "the proof necessary to establish the statutory elements of each offense, not the actual evidence presented at trial." *Id.*

Whether one offense is a lesser included offense turns on the elements of the offenses. If some of the elements of one offense necessarily meet all the elements of another offense, the latter is a lesser-included offense of the former. In rejecting the argument that § 2251(a) is a lesser included offense of § 2422(b) when they arise from the same conduct, the Tenth Circuit found that "a key element of the two statutes is not only different, it is broader in the statute that [defendant] needs to be a lesser included offense for his double jeopardy argument to work." *United States v.*

*Isabella*, 918 F.3d 816, 848 (10th Cir. 2019). The analysis in *Isabella* focuses on a comparison of the first elements of each offense: as noted by the court, the first element of § 2422(b) requires that a defendant "knowingly *persuades, induces, entices, or coerces* any individual who has not attained the age of 18 years," and the first element of § 2251(a) requires that the defendant "*employs, uses, persuades, induces, entices, or coerces*." *Id*. (emphasis in original). As the element of § 2251, which defendant argues is a lesser included of § 2422(b), is actually broader than the corresponding element of § 2422(b), it cannot be a lesser included offense. *Id.* As the Tenth Circuit concluded, a jury could convict a defendant for "employing" or "using" a minor to violate § 2251(a) and "persuading" the minor to violated § 2422(b) from the same course of conduct. *Id.* at 848-49.

The Sixth Circuit also applied the *Blockburger* test to find that § 2422(b) and § 2251(a) each have an element different than the other and reject the defendant's multiplicity argument. *United States v. Hart*, 635 F.3d 850, 858 (6th Cir. 2011). It found that § 2422(b) required the government to prove a defendant persuaded, induced, enticed, or coerced a minor to engage in sexual activity for which any person can be charged with a criminal offense, which is not an element of § 2251. *Id.* And § 2251(a) requires the minor must be employed, used, persuaded, induced, enticed, or coerced into engaging in sexually explicit conduct for the purpose of producing a visual depiction, which is not an element of § 2422(b). *Id.* While some conduct might satisfy the elements of both offenses, that is not necessarily the case.

That there are certain *factual* scenarios that may involve a single course of conduct—the production of child pornography—that serves as the basis of a § 2251(a) conviction and also serves as the particular type of "sexual activity for which any person could be charged with a crime" does not alter the *Blockburger* analysis, which focuses upon the *elements* of the offenses. Defendant's

attempt to turn the Double Jeopardy multiplicity analysis into a factual assessment is contrary to law. That the indictment also cites to 18 U.S.C. § 2427[1] to include one particular statutory definition of "sexual activity for which any person could be charged with a crime" does not alter the essential elements of § 2422(b) for a *Blockburger* assessment; per both the offense and the language of the second superseding indictment, *any* illegal sexual activity, not only production of child pornography, could permit a conviction on Count Two. Simply because the same facts will satisfy both offenses does not change the fact that the indictment survives a Double Jeopardy multiplicity challenge.

For the foregoing reasons, defendant's motion to dismiss Count One of the second superseding indictment must be denied.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney


/s/Jennifer Rada Herrald
JENNIFER RADA HERRALD
Assistant United States Attorney
WV State Bar No. 12181
300 Virginia Street East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax:  304-347-5104
E-mail: Jennifer.herrald@usdoj.gov

---

[1] As 18 U.S.C. § 2427, which became law in 1998, merely supplies a clarification as to what can be included as 8the sexual activity that can violate § 2422(b), it has been included, whether implicitly or explicitly, in every case charging a violation of § 2422(b) for approximately 25 years.

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "Response of the United States to Defendant's Motion to Dismiss Count One of the Second Superseding Indictment" has been electronically filed and service has been made on opposing counsel by electronic mail this the 13th day of March, 2023, to:

David R. Bungard
Assistant Federal Public Defender
300 Virginia St. E., Rm. 3400
Charleston, WV 25301
David_bungard@fd.org

/s/Jennifer Rada Herrald
JENNIFER RADA HERRALD
Assistant United States Attorney
WV State Bar No. 12181
300 Virginia Street East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax:  304-347-5104
E-mail: Jennifer.herrald@usdoj.gov