**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

**UNITED STATES OF AMERICA**

**v.**                                                    **CRIMINAL NO. 3:22-cr-00087**

**ALEX KAI TICK CHIN**

**Response of the United States to Defendant's Motions to Sever Count Three
and Exclude Evidence of Prior Conviction at Trial**

Comes now the United States of America by Jennifer Rada Herrald, Assistant United States Attorney for the Southern District of West Virginia, and hereby files this response jointly addressing defendant's motions to sever Count Three of the second superseding indictment and exclude evidence of his prior child pornography offense. As the prior conviction forms the basis of both of defendant's motions, they are most efficiently addressed together. Under Rule 404(b), the United States is permitted to admit evidence of defendant's prior conviction to prove his motive and intent with regard to Counts One and Two. As such evidence is admissible as to Counts One and Two, there is no reason to sever Count Three. Even if the prior convictions were not otherwise admissible, severance of Count Three is not the appropriate remedy for defendant's concerns.

**A. Background**

Defendant is currently charged in a three-count second superseding indictment with violations of 18 U.S.C. §§ 2251(a), 2260A, and 2422(b). In Count One, defendant is charged with both the completed offense of production of child pornography and the attempt to produce child pornography. In Count Two, defendant is charged with enticement and attempted enticement of a minor. And in Count Three defendant is charged with being required to register as a sex offender at the time of the commission of the crimes alleged in the first two counts.

1

Defendant, a resident of California, began communicating on Snapchat with Minor Female 1 when she was a 16-year-old girl living in Wayne County. Defendant was introduced to Minor Female 1 by Minor Female 2, a 12-year-old girl from Wayne County with whom he had been communicating. Defendant engaged in sexual conversations with both minors and solicited nude images from both minors. During the time frame of December 2020 through February 2021, evidence recovered from defendant's phone corroborated statements from Minor Female 1 that defendant had directed her to produce and send sexually explicit images and videos of herself to him via Snapchat. This conduct began when Minor Female 1 was 16 years old.

Defendant continued to communicate with Minor Females 1 and 2 until March 2022. At that time he drove across the country and attempted, unsuccessfully, to meet both girls in person. He then drove to the United States/Mexico border near El Paso, Texas, and walked over into Mexico for a few hours. Upon his return, CBP officers located sexually explicit images of Minor Female 1 on one of his phones. Defendant also advised a CBPO officer that he believed Minor Female 1 to be 13 years old.

Prior to beginning his communications with Minor Females 1 and 2, defendant was convicted in California of possession of obscene material depicting minors engaged in sexual conduct, in violation of California Penal Code § 311.11(a). Based upon this conviction he was required to registered as a sex offender, and he was registered as a sex offender in California during the time frame relevant to this case.

## B. Rule 404(b) and Prior Conviction Evidence

Defendant has moved to exclude any evidence at trial of defendant's prior conviction at trial, including pursuant to Fed. R. Evid. 404(b).[1] The United States would intend to introduce evidence of this prior conviction pursuant to Rule 404(b) through a narrow stipulation. Such a stipulation would merely inform the jury that defendant had previously been convicted in the States of California of Possession of Obscene Material Depicting a Minor and would have no further details about the crime itself.

Rule 404(b) permits evidence of a defendant's prior crimes, wrongs, or other "bad acts" to prove "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident," but only if relevant, necessary, and reliable.  *See generally, United States v. Penniegraft*, 641 F.3d 566, 574 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 564 (2011); *United States v. Basham*, 561 F.3d 302, 325-30 (4th Cir. 2009). The Fourth Circuit has held that "Rule 404(b) is an inclusive rule that allows admission of evidence of other acts relevant to an issue at trial except that which proves *only* criminal disposition." *United States v. Watford*, 894 F.2d 665, 671 (4th Cir. 1990) (emphasis added), *citing United States v. Masters*, 622 F.2d 83, 85 (4th Cir. 1980).  The Fourth Circuit has also noted that the list of circumstances set forth in the rule itself under which evidence may be found relevant for Rule 404(b) is "merely illustrative and not exclusionary." *Masters*, 622 F.2d at 86. The number of reasons that justify admission of evidence under the rule has been described as "infinite." *Id.*

---

[1] The United States had not previously filed a formal Rule 404(b) disclosure as to defendant's prior conviction, but it now does so through this response. There is no particular date by which the government must disclose its intent to introduce evidence pursuant to Rule 404(b), and defendant is not prejudiced by disclosure at this time as he has already filed a motion, currently being litigated, to exclude the proffered evidence.

Evidence of prior crimes or bad acts is admissible under Rule 404(b) when it meets the following criteria:

> (1)      The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant.  In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or element of the offense. (3) The evidence must be reliable.  And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

*United States v. Johnson*, 617 F.3d 286, 296-97 (4th Cir. 2010), *citing United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997).

