IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:22-cr-00087

ALEX KAI TICK CHIN

**Response of the United States to Defendant's Motion in Limine
to Exclude Other Bad Acts Evidence at Trial**

Comes now the United States of America by Jennifer Rada Herrald, Assistant United States Attorney for the Southern District of West Virginia, and hereby files this response to defendant's motion to exclude evidence under Rule 404(b). While the United States will separately address each category of evidence to which defendant objects, as a whole defendant's motion should be denied as either meritless or moot. Much of the evidence defendant seeks to exclude is intrinsic to the offenses charged and is necessary to complete the story of the crime on trial. Even if found to be extrinsic, the evidence would be admissible for a variety of permissible purposes under Rule 404(b). Finally, the United States has no intention of introducing certain evidence to which defendant objects.

A.  **Factual Background**

Defendant is currently charged in a three-count second superseding indictment with violations of 18 U.S.C. §§ 2251(a), 2260A, and 2422(b). In Count One, defendant is charged with both the completed offense of production of child pornography and the attempt to produce child pornography. In Count Two, defendant is charged with enticement and attempted enticement of a minor. And in Count Three defendant is charged with being required to register as a sex offender at the time of the commission of the crimes alleged in the first two counts.

1

Defendant, a resident of California, began communicating on Snapchat with Minor Female 1 when she was a 16-year-old girl living in Wayne County. Defendant was introduced to Minor Female 1 by Minor Female 2, a 12-year-old girl from Wayne County with whom he had also been communicating on Snapchat. Defendant engaged in sexual conversations with both minors and solicited nude images from both minors. During the time frame of December 2020 through February 2021, evidence recovered from defendant's phone corroborated statements from Minor Female 1 that defendant had directed her to produce and send sexually explicit images and videos of herself to him via Snapchat. This conduct began in early December 2020, when Minor Female 1 was 16 years old, and continued through at least February 14, 2021. Minor Female 1 turned 17 during the time frame charged in the indictment. Defendant also engaged in Snapchat conversation with Minor Female 3, the younger sister of Minor Female 1. Minor Female 3, however, blocked defendant on Snapchat.

Defendant continued to communicate with Minor Females 1 and 2 until March 2022. At that time he drove across the country and attempted, unsuccessfully, to meet both girls in person. He then drove to the United States/Mexico border near El Paso, Texas, and walked over into Mexico for a few hours. Upon his return, CBP officers located sexually explicit images of Minor Female 1 on one of his phones.

Minor Females 1, 2, and 3 were interviewed subsequent to the discovery of the nude images on defendant's phone. Minor Female 2 was the first to begin communicating with defendant when she was approximately 12 years old, and she introduced him to both Minor Female 1 and Minor Female 3. Defendant had similar conversations with Minor Female 1 and Minor Female 2; both described how defendant would ask for nude photos of them and threaten to harm himself with a knife if they did not comply. Minor Female 3 indicated during her interview that she witnessed a

Facetime conversation between defendant and Minor Females 1 and 2 during which the girls' ages were discussed. Per the statements of the girls, defendant spoke to them both together and individually.

A forensic analysis of defendant's phone has revealed some communications between him and other minor females. Some conversations make reference to Minor Female 2's young age. Images of Minor Female 2's bare breasts were also recovered from his phone. At the time of the seizure of defendant's phone, defendant had a clothed picture of Minor Female 1 as his lock screen background, and a photograph of Minor Female 2 was an alternative background.

While the time frame for the indictment covers the time frame from which sexually explicit images of Minor Female 1 were saved to defendant's phone, his interactions with her both pre-dated and post-dated this time frame. These conversations constitute an ongoing story of the relationship between defendant and Minor Female 1. Moreover, these conversations contain information, such as discussion of Minor Female 1 being in high school, that are relevant to demonstrating defendant's knowledge of her age at the time frame charged in the indictment.

Prior to beginning his communications with Minor Females 1 and 2, defendant was convicted in California of possession of obscene material depicting minors engaged in sexual conduct, in violation of California Penal Code § 311.11(a). Based upon this conviction he was required to registered as a sex offender, and he was registered as a sex offender in California during the time frame relevant to this case.

