**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT HUNTINGTON**

**UNITED STATES OF AMERICA**

**v.**                                                    **CRIMINAL NO. 3:22-cr-00087**

**ALEX KAI TICK CHIN**

**Response of the United States to Defendant's Motion**
**in Limine to Limit the Number of Files Containing**
**Child Pornography that are Shown to the Jury at Trial**

Comes now the United States of America by Jennifer Rada Herrald, Assistant United States Attorney for the Southern District of West Virginia, and hereby files this response to defendant's motion to limit the United States to showing only three images of child pornography to the jury.

Defendant argues that the United States should have its case limited to the presentation of only three child pornography images of Minor Female 1 because the images saved on defendant's phone would not "be pleasing" to the average juror. He argues that, under Fed. R. Evid. 403, three images is the limit before such evidence becomes cumulative and unfairly prejudicial. This is contrary to the law and must be denied. Moreover, while defendant's arguments might make some sense for a simple possession of child pornography case, the enticement charge calls for the presentation of all of the conduct between defendant and Minor Female 1 to show the ongoing persuasion, enticement, inducement, and coercion for her to produce child pornography.

**A. Relevant Background**

Law enforcement has, at this time, recovered approximately 26 nude images depicting Minor Female 1 from defendant's cell phone. Some of these images are child erotica (nude photos of Minor Female 1's breasts) that are still highly relevant to show the ongoing nature of defendant's

1

interactions with his victim. The United States intends to introduce all nude images of Minor Female 1 to the jury to capture the ongoing abuse by defendant.

**B.  Relevant Law**

It is a longstanding general rule that the United States "is entitled to prove its case by evidence of its own choice." *Old Chief*, 519 U.S. 172, 186 (1997); *see also Parr v. United States*, 255 F.2d 86, 88 (5th Cir. 1958). As the prosecution bears the substantial burden of proving its case beyond a reasonable doubt, it is permitted to present the "fair and legitimate weight" of its evidence through testimony to both meet the "formal definition of an offense" and "tell a colorful story with descriptive richness." *Old Chief*, 519 U.S. at 187. The government is appropriately allowed to introduce evidence that places a crime in context and tells the jury the narrative of the offense. *Id.* Such evidence is admissible "to tell a story of guiltiness" and "to convince the jurors that a guilty verdict would be morally reasonable." *Id.* at 188. The prosecution is not limited to presenting evidence that meets only the bare minimum required to prove the technical elements of a defendant's crime. *Id.* at 188-89. Even if a defendant agrees to stipulate to certain evidence (which defendant here has no indicated he plans to do), reliance upon a sterile stipulation is "never more than second best" compared to the actual facts of a case. It is for this reason that a defendant is not permitted to "stipulate the evidence away" and undercut the government's right to present "robust evidence" to prove its case. *Id.* at 189.

Rule 403 allows a district court to exclude otherwise relevant evidence where the probative value of the evidence is "substantially outweighed" by a risk of, in relevant part, unfair prejudice or needlessly presenting cumulative evidence. Rule 403 is a rule of inclusion that generally favors admissibility. *United States v. Udeozor*, 515 F.3d 260, 264-65 (4th Cir. 2008). For this reason, "[w]here evidence is probative, 'the balance under Rule 403 should be struck in favor of

admissibility, and evidence should be excluded only sparingly.'" *United States v. Lentz*, 524 F.3d 501, 525 (4th Cir. 2008) (quoting *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996)).

While the district court is tasked with avoiding unfair prejudice, this does not involve "scrub[bing] the trial clean of all evidence that may have an emotional impact, where the evidence is part of the Government's narrative." *United States v. Morales-Aldahondo*, 524 F.3d 115, 120 (1st Cir. 2008). Further, when probative evidence is "no more sensational or disturbing than" the offense on trial, it is generally not excluded under Rule 403. *United States v. Byers*, 649 F.3d 197, 210 (4th Cir. 2011).

