IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  Criminal No. 3:22-cr-00087

ALEX KAI TICK CHIN

**DEFENDANT'S REPLY TO THE TO GOVERNMENT'S RESPONSE
TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF PRIOR CONVICTION AT TRIAL**

The Government Response has not countered the defendant's argument that his 2017 California conviction for possession of child pornography should be excluded pursuant to Rule 609(a)(1). *See* Dkt. No. 47. The fact that the subject matter of the defendant's prior conviction involved child pornography for which he is presently charged with enticing Minor Female 1 to produce would necessarily raise the specter of unfair prejudice which Rule 609 was meant to address. *See United States v. Sanders*, 964 F.2d 295, 297-298 (4th Cir. 1992). The introduction of the prior possession of child pornography conviction would constitute unnecessary propensity evidence from which the jury could unfairly conclude that the defendant has progressed from simply possessing images of child pornography to a higher level of criminal conduct (i.e., getting minors to take and send pornographic pictures to him).

The Government suggests that the defendant's prior conviction is needed as proof of the defendant's intent to persuade or entice a seventeen-year-old minor to produce pornographic content. The Government does not need to rely upon the

defendant's prior conviction as proof of his intent where the Minor Female 1 is on record as saying that she told her age to the defendant in previous Snapchat conversations. Given that anticipated testimony, a Rule 403 analysis would clearly show that the limited probative value of admitting the defendant's prior conviction would be significantly outweighed by the danger of unfair prejudice to the defendant's case.

For the reasons set forth herein, the defendant respectfully requests that this Motion in Limine be granted and that the Government be precluded from introducing any evidence of, or otherwise referring to, the defendant's prior felony conviction at trial.

Respectfully submitted this 16th day of March, 2023.

**ALEX KAI TICK CHIN**

**By Counsel**

**WESLEY P. PAGE**
**FEDERAL PUBLIC DEFENDER**

<u>**s/David R. Bungard**</u>
David R. Bungard, Bar Number: 5739
Assistant Federal Public Defender
Office of the Federal Public Defender
300 Virginia Street, East, Room 3400
Charleston, West Virginia 25301
Telephone: (304) 347-3350
Facsimile: (304) 347-3356
E-mail: david_bungard@fd.org