## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                          **Criminal No. 3:22-cr-00087**

**ALEX KAI TICK CHIN**

### DEFENDANT'S REPLY
### TO THE UNITED STATES' RESPONSE TO
### DEFENDANT'S MOTION IN LIMINE
### TO EXCLUDE OTHER BAD ACTS EVIDENCE AT TRIAL

The United States' Response marks the first detailed Rule 404(b) disclosure made by the Government in this case and fails to set forth a sufficient factual or legal basis to warrant the admission of the "bad acts" evidence previously identified in the Defendant's Motion.[1]

(1)   All Communications between Minor Female 1 and the Defendant after <u>February 14, 2021</u>.

The Government proposes that any post-February 14, 2021, communications are relevant so that the jury can get an understanding of the entire context of the interactions between Minor Female 1 and the defendant. Dkt. No. 58 at 9. The Government does not dispute the defendant's contention that no pornographic pictures of Minor Female 1 were ever produced and sent to the defendant <u>after</u>

---

[1] The Government has indicated no intent to call witnesses to offer opinions that the defendant is a child molester. The defendant will address the admissibility of his prior possession of child pornography conviction in a separate reply memorandum.

February 14, 2021. As such, the allegations related to the defendant enticing Minor Female 1 to take and send pornographic images of herself comes to a conclusion February 14, 2021. There is no need for the jury to hear what happened between the two of them after that date.

Moreover, Minor Female 1 reached the majority age of eighteen in December of 2021, so any conversations that she had with the defendant on that date can be considered as being made by a consenting adult. There is nothing illegal about the defendant traveling to Huntington to meet with an eighteen-year-old woman who was still actively communicating with him through Snapchat. Rather, the Government would seek to introduce this type of evidence in order to shame the defendant before those jurors who would be upset about the morality of his continued interactions with someone nearly half his age.

The Government contends that one chat message sent by Minor Female 1 on March 9, 2022, is relevant towards establishing the defendant's awareness of her age. Dkt. No. 58 at 9. That is not the case as the Government is well aware that Minor Female 1 had disclosed her age to the defendant in previous Snapchat sessions. Her March 9, 2022, Snapchat message to the defendant stated "I thought that any way you can leave and maybe come back when I graduate high school."[2] It would be improper for the Government to introduce this statement for purposes of inferring

---

[2] The reference to the defendant leaving is from Minor Female 1's awareness of the defendant's presence in the Huntington area at that time.

2

that Minor Female 1 is underaged when, in fact, she is not. She is simply an eighteen-year-old who happens to still be enrolled in high school.

Any introduction of conversations which Minor Female 1 had with the defendant, as well as any shared images sent by her that occurred after February 14, 2021 would not be conduct which relates directly to the charged offenses involving Minor Female 1.

(2)    The March 2022 trip to Huntington, West Virginia.

There is no basis for the Government to contend that the defendant's March 2022 trip to the Huntington area should be admissible for showing his ongoing interest in Minor Females 1 and 2. Dkt. No. 58 at 10. This trip is not inextricably intertwined with the charged conduct as it occurred some thirteen months after the last purported image of child pornography involving Minor Female 1 had been sent to him. There are no allegations in 2022 that the defendant was making any additional requests to Minor Female 1 for pornographic pictures. According to Minor Female 1's recorded interview, she related that all of those types of pictures had been taken at her old house. This is where Minor Female 1 was living during the charged time period for Counts One and Two and not at any later date in 2022. As such, this Court should find that the March 2022 trip bears no relevance to the charged criminal activity concerning Minor Female 1.

The application of Rule 403 would further preclude the jury's learning that that the defendant was trying to personally meet with Minor Female 2 during this trip. In 2022, Minor Female 2 was 13 years old. Should the jurors learn this

information, they are going to start speculating about what nefarious reasons that the defendant had planned for her.   Such speculation is totally unnecessary and extremely prejudicial where the defendant has not been charged with engaging in any criminal conduct towards Minor Female 2.

(3)   <u>Communications and photographs relating to Minor Females 2 and 3.</u>

The Government would offer the testimony of two minors for which the defendant has <u>not</u> been charged with engaging in any enticement-related conduct in this case.  From the Government's proffer, Minors Females 2 and 3 are <u>not</u> offering testimony that they were witnesses to any of the defendant's alleged requests to Minor Female 1 to send nude photographs of herself to him.  Rather, the Government seeks to introduce Minor Female 2's testimony as propensity evidence that defendant had made similar requests for nude photographs and engaged in sexual conversations to her.

