## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO.  3:22-00087

ALEX KAI TICK CHIN

### MEMORANDUM OPINION AND ORDER

Pending before the Court are the following six motions: Defendant's Motion to Suppress Evidence (ECF No. 44), Motion in Limine to Exclude Other Bad Acts Evidence at Trial (ECF No. 46), Motion in Limine to Exclude Evidence of Prior Conviction at Trial (ECF No. 47), Motion to Dismiss Count One of the Second Superseding Indictment (ECF No. 48), Motion for Severance and Separate Trial for Count Three (ECF No. 49), and Motion in Limine to Limit the Number of Files Containing Child Pornography Which Are Shown to the Jury at Trial (ECF No. 51).

For the reasons below, the Court **DENIES** Defendant's Motion to Suppress Evidence, Motion in Limine to Exclude Other Bad Acts Evidence at Trial, Motion to Dismiss Count One of the Superseding Indictment, Motion for Severance and Separate Trial for Count Three, and Motion in Limine to Limit the Number of Files Containing Child Pornography (ECF Nos. 44, 46, 48, 49, 51) and **GRANTS** Defendant's Motion in Limine to Exclude Evidence of Prior Conviction at Trial (ECF No. 47).

A.  Motion to Suppress Evidence

Starting with the Motion to Suppress Evidence, the Court finds that the suspected images of child pornography recovered from a search of Defendant's cell phone at the border, as well as testimony and images obtained as a result thereof, are admissible. Border searches are generally

-1-

considered reasonable "simply by virtue of the fact that they occur at the border." *United States v. Ramsey,* 431 U.S. 606, 616 (1977); *see also United States v. Ickes*, 393 F.3d 501, 502 (4th Cir. 2005) ("Both Congress and the Supreme Court have made clear that extensive searches at the border are permitted, even if the same search elsewhere would not be."). These searches are not without limitations though—while the Supreme Court has left the question of "whether, and under what circumstances, a border search might be deemed 'unreasonable' because of the particularly offensive manner in which it is carried out,'" it has acknowledged that "some searches of property are so destructive" as to require particularized suspicion. *United States v. Flores–Montano*, 541 U.S. 149, 154 n.2, 155–56 (2004) (quoting *Ramsey*, 431 U.S. at 618 n.13). Additionally, in the Fourth Circuit, searches by border officials must have a "nexus to the recognized historic rationales justifying the border search exception"—that is, "protecting national security, collecting or regulating duties, blocking [a defendant's] own entry, or excluding contraband."[1] *United States v. Aigbekaen*, 943 F.3d 713, 721 (4th Cir. 2019).

Defendant seeks to suppress all suspected images of child pornography recovered from his cell phone during the border search, any of his potentially incriminating responses to border officials, and any testimony by Minor Females 1 and 2. Def.'s Mot. to Suppress Evid. at 1-2, ECF No. 44. He alleges the border search violated his Fourth Amendment rights against unreasonable search and seizure, meaning that any evidence obtained during and as a result of it should be suppressed as fruit of the poisonous tree. *Id.* at 4; Mem. in Supp. of Def.'s Mot. to Suppress Evid., ECF No. 45. Namely, Defendant cites *Aigbekaen* and *United States v. Kolsuz*, 890 F.3d 133 (4th

---

[1] The Court notes Judge Richardson's concurrence in this case, which argues that the nexus requirement is not consistent with Supreme Court holdings on border searches. *Id.* at 730. Rather, Judge Richardson would hold that reasonable suspicion is not required where a search is only "routinely intrusive" and required where a search is "highly intrusive and thus nonroutine." *Id.* at 732.

Cir. 2018), for the proposition that the search of Defendant's cell phone was nonroutine such that it required reasonable suspicion, and *United States v. Black*, 707 F.3d 531 (4th Cir. 2013), for the proposition that border officials lacked reasonable suspicion to conduct this nonroutine search. Mem. in Supp. of Def.'s Mot. to Suppress Evid. at 6-9, ECF No. 45.

The Government responds that reasonable suspicion is not required where, as here, border officials conducted a basic manual search of an individual's cell phone. Resp. of the United States to Def.'s Mot. to Suppress Evid. at 3-4, ECF No. 55. Additionally, at the pretrial motions hearing, the Government argued that even if the Court finds the search was nonroutine, border officials had the requisite level of suspicion to conduct the search. Finally, the Government does not intend to introduce any of Defendant's statements to border officials during its case in chief, meaning that only the suspected images of child pornography and testimony by Minor Females 1 and 2 are at issue. *Id.* at 5.

