# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

**UNITED STATES OF AMERICA**

**vs.**  Case No.: 3:22-cr-0087

**ALEX KAI TICK CHIN**

## MOTION TO DISMISS

Comes now the defendant Alex Kai Tick Chin (hereinafter Mr. Chin), and humbly moves this Court to dismiss the charges against him listed in the second superseding indictment because the United States has no evidence that Mr. Chin enticed the alleged victim to engage in sexually explicit conduct.

## FACTUAL BACKGROUND

On April 22, 2022, the United States filed an indictment against Mr. Chin alleging that Mr. Chin violated 18 U.S.C. § 2251 (a) and (e) by enticing a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct and the visual depictions were transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.  The United States filed a superseding indictment on August 9, 2022, alleging that Mr. Chin committed a felony offense involving a minor under 18 U.S.C. § 2251.  On February 7, 2023, the United States filed a second superseding indictment alleging that Mr. Chin used a facility and means of interstate commerce to knowingly persuade, induce, entice, and coerce an individual to engage in sexual activity.  The United States has not produced any evidence to prove the elements of the charges beyond a reasonable doubt.

**LEGAL ARGUMENT**

i. **IMPROPER VENUE**

Mr. Chin objects to his trial taking place in the Southern District of West Virginia. The crimes that the United States alleged Mr. Chin committed alleged occurred in the State of California, where Mr. Chin lived and resided. Proper venue in a criminal prosecution is a constitutional right: "The Trial of all Crimes ... shall be held in the State where the said Crimes shall have been committed." Art. III, § 2, cl. 3. United States v. Bowens, 224 F.3d 302, 308 (4th Cir. 2000). Article III's command is reinforced by the Sixth Amendment, which provides a criminal defendant with the right to a trial "by an impartial jury of the State and district wherein the crime shall have been committed." See also Fed.R.Crim.P. 18 ("Except as otherwise permitted by statute or these rules, the prosecution shall be had in a district in which the offense was committed.") Id. The Government bears the burden of proving venue (by a preponderance of the evidence). See United States v. Barsanti, 943 F.2d 428, 434 (4th Cir.1991). Id. When a defendant is charged with multiple counts, venue must be proper on each count. See United States v. Smith, 198 F.3d 377, 382 (2d Cir.1999). Id.

While the venue rule—trial in the district where the crime is committed—seems straightforward, the place of the crime can be difficult to determine. Id. Of course, Congress can prevent some of that difficulty by including an express venue provision in a criminal statute. See, e.g., 18 U.S.C. § 228(e) (designating venue in prosecutions for failure to pay child support); 18 U.S.C. § 1073 (designating venue in prosecutions for flight to avoid prosecution or giving testimony); 18 U.S.C. § 1074(b) (same); 18 U.S.C. § 1512(h) (designating venue in prosecutions for obstruction of justice and witness or juror

tampering).  Id.  When Congress does not indicate just where it considers the place of the crime to be, the place "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." United States v. Anderson, 328 U.S. 699, 703, 66 S.Ct. 1213, 90 L.Ed. 1529 (1946).  Id.  As the Supreme Court has recently instructed, "[i]n performing this inquiry, a court must identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." United States v. Rodriguez–Moreno, 526 U.S. 275, 279, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999).  Id.  The inquiry into the place of the crime may yield more than one appropriate venue, see 18 U.S.C. § 3237(a), or even a venue in which the defendant has never set foot, see Hyde v. United States, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114 (1912).  Id. In any event, the district "where the criminal act is done ... determines the jurisdiction" where the case must be tried.  (citation omitted).  Id.

   The United States charged Mr. Chin with attempting to entice a minor into engaging in a sexual act and with the production of child pornography.  All of the actions that the United States alleged Mr. Chin committed occurred within the State of California. According to the Constitution, Mr. Chin has a right to be tried in the Northern District of California, where he was first arrested.  The sexual act that the United States alleged Mr. Chin attempted to entice the alleged victim into was the taking of photos of the alleged victim's genitals.  At all times relevant, Mr. Chin lived and resided in the State of California. The alleged crimes happened within the boundaries of the State of California.  Therefore venue would be proper in California.  Mr. Chin also does not believe that he was properly notified of the charges against to prior to his case going to the grand jury.

##### ii.     SEARCH AND SEIZURE

Riley v. California, one of the recent Supreme Court cases applying the Fourth Amendment to modern technology, held that the search of a cellphone incident to arrest requires a warrant.    573 U.S. 373, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014).   United States v. Morton, 46 F.4th 331, 335 (5th Cir. 2022), cert. denied, 143 S. Ct. 2467 (2023). The Supreme Court has held that a warrant is generally required for certain searches, most notably searches of the home and, most recently, searches of cell phones incident to arrest.   See Riley, 573 U.S. at 403, 134 S.Ct. 2473; Brigham City v. Stuart, 547 U.S. 398, 403, 126 S.Ct. 1943, 164 L.Ed.2d 650 (2006) (noting that "searches and seizures inside a home without a warrant are presumptively unreasonable" (internal quotation omitted)).    Id.   Behind the warrant requirement is the idea that the "inferences which reasonable men draw from evidence" to decide if probable cause exists should "be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 92 L.Ed. 436 (1948) (Jackson, J.).  Id.

Mr. Chin objects to the search and seizure of his cell phones.  Mr. Chin believes that the search and seizure of his cell phones was unreasonable.  Mr. Chin believes that the only reason his cell phones were seized and searched that the border is because he is required to register as a sex offender.  Mr. Chin argues that the law enforcement officers discriminated against him by searching his cell phones solely because he is on "the list." Mr. Chin's cell phones were seized from him and searched without his permission while he was on vacation at the southern border.  Mr. Chin was on a road trip around the United

States, and because he was in the southwest, he decided to legally cross the border into Mexico for only a few hours.  While he was crossing the border, the law enforcement officers discovered that Mr. Chin was required to register as a sex offender.  Mr. Chin believes that is the sole reason that the law enforcement officers searched and seized his cell phones.  Mr. Chin believes that due to the reason for the search and seizure of his cell phones, the alleged evidence taken from his cell phones should be suppressed, and the charges dismissed.

Mr. Chin filed a motion to suppress due to the law enforcement officers searching and seizing his cell phones.  Mr. Chin incorporates his previous arguments into this Motion to Dismiss.  Mr. Chin further argues that to conduct a search the law enforcement officers must have probable cause for the search.  Accordingly, as we explained United States v. Kolsuz, 890 F.3d 133, 141 (4th Cir. 2018), as amended (May 18, 2018), to conduct such an intrusive and nonroutine search under the border search exception (that is, without a warrant), the Government must have individualized suspicion of an offense that bears some nexus to the border search exception's purposes of protecting national security, collecting duties, blocking the entry of unwanted persons, or disrupting efforts to export or import contraband.  See also United States v. Ramsey, 431 U.S. 606, 620, 97 S.Ct. 1972, 52 L.Ed.2d 617 (1977).  United States v. Aigbekaen, 943 F.3d 713, 721 (4th Cir. 2019).  ("The border-search exception is grounded in the recognized right of the sovereign to control, subject to substantive limitations imposed by the Constitution, who and what may enter the country.").  Id.  If a nonroutine search becomes too "attenuated" from these historic rationales, it "no longer [will] fall under" the exception.  (citation omitted).  Id.  In such circumstances, the search will be unconstitutional unless accompanied by a warrant

or justified under a different exception to the warrant requirement.  Id.  Mr. Chin recalls one of the law enforcement officers specifically telling Mr. Chin that the only reason that they were seizing Mr. Chin's cell phones was due solely to Mr. Chin being a registered sex offender.  Mr. Chin's status as a registered sex offender is not a national security threat worthy of subjecting Mr. Chin to the unreasonable search and seizure.  There was no probable cause to detain Mr. Chin nor search his cell phones for the sole reason that he is a registered sex offender.

    iii.    **ENTICEMENT**

        a.  **NO EVIDENCE OF ENTICEMENT**

In 1977 the United States Supreme Court held that the prosecution must prove every element of the crime charged.  We, therefore, will not disturb the balance struck in previous cases holding that the Due Process Clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged.  Patterson v. New York, 432 U.S. 197, 210, 97 S. Ct. 2319, 2327, 53 L. Ed. 2d 281 (1977).  Enticement is an element of all three counts that the United States alleges Mr. Chin violated.  Yet the United States has produced no evidence to prove that Mr. Chin enticed the alleged minor victim.

Rule 16 of the Federal Rules of Criminal Procedure states in relevant parts: Upon a defendant's request, the Government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the Government intends to use the statement at trial. Fed.  R. Crim.  P. 16... Upon a defendant's request, the Government must disclose to the defendant and make available for inspection,

copying, or photographing all of the following: any relevant written or recorded statement by the defendant if: the statement is within the Government's possession, custody, or control; and the attorney for the Government knows--or through due diligence could know--that the statement exists; the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and the defendant's recorded testimony before a grand jury relating to the charged offense.  Id.

Upon a defendant's request, the Government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if: the item is within the Government's possession, custody, or control; the attorney for the Government knows--or through due diligence could know--that the item exists; and the item is material to preparing the defense, or the Government intends to use the item in its case-in-chief at trial.  Id.  The United States has produced no evidence to Mr. Chin of any attempted enticement on his behalf of the alleged minor victim.  The United States can offer no evidence at a trial if it has not first produced that evidence to Mr. Chin.  Because the United States has not produced any evidence that Mr. Chin attempted to enticement the alleged minor victim, it must be assumed that the United States does not have such evidence.  If the United States does not have the evidence, then it cannot prove beyond a reasonable doubt that Mr. Chin committed every element of the counts charged in the second superseding indictment.

Blacks Law Dictionary defines enticement as "the act or an instance of wrongfully soliciting or luring a person to do something." Black's Law Dictionary (Bryan A. Garner

ed., 9th ed. Thomson Reuters 2010). There have been no text messages, no emails, no instant messages, and no messages of any kind where Mr. Chin is soliciting or luring the alleged minor victim to do anything at all. If the United States had such evidence, it is legally required to turn it over to Mr. Chin, and yet it has turned nothing of the kind over; therefore, it must not exist.

The 9th Circuit Court of Appeals decided United States v. Laursen, in 2017; in a concurring opinion, Judge Hawkins wrote that to prevent the statute from being overbroad and unconstitutionally vague, I would adopt a narrower construction of the term "uses" in the statute. 847 F.3d 1026, 1036–37 (9th Cir. 2017). The Government's construction implies that one "uses" the minor much as one "uses" a camera to take a photograph, and their mere presence in the photo could suffice. Id. As the majority acknowledges, "uses" has a number of meanings in ordinary language. Id. To me, the one most likely applicable here is: "to take unfair advantage of; exploit." Use Dictionary.com, http://dictionary.reference.com/browse/use (last visited December 13, 2016); see also American Heritage Dictionary College Edition 1331 (2nd ed. 1991) ("to exploit for one's own advantage or gain"). Id. Although I agree with the majority that "a word is known by the company it keeps" (citation omitted). Id., In my view, the rest of the terms in the statute—employs, persuades, induces, entices, or coerces—suggest that the defendant must have exerted some sort of improper influence on the minor for the purpose of producing the visual depiction of sexual conduct. Id. The United States can not show that Mr. Chin exerted any type of control over the alleged minor victim.

    b. **<u>NO EVIDENCE OF "PURPOSE"</u>**

"Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in ... any sexually explicit conduct for the purpose of producing any visual depiction of such conduct ... shall be punished as provided under subsection (e) ... if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means." 18 U.S.C. § 2251(a).  As the text indicates, § 2251(a) contains a specific intent element: the Government was required to prove that the production of a visual depiction was a purpose of engaging in the sexually explicit conduct.  see United States v. Lebowitz, 676 F.3d 1000, 1013 (11th Cir.2012).  United States v. Palomino-Coronado, 805 F.3d 127, 130–31 (4th Cir. 2015).  "It is simply not enough to say 'the photo speaks for itself and for the defendant, and that is the end of the matter.'" United States v. Crandon, 173 F.3d 122, 129 (3d Cir.1999) (discussing the purpose requirement in the related cross-reference under U.S.S.G. § 2G2.1(c)(1)). Id.  That is, a defendant must engage in the sexual activity with the specific intent to produce a visual depiction; it is not sufficient simply to prove that the defendant purposefully took a picture.  Id.

There is no evidence that Mr. Chin took any actions "for the purpose" of producing any visual depictions of a sexual encounter with the minor victim.  There is no evidence Mr. Chin asked the alleged minor victim to take sexually explicit pictures of herself.  There is no evidence that Mr. Chin encouraged the alleged minor victim to take sexually explicit photos of herself.  Courts have sometimes been able to rely on direct evidence indicating a defendant's purpose.  Id.  More often, however, courts are presented only with circumstantial evidence to show that a defendant acted with purpose.  Id.  For example, defendants' actions, instructions, and descriptions of the visual depictions produced or to

be produced might indicate purpose. Id. Courts have also found the number of sexually explicit recordings or depictions indicative of purpose. E.g., United States v. Ortiz–Graulau, 526 F.3d 16, 19 (1st Cir.2008). Id. In Ortiz–Graulau, the defendant had taken over fifty pictures depicting sexual contact between him and a minor or of the minor in a sexually explicit position. Id. The First Circuit found that the "number of photographs, many of sexually explicit poses, permit[ted] a strong inference that some of the conduct occurred in order to make the photographs." Id. In Mr. Chin's case, there were not numerous photos that could form even the slightest evidence of Mr. Chin's alleged purpose. There is no evidence of Mr. Chin soliciting any sexual conduct from the alleged minor victim. Mr. Chin did not entice the alleged minor victim into any sexual conduct. Nor did Mr. Chin attempt to entice the alleged minor victim into sexual conduct. A verdict that is based on pure speculation cannot stand. United States v. Long, 905 F.2d 1572, 1576 (D.C.Cir.) ("A jury is entitled to draw a vast range of reasonable inferences from the evidence, but may not base a verdict on mere speculation."), cert. denied, 498 U.S. 948, 111 S.Ct. 365, 112 L.Ed.2d 328 (1990). United States v. Lucas, 67 F.3d 956, 960 (D.C. Cir. 1995). The jury would have to speculate as to the element of enticement and Mr. Chin's purpose; therefore, there can be no legally justifiable path to a guilty verdict, and the charges must be dismissed.

### c. **THE PHOTOS WERE NOT LASCIVIOUS**

The Court of Appeals for the District of Columbia decided the case of United States v. Torres; in a concurring opinion, Judge Williams wrote that the majority protests that the same act—photography—could be criminalized in one instance but not in another. 894 F.3d 305, 325–26 (D.C. Cir. 2018). But again, Congress could have criminalized the act

of photography itself but did not. <u>Id.</u> It chose to criminalize the act of exploitation for photography. <u>Id.</u> In the scheme of § 2251(a), photography exploiting minors, standing alone, is not to be punished, whereas sexual contacts aimed at generating such photography are. <u>Id.</u> If the criminal consequences are anomalous, that is a result of the statute Congress wrote. <u>Id.</u> Again, there is no evidence that Mr. Chin exploited the alleged minor victim for any photos. Mr. Chin did not ask the alleged minor victim to pose for a photo. Mr. Chin did not suggest that the alleged minor victim pose for a photo of her genitals. Mr. Chin did not order the alleged minor victim to pose for a sexually explicit photo. Mr. Chin did not barter with the alleged minor victim for a sexually explicit photo. The majority of the photos that the alleged minor victim sent of her own free will to Mr. Chin were not of her genitals and certainly not of a sexual nature. There is no evidence whatsoever that Mr. Chin desired, requested, enticed, coerced, pleaded, bargained, or demanded that the alleged minor victim send him sexually explicit content. Therefore, the charges against him must be dismissed.

## CONCLUSION

For all the reasons above, Mr. Chin humbly moves this Court to recognize that there is no evidence to support all of the elements that the United States is required to prove beyond a reasonable doubt, and humbly requests that the Court **GRANT** the Motion to Dismiss.

Respectfully submitted this 28th day of July, 2023.

> ALEX KAI TICK CHIN
> By Counsel
>
> Very truly yours,

JOY LAW OFFICE
2701 Louisa Street
P.O. Box 411
Catlettsburg, KY 41129
Telephone: (606) 739-4569
Facsimile: (606) 739-0338
Cell: (859) 488-1214


__s/ Sebastian M. Joy_____
Hon. Sebastian M. Joy
Counsel for Defendant Alex Kai Tick Chin
Kentucky Bar # 92583
West Virginia Bar # 10945
E-mail: sjoy@joylawoffice.com
Admitted in Kentucky & West Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**UNITED STATES OF AMERICA**

vs.                                                          Case No.: 3:22-cr-0087

**ALEX KAI TICK CHIN**

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **MOTION TO DISMISS** has been electronically filed with the Clerk of Court this date using the CM/ECF system and served upon opposing counsel as follows:

**VIA CM/ECF:**     Jenny Herrald, Esq. AUSA
Office of United States Attorney
Southern District of West Virginia
300 Virginia Street East, Room 4000
Charleston, West Virginia 25301

**DATE:**     July 28, 2023

        Very truly yours,

        JOY LAW OFFICE
        2701 Louisa Street
        P.O. Box 411
        Catlettsburg, KY 41129
        Telephone: (606) 739-4569
        Facsimile: (606) 739-0338
        Cell: (859) 488-1214

        __s/ Sebastian M. Joy_____
        Hon. Sebastian M. Joy
        Counsel for Defendant Alex Kai Tick Chin
        Kentucky Bar # 92583
        West Virginia Bar # 10945
        E-mail: sjoy@joylawoffice.com
        Admitted in Kentucky & West Virginia