**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                   **Criminal No. 3:22-cr-00087**

**ALEX KAI TICK CHIN**

**NOTICE OF THE UNITED STATES TO INTRODUCE EVIDENCE
PURSUANT TO RULE 414 OF THE FEDERAL RULES OF EVIDENCE**

Comes now the United States of America, by Jennifer Rada Herrald, Assistant United States Attorney for the Southern District of West Virginia, and hereby gives notice pursuant to Rule 414 of the Federal Rules of Evidence that the United States intends to introduce evidence of defendant's prior conviction in California of possession of obscene material depicting minors engaged in sexual conduct, in violation of California Penal Code § 311.11(a) at trial during the presentation of its case-in-chief. The United States hereby provides notice of its intent to introduce such evidence in the form of either a stipulation or admission of a certified copy of the Judgment Order for the conviction.

**A. Rule 414 covers both the prior conviction and the offenses charged in this case.**

Pursuant to Rule 414(d)(2)(B), "child molestation" includes "any conduct prohibited by 18 U.S.C. chapter 110."  Unlike other subsections of the definition of "child molestation" under Rule 414(d)(2), there is no requirement that the conduct involve a child under the age of 14 when it is conduct prohibited under Chapter 110.

Defendant's prior California conviction was for conduct that is prohibited under Chapter 110, which prohibits the possession of child pornography, as it involved the possession of materials

depicting minors engaged in obscene sexual conduct. It is therefore considered "child molestation" for purposes of Rule 414.

In this case, defendant is also charged with an offense of child molestation, as he is charged with violations of 18 U.S.C. §§ 2251(a) and 2260A, both of which are felonies within Chapter 110. Defendant is also charged with a violation of 18 U.S.C. § 2422(b), which falls under Chapter 117 and is not specifically enumerated as being automatically deemed child molestation. However, courts that have addressed the issue have found that Rule 414's definition of child molestation (and the similar issue of the interpretation of "sexual assault" under Rule 413) should be read in a fact-specific manner rather than under the categorical approach. *See United States v. Brooks*, 723 F. App'x 671, 681 (11th Cir. 2018) (rejecting the categorical approach to determine "child molestion" under Rule 414, noting that the focus of the Federal Rules of Evidence is upon facts rather than the way a statute is drafted and therefore the categorical approach would be inappropriate to apply); *United States v. Foley*, 740 F.3d 1079, 1087 (7th Cir. 2014) (same as to the definition of "sexual assault" under Rule 413). The United States is unaware of any circuit court that has found that the categorical approach should be used as to either Rule 413 or Rule 414.

In *Brooks*, the Eleventh Circuit found that a charge of 18 U.S.C. § 2422(b), while not categorically a child molestation offense, was properly considered one for purposes of Rule 414. *Brooks*, 723 F. App'x at 681. In that case, Brooks was accused of attempting to entice a minor when he arranged to have sex with a child who turned out to be the fictitious child of an undercover law enforcement officer. The court reasoned that the entire point of Rule 414 was the belief that a person who has engaged in the "covered *conduct* is likely to engage in it again" and that the Rules intended for such evidence to generally be admissible, even as propensity evidence. *Id.*, quoting *Foley*, 740 F.3d at 1087 (emphasis added). It is for this reason that the underlying facts of the

charged offense, rather than a clinical analysis of the elements of that offense, are relevant to determine whether a defendant has engaged in the type of child molestation *conduct* that is the focus of Rule 414.

When examining the facts of defendant's alleged conduct underlying the § 2422(b) charge, it clearly involved "conduct prohibited by 18 U.S.C. chapter 110," as it involves persuading, enticing, and coercing a minor to produce child pornography, which is conduct that is specifically proscribed under Chapter 110. As a case-by-case factual analysis, rather than a categorical analysis, is both consistent with the circuit courts that have ruled on the issue and the very purpose of Rule 414, all three counts charged in this case constitute child molestation under Rule 414.

B. ***Rule 403 does not preclude that admission of the prior conviction under Rule 414.***

As an initial matter, the United States acknowledges that this Court previously granted the defendant's motion to preclude evidence of the prior conviction under Rule 404(b). ECF No. 70 at p. 7-10. However, the Rule 403 balancing test under Rule 414 is fundamentally different from the balancing test under Rule 404(b) because the probative value assessment of the evidence is substantially different – whereas Rule 404(b) evidence is limited to specific, narrow purposes (such as intent or motive), Rule 414 exists for the very purpose of expanding the scope (and thus the probative value) of evidence of child molestation by making it admissible for consideration for any relevant matter, including to show propensity. Indeed, the Fourth Circuit has recognized that "even if the offered [child molestation evidence] *only* helped establish propensity, they were properly admitted." *United States v. Arce*, 49 F.4th 382, 394 (4th Cir. 2022) (emphasis added). For these reasons, the United States submits that the Rule 404(b) balancing test under Rule 403 is not

binding on evidence under Rule 414, and a fresh assessment of the admissibility of the prior conviction is warranted.[1]

1.  *Relevant Law*

Under Rule 414, in a child molestation case the government may introduce evidence of child molestation for any relevant purpose. Congress enacted Rule 414 to serve as a specific exception to the restrictions on propensity evidence under Rule 404. "Rules 413 and 414, enacted in 1995, were designed to 'protect the public from crimes of sexual violence' by permitting 'in sexual assault and child molestation cases . . . evidence that the defendant has committed offenses of the same type on other occasions.'" *United States v. Seymour*, 468 F.3d 378, 384-85 (6th Cir. 2006), quoting 140 Cong. Rec. H8968, H8991 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari)). The rationale for Rule 414 is specifically that "a person who has engaged in the covered conduct is likely to engage in it again." *Brooks*, 723 F. App'x at 681. The purpose of Rule 414 is to emphasize the particularly unique probative value of prior child molestation when a defendant is again accused of such an offense. *See United States v. Kelly*, 510 F.3d 433, 437 (4th Cir. 2007) ("Rule 414 reflects Congress's view that this propensity evidence is 'typically relevant and

---

[1] This Rule 414 Notice is timely under the Federal Rules of Evidence. The United States submits this notice now, rather than prior to the previous motions hearing, after realizing the applicability of the Rule in this case when recently addressing pretrial motions in another case (*United States v. Blankenship*, Case No. 1:23-cr-00097). This formal notice is thus submitted now to allow defendant an opportunity to respond to the Notice and the Court an opportunity to consider the matter prior to trial. The United States would note, however, that Rule 414, unlike Rule 404(b), does not require the provision of formal notice of the intent to introduce evidence pursuant to Rule 414; instead, Rule 414 "only requires disclosure of the *evidence itself*" more than 15 days before trial rather than any statement of its intent or purpose for using the evidence. *Arce*, 49 F.4th at 394 (cleaned up; emphasis added). As the evidence itself – the fact of the prior conviction – was disclosed months ago, the United States had fully complied with its obligations under Rule 414 in advance of the prior hearing.

probative.'"), quoting 140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (statement of Sen. Dole); *see also*, *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997) (noting the "strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible").

While Rule 403 is applicable to evidence introduced under Rule 414, courts have noted that "nearly all evidence admissible under Rule 414 will be highly prejudicial" and the "danger of unfair prejudice . . . presented by the unique stigma of child sexual abuse . . . is one that all propensity evidence [admitted under Rule 414] in such trials presents." *United States v. Sanchez*, 440 F. App'x 436, 439-40 (6th Cir. 2011). For this reason, when assessing Rule 414 evidence under Rule 403, courts should be cognizant that "[i]f Rule 403 could be employed so easily to keep out instances of child molesting, Rule 414 would be effectively gutted." *Id.* at 440. Categorical exclusions of child molestation under Rule 403 due to the inherently inflammatory and prejudicial nature of such conduct "are precisely [what] Congress intended to overrule" when creating Rule 414. *Id.*

In *Sanchez*, the Rule 414 evidence that was found to be properly admitted at trial involved what the Sixth Circuit described as "a truly deplorable act, and one with a likelihood of distracting the jury." *Id.* at 439. However, as the evidence also pertained to a prior conviction, there was little danger of a "mini-trial" that could inflame or confuse the jury. *Id.* The court found that even this legitimate risk of unfair prejudice did not outweigh the probative value of the evidence in light of the purposes of Rule 414. *Id.*

In *United States v. Kelly*, the Fourth Circuit recognized the strong congressional message that prior child molestation should be admitted as highly probative evidence despite its inherently prejudicial nature and set forth a non-exhaustive list of factors that a court should consider in conducting a Rule 403 balancing test under Rule 414. *Kelly*, 510 F.3d at 437. These factors include:

1) the similarity between the offense and the prior conduct; 2) the temporal proximity between the two offenses; 3) the frequency of the prior acts; 4) the presence or absence of intervening acts; and 5) the reliability of the prior conduct. *Id.* The circuit court in *Kelly* advised that a "flexible approach" regarding the degree to which a district court must make specific findings of fact is preferable, and that a district court will generally be given great deference as to its balancing of "these *or other factors*." *Id.* (emphasis added). The use of the disjunctive regarding the enumerated factors and other factors is an indication that the enumerated *Kelly* factors are not binding on a district court, but instead simply suggestions of several different factors that a court may choose to consider. *See, e.g., United States v. Smith*, 35 F.3d 344, 346 (8th Cir. 1994) ("The ordinary usage of the word 'or' is disjunctive, indicating an alternative. Construing the word 'or' to mean 'and' is conjunctive, and is clearly in contravention of its ordinary usage.").

In applying these factors, the Fourth Circuit has affirmed admissions of Rule 414 evidence. *See, e.g., United States v. Haney*, 693 F. App'x 213 (4th Cir. 2017) (affirming admission of a prior sexual abuse conviction in a possession of child pornography case); *United States v. Mason*, 532 F. App'x 432, 437 (4th Cir. 2013). In *Mason*, the Fourth Circuit found that "it is plain that no abuse of discretion occurred" in the admission evidence of repeated sexual molestation of children during a child pornography trial. *Mason*, 532 F. App'x at 437. The circuit court found that the past conviction, which occurred 12 years prior to the offense conduct, was neither too remote in time nor too dissimilar from a child pornography offense to be unfairly prejudicial. *Id.* Specifically, the Fourth Circuit found that a hands-on molestation offense and non-production child pornography offenses were sufficiently similar because both "involved the exploitation of children." *Id.*; *see also Haney*, 693 F. App'x at 214 (finding child pornography possession and hands-on sexual abuse

were sufficiently similar to admit the prior hands-on conduct under Rule 414 during the child pornography possession trial).

    2. *Discussion*

    Defendant's prior conviction for possession of child pornography is highly probative with regards to Counts One and Two.[2] Under Rule 414, Congress made clear there is a strong presumption that prior child molestation evidence is relevant, probative, and admissible for any purpose, including propensity to commit the charged child molestation offense. Defendant's recent motion to dismiss the indictment indicates that one argument upon which he plans to rely at trial is that he did not have the purpose of producing child pornography; this makes evidence to indicate that he has a predisposition to possess child pornography all the more probative. Defendant also appears to be arguing that the images at issue are not sexually explicit (given that one section of his motion to dismiss is entitled "The Photos Were Not Lascivious"). For the same reason as the argument about defendant's purpose, the defendant's prior molestation conviction is all the more probative under Rule 414 to prove that he intended for the images to be sexually explicit.[3] This evidence of his history of interest in sexually explicit material depicting minors is necessary and relevant to prove his motive, intent, and general propensity to engage in sex offenses involving children, all of which are permissible purposes under Rule 414. The evidence of his prior conviction is therefore highly probative.

    The analysis next turns to a Rule 403 balancing test to determine if the highly probative evidence should ultimately be admitted. Turning to the *Kelly* factors and other Fourth Circuit

---

[2] While Count Three is a child molestation offense for purposes of Rule 414, the probative value of the nature of the prior conviction is minimal for a charge under 18 U.S.C. § 2260A.

[3] Defendant's intent to commit the charged offense is a relevant element, as he is charged both with the substantive crimes and an attempt to commit those crimes.

decisions, offenses involving child exploitation — even where one is child pornography and the other is a hands-on offense — are sufficiently similar, particularly in terms of state of mind, to weigh in favor of admissibility. This case — in which both the current and prior convictions relate to child pornography — involves conduct that is substantially more similar than other cases where admission under 414 has been affirmed, such as *Mason* and *Haney*. And while there is a temporal gap between the offenses of approximately 6 years, this is far less than the 22-year gap found acceptable in *Kelly* and the 12-year gap affirmed in *Mason*.

The evidence of the prior offense is also highly reliable, as it is based upon a prior conviction rather than testimony regarding conduct for which a defendant was never convicted. This factor weighs in favor of admissibility. Additionally, as the Sixth Circuit articulated in *Sanchez*, evidence of prior conduct that is admitted via a conviction runs "relatively little danger of a 'mini-trial'" that could inflame or confuse the jury. *Sanchez*, 440 F. App'x at 439.

Given that the *Kelly* factors are meant to be non-exhaustive, the United States submits that other considerations also weigh in favor of admitting the prior conviction. The Fourth Circuit in *Kelly* noted that the United States' use of only the official record of the prior conviction rather than potentially inflammatory testimony "served to minimize the risk of unfair prejudice." *Kelly*, 510 F.3d at 438. The United States here could permissibly elicit testimony regarding the details of defendant's prior conduct, as Rule 414 addressed conduct rather than prior convictions alone. However, the United States intends to make every effort to "minimize the risk of unfair prejudice" by simply introducing the fact of the prior conviction for possession of child pornography.

Further, the relative inflammatory impact of the evidence is relevant to the Rule 403 balancing test. When probative evidence is "no more sensational or disturbing than" the offense on trial, it is generally not excluded under Rule 403. *United States v. Byers*, 649 F.3d 197, 210 (4th

8

Cir. 2011). Notably, *Byers* also related to evidence under Rule 404(b) rather than Rule 414; the fact that essentially all evidence admitted under Rule 414 is disturbing places such evidence on relatively equal ground with the charged conduct, and therefore it would rarely be substantially more sensational or disturbing. Here, a single reference to a prior conviction for possession of child pornography (the least serious child pornography offense) is minimally inflammatory (in the context of Rule 414) compared to the evidence that will be admitted at trial regarding the defendant persuading and coercing a minor to produce child pornography. The relative inflammatory impact of defendant's prior conviction is also substantially less than those in *Mason* and *Haney,* where the Fourth Circuit affirmed the admission of hands-on sex crimes involving minors during trials on non-production child pornography cases. This factor weighs in favor of admission of the evidence under Rule 414.

The factors under *Kelly*, combined with the overarching premise that Rule 403 should not function to entirely gut Rule 414, which inherently deals with the inflammatory topic of the sexual abuse of children, support the admission of defendant's prior conviction at trial under Rule 414. As the calculus for balancing Rule 403 under Rule 414 is substantially different than that of 404(b) based upon a clear congressional interest in admitting prior child sex offenses to prove propensity, the Court's prior balancing test under Rule 404(b) should not control. In the Rule 414 context, the balancing test under Rule 403 falls squarely in favor of admission of the prior conviction.

A limiting instruction also can serve to reduce any prejudicial effect by providing the jury with clear guidance on the limitations of evidence admitted under Rule 414, which does not allow the jury to convict based upon the prior conviction *alone. See United States v. Francisco*, 35 F.3d 116, 119 (4th Cir. 1994) (noting "the presumption that the jury obeyed the limiting instruction of the district court").

For the above reasons, the United States submits that defendant's prior child molestation offense (a conviction for possession of matter depicting minors engaged in sexually explicit conduct) is admissible under Rule 414 for the jury to consider for any relevant purpose, including a propensity to commit another child molestation offense.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

/s/Jennifer Rada Herrald
JENNIFER RADA HERRALD
Assistant United States Attorney
WV State Bar No. 12181
300 Virginia Street East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax:  304-347-5104
E-mail: Jennifer.herrald@usdoj.gov

## **CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "NOTICE OF THE UNITED STATES TO INTRODUCE EVIDENCE PURSUANT TO RULE 414 OF THE FEDERAL RULES OF EVIDENCE" has been electronically filed and service has been made on opposing counsel by electronic mail this the 3rd day of August, 2023, to:

> Sebastian M. Joy, Esq.
> 2701 Louisa Street
> P.O. Box 411
> Catlettsburg, KY 41129

> /s/Jennifer Rada Herrald
> JENNIFER RADA HERRALD
> Assistant United States Attorney
> WV State Bar No. 12181
> 300 Virginia Street East
> Room 4000
> Charleston, WV 25301
> Telephone:  304-345-2200
> Fax:  304-347-5104
> E-mail: Jennifer.herrald@usdoj.gov