IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 3:22-cr-00087

ALEX KAI TICK CHIN

**Response of the United States to
Defendant's Motion to Dismiss**

Comes now the United States of America by Jennifer Rada Herrald, Assistant United States Attorney for the Southern District of West Virginia, and hereby files this response to defendant's motion to dismiss.

## BACKGROUND

Defendant was initially indicted in April 2022. A superseding indictment was returned in August 2022, and defendant initially appeared in this district on the charges in November 2022. A second superseding indictment was returned in February 2023. Defendant's original counsel filed numerous pretrial motions in the case that were litigated in March 2023. Among these was a motion to suppress the search of defendant's phone, which was seized at the border when defendant crossed from Mexico into the United States. This motion to suppress was denied. ECF No. 70. Defendant retained new counsel shortly after the motions hearing was held. Defendant now files the instant motion through new counsel.

## ARGUMENT

While styled as a motion to dismiss, defendant raises numerous different arguments in his motion. Each of these issues will be addressed separately below.

1

1. *Venue of Indictment*

Defendant argues that venue in this district is improper because he was residing in California (and presumably located in California) during the time of the alleged conduct. However, as the victim was located in this district and the images of child pornography were produced in this district, a significant portion of the offense was completed in this district. Under 18 U.S.C. § 3237, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be . . . prosecuted in any district in which such offense was begun, continued, or completed." "[T]he locus delicti [of the charged offense] must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Anderson,* 328 U.S. 699, 703 (1946). "In performing this inquiry, a court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *United States v. Rodriguez-Moreno,* 526 U.S. 275, 279 (1999).

The nature of the crimes alleged involve the persuasion of a minor to produce child pornography and the act of producing said child pornography. It is clear that at least a portion of the acts constituting the offense – primarily, the production of child pornography – were committed in this district. The fact that defendant was located in another district at the time he persuaded, induced, and coerced a minor to produce child pornography does not shield him from prosecution in the district where his victim was located. Defendant's motion to dismiss for improper venue should be denied.

Defendant also briefly argues in the venue section of his motion that his client was not "properly notified of the charges against to [sic] prior to his case going to the grand jury." As

defendants are not entitled to advance notice before criminal charges are brought against them, this assertion is without merit.

2. *Search and Seizure*

Defendant moves for a second time to have the search and seizure of his cell phone at the border suppressed. This same issue was previously briefed, argued at a motions hearing, and denied in a written order. ECF No. 70. In that order, this Court found that the manual border search of defendant's phone was a routine border search that did not require reasonable suspicion.

Despite this prior ruling, defendant has argued for a second time that the search required probable cause because it was a non-routine search. He adds a new angle to his argument, claiming that he was discriminated against because of his status as a sex offender. As an initial matter, registered sex offenders do not constitute a protected class under any metric. Indeed, numerous laws are designed solely to target and limit the rights of sex offenders, including the very laws that require them to register.[1] Regardless, as the Court has already determined that there was no need for any reasonable suspicion to conduct the manual search of defendant's phone, the particular reason for searching defendant's phone does not have any impact on the legality of the search. Moreover, while being a registered sex offender may not be a "national security threat," which defendant implies is the standard for conducting a border search, multiple courts have found that an important function of border searches is to prevent the bringing of contraband, including child pornography, into the United States. *See, e.g., United States v. Touset*, 890 F.3d 1227, 1233, 1235 (11th Cir. 2018); *United States v. Cano*, 934 F.3d 1002, 1017 (9th Cir. 2019). There is thus a

---

[1] Defendant's crossing of an international border without reporting such intended crossing to the California sex offender registry in advance of such travel also constituted a violation of 18 U.S.C. § 2250(b). However, unlike the offenses charged in this case, the Southern District of West Virginia does not have venue over that crime.

perfectly legitimate reason to conduct a border search based upon someone's status as a registered sex offender.

"There is no constitutional right to relitigate pretrial matters simply because one has secured new counsel." *United States v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006). Defendant does not get a second bite at the apple simply by retaining a different attorney. As this Court has already ruled on the issue of suppression with regard to the border search and defendant presents no new evidence or a change of law, this motion must be denied.

3. *Insufficient Evidence*

Defendant's remaining arguments relate entirely to the sufficiency of the evidence. A motion to dismiss is not the proper avenue to challenge the sufficiency of the government's case; that is a question of fact reserved for trial. Defendant does not assert that the indictment is facially insufficient in that it fails to state a crime, and this Court has already denied a pretrial motion regarding multiplicity. Defendant's arguments are properly brought as a Rule 29 motion following the government's case-in-chief at trial rather than as a pretrial motion to dismiss.

To the extent that defendant is suggesting that the United States has failed to comply with its Rule 16 obligations, such a suggestion is without merit. Defendant has been supplied with all discovery in the case and complete access (under the terms of a protective order, ECF No. 74) to the unredacted report and forensic extraction of defendant's cell phone to allow him to have an independent expert review the evidence.

Defendant's claim that there is "no evidence" of coercion or that defendant directed the production of child pornography if there are written messages documenting such coercion is incorrect. It appears that defendant simply does not view the testimony of victims as being "evidence." However, defendant has been provided with disks containing the forensic interviews

4

of both victims,[2] during which they disclose that defendant told them to produce specific images and videos of themselves and that he threatened to harm himself if they did not comply. Defendant's cell phone (which, as noted above, he and his expert have had full access to review) also revealed documented Snapchat messages to the victim during which he told her to send him videos of her "tight asshole" and she complied by sending two such videos via Snapchat. This constitutes sufficient evidence to permit a reasonable jury to convict on the charged offenses by finding that he persuaded, induced, or coerced the minor to produce child pornography, and that the production of said sexually explicit images and videos was his "purpose" in doing so.

The United States has fully complied with discovery obligations in this case and has disclosed all evidence it intends to use during its case-in-chief. That defendant does not interpret this evidence in the same way as the United States is an issue to be addressed during closing arguments and not as a pretrial motion to dismiss the indictment.

Defendant also captions one section of his motion with the heading "The Photos Were Not Lascivious." However, it is not followed by an argument that the images at issue do not meet the requirements of lascivious exhibition of the genitals, anus, or pubic area of the minor. Instead, this section reiterates the other arguments about insufficient evidence of purpose or enticement. However, if defendant did intend to suggest that up-close images and videos of the minor's vaginal area and anus are not lascivious, such an argument is contrary to law and at the very least another question for trial rather than a motion to dismiss. Additionally, the fact that the minor may have

---

[2] The United States initially provided these forensic interviews to defendant's first counsel pursuant to a protective order. Prior counsel returned those disks to the government following the notice of appearance by defendant's current counsel. On April 4, 2023, those disks, along with the protective order governing their use and storage, were sent to current defense counsel via overnight FedEx.

voluntarily sent non-explicit images in addition to sexually explicit ones has no relevance to whether the images alleged to be child pornography involve lascivious exhibition.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss must be denied.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney


/s/Jennifer Rada Herrald
JENNIFER RADA HERRALD
Assistant United States Attorney
WV State Bar No. 12181
300 Virginia Street East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax:  304-347-5104
E-mail: Jennifer.herrald@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "Response of the United States to Defendant's Motion to Dismiss" has been electronically filed and service has been made on opposing counsel by electronic mail this the 9th day of August, 2023, to:

>Sebastian M. Joy, Esq.
>2701 Louisa Street
>P.O. Box 411
>Catlettsburg, KY 41129

>/s/Jennifer Rada Herrald
>JENNIFER RADA HERRALD
>Assistant United States Attorney
>WV State Bar No. 12181
>300 Virginia Street East
>Room 4000
>Charleston, WV 25301
>Telephone:  304-345-2200
>Fax:  304-347-5104
>E-mail: Jennifer.herrald@usdoj.gov