IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**UNITED STATES OF AMERICA**

vs.                                                              Case No.: 3:22-cr-0087

**ALEX KAI TICK CHIN**

### RESPONSE TO 414 MOTION

Comes now the defendant Alex Kai Tick Chin (Mr. Chin) and respectfully submits the following response objecting to the United States' attempt to introduce his prior conviction over this Court's previous ruling.

### FACTUAL BACKGROUND

On April 22, 2022, the United States filed an indictment against Mr. Chin alleging that Mr. Chin violated 18 U.S.C. § 2251 (a) and (e) by enticing a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct and the visual depictions were transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.  The United States filed a superseding indictment on August 9, 2022, alleging that Mr. Chin committed a felony offense involving a minor under 18 U.S.C. § 2251.  On February 7, 2023, the United States filed a second superseding indictment alleging that Mr. Chin used a facility and means of interstate commerce to knowingly persuade, induce, entice, and coerce an individual to engage in sexual activity.

Mr. Chin previously filed a Motion in Limine to exclude evidence of his conviction of the felony offense of possession of child pornography in the Superior Court of California, County of San Francisco.  For the imposed sentence, Mr. Chin was placed on

1

probation for a period of five years, which included a term of 680 days in the county jail. ECF. No. 47. This Court granted Mr. Chin's Motion to limit the United States from introducing Mr. Chin's California conviction into evidence. ECF. No. 70. The United States filed another motion in an attempt to have the Court overrule its decision to exclude the conviction from evidence.

## LEGAL ARGUMENT

The United States conceded that this Court has already ruled on the issue of whether Mr. Chin's past conviction should be excluded from evidence. The Court agreed with Mr. Chin that admitting evidence of his prior conviction at trial would result in unfair prejudice. ECF. No 70. Because juries can "hardly avoid" inferring that a prior conviction makes it more likely that a defendant committed the charged offense, "evidence of similar offenses . . . should be admitted sparingly if at all. United States v. Sanders, 964 F.2d 295, 297–98 (4th Cir. 1992) (quoting United States v. Beahm, 664 F.2d 414, 418–19 (4th Cir.1981)). Id. The evidence proffered under Rule 414 is still subject to the balancing test of Rule 403 and should "be excluded if [the] probative value is substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403; see also United States v. Kelly, 510 F.3d 433, 436–37 (4th Cir.2007). United States v. Mason, 5:11-CR-168-FL, 2012 WL 380325, at *1 (E.D.N.C. Feb. 6, 2012).

In applying the balancing test, the court should consider the following: (1) "the similarity between the previous offense and the charged crime"; (2) "the temporal proximity between the two crimes"; (3) "the frequency of the prior acts"; (4) "the presence or absence of intervening acts"; and (5) "the reliability of the evidence of the past offense."

Id.  The Fourth Circuit has suggested that this analysis is a flexible one, and the district court need not address and make findings as to each specific factor.  Id.

It is clearly established that "the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the lawmaking body which passed it, the sole function of the courts is to enforce it according to its terms." Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917) (citations omitted).  United States v. Wellman, 1:08-CR-00043, 2009 WL 159301, at *2 (S.D.W. Va. Jan. 20, 2009).  The language in Rule 414 clearly states that an "offense of child molestation" means conduct proscribed by chapters 109A and 110 of the United States Code.  Id.  It is also noteworthy that Rule 414 does not define "offense of child molestation" as a conduct "similar to" or "like that," proscribed by chapters 109A and 110.  Id.  For these reasons, the Court rejects the reasoning of United States v. Sturm, No. 06–cr–342–LTB, 2008 WL 5396326 (D.Colo. Dec.11, 2008).  Id.

Mr. Chin was convicted of a felony offense in California State court over five years ago.  But the crime that Mr. Chin committed occurred over ten years ago.  Ten years in which Mr. Chin did not commit any crimes.  The temporal proximity between the two (alleged) crimes is a great length of time.  Mr. Chin lived a law-abiding life during the period after his California conviction.  Mr. Chin has been convicted once in a court of law.  Mr. Chin is not a repeat offender; his one conviction does not make him more or less likely to commit the same or similar offense again.  Mr. Chin has one conviction for a crime that occurred ten years ago; this federal is the second alleged crime that Mr. Chin committed.

One prior conviction is not enough to show that Mr. Chin frequently committed crimes of child molestation.

As noted in the United States Motion, this Court has already ruled on this issue and decided that the scales tip strongly towards unfair prejudice. ECF. No. 70. Mr. Chin argues that the Court's reasoning in the Order at ECF. No 70. Also applies to the United States' latest Motion, as it is a clear attempt to make an end-run around the court's ruling in ECF. No. 70. The United States is trying for a second bite of the apple, and its Motion should therefore be **DENIED**. The Court's order in ECF. No. 70 states in part, as discussed in Section B, supra, prior bad acts, which may include prior convictions, may only be admitted where they are (1) relevant to an issue other than character; (2) probative of an essential claim or element of the charged offense; (3) reliable; and (4) their probative value is not substantially outweighed by unfair prejudice. United States v. Brizuela, 962 F.3d 784, 797 (4th Cir. 2020) (quoting United States v. Hall, 858 F.3d 254, 266 (4th Cir. 2017)). ECF. No. 70 Federal Rule of Evidence 609 sets out an additional, albeit limited, set of circumstances in which evidence of prior convictions can be admitted at trial. Id.

Under this rule, prior convictions can be admitted to impeach a witness when they (1) are "punishable by death or by imprisonment for more than one year" or (2) required proving the defendant committed a dishonest act. Fed. R. of Evidence 609(a)(1) and (2). ECF. No. 70. Where the witness is a defendant, such evidence is admissible only if the probative value of the evidence outweighs its prejudicial effect to that defendant. (citation omitted). Id.

Mr. Chin argues that his prior conviction is not admissible for a permitted purpose under Rule 404(b), and even if it were, it should be excluded as highly prejudicial under Rule 403. Def. 's Mot. in Lim. to Exclude Evid. of Prior Conviction at Trial ¶¶ 5-9, ECF No. 47. ECF. No. 70. He further contends that it is not admissible under Rule 609(a) because its probative value does not outweigh its prejudicial effect. Id. ¶¶ 2-4. ECF. No. 70. The Government responds that evidence of the conviction is admissible under Rule 404(b) as evidence of motive and intent. Resp. of the United States to Def. 's Mot. to Sever Count Three and Exclude Evid. of Prior Conviction at Trial at 4-5, ECF No. 57. ECF. No. 70. The Government further contends that admitting the prior conviction will not result in unfair prejudice because it is relatively benign in comparison with the charged conduct. (citation omitted). Id.

The Court finds that Mr. Chin's prior conviction should be excluded under Rules 403, 404(b), and 609(a). Id. Starting with Rules 403 and 404(b), while the evidence is admissible for a permitted purpose, its probative value is substantially outweighed by its prejudicial effect. Id. Evidence of this prior conviction is relevant and admissible for a permitted purpose, at least in part because Count Three requires the Government to prove that defendant was required to register as a sex offender. Id. However, evidence of Mr. Chin's prior conviction does not pass the Rule 403 balancing test. Id. It should likewise not pass the balancing test applied to rule 414.

First, a prior conviction has limited probative value where the instant charges, as here, are not related in time, manner, or pattern of conduct. See United States v. McBride, 676 F.3d 385, 397 (4th Cir. 2012) (quoting United States v. Johnson, 617 F.3d 286, 297 (4th Cir. 2010)). ECF. No. 70. The prior conviction and the instant charges occurred at

5

least six years apart and involved different conduct—the prior conviction only involved possession of child pornography, while the instant offenses involved the production of child pornography. Def.'s Mot. in Lim. To Exclude Evid. of Prior Conviction at Trial ¶ 1, ECF No. 47. ECF. No. 70. Second, the nature of the prior conviction—a sex offense involving minors—is highly likely to prejudice the defendant, such that a limiting instruction would be ineffective. Sanders, 964 F.2d at 297-298 (quoting Beahm, 664 F.2d at 418-19). 0 ECF. No. 70. Because the probative value of the evidence is minimal and its prejudice is great, the prior conviction is not admissible under either Rule 404(b) or Rule 403. ECF. No. 70.

This finding does not prevent the Government from proving a violation of 18 U.S.C. § 2260A. ECF. No. 70. Section 2260A charges a defendant with "commit[ing] a felony offense involving a minor" while being "an individual required by . . . law to register as a sex offender." Second Superseding Indictment at 3, ECF No. 39. ECF. No. 70. To establish the elements of this offense, the Government is only required to show that defendant was required to register as a sex offender, not that he had a prior conviction for a sex offense. ECF. No. 70. The Government, therefore, can prove the latter without introducing the former. ECF. No. 70. Mr. Chin's prior conviction does not pass muster under Rule 609(a) either, as its probative value is not outweighed by the danger of unfair prejudice. ECF. No. 70. First, the conviction does not involve dishonesty, meaning it has low probative value under Rule 609(a)(2) for impeachment purposes.

Second, given that the evidence does not pass the Rule 403 balancing test, it cannot pass the Rule 609(a)(1)(B) test as well. ECF. No. 70. Rule 609(a)(1)(B) requires a higher burden of admissibility than Rule 403—whereas Rule 403 requires that the

6

danger of unfair prejudice substantially outweigh probative value, Rule 609(a)(1)(B) requires that the evidence be excluded should the scales tip even slightly, toward prejudice. ECF. No. 70. As discussed above, the scales tip strongly towards unfair prejudice. ECF. No. 70.

The United States argues that "a single reference to a prior conviction for possession of child, (which the United States asserts is the least serious child pornography offense) would be minimally inflammatory. However, this Court has already ruled that the evidence of Mr. Chin's prior conviction tips the scales strongly toward an unfair prejudice. Rule 414 provides "an exception to the general rule that evidence of past crimes may not be used 'to prove the character of a person in order to show action in conformity therewith.'" (citation omitted). United States v. Rice, 347 Fed. Appx. 904, 905 (4th Cir. 2009).

The 4th Circuit held that evidence admitted under Rule 414 is still subject to Rule 403. However, like all other evidence, that admitted under Rule 414 is subject to the balancing test of Fed.R.Evid. 403, requiring that the evidence be excluded if its probative value is substantially outweighed by the danger of unfair prejudice to the defendant." (Rule 403). (citation omitted). Id.

## CONCLUSION

Because this Court has already ruled on this issue and because the United States should not have a second bite at the apple, Mr. Chin respectfully requests that the Court **DENY** the United States' attempt to offer impermissible evidence to the jury.

Respectfully submitted this 9th day of August, 2023.

ALEX KAI TICK CHIN
By Counsel

Very truly yours,

JOY LAW OFFICE

2701 Louisa Street
P.O. Box 411
Catlettsburg, KY 41129
Telephone: (606) 739-4569
Facsimile: (606) 739-0338
Cell: (859) 488-1214

/s/ Sebastian M. Joy

Hon. Sebastian M. Joy

Counsel for Defendant Alex Kai Tick Chin

Kentucky Bar # 92583

West Virginia Bar # 10945

E-mail: sjoy@joylawoffice.com

Admitted in Kentucky & West Virginia