# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

**UNITED STATES OF AMERICA**

**vs.**                                                                                                              **Case No.: 3:22-cr-0087**

**ALEX KAI TICK CHIN**

## REPLY TO THE UNITED STATES RESPONSE

Comes now the defendant Alex Kai Tick Chin (Mr. Chin) and hereby offers this supplemental Reply to the United States Response to Mr. Chin's Motion to Dismiss due to lack of evidence of an essential element of the alleged offense.

## LEGAL ARGUMENT

Mr. Chin asserts that the United States has provided no evidence that it has in its possession that it can present to the Jury. The United States has filed a Response to Mr. Chin's Motion to Dismiss alleging that it has evidence that it can present to the jury. However, the evidence that the United States intends to rely on does not in any way show that Mr. Chin enticed the alleged victim into any sexual activity. Enticement is an essential element of the crime that the United States alleges Mr. Chin committed. Mr. Chin has not asserted that the evidence that the United States intends to rely on is "insufficient" Mr. Chin asserted that the evidence is non-existent.

As Mr. Chin noted in his original Motion to Dismiss the United States must be able to prove every element of the charge offense to a jury of Mr. Chin's peers beyond a reasonable doubt. Mr. Chin believes the United States cannot fulfil that requirement with the evidence it is intending to introduce. We, therefore, will not disturb the balance struck in previous cases holding that the Due Process Clause requires the prosecution to prove

beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged. Patterson v. New York, 432 U.S. 197, 210, 97 S. Ct. 2319, 2327, 53 L. Ed. 2d 281 (1977). Black's Law Dictionary defines enticement as "the act or an instance of wrongfully soliciting or luring a person to do something." Black's Law Dictionary (Bryan A. Garner ed., 9th ed. Thomson Reuters 2010).  The evidence that the United States cited in its Response does not nor could it show that Mr. Chin enticed the alleged victim into a sexual activity.

The United States must prove that Mr. Chin compelled the alleged victim to engage in the sexual conduct.  Asking for a picture of someone's genitals (while it may be inappropriate) does not make it enticement.  A person sending a picture of their genitals is not proof in and of itself that that person was enticed into taking the picture.  The person charged with the crime must be the one who did the wrongdoing.  The United States asserted that Mr. Chin requested pictures of the alleged victims but that likewise does not prove his intent.

The 9th Circuit Court of Appeals decided United States v. Laursen, in 2017; in a concurring opinion, Judge Hawkins wrote that to prevent the statute from being overbroad and unconstitutionally vague, I would adopt a narrower construction of the term "uses" in the statute.  847 F.3d 1026, 1036–37 (9th Cir. 2017).  The Government's construction implies that one "uses" the minor as much as one "uses" a camera to take a photograph, and their mere presence in the photo could suffice.  Id.  As the majority acknowledges, "uses" has a number of meanings in ordinary language.  Id.  To me, the one most likely applicable here is: "to take unfair advantage of; exploit." Use Dictionary.com, http://dictionary.reference.com/browse/use (last visited December 13, 2016); see also

American Heritage Dictionary College Edition 1331 (2nd ed. 1991) ("to exploit for one's own advantage or gain").  Id.  Although I agree with the majority that "a word is known by the company it keeps" (citation omitted).  Id. In my view, the rest of the terms in the statute—employs, persuades, induces, entices, or coerces—suggest that the defendant must have exerted some sort of improper influence on the minor for the purpose of producing the visual depiction of sexual conduct.  Id.  The United States cannot show that Mr. Chin exerted any type of control over the alleged minor victim.

The United States has stated that Mr. Chin allegedly told the alleged victim that if she did not comply with his requests for picture then he would kill himself.  In the years prior to the alleged victim reaching out online to him, Mr. Chin went through a tragedy where his finance died.  Mr. Chin became very despondent and suicidal.  Mr. Chin saw a therapist and that therapist told Mr. Chin to find a support system.  Mr. Chin found an online community that he believed was his support system.  Mr. Chin told the community of his suicidal thoughts in the past.  Mr. Chin did not tell his support system about his past to entice them into any conduct.  He wanted their help and support.  Telling the support system about his suicidal thoughts did not exert any control or enticement of the alleged victim.

## CONCLUSION

Because the United States cannot produce any evidence to prove to a jury beyond a reasonable doubt that Mr. Chin enticed the alleged victim into sexual activity Mr. Chin humbly moves this Court to **GRANT** the Motion to Dismiss.

States' attempt to offer impermissible evidence to the jury.

Respectfully submitted this 9th day of August 2023.

                ALEX KAI TICK CHIN
                   By Counsel

                Very truly yours,

                 JOY LAW OFFICE

                2701 Louisa Street
                P.O. Box 411
                Catlettsburg, KY 41129
                Telephone: (606) 739-4569
                Facsimile: (606) 739-0338
                Cell: (859) 488-1214

                <u>s/ Sebastian M. Joy</u>
                Hon. Sebastian M. Joy
                Counsel for Defendant Alex Kai Tick Chin
                Kentucky Bar # 92583
                West Virginia Bar # 10945
                E-mail: sjoy@joylawoffice.com
                Admitted in Kentucky & West Virginia

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

**UNITED STATES OF AMERICA**

vs.                                                          Case No.: 3:22-cr-0087

**ALEX KAI TICK CHIN**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **REPLY TO THE UNITED STATES RESPONSE** has been electronically filed with the Clerk of Court this date using the CM/ECF system and served upon opposing counsel as follows:

**VIA CM/ECF:**   Jenny Herrald, Esq. AUSA
Office of United States Attorney
Southern District of West Virginia
300 Virginia Street East, Room 4000
Charleston, West Virginia 25301

**DATE:**   August 11, 2023

> Very truly yours,
>
> JOY LAW OFFICE
> 2701 Louisa Street
> P.O. Box 411
> Catlettsburg, KY 41129
> Telephone: (606) 739-4569
> Facsimile: (606) 739-0338
> Cell: (859) 488-1214
>
>   s/ Sebastian M. Joy
> Hon. Sebastian M. Joy
> Counsel for Defendant Alex Kai Tick Chin
> Kentucky Bar # 92583
> West Virginia Bar # 10945
> E-mail: sjoy@joylawoffice.com
> Admitted in Kentucky & West Virginia