IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  Criminal No. 3:22-cr-00087

ALEX KAI TICK CHIN

REPLY OF THE UNITED STATES TO
DEFENDANT'S RESPONSE TO RULE 414 NOTICE

Comes now the United States of America, by Jennifer Rada Herrald, Assistant United States Attorney for the Southern District of West Virginia, and hereby replies to defendant's response to the United States' notice of its intent to introduce evidence pursuant to Rule 414.

Defendant primarily focuses his response on the Court's prior ruling on the admissibility of defendant's prior conviction under Rule 404(b), a ruling that the United States fully acknowledged in its Rule 414 notice. However, simply because a particular piece of evidence is inadmissible under one rule of evidence does not automatically mean that it cannot be admitted under another rule. In particular for this case, the interplay between Rule 404(b) and Rule 414 demonstrates exactly why a fresh Rule 403 balancing assessment must be conducted to determine admissibility under Rule 414 — Congress enacted Rule 414 to specifically function as an exception to the restrictions on propensity evidence under Rule 404. If the analysis under Rule 414 is identical to that under Rule 404(b), particularly with respect to concerns over a jury considering the evidence as proof of propensity or the inherently inflammatory nature of sex crimes against minors, then the entire purpose of creating an exception to that rule would be defeated. While the United States is seeking introduction of the same piece of evidence that the Court previously

excluded under Rule 404(b), the current motion relates to a separate legal analysis that distinguishes it from the previous ruling.

The reasoning set forth in the Court's prior order, and the argument forwarded by defendant, highlight exactly why a new balancing test is necessary to assess admissibility under Rule 414. As the Court highlighted, "Because juries can 'hardly avoid' inferring that a prior conviction makes it more likely that a defendant committed the charged offense, 'evidence of similar offenses . . . should be admitted sparingly if at all." ECF No. 70 at 7, quoting *United States v. Sanders*, 964 F.2d 295, 297-98 (4th Cir. 1992). This rationale, while relevant to a Rule 404(b) balancing test, is inconsistent with a Rule 414 analysis — Rule 414 was created for the very purpose of allowing juries to conclude that a prior conviction makes it more likely that a defendant committed the charged offense. *See, e.g., United States v. Arce*, 49 F.4th 382, 394 (4th Cir. 2022) (recognizing that "even if the offered [child molestation evidence] *only* helped establish propensity, they were properly admitted") (emphasis added); *United States v. Brooks*, 723 F. App'x 671, 681 (11th Cir. 2018) (noting that the rationale for Rule 414 is specifically that "a person who has engaged in the covered conduct is likely to engage in it again"). Therefore, the risk that a jury may use the prior conviction as propensity evidence is not a viable basis for excluding evidence under Rule 414, even it if is a legitimate concern under Rule 404(b).

It is also worth noting that Rule 414, enacted in 1995, was passed in response to cases like *Sanders*, which was issued in 1992, in the context of sex crimes against children. *See, e.g. United States v. Seymour*, 468 F.3d 378, 384-85 (6th Cir. 2006), quoting 140 Cong. Rec. H8968, H8991 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari)) ("Rules 413 and 414, enacted in 1995, were designed to 'protect the public from crimes of sexual violence' by permitting 'in sexual assault and child molestation cases . . . evidence that the defendant has committed offenses of the

same type on other occasions.'"). For the above reasons, there is nothing improper about the United States' motion despite the Court's prior ruling on the issue under Rule 404(b).

Next, defendant argues that the prior conviction does not qualify as a "child molestation offense" because it was not a conviction under either Chapter 109A or 110 of Title 18 of the United States Code; it instead is a state conviction. However, the rule clearly states that it applies to "any *conduct* prohibited by 18 U.S.C. 110." Fed. R. Evid. 414(d)(2)(B) (emphasis added). The definition of child molestation also specifically covers "a crime under federal law *or under state law*" that involves such conduct. Fed. R. Evid. 414(d)(2) (emphasis added). To exclude from the definition of "child molestation" convictions under state law that address the exact same conduct prohibited by the federal laws under Chapter 110 would be in direct contradiction to the plain language of Rule 414.

Defendant cites to a district court order from this district (*United States v. Wellman*, Case No. 1:08-cr-00043, 2009 WL 159301 (S.D.W.V. Jan. 20, 2009)) to suggest that his state conviction does not meet the "child molestation" definition. This misapplies the holding in *Wellman*, which was evaluating whether a *federal* conviction under 18 U.S.C. § 1466A (a Chapter 71 offense) could be counted as an offense under Chapter 110. A violation of § 1466A can be committed through possession of an obscene visual depiction of a minor engaged in sexually explicit conduct, including drawings, cartoons, sculptures, or paintings; such depictions that do not involve real minors are not criminal conduct prohibited under Chapter 110. This is a far different scenario than the situation in this case, where the state conviction addressed the same types of child pornography materials that are addressed by Chapter 110.

Additionally, *Wellman* was decided in 2009 before any circuits had weighed in on whether a categorical approach should be applied when interpreting the definition of

3

"child molestation" under Rule 414 (or "sexual assault" in the similar Rule 413). The circuits to consider the issue since that time have found that the categorical approach is inappropriate and the analysis turns on facts (that is, the specific conduct underlying a conviction) rather than the precise elements of the prior offense. *See Brooks*, 723 F. App'x at 681 (rejecting the categorical approach to determine "child molestation" under Rule 414, noting that the focus of the Federal Rules of Evidence is upon facts rather than the way a statute is drafted and therefore the categorical approach would be inappropriate to apply); *United States v. Foley*, 740 F.3d 1079, 1087 (7th Cir. 2014) (same as to the definition of "sexual assault" under Rule 413). A non-binding district court opinion that has been subsequently undermined by circuit decisions (albeit also non-binding ones) and which is not particularly pertinent to the analysis of a state counterpart to the laws contained in Chapter 110 should be given little weight by this Court.

The United States previously addressed defendant's temporal argument in its motion as to why the time that has elapsed between the prior conviction and the current conduct is consistent with (and actually shorter than) temporal differences that have been affirmed by the Fourth Circuit. Defendant also argues that the two offenses are too dissimilar. As noted in the United States' motion, the Fourth Circuit has affirmed the introduction of prior conduct that involved hands-on molestation in a child pornography possession case. Both of defendant's cases involve child pornography, and the fact that he has escalated to production does not render the prior conviction for a lesser child pornography offense too dissimilar to be admitted under Rule 414.

As to prejudice, defendant persists in arguing under the Rule 404(b) standard, focusing on the inflammatory nature of a prior child sex offense. This inflammatory nature, however, applies to the entire universe of cases that are addressed by Rule 414; to base a finding of prejudice on this

4

argument would be to entirely gut Rule 414. *See, e.g., United States v. Sanchez*, 440 F. App'x 436, 439-40 (6th Cir. 2011) ("nearly all evidence admissible under Rule 414 will be highly prejudicial" and the "danger of unfair prejudice . . . presented by the unique stigma of child sexual abuse . . . is one that all propensity evidence [admitted under Rule 414] in such trials presents"). In *Sanchez*, the Sixth Circuit specifically noted that the proposed evidence that it found admissible under Rule 414 involved "a truly deplorable act, and one with a likelihood of distracting the jury." *Id.* at 439. Cases like *Sanchez* make clear that the nature of the prior conviction — that is, that it is an inherently inflammatory sex crime involving a minor — is generally not sufficient to demonstrate the type of unfair prejudice that warrants exclusion under Rule 403.

In light of the special purpose of Rule 414, the probative value of defendant's prior conviction is not substantially outweighed by a risk of *unfair* prejudice. Moreover, several of the reasons that led the Court to exclude the prior conviction under Rule 404(b), including the prior offense being a sex offense involving minors and the risk that a jury might consider the prior conviction as propensity evidence, are not relevant under a Rule 414 analysis. The United States' motion to admit the prior conviction pursuant to Rule 414 should be granted.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney


<u>/s/Jennifer Rada Herrald</u>
JENNIFER RADA HERRALD
Assistant United States Attorney
WV State Bar No. 12181
300 Virginia Street East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: Jennifer.herrald@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "REPLY OF THE UNITED STATES TO DEFENDANT'S RESPONSE TO RULE 414 NOTICE" has been electronically filed and service has been made on opposing counsel by electronic mail this the 11th day of August, 2023, to:

>Sebastian M. Joy, Esq.
>2701 Louisa Street
>P.O. Box 411
>Catlettsburg, KY 41129

>/s/Jennifer Rada Herrald
>JENNIFER RADA HERRALD
>Assistant United States Attorney
>WV State Bar No. 12181
>300 Virginia Street East
>Room 4000
>Charleston, WV 25301
>Telephone:  304-345-2200
>Fax:  304-347-5104
>E-mail: Jennifer.herrald@usdoj.gov