"For evidence to be relevant, it must be 'sufficiently related to the charged offense.'" *United States v. McBride*, 676 F.3d 385, 397 (4th Cir. 2012).  "[T]he more closely the prior act is related to the charged conduct – either in time, pattern, or state of mind – the more probative it is of the defendant's intent or knowledge in relation to the charged conduct."  *Johnson*, 617 F.3d at 297.

Defendant's prior conviction for possession of child pornography is highly relevant to prove elements of Counts One and Two, particularly with regard to his intent. While production of child pornography charged in Count One is a strict liability offense with regard to a victim's age, Count Two requires the United States to prove that defendant either believed the victim to be a minor or *intended* for the victim to be a minor. Defendant has offered no stipulation regarding how old he believed Minor Female 1 to be, so evidence regarding his intent that she be a minor is critical to the government's case. A relatively recent conviction for possession of materials depicting minors engaged in sexual conduct is highly relevant to the question of defendant's motive and intent to persuade, entice, induce, and coerce *a minor* to produce pornography, as charged in Count Two. The distinct similarities between the conduct (both in terms of the goal of

the conduct and defendant's state of mind in committing both offenses) only serves to increase the relevance of the prior offense.

For this same reason the evidence is necessary, as it is probative of an essential element of the § 2422(b) offense — defendant's intent for Minor Female 1 to be under the age of 18. The evidence is also unquestionably reliable as it is a documented criminal conviction.

The only remaining question is the Rule 403 balancing test for *unfair* prejudice. For evidence to meet the first two criteria under Rule 404(b) — relevance and necessity — it would inherently be prejudicial to the defendant; all highly relevant evidence is prejudicial to a defendant. *Unfair* prejudice addresses something more; it "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt *on a ground different from proof specific to the offense charged.*" *United States v. Bajoghli*, 785 F.3d 957, 966 (4th Cir. 2015) (emphasis in original).

Rule 403 "is a rule of inclusion, generally favoring admissibility." *United States v. Udeozor*, 515 F.3d 260, 264–65 (4th Cir. 2008) (cleaned up). For this reason, "[w]here evidence is probative, 'the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly.'" *United States v. Lentz*, 524 F.3d 501, 525 (4th Cir. 2008) (quoting *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996)). Further, when probative evidence is "no more sensational or disturbing than" the offense on trial, it is generally not excluded under Rule 403. *United States v. Byers*, 649 F.3d 197, 210 (4th Cir. 2011).

In this case, the probative value of defendant's prior conviction is not substantially outweighed by any risk of unfair prejudice, and the evidence (in the form of either a stipulation or the conviction documents) should be admitted under Rule 404(b). Such a neutral recounting of the basic fact of a prior conviction is not the type of information that is likely to subordinate reason to

emotion in the jury. Moreover, the mere fact of a prior conviction is far less sensational and disturbing than the evidence the jury will see and hear directly related to the charged offenses, including the vulgar directions from defendant detailing exactly what sexually explicit conduct he wanted to see from Minor Female 1, the victim's testimony regarding the fact that he threatened self-harm if she did not comply with his demands for child pornography, and the sexually explicit images of Minor Female 1 recovered from his phone. Taken next to a graphic image of a minor's genitals, a brief stipulation is certainly not going to be the "sensational or disturbing evidence" that causes a jury to emotionally convict defendant on evidence other than proof specific to the offense charged.

Other courts in this district have also previously permitted the introduction of evidence of similar prior child pornography or child sexual abuse convictions at trial over defendant's Rule 403 objections. *See, e.g., United States v. Kelly*, Case No. 2:06-cr-00119 (Goodwin, J.), *affirmed, United States v. Kelly*, 510 F.3d 433, 437-38 (4th Cir. 2007); *United States v. Wellman*, Case No. 1:08-cr-00043, ECF No. 110 (Johnston, J.). Indeed, the prior conviction in *Kelly* was far more remote in time — over twenty years prior — and more inflammatory in nature (attempted rape of a child). *Kelly*, 510 F.3d at 437-38. The prior conviction in *Wellman* was also from more than twenty years prior. *Wellman*, ECF No. 110 at 6. The Fourth Circuit has affirmed other cases as well where evidence of a prior child pornography conviction was admitted pursuant to Rule 404(b). *See, e.g., United States v. Whorley*, 550 F.3d 326, 338 (4th Cir. 2008) (prior child pornography conviction admissible to establish that defendant had received child pornography images knowingly, not by accident or mistake, and that he had knowledge that the individuals depicted were minors).

A limiting instruction also can serve to reduce any prejudicial effect by providing the jury with clear guidance on the limited scope of evidence admitted under Rule 404(b). *See United States v. Francisco*, 35 F.3d 116, 119 (4th Cir. 1994) (noting "the presumption that the jury obeyed the limiting instruction of the district court").

Defendant's motion to exclude evidence of defendant's prior conviction for possession of child pornography should be denied, and the United States should be permitted to introduce the evidence of defendant's prior child pornography conviction.

## C. Severance of Count Three

To prove a violation of § 2260A, as charged in Count Three, it is necessary for the government to prove that the defendant was required to register as a sex offender at the time he committed certain specified offenses against a minor, that is, the offenses charged in Counts One and Two. Defendant filed a motion to sever Count Three and have two separate trials, alleging that the introduction of the fact that he had to register as a sex offender would be to the point that severance was necessary. Federal Rule of Criminal Procedure 8(a) provides that "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Generally, the Fourth Circuit interprets Rule 8 "flexibly, requiring [only] that the joined offenses have a 'logical relationship' to one another." *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005).

Federal Rule of Criminal Procedure 14 provides, however, that "[i]f the joinder of offenses . . . in an indictment, an information, or a consolidation for trial appears to prejudice a defendant . . . the court may order separate trials of counts."  Under Rule 14, "[t]he party seeking a severance

7

bears the burden of demonstrating a strong showing of prejudice," *United States v. Branch*, 537 F.3d 328, 341 (4th Cir. 2008), and the making of such a showing is "a difficult task," *United States v. Blair*, 661 F.3d 755, 770 (4th Cir. 2011). Cases requiring severance of counts will be "rare," as "[i]t is not enough for the defendant to show that severance offers him a better chance of acquittal." *Cardwell*, 433 F.3d at 387. Rather, the Supreme Court has admonished that severance under Rule 14 should be granted "*only* if there is a serious risk that a joint trial would … prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). When the evidence of joined crimes "would be mutually admissible for legitimate purposes in separate trials for each offense," the risk of prejudice is "greatly diminished." *United States v. Cole*, 857 F.2d 971, 974 (4th Cir. 1988). Because of the prospect of duplicating witness testimony, impaneling additional jurors or wasting limited judicial resources, joinder is the rule rather than the exception. *United States v. Hawkins*, 589 F.3d 694, 700-01 (4th Cir. 2009).

As discussed above, Rule 404(b) allows the introduction of defendant's prior child pornography offense at a trial on Counts One and Two. As the jury will already appropriately hear evidence that defendant has been convicted of a child pornography crime, there is no longer an identifiable risk of prejudiced posed by the jury learning that he was required to register as a sex offender as a result of that conviction. There is accordingly no basis to sever Count Three.

Even if the prior conviction of child pornography was found to be inadmissible, severance is not the appropriate remedy. Instead, the Fourth Circuit has long favored the less drastic option of a limiting instruction. *See, e.g., United States v. Silva*, 745 F.2d 840, 844 (4th Cir. 1984) ("Any prejudicial effect of the necessary introduction of the defendant's past conviction can, we feel, be avoided through the use of a limiting instruction."). Even when defendants or offenses are misjoined under Rule 8, a proper limiting instruction can render the error harmless. *See United*

*States v. Mackins*, 315 F.3d 399, 415 (4th Cir. 2003) (proper limiting instruction was able to "mitigate the effect of any possible spillover of prejudicial evidence" even where offenses were not properly joined).

Accordingly, a limiting instruction would be the appropriate remedy to defendant's concerns, not severance into two different trials. To the extent that the Court would find that the evidence of defendant's prior conviction was inadmissible and the preferred remedy of a limiting instruction was insufficient, a bifurcated trial before a single jury would be more appropriate than severance into separate trials.

### D. Conclusion

For the foregoing reasons, defendant's prior child pornography conviction is admissible pursuant to Rule 404(b) and defendant's motion to sever Count Three is moot. Even if the prior conviction was not otherwise admissible, a limiting instruction by the Court is favored over the drastic remedy of severance. Defendant's motions should be denied.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

/s/Jennifer Rada Herrald
JENNIFER RADA HERRALD
Assistant United States Attorney
WV State Bar No. 12181
300 Virginia Street East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax:  304-347-5104
E-mail: Jennifer.herrald@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "Response of the United States to Defendant's Motions to Sever Count Three and Exclude Evidence of Prior Conviction at Trial" has been electronically filed and service has been made on opposing counsel by electronic mail this the 13th day of March, 2023, to:

> David R. Bungard
> Assistant Federal Public Defender
> 300 Virginia St. E., Rm. 3400
> Charleston, WV 25301
> David_bungard@fd.org

> /s/Jennifer Rada Herrald
> JENNIFER RADA HERRALD
> Assistant United States Attorney
> WV State Bar No. 12181
> 300 Virginia Street East
> Room 4000
> Charleston, WV 25301
> Telephone:  304-345-2200
> Fax:  304-347-5104
> E-mail: Jennifer.herrald@usdoj.gov