### B. Relevant Law

*1. Intrinsic Evidence*

Evidence of "other bad acts" is distinguishable from "evidence of uncharged conduct [arising] out of the same series of transactions as the charged offense, or [evidence that] is necessary to complete the story of the crime on trial." *United States v. Kennedy*, 32 F.3d 876, 886 (4th Cir. 1994); *see also United States v. Mark*, 943 F.2d 444, 448 (4th Cir. 1991) (evidence related to uncharged criminal activity admissible "where it furnishes part of the context of the crime"); *United States v. Masters*, 622 F.2d 83, 87 (4th Cir. 1980) (evidence related to uncharged criminal activity admissible when it "served to complete the story of the crime on trial"). Such evidence is admissible without reference to Rule 404(b) so long as it is admissible under Fed. R. Evid. 403.

*2. Rule 404(b)*

Defendant has moved to exclude any evidence at trial of defendant's prior conviction at trial, including pursuant to Fed. R. Evid. 404(b).[1] The United States would intend to introduce evidence of this prior conviction pursuant to Rule 404(b) through a narrow stipulation. Such a stipulation would merely inform the jury that defendant had previously been convicted in the States of California of Possession of Obscene Material Depicting a Minor and would have no further details about the crime itself.

---

[1] The United States had not previously filed a formal Rule 404(b) but had previously advised defendant of its intent to disclose Rule 404(b) evidence out of an abundance of caution; however, the United States takes the position that such disclosure is unnecessary because the evidence is intrinsic to the offenses charged and necessary to complete the story of the crime. However, such evidence is also admissible under Rule 404(b). There is no particular date by which the government must disclose its intent to introduce evidence pursuant to Rule 404(b), and defendant has already filed this motion to exclude the evidence under Rule 404(b), so there is no prejudice to defendant.

Rule 404(b) permits evidence of a defendant's prior crimes, wrongs, or other "bad acts" to prove "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident," but only if relevant, necessary, and reliable. *See generally, United States v. Penniegraft*, 641 F.3d 566, 574 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 564 (2011); *United States v. Basham*, 561 F.3d 302, 325-30 (4th Cir. 2009). The Fourth Circuit has held that "Rule 404(b) is an inclusive rule that allows admission of evidence of other acts relevant to an issue at trial except that which proves *only* criminal disposition." *United States v. Watford*, 894 F.2d 665, 671 (4th Cir. 1990) (emphasis added), *citing United States v. Masters*, 622 F.2d 83, 85 (4th Cir. 1980). The Fourth Circuit has also noted that the list of circumstances set forth in the rule itself under which evidence may be found relevant for Rule 404(b) is "merely illustrative and not exclusionary." *Masters*, 622 F.2d at 86. The number of reasons that justify admission of evidence under the rule has been described as "infinite." *Id.*

Evidence of prior crimes or bad acts is admissible under Rule 404(b) when it meets the following criteria:

> (1)   The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant.  In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or element of the offense. (3) The evidence must be reliable.  And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

*United States v. Johnson*, 617 F.3d 286, 296-97 (4th Cir. 2010), *citing United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997).

"For evidence to be relevant, it must be 'sufficiently related to the charged offense.'" *United States v. McBride*, 676 F.3d 385, 397 (4th Cir. 2012). "[T]he more closely the prior act is related to the charged conduct – either in time, pattern, or state of mind – the more probative it is

of the defendant's intent or knowledge in relation to the charged conduct." *Johnson*, 617 F.3d at 297.

    3. *Old Chief and Story of the Crime on Trial*

It is a longstanding general rule that the United States "is entitled to prove its case by evidence of its own choice." *Old Chief*, 519 U.S. 172, 186 (1997); *see also Parr v. United States*, 255 F.2d 86, 88 (5th Cir. 1958). As the prosecution bears the substantial burden of proving its case beyond a reasonable doubt, it is permitted to present the "fair and legitimate weight" of its evidence through testimony to both meet the "formal definition of an offense" and "tell a colorful story with descriptive richness." *Old Chief*, 519 U.S. at 187. The government is appropriately allowed to introduce evidence that places a crime in context and tells the jury the narrative of the offense. *Id.* Such evidence is admissible "to tell a story of guiltiness" and "to convince the jurors that a guilty verdict would be morally reasonable." *Id.* at 188. The prosecution is not limited to presenting evidence that meets only the bare minimum required to prove the technical elements of a defendant's crime. *Id.* at 188-89. Even if a defendant agrees to stipulate to certain evidence (which defendant here has no indicated he plans to do), reliance upon a sterile stipulation is "never more than second best" compared to the actual facts of a case. It is for this reason that a defendant is not permitted to "stipulate the evidence away" and undercut the government's right to present "robust evidence" to prove its case. *Id.* at 189.

    4. *Rule 403*

Rule 403 allows a district court to exclude otherwise relevant evidence where the probative value of the evidence is "substantially outweighed" by a risk of, in relevant part, unfair prejudice or needlessly presenting cumulative evidence. Rule 403 is a rule of inclusion that generally favors admissibility. *United States v. Udeozor*, 515 F.3d 260, 264-65 (4th Cir. 2008). For this reason,

"[w]here evidence is probative, 'the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly.'" *United States v. Lentz*, 524 F.3d 501, 525 (4th Cir. 2008) (quoting *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996)).

While the district court is tasked with avoiding unfair prejudice, this does not involve "scrub[bing] the trial clean of all evidence that may have an emotional impact, where the evidence is part of the Government's narrative." *United States v. Morales-Aldahondo*, 524 F.3d 115, 120 (1st Cir. 2008). Further, when probative evidence is "no more sensational or disturbing than" the offense on trial, it is generally not excluded under Rule 403. *United States v. Byers*, 649 F.3d 197, 210 (4th Cir. 2011).

All relevant evidence introduced by the government is inherently prejudicial, as it is designed to show that a defendant is guilty of the charged offense. *See United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998) ("Evidence that is highly probative invariably will be prejudicial to the defense."). Rule 403 prejudice, on the other hand, relates not to prejudice but to *unfair* prejudice, which "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt *on a ground different from proof specific to the offense charged*." *United States v. Bajoghli*, 785 F.3d 957, 966 (4th Cir. 2015) (emphasis in original). The admission of evidence of high probative value that is "contemporaneous evidence relevant both to the context and to the crime" simply does not implicate the prejudice addressed by Rule 403. *United States v. Dunford*, 148 F.3d 385, 396 (4th Cir. 1998). When evidence directly establishes an element of the offense, there is "no question whether its probative value was substantially outweighed by its prejudicial effect." *Grimmond*, 137 F.3d at 833.

Just this month the Fourth Circuit reiterated its prior holdings that Rule 403 prejudice does not apply to facts that are contemporaneous to and part of the offense on trial. In *United States v.*

7

*Miller*, the Fourth Circuit reversed the exclusion of government evidence under Rule 403 because such evidence "relate[d] directly to the offense charged." ___ F.4th ___, 2023 WL 2358756 at *4 (4th Cir. 2023). The evidence involved the graphic description of Miller having sex with his 14-year-old sister. *Id.* However, the opinion made clear that the fact that "a jury may find the details of the offense egregious does not make the admission of those details unfair." *Id.* The case also reiterated the holding in *Old Chief*, recognizing that a court performing a Rule 403 balancing test "must keep in mind 'the offering party's need for evidentiary richness and narrative integrity in presenting the case." *Id.* at *2, *quoting Old Chief*, 519 U.S. at 183.

### C. Relevant Disputed Elements of Charged Conduct

When assessing the admissibility of evidence, particularly under Rule 404(b), the elements in contention are key. Rule 404(b) turns on the purpose of the extrinsic evidence, and in this case, to the extent that the evidence actually is intrinsic, it would be used to prove defendant's motive, intent, and plan to persuade, induce, entice, and coerce Minor Female 1 to produce sexually explicit images of Minor Female 1 and his knowledge of Minor Female 1's age.

While production of child pornography charged in Count One is a strict liability offense with regard to a victim's age, Count Two requires the United States to prove that defendant either believed the victim to be a minor or *intended* for the victim to be a minor. Defendant has offered no stipulation regarding how old he believed Minor Female 1 to be, so evidence regarding his intent that she be a minor is critical to the government's case.

### D. Discussion

The United States will separately address the admissibility of each category of evidence to which defendant objects.

*1. Communications and related testimony after February 14, 2021*

Defendant objects to the admission of any communications, or testimony related thereto, for any interactions between defendant and Minor Female 1 following the February 14, 2021, end date of the charged conduct. This evidence, however, is part of the story of the crime on trial — defendant's enticement of a minor to produce child pornography. His ongoing communications with the minor, including discussions regarding them being in a dating relationship, are relevant to show the jury the nature of defendant's interactions with Minor Female 1. Defendant cites to no case that precludes such evidence from being admitted. Moreover, certain specific comments — such as a discussion in March of 2022 about defendant coming back to West Virginia after Minor Female 1 graduates — are highly relevant to establishing defendant's awareness of her age. This is not unrelated conduct that would cause the jury to decide the case on grounds other than the charged conduct; it instead places the crime in context and provides additional evidence that goes directly to an element of one of the charges.

Even if these communications were not deemed to be intrinsic, such conversations (and related testimony), particularly regarding Minor Female 1 still being in high school more than a year after he started coercing her into producing child pornography, are admissible under Rule 404(b) to prove defendant's knowledge of the victim's age. Such evidence is not the type of evidence that is going to arouse an emotional verdict by the jury based upon conduct outside the offense, particularly when this testimony is substantially less sensational and disturbing than the images of child pornography the jury will have already seen.

Testimony and evidence related to the entire history between defendant and Minor Female 1 is relevant to the context of the crime on trial and is admissible. Defendant's motion to preclude such evidence should be denied.

*2. Travel to West Virginia in March 2022*

Defendant's travel to West Virginia in March 2022 is part of the context of the relationship between defendant and Minor Female 1 that is the basis of the indictment. While it post-dates the time frame charged in the indictment, it corroborates defendant's ongoing interest in Minor Female 1 (and other minors connected to her). The fact that defendant attempted to approach Minor Female 1 and her younger sister at a public place (and Minor Female 2 at her home) is also conduct that further demonstrates his intent to coerce Minor Female 1. Such conduct — which can easily come across as threatening, as interpreted by Minor Female 2 — is simply another way defendant has engaged in coercive behavior in addition to threatening self-harm if the girls did not send him nude photos. It further demonstrates that his coercive conduct tied to the production of child pornography was not an unintentional mistake by defendant.

Contrary to defendant's assertions, the United States has no intention of contending to the jury that this trip was part of a plan to kidnap or sexually assault the girls. It was, however, part of an ongoing course of conduct involving defendant manipulating, threatening, and coercing minors. Such evidence is admissible both as part of the crime on trial and under Rule 404(b).

*3. Opinions that defendant was a child molester*

The United States has no intention of calling any witnesses to testify that they believe defendant to be a child molester.

*4. Prior conviction/sex offender status*

The admissibility of defendant's prior child pornography conviction and sex offender status are addressed in a separate response to defendant's motion to exclude the prior conviction and sever Count Three of the second superseding indictment.

5. *Evidence Related to Minor Female 2 and Minor Female 3*

Testimony by Minor Female 2 and Minor Female 3 regarding their communications with defendant are inextricably intertwined with the charged offense. Minor Female 2 was the person who introduced defendant to Minor Female 1. According to Minor Female 3, on at least one occasion defendant was simultaneously talking to Minor Female 1 and Minor Female 2 on a video chat. All three of these girls were in communication with defendant during the same time frame, and all three conversations were of a similar nature (except that Minor Female 3 blocked defendant and never sent any images). Defendant discussed Minor Female 2 and Minor Female 3 with Minor Female 1. All three minor girls discussed defendant with each other. Defendant's conversations and interactions with all three girls provide the core of the offense conduct.

Without testimony from Minor Females 2 and 3, the full scope of defendant's conduct will be withheld from the jury. As explained in *Old Chief* and various cases from the Fourth Circuit, the United States is permitted to tell the colorful and rich narrative of the offense. The story of this offense is the ongoing campaign by defendant against three interconnected minors. Without hearing from Minor Female 2, the jury would have no context for how Minor Female 1 met defendant and what Minor Female 2 told her about him when she introduced them. Minor Female 3 provides additional, contemporaneous context for the types of communication defendant was attempting to have with both her and her sister. The defendant's communications with all three of these closely connected girls tell the story of his offense.

Defendant's communications with Minor Female 1 did not occur in a vacuum. They occurred in connection with his conversations with two other girls in her life – her young friend and her younger sister. This evidence, as explained in *Dunford*, is the exact type of

"contemporaneous evidence relevant both to the context and to the crime" that simply does not implicate the prejudice addressed by Rule 403. *Dunford*, 148 F.3d at 396.

While it is not necessary to turn to Rule 404(b) to admit evidence regarding defendant's communications with Minor Females 2 and 3, such evidence is admissible to prove defendant's intent, motive, plan, and knowledge of the victim's age. Testimony from the other two girls about defendant's knowledge of their ages is relevant to demonstrating that defendant knew that Minor Female 1 was a minor (or otherwise intended that she be a minor), which is a critical element of Count Two. That defendant was engaging in similar communications with the very 12-year-old girl who introduced him to Minor Female 1, including his solicitation of topless photos from her and threatening self-harm if she did not send them, demonstrates his intent to use these girls to produce nude images. It also demonstrates his plan, which was to pressure and manipulate these girls into sending him child pornography.

As to Rule 403, to the extent that it even applies to this evidence, there is no risk of unfair prejudice that could substantially outweigh the substantive value of the evidence. When compared to the evidence regarding Minor Female 1, testimony from Minor Females 2 and 3 about their interactions with defendant would involve less explicit images (or no images at all, as to Minor Female 3) and otherwise are no more egregious or salacious than the evidence regarding Minor Female 1 directly. As the evidence is closely connected to the offense, there is also no risk that a juror would improperly decide the case on grounds unrelated to the charged conduct. Rule 403 does not provide defendant with a shield to erase relevant parts of his conduct related to Minor Female 1, her friend, and her sister simply because it makes him look like a focused predator intent on manipulating this group of girls into producing child pornography.

The proffered evidence related to Minor Females 2 and 3 is not admitted to make defendant look like a "bad guy" in general; it is meant to provide the jury with a complete picture of defendant's conduct regarding a cluster of girls in West Virginia that resulted in him coercing one of them to produce child pornography. As such, it is admissible, and defendant's motion should be denied as to this evidence.

Defendant's reliance on *United States v. Brizuela* is misplaced. The interactions between defendant and Minor Females 2 and 3 are not the type of evidence described in *Brizuela* as "separate from or unrelated to the charged offense." *Brizuela*, 962 F.3d 784, 793 (4th Cir. 2020). *Brizuela* involved testimony from four patients of a neurologist on trial for drug distribution; however, those patients were neither connected to the counts of distribution charged nor directly connected to the patients related to those charges. For this case to be analogous to *Brizuela*, Minor Females 2 and 3 would have to be unrelated minors with no connection to Minor Female 1 at all.[2] *Brizuela* is therefore inapplicable to this case.

6. *Other evidence from defendant's phone*

While not addressed in defendant's motion, the United States also plans to introduce other evidence from defendant's phone indicating his sexual interest in underage girls, including key words found on his phone that are consistent with child pornography and searches within his browser history related to sexual activity with teens. As defendant's knowledge of Minor Female 1's age (or his intent regarding her age) is a disputed element, evidence from his phone regarding his sexual attraction to minors is relevant to show his intent and motive regarding Minor Female 1. Such evidence is reliable, goes directly to an element of the offense, and is not unfairly

---

[2] On this point, defendant's phone revealed other conversations with apparent minors that were similar in nature. However, as those minors have no direct connection to Minor Female 1 or her interactions with defendant, the United States does not seek to introduce them under Rule 404(b).

13

prejudicial. As addressed separately, defendant's prior conviction for child pornography is admissible under Rule 404(b); additional evidence from defendant's phone corroborating his sexual interest in minors is not the type of evidence that will result in an irrational response from the jury. Instead, the evidence will serve as another piece of evidence demonstrating that defendant intended for Minor Female 1 to be under the age of 18 when he coerced her into producing child pornography. Browser history is far less inflammatory than the images of child pornography that the jury will see as direct evidence of the crime itself, and as such there is no significant risk of unfair prejudice resulting from introduction of this evidence.

### E. Conclusion

For the foregoing reasons, defendant's motion to exclude evidence should be denied.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney


/s/Jennifer Rada Herrald
JENNIFER RADA HERRALD
Assistant United States Attorney
WV State Bar No. 12181
300 Virginia Street East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: Jennifer.herrald@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "Response of the United States to Defendant's Motion in Limine to Exclude Other Bad Acts Evidence at Trial" has been electronically filed and service has been made on opposing counsel by electronic mail this the 13th day of March, 2023, to:

>David R. Bungard
>Assistant Federal Public Defender
>300 Virginia St. E., Rm. 3400
>Charleston, WV 25301
>David_bungard@fd.org

>/s/Jennifer Rada Herrald
>JENNIFER RADA HERRALD
>Assistant United States Attorney
>WV State Bar No. 12181
>300 Virginia Street East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>E-mail: Jennifer.herrald@usdoj.gov