All relevant evidence introduced by the government is inherently prejudicial, as it is designed to show that a defendant is guilty of the charged offense. *See United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998) ("Evidence that is highly probative invariably will be prejudicial to the defense."). Rule 403 prejudice, on the other hand, relates not to prejudice but to *unfair* prejudice, which "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt *on a ground different from proof specific to the offense charged*." *United States v. Bajoghli*, 785 F.3d 957, 966 (4th Cir. 2015) (emphasis in original). The admission of evidence of high probative value that is "contemporaneous evidence relevant both to the context and to the crime" simply does not implicate the prejudice addressed by Rule 403. *United States v. Dunford*, 148 F.3d 385, 396 (4th Cir. 1998). When evidence directly establishes an element of the offense, there is "no question whether its probative value was substantially outweighed by its prejudicial effect." *Grimmond*, 137 F.3d at 833.

Just this month the Fourth Circuit reiterated its prior holdings that Rule 403 prejudice does not apply to facts that are contemporaneous to and part of the offense on trial. In *United States v. Miller*, the Fourth Circuit reversed the exclusion of government evidence under Rule 403 because

such evidence "relate[d] directly to the offense charged." ___ F.4th ___, 2023 WL 2358756 at *4 (4th Cir. 2023). The evidence involved the graphic description of Miller having sex with his 14-year-old sister. *Id.* However, the opinion made clear that the fact that "a jury may find the details of the offense egregious does not make the admission of those details unfair." *Id.* The case also reiterated the holding in *Old Chief*, recognizing that a court performing a Rule 403 balancing test "must keep in mind 'the offering party's need for evidentiary richness and narrative integrity in presenting the case." *Id.* at *2, *quoting Old Chief*, 519 U.S. at 183.

With regard to evidence being unnecessarily cumulative, there is no bright line rule as to when evidence crosses a line to being so cumulative as to substantially outweigh the probative value of evidence. However, as *Dunford* made clear, even a stipulation between the parties does not preclude the admission of additional evidence of the stipulated fact. Dunford argued that the evidence was unfairly prejudicial since he had already stipulated to being a user of controlled substances for the charge of possession of a firearm by an unlawful user of drugs. *Dunford*, 148 F.3d at 395. This Court found no abuse of discretion in admitting the evidence because such evidence was "a relevant part of the very transactions leading to Dunford's arrest and indictment in *this case*." *Id.* at 396 (emphasis in original). The evidence was appropriately admitted because "to omit these highly relevant facts would have unduly cramped [the government's] case." *Id.*

Numerous courts have also made rulings affirming the admission of child pornography at trial despite an objection alleging the evidence to be cumulative. *See, e.g., United States v. Jeffrey M. W.*, 53 F.4th 1104, 1108-09 (7th Cir. 2022) (affirming the admission of 16 images of child pornography as not unnecessarily cumulative, even with a stipulation regarding images containing child pornography); *United States v. Blanks*, 985 F.3d 1070, 1074 (8th Cir. 2021) (affirming admission of 42 images of child pornography); *United States v. Ross*, 837 F.3d 85 (1st Cir. 2016)

4

(when child pornography images went to a contested element, they "served a valid, non-cumulative purpose"); *United States v. Mellies*, 329 F. App'x 592, 598-601 (6th Cir. 2009) (affirming the admission of approximately 1,600 images and publication of 114 images to prove a single count of possession of child pornography).

### C. Argument

The United States should be permitted to admit and publish all nude images of Minor Female 1 located on defendant's phone. This would result in the brief publication of approximately 26 images, some of which are not child pornography but are rather part of the ongoing story of the crime and defendant's grooming of the victim. Under *Old Chief* and Fourth Circuit precedent, the United States is entitled to present its case as it chooses without a defendant trying to limit a jury from seeing evidence simply because it is unpleasant. Moreover, where each image is probative of defendant's ongoing enticement of a minor and relevant to contested facts, the evidence has high probative value that is not substantially outweighed by any risk of it being unnecessarily cumulative. Defendant's motion should be denied.

Defendant asserts no basis for his arbitrary selection of three images as the cut-off for evidence becoming cumulative, and he is not entitled to prevent the jury from seeing evidence simply because it is "egregious." *See Miller*, ___ F.4th ___, 2023 WL 2358756 at *4. Each image produced contributes to the complete narrative of the crime on trial, and defendant's request would "unduly cramp" the government's case in contradiction of binding precedent. *See Dunford*, 148 F.3d at 395. As the Fourth Circuit has now repeatedly held, evidence of the crime itself is simply not the type of evidence that can constitute unfair prejudice under Rule 403. Defendant cannot minimize the facts presented to the jury solely to make his conduct *in committing the crime* appear less egregious.

The Eleventh Circuit recently found a district court abused its discretion when it barred the United States from showing images or videos of child pornography at trial under Rule 403 despite the defendant being charged with multiple child pornography offenses. *United States v. Rodriguez*, 797 F. App'x 475, 480 (11th Cir. 2019). The court found that "Rule 403 creates no requirement that the government choose the least prejudicial method of proving its case, nor is it meant to sanitize the facts or to mitigate a crime." *Id.* (cleaned up, internal citations omitted). Numerous appellate courts have also affirmed district courts' rejection of motions to exclude child pornography under Rule 403. *See, e.g., United States v. Ganoe*, 538 F.3d 1117, 1123 (9th Cir. 2008) (allowing introduction of images despite defendant's offer to stipulate that they met the definition of child pornography); *United States v. Dodds*, 347 F.3d 893, 897-99 (11th Cir. 2003) (admitting images because the images had "multiple probative value" related to more than one element of the offense); *United States v. Becht*, 267 F.3d 767, 774 (8th Cir. 2001) (images admissible as no alternative evidence carried the same "evidentiary richness" and the proposed stipulation failed to fully satisfy the government's burden of proof as to all elements addressed by the images).

In this case, many of the child pornography images have particular significance. At least six images of child pornography are tied directly to specific messages from defendant requesting the victim to send images of particular parts of her body. Each of these instances is thus of high probative value to both Counts One and Two of the second superseding indictment, and when the United States must prove actions happened over a period of time, evidence of numerous instances throughout the time frame cannot be needlessly cumulative. Each image sent by the victim at defendant's request is evidence of a different occasion of defendant inducing a minor to produce

and send him child pornography. Defendant does not get to sanitize the government's case to minimize the number of times he caused the minor to produce and send sexually explicit images.

The nature of the charges in this case also undermines defendant's arguments. While the publication of dozens of images to prove that defendant possessed child pornography may run close to the line of being unnecessarily cumulative, this case does not involve numerous images to prove collective conduct at a single point in time. (Moreover, several circuits would see no problem with the United States introducing multiple images to prove a single instance of possession.) To prove defendant's ongoing conduct over the charged timeframe, each instance of criminal conduct during that time frame is independently probative rather than unnecessarily redundant. Moreover, defendant is charged in both Counts One and Two with attempting to commit the offense (in addition to completing the offense)—there is no justification under Rule 403 to exclude images that each constitute a substantial step of the crime. This applies both to the sexually explicit images and the images of the victim's nude breasts, as each step of the grooming process is a substantial step of the attempt to entice a minor to produce child pornography. Defendant chose to take incremental steps to achieve his goal of child pornography and he cannot prevent the jury from seeing those steps because simple because they are damaging to his case.

### D.  Conclusion

Binding case law from both the Supreme Court and the Fourth Circuit refutes defendant's argument that evidence of the images he produced as part of the crime itself can be excluded under Rule 403. Defendant's motion to limit the number of images presented by the United States must be denied.

As to defendant's request for the United States to be ordered to provide detailed information about each image that it intends to introduce, the United States would note that defense

counsel and his expert have full access to an unredacted version of the forensic report on defendant's computer. This report bookmarks each image of Minor Female 1 that the United States intends to introduce. As the United States intends to introduce all of the images, defendant can readily determine the file path and other information related to those images based on his own access to the report. Although it is not required, the United States does intend to identify each of its exhibits to defendant prior to trial.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney


/s/Jennifer Rada Herrald
JENNIFER RADA HERRALD
Assistant United States Attorney
WV State Bar No. 12181
300 Virginia Street East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax:  304-347-5104
E-mail: Jennifer.herrald@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "Motion in Limine to Limit the Number of Files Containing Child Pornography that are Shown to the Jury at Trial" has been electronically filed and service has been made on opposing counsel by electronic mail this the 13th day of March, 2023, to:

> David R. Bungard
> Assistant Federal Public Defender
> 300 Virginia St. E., Rm. 3400
> Charleston, WV 25301
> David_bungard@fd.org

> /s/Jennifer Rada Herrald
> JENNIFER RADA HERRALD
> Assistant United States Attorney
> WV State Bar No. 12181
> 300 Virginia Street East
> Room 4000
> Charleston, WV 25301
> Telephone:  304-345-2200
> Fax:  304-347-5104
> E-mail: Jennifer.herrald@usdoj.gov