This type of testimony clearly falls within the scope of Rule 404(b) evidence which the Fourth Circuit held was inadmissible in *United States v. Brizuela.* 962 F.3d 784 (4th Cir. 2020).  The introduction of the anticipated testimony of Minor Females 2 and 3 would serve the same impermissible purpose as the Government's calling of four patients of the defendant in *Brizuela*.  Prescriptions written to the four patients were not part of the 21 counts of the unlawful distribution charges contained in the defendant's indictment.  962 F.3d at 790.  The inference from the testimony from the other patients was essentially that the defendant had gotten them hooked on

oxycodone, just as two patients whose prescriptions had charged in the defendant's indictment. *Id.* at 792-793.

The Fourth Circuit held that the testimony of the four patients was not necessary to "complete the story" of the 21 charged counts for unlawful distribution as their testimony did not reference or encompass any of those counts. *Id.* at 796. The additional accounts constituted "overkill" or "piling on" by the prosecution which invited the jury "to find guilt by association" rather than determining whether sufficient evidence support a conviction. *Id.* Allegations that the defendant approached a "cluster of girls in West Virginia" for the purpose of obtaining child pornography falls within that impermissible category of "piling on" evidence which *Brizuela* which is precluded under Rule 404(b)

Moreover, the introduction of these extrinsic allegations of enticement would generate significant levels of unfair prejudice to the defendant in several ways. First, the defendant's character is going to thoroughly trashed if a jury is allowed to hear other minors claim that he had asked them for nude pictures and/or engaged in conversations about sex. Minor Female 2 was 12 years old at the time of some of her Snapchat sessions with the defendant. Second, the introduction of these additional allegations will needlessly distract the jury's attention away from deciding the merits of the charged offenses concerning Minor Female 1.

The Government's reliance on the Fourth Circuit's decision in *United States v. Dunford*, 148 F.3d 385 (4th Cir. 1998), is misplaced as that case involved the admission of evidence of drugs and drug paraphernalia found in the defendant's home

at the time of a police search.  148 F.3d at 395.  The defendant was subsequently charged with being a felon in possession of numerous firearms as well being a prohibited person who was an unlawful user of drugs. *Id.* at 387.  The Fourth Circuit considered the evidence of drugs to be "contemporaneous evidence" that disqualified the defendant from being permitted to possess a firearm as charged in one 18 U.S.C. § 922(g)(3) count.  *Id.* at 306.  As that type of evidence was pertinent towards the Government's proof of that specific count, the prejudice arising from its introduction does not fall within the scope of Rule 403.

The Fourth Circuit's ruling in the recent case of *United States v. Miller*, 2023 U.S. App. LEXIS 5285 (4th Cir. 2023), is also not as expansive as the Government would contend.  In *Miller*, Judge Joseph R. Goodwin had granted a defendant's motion in limine on Rule 403 grounds to exclude evidence that the intended recipient of an allegedly obscene letter written by the defendant was his fourteen-year-old sister. The Fourth Circuit reversed on grounds that the excluded evidence was probative in establishing two elements of the charged offense of knowingly transferring obscene matter to a minor under the age of sixteen years.  *Id.* at *6.  First, the Government had to prove the age of the intended recipient of the letter.  Given the family relationship between the two, the Government's evidence would tend to show that the defendant knew the age of his sister.  *Id.* at *7.  The fact that the letter was being sent to his sister would further be relevant towards the jury's determination as to whether the context of the letter, as considered in its entirety, would be considered as obscene.  *Id.* at *9.  This evidence was not considered to be unfairly prejudicial

under Rule 403 because the evidence related directly to the charged offense as opposed to some other bad act committed in the past. *Id.* at

In the instant case, any communications which the defendant had with Minor Females 2 and 3 were separate and distinct from any communications with Minor Female 1. These two minors did not send any images depicting child pornography to the defendant. There is no takeaway from the conversations involving the two minors which would show that in the defendant's conversations with Minor Female 1 he had specifically persuaded, induced, or enticed her to send nude photographs to him. Unlike the drug evidence in *Dunsford,* which the Government could rely upon to show that the defendant was an unlawful user of drugs, allegations that the defendant had requested nude photos from other minors does not go towards proving that the defendant engaged in such conduct with Minor Female 1. As such, these conversations could not be categorized as contemporaneous evidence discovered in connection with the charged conduct to be admissible under the Fourth Circuit's decisions in *Dunford* and *Miller*.

For the reasons set forth above as well as in the defendant's previously filed Motion in Limine, the defendant requests this Court to grant this Motion and preclude the Government from introducing the identified bad acts evidence at trial.

Respectfully submitted this 16th day of March, 2023.

**ALEX KAI TICK CHIN**

**By Counsel**

**WESLEY P. PAGE**
**FEDERAL PUBLIC DEFENDER**

**s/David R. Bungard**
David R. Bungard, Bar Number: 5739
Assistant Federal Public Defender
Office of the Federal Public Defender
300 Virginia Street, East, Room 3400
Charleston, West Virginia  25301
Telephone: (304) 347-3350
Facsimile: (304) 347-3356
E-mail: david_bungard@fd.org