The Court finds that the suspected images and testimony in question are admissible— because the search of Defendant's phone was manual, it did not require reasonable suspicion. Fourth Circuit guidance on forensic searches clarifies that the instant search was both manual and routine. For example, in *Kolsuz*, the Fourth Circuit distinguished between manual, routine and forensic, nonroutine searches of electronic devices—where a manual search involved using the phone's touch screen to scroll through recent calls and text messages, a forensic search required attaching the phone to a Celebrite Physical Analyzer, which yielded an 896-page report that included, among other things, a history of the defendant's physical location using GPS coordinates. 890 F.3d at 139. Similarly, in *Aigbekaen*, the Fourth Circuit noted that a forensic search allows officials to "unlock[] password-protected files, restor[e] deleted material, and retriv[e] images viewed on websites." 943 F.3d at 718 n.2 (citations omitted). Additionally, "[u]nlike a 'manual'

search . . . a forensic search generally entails the connection of external equipment and/or the use of specialized software." *Id.* (citing *Kolsuz*, 890 F.3d 146 n.6) Because the instant search involved using only the phone's touch screen to scroll through immediately available information, it constitutes a manual, routine search. Def.'s Mot. to Suppress Evid. ¶¶ 4, 6, 8-9, ECF No. 44; Aff. in Supp. of a Search Warrant ¶¶ 12-15, ECF No. 44-1.

Because the search was manual and routine, border officials did not need reasonable suspicion to conduct it. *See, e.g.*, *Alasaad v. Mayrokas*, 988 F.3d 8, 19 (1st Cir. 2021) (holding that reasonable suspicion is not needed for manual searches of cell phones at the border); *United States v. Cano*, 934 F.3d 1002, 1016 (9th Cir. 2019) (same); *United States v. Touset*, 890 F.3d 1227, 1233 (11th Cir. 2018) ("The Supreme Court has never required reasonable suspicion for a search of property at the border, however non-routine and intrusive, and neither have we."). Further, the search has a clear nexus with historic rationales in that it sought to exclude child pornography, a material that courts have explicitly defined as "contraband." *See, e.g.*, *Touset*, 890 F.3d at 1233, 1235 (denying a motion to suppress child pornography recovered during a border search of electronic devices, in part because border officials are responsible for "preventing the importation of contraband in a traveler's possession"); *United States v. Cano*, 934 F.3d 1002, 1017 (9th Cir. 2019) ("As contraband, [] child pornography is also evidence of various crimes"); *Aigbekaen*, 943 F.3d at 734 (Richardson, J. concurring) (noting that "[c]hild pornography is contraband").

Nor was the search particularly intrusive. Because Defendant provided his passcode, border officials were not required to hack into or otherwise subvert privacy controls on his devices. Def.'s Mot. to Suppress Evid. ¶ 3, ECF No. 44; Aff. in Supp. of a Search Warrant ¶ 11, ECF No. 44-1. Officials also put the devices on airplane mode before conducting their search, meaning that they

were not combing through data that had been deleted or uploaded onto remote servers. Def.'s Mot. to Suppress Evid. ¶¶ 4-5, ECF No. 44; Aff. in Supp. of a Search Warrant ¶¶ 11-12, ECF No. 44-1. Finally, while Defendant emphasizes that the search was more than four-and-a-half hours long, Def.'s Mot. to Suppress Evid. ¶ 10, ECF No. 44, courts have upheld much longer periods of delay due to border searches, *Elhady v. Kable*, 993 F.3d 208, 216, 221 (4th Cir. 2021) (finding that delays of three hours, and up to twelve hours, due to border searches "do not rise to the level of constitutional concern").

Because the border officials did not need reasonable suspicion to conduct a basic search of Defendant's cell phone, the Court **DENIES** Defendant's Motion to Suppress the suspected images of child pornography obtained as a result of the border search, as well as testimony by Minor Females 1 and 2. ECF No. 44.

### B.  Motion in Limine to Exclude Other Bad Acts Evidence

The Court also declines to exclude the prior "bad acts" evidence at issue, finding this evidence is admissible under Federal Rule of Evidence 404(b) for purposes other than proving Defendant's character. Federal Rule of Evidence 404(b)(1) prohibits using extrinsic evidence of prior bad acts "to show that on a particular occasion the person acted in accord with the character." Such evidence, however, may be admissible for a permitted purpose such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evidence 404(b)(2). Evidence can be admitted for these purposes so long as it is (1) relevant to an issue other than the general character of the defendant; (2) probative of an essential claim or element of the charged offense; (3) reliable; and (4) its probative value is not substantially outweighed by unfair prejudice. *United States v. Brizuela*, 962 F.3d 784, 797 (4th Cir. 2020) (quoting *United States v. Hall*, 858 F.3d 254, 266 (4th Cir. 2017)).

Because Rule 404(b) only applies to acts extrinsic to the charged conduct, "bad acts" evidence is also admissible when it concerns acts "intrinsic to the alleged crime." *United States v. Otuya*, 720 F.3d 183, 188 (4th Cir. 2013). Evidence is intrinsic when it arises "out of the same . . . series of transactions as the charged offense" or when it is "necessary to provide context relevant to the criminal charges." *United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994) (citations omitted); *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) (citations omitted).

Defendant seeks to exclude the following "bad acts" evidence and testimony:

- Communications between Defendant and Minor Female 1, as well as any testimony pertaining to these communications, sent following the charged time period—that is, after February 14, 2021. Def.'s Mot. in Lim. to Exclude Other Bad Acts Evid. at Trial ¶ 3, ECF No. 46.
- Defendant's cross-country trip from California to West Virginia in March 2022, which also falls outside of the charged time period. *Id.* ¶¶ 4-5.
- Any opinions from Government witnesses regarding their personal beliefs that Defendant is a child molester or Defendant's legal status as being required to register as a sex offender.[2] *Id.* ¶ 6.
- Testimony from and any digital images of Minor Female 2 and Minor Female 3, as Defendant has not been charged with any conduct related to them. *Id.* ¶¶ 8-9.

Defendant argues this evidence is inadmissible because it is only being used to show propensity. *Id.* ¶¶ 15-18. He further contends that even if these prior "bad acts" were used for a permitted purpose, they would be inadmissible under Rule 403 because their probative value is not substantially outweighed by the danger of unfair prejudice. *Id.* The Government responds that the evidence Defendant seeks to exclude is intrinsic and, therefore, does falls outside the purview of Rule 404(b). Resp. of the United States to Def.'s Mot. in Lim. to Exclude Other Bad Acts Evid. at

---

[2] In its Response, the Government notes it will not call any witnesses to testify as to their personal beliefs that Defendant is a child molester. Resp. of the United States to Def.'s Mot. in Lim. to Exclude Other Bad Acts Evid. at Trial at 10, ECF No. 58. The Motion in Limine as it relates to this evidence is therefore denied as moot. ECF No. 46.

Trial at 9-11, ECF No. 58. In the alternative, the Government argues that the evidence is admissible for a variety of permitted purposes under Rule 404(b). *Id.* at 9-12.

Even if it were not intrinsic to the charged conduct, the "bad acts" evidence at issue is admissible for a permitted purpose under Rule 404(b). First, text messages between Defendant and Minor Female 1 sent after February 2021 are relevant as part of the ongoing story of the relationship between Defendant and Minor Female 1, as well as to show Defendant's intent to entice Minor Female 1 and that he knew her age during the charged time period. Second, Defendant's trip to West Virginia in March 2022 is admissible as to Defendant's identity as the person behind the messages with Minor Female 1 and as to any intent to coerce and entice Minor Female 1. Finally, evidence related to Minor Female 2 and Minor Female 3 is intrinsic in that it is necessary to complete the story of the crime and show how Defendant met Minor Female 1. Even if it was not intrinsic, however, this evidence is admissible under Rule 404(b) to prove Defendant's intent, plan, and knowledge of Minor Female 1's age.

Because the contested "bad acts" evidence is either intrinsic to the charged conduct or admissible for a permitted purpose under Rule 404(b), the Court **DENIES** Defendant's Motion in Limine to Exclude Other Bad Acts Evidence. ECF No. 46.

C.  Motion in Limine to Exclude Evidence of Prior Conviction at Trial

The Court, however, agrees with Defendant that admitting evidence of his prior conviction at trial would result in unfair prejudice. Because juries can "hardly avoid" inferring that a prior conviction makes it more likely that a defendant committed the charged offense, "evidence of similar offenses . . . should be admitted sparingly if at all. *United States v. Sanders*, 964 F.2d 295, 297–98 (4th Cir. 1992) (quoting *United States v. Beahm*, 664 F.2d 414, 418–19 (4th Cir.1981)). As discussed in Section B, *supra*, prior bad acts, which may include prior convictions, may only

be admitted where they are (1) relevant to an issue other than character; (2) probative of an essential claim or element of the charged offense; (3) reliable; and (4) their probative value is not substantially outweighed by unfair prejudice. *Brizuela*, 962 F.3d at 797.

Federal Rule of Evidence 609 sets out an additional, albeit limited, set of circumstances in which evidence of prior convictions can be admitted at trial. Under this rule, prior convictions can be admitted to impeach a witness when they (1) are "punishable by death or by imprisonment for more than one year" or (2) required proving the defendant committed a dishonest act. Fed. R. of Evidence 609(a)(1) and (2). Where the witness is a defendant, such evidence is admissible only if the probative value of the evidence outweighs its prejudicial effect to that defendant. *Id.* 609(a)(1)(B).

Defendant argues that his prior conviction is not admissible for a permitted purpose under Rule 404(b), and even if it were, it should be excluded as highly prejudicial under Rule 403. Def.'s Mot. in Lim. to Exclude Evid. of Prior Conviction at Trial ¶¶ 5-9, ECF No. 47. He further contends that it is not admissible under Rule 609(a) because its probative value does not outweigh its prejudicial effect. *Id.* ¶¶ 2-4. The Government responds that evidence of the conviction is admissible under Rule 404(b) as evidence of motive and intent. Resp. of the United States to Def.'s Mot. to Sever Count Three and Exclude Evid. of Prior Conviction at Trial at 4-5, ECF No. 57. The Government further contends that admitting the prior conviction will not result in unfair prejudice because it is relatively benign in comparison with the charged conduct. *Id.* at 5-6.

The Court finds that Defendant's prior conviction should be excluded under Rules 403, 404(b) and 609(a). Starting with Rules 403 and 404(b), while the evidence is admissible for a permitted purpose, its probative value is substantially outweighed by its prejudicial effect. Evidence of this prior conviction is relevant and admissible for a permitted purpose, at least in part

because Count Three requires the Government to prove that Defendant was required to register as a sex offender. However, evidence of Defendant's prior conviction does not pass the Rule 403 balancing test. First, a prior conviction has limited probative value where the instant charges, as here, are not related in time, manner, or pattern of conduct. *See United States v. McBride*, 676 F.3d 385, 397 (4th Cir. 2012) (quoting *United States v. Johnson*, 617 F.3d 286, 297 (4th Cir. 2010)). The prior conviction and the instant charges occurred at least six years apart and involve different conduct—the prior conviction only involved possession of child pornography, while the instant offenses involve production of child pornography. Def.'s Mot. in Lim. To Exclude Evid. of Prior Conviction at Trial ¶ 1, ECF No. 47. Second, the nature of the prior conviction—a sex offense involving minors—is highly likely to prejudice Defendant, such that a limiting instruction would be ineffective. *Sanders*, 964 F.2d at 297-298 (quoting *Beahm*, 664 F.2d at 418-19). Because the probative value of the evidence is minimal and its prejudice is great, the prior conviction is not admissible under either Rule 404(b) or Rule 403.

This finding does not prevent the Government from proving a violation of 18 U.S.C. § 2260A. Section 2260A charges Defendant with "commit[ing] a felony offense involving a minor" while being "an individual required by . . . law to register as a sex offender." Second Superseding Indictment at 3, ECF No. 39. To establish the elements of this offense, the Government is only required to show that Defendant was required to register as a sex offender, not that he had a prior conviction for a sex offense. *Id.* The Government, therefore, can prove the latter without introducing the former.

Defendant's prior conviction does not pass muster under Rule 609(a) either, as its probative value is not outweighed by the danger of unfair prejudice. First, the conviction does not involve dishonesty, meaning it has low probative value under Rule 609(a)(2) for impeachment purposes.

-9-

Second, given that the evidence does not pass the Rule 403 balancing test, it cannot pass the Rule 609(a)(1)(B) test as well. Rule 609(a)(1)(B) requires a higher burden of admissibility than Rule 403—whereas Rule 403 requires that the danger of unfair prejudice substantially outweigh probative value, Rule 609(a)(1)(B) requires that the evidence be excluded should the scales tip, even slightly, toward prejudice.  As discussed above, the scales tip strongly towards unfair prejudice.

Accordingly, the Court **GRANTS** Defendant's Motion in Limine to Exclude Evidence of Prior Conviction at Trial. ECF No. 47.

### D.  Motion to Dismiss Count One of the Second Superseding Indictment

The Court declines to dismiss Count One of the Second Superseding Indictment at this stage of proceedings. Defendant argues that Count One is multiplicitous of Count Two and should be dismissed to avoid violating his rights against Double Jeopardy. Def.'s Mot. to Dismiss Count One of the Second Superseding Indictment ¶¶ 3, 6, ECF No. 48. Count One, alleging violations of 18 U.S.C. §§ 2251(a) and (e), charges Defendant with "employ[ing], us[ing], persuad[ing], induc[ing], entic[ing], or coerc[ing] a minor . . . to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct," and that such depictions "were transmitted using any means and facility of interstate and foreign commerce." Second Superseding Indictment at 1, ECF No. 39. Count Two, alleging violations of §§ 2422(b) and 2427, charges Defendant with "using a facility or means of interstate commerce . . . [to] knowingly persuade, induce, entice, or coerce a minor to engage in a sexual activity for which any person could have been charged with a criminal offense"—here, the criminal offense of production of child pornography as specified in § 2427. *Id.* at 2.

"Multiplicity. . . is the charging of a single offense in several counts." *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993) (internal quotation marks and citation omitted). "The signal danger in multiplicitous indictments is that the defendant may be given multiple sentences for the same offense; hence reversal is warranted if the defendant actually was convicted on multiplicitous counts and subjected to multiple punishments." *Id.* In assessing whether two crimes constitute the same offense, courts apply the test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932)—that is, "two crimes are the same unless 'each provision requires proof of a fact which the other does not.'" *United States v. Palacios*, 982 F.3d 920, 924 (4th Cir. 2020) (quoting *Blockburger*, 284 U.S. at 304). "Two statutes define the same offense when 'one is a lesser included offense of the other.'" *Id.* (quoting *Rutledge v. United States*, 517 U.S. 292, 297, (1996)). Finally, where a party has moved to dismiss a charge before trial and it is unclear whether the charges involve precisely the same conduct, courts have opted to allow the charges to proceed, only determining whether multiple sentences can be imposed if a defendant is convicted on both counts. *See United States v. Radcliffe*, No. 5:16-cr-00019-02, 2016 WL 6080201, at *3 (S.D.W. Va. Oct. 17, 2016).

The Fourth Circuit has not yet ruled on whether a defendant charged with violating both §§ 2422(b) and 2251(a) is subject to Double Jeopardy. Other circuits, however, have held that such charges are not multiplicitous, noting that each provision contains an element the other lacks. *See United States v. Sanchez*, 30 F.4th 1063, 1077 (11th Cir. 2022); *United States v. Isabella*, 918 F.3d 816, 848 (10th Cir. 2019); *United States v. Hart*, 635 F.3d 850, 858 (6th Cir. 2011). For example, in *Hart*, the Sixth Circuit found that there was no Double Jeopardy violation where the defendant was charged under both §§ 2422(b) and 2251. 635 F.3d at 858. Applying the *Blockburger* test, the court noted that § 2422(b) "requires the government to prove that [the defendant] attempted to

persuade a minor to engage in 'sexual activity for which any person can be charged with a criminal offense,'" an element absent in § 2251. *Id.* Section 2251, in turn, requires the additional proof that a defendant attempted to persuade a minor to engage in sexually explicit conduct "for the purpose of producing any visual depiction of such conduct." *Id.* Similarly, in *Isabella*, the Tenth Circuit held that a charge under § 2251(a) is not a lesser included offense of § 2422(b). 918 F.3d at 849. There, the court relied on the fact that § 2251(a) encompasses the additional conduct of "employing" or "using" a minor, meaning that it cannot be a lesser included offense of § 2422(b). *Id.* These additional terms made it possible for a jury to convict the defendant of "persuading" on one count and for "employing" or "using" on the other. *Id.* at 848-49.

At this point in proceedings, the Court cannot conclude that punishing Defendant under both §§ 2422(b) and 2251(a) would violate Double Jeopardy—rather, the issue presents a mixed question of law and fact that depends on (1) whether Defendant is convicted, and (2) if so, the conduct for which he is convicted. Because it is unclear at this stage whether Counts One and Two involve the same conduct, the Court will allow both charges to proceed. Should Defendant be convicted under both counts, the Court will revisit the issue to determine whether the charges are multiplicitous such that Defendant can only be punished for one of them.

The Court, therefore, **DENIES** Defendant's Motion to Dismiss Count One of the Superseding Indictment. ECF No. 48.

E.  Motion for Severance and Separate Trial

Severance is not warranted, however, as Defendant has not shown a serious risk that the jury could not make a reliable judgment if all counts are tried together. Where evidence is mutually admissible, "joinder is the rule rather than the exception." *United States v. Hawkins*, 776 F.3d 200, 206 (4th Cir. 2015) (internal quotation marks omitted). However, a court can sever a trial under

Federal Rule of Criminal Procedure 14(a), which allows a separate trial of counts "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant." It is not enough to show that severance offers "a better chance of acquittal." *United States v. Cardwell*, 433 F.3d 378, 387 (4th Cir. 2005) (quoting *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995)). Rather, "a district court should grant a severance . . . *only* if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." *Id.* (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

Defendant argues that, as to Count Three, he anticipates stipulating he was aware of his status as a sex offender and that he knew he was required to register as such. Def.'s Mot. for Severance and Separate Trial for Count Three ¶ 4, ECF No. 49. Due to the highly prejudicial nature of this stipulation, he contends that severance and a separate trial are warranted as to Count Three. *Id.* The Government responds that evidence of Defendant's prior conviction is admissible under Federal Rule of Evidence 404(b), and even if it were not, a limiting instruction would be a more appropriate means of preventing prejudice. Resp. of the United States to Def.'s Mot. to Sever Count Three and Exclude Evidence of Prior Conviction at Trial at 3-5, ECF No. 57.

Even though the Court agrees that Defendant's prior conviction is not admissible, it declines to sever the counts and order separate trials. Defendant has not shown prejudice sufficient to warrant severance. Here, as the Government argues, there are other means of mitigating potential prejudice—e.g., through a limiting instruction or a stipulation that Defendant knew he was required to register as a sex offender—that achieve the same result.

Accordingly, the Court **DENIES** Defendant's Motion to Sever and for Separate Trial for Count Three. ECF No. 49.

-13-

F.   Motion in Limine to Limit the Number of Files Containing Child Pornography Which Are Shown to the Jury at Trial

Finally, at this stage in proceedings, the Court declines to limit the number of images allegedly depicting child pornography shown to the jury at trial. Namely, Defendant seeks to prevent the Government from showing any more than three image files that allegedly depict Minor Female 1. Def.'s Mot. in Lim. to Limit the Number of Files Containing Child Pornography ¶ 2, ECF No. 51. He argues that showing any more than three images would constitute needlessly cumulative evidence for which the probative value is substantially outweighed by the danger of unfair prejudice. *Id.* (citing Fed. R. Evid. 403). The Government responds that evidence is admissible where it "relate[s] directly to the offense charged," and that courts should avoid impinging the prosecution's "need for evidentiary richness and narrative integrity in presenting the case." Resp. of the United States to Def.'s Mot. in Lim. to Limit the Number of Files Containing Child Pornography That Are Shown to the Jury at Trial at 4, ECF No. 59 (internal citations and quotations omitted). In presenting its case, the Government anticipates showing the jury twenty-six photos of Minor Female 1, not all of which constitute child pornography, recovered from Defendant's phone to "capture the ongoing abuse by [D]efendant." *Id.* at 2, 5.

At the pretrial motions hearing on March 20, 2023, Defendant specifically opposed admission of any one image multiple times, even if that image may have been saved in multiple places. The Court agrees that the same image should not be shown to the jury more than once but leaves the parties to confer as to which images may be needlessly duplicative. The Court will address any disagreements over whether images are duplicative should the need arise.

In the absence of any contention over specific images at this time, the Court **DENIES** Defendant's Motion in Limine to Limit the Number of Files without prejudice. ECF No. 51.

-14-

## CONCLUSION

For reasons above, the Court **DENIES** the following five motions: Defendant's Motion to Suppress Evidence, Motion in Limine to Exclude Other Bad Acts Evidence at Trial, Motion to Dismiss Count One of the Superseding Indictment, Motion for Severance and Separate Trial for Count Three, and Motion in Limine to Limit the Number of Files Containing Child Pornography That Are Shown to the Jury at Trial. ECF Nos. 44, 46, 48, 49, 51. The Court, however, **GRANTS** Defendant's Motion in Limine to Exclude Evidence of Prior Conviction at Trial. ECF No. 47.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:  March 24, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE