IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:22-00087

ALEX KAI TICK CHIN

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Alex Kai Tick Chin's Motion to Dismiss. ECF No. 77. For the reasons set forth herein, the Court **DENIES** the Defendant's motion.

### BACKGROUND

The Second Superseding Indictment was returned on February 7, 2023; it charges the Defendant with the following:

1. Count One: employing, using, persuading, inducing, enticing, and coercing Minor Female 1 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct in violation of 18 U.S.C §§ 2251(a) and (e);

2. Count Two: persuading, inducing, enticing, and coercing Minor Female 1, and attempting to persuade, induce, entice, and coerce Minor Female 1, to engage in sexual activity for which any person could have been charged with a criminal offense, in violation of 18 U.S.C. §§ 2422(b) and 2427; and

3. Count Three: committing a felony offense involving a minor under Title 18 U.S.C. §§ 2251 and 2422(b) while being an individual required by Federal or other law to register as a sex offender, in violation of 18 U.S.C. § 2260A.

ECF No. 39.

Through his prior counsel, the Defendant filed a motion to suppress evidence that resulted from a search and seizure of his cellular phones by border patrol officers at the Paso Del Norte port of entry in El Paso, Texas. ECF No. 44; ECF No. 45. The Defendant also moved to, among other things, dismiss Count One of the Second Superseding Indictment based on multiplicity and to sever and separate Count Three for the purposes of trial. ECF No. 48; ECF No. 49. Those motions were fully briefed by the Defendant and the Government and were argued before the Court on March 20, 2023. *See* ECF No. 63.

The Defendant's motions were denied in a memorandum opinion and order dated March 24, 2023. That same day, the Defendant's current counsel entered a notice of appearance and the Court granted prior defense counsel's motion to be relieved of appointment. ECF No. 67; ECF No. 71.

Though his new counsel, the Defendant filed the instant motion on July 28, 2023. The motion is now fully briefed and was argued before the Court on August 16, 2023. ECF No. 85.

**ANALYSIS**

The Defendant's motion to dismiss raises three main arguments: (1) venue is not proper in the Southern District of West Virginia; (2) the search of the Defendant's cell phone at the border was unreasonable; and (3) the Government does not have sufficient evidence to prove the elements of the crimes listed in the Second Superseding Indictment. These arguments are addressed in turn.

**A.    Venue**

First, the Defendant argues that venue does not properly lie in the Southern District of West Virginia. ECF No. 77, at 2–3. Instead, he submits that all of his alleged wrongful acts occurred in the State of California.

Article III, Section II, Clause 3 of the United States Constitution provides that "[t]he Trial of all Crimes . . . shall be held in the State where said Crime shall have been committed[.]" This constitutional right is buttressed by the Sixth Amendment's declaration that criminally accused are entitled to "a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed[.]" U.S. Const. amend. VI.

It is the Government's burden to prove that venue is proper for each charge in the indictment. *United States v. Wilson*, 262 F.3d 305, 320 (4th Cir. 2001). And, where the criminal statute at issue "does not explicitly provide guidance, the location of the offense for venue purposes 'must be determined from the nature of the crime alleged and the location of the act or acts constituting it.'" *Id.* (quoting *United States v. Anderson*, 328 U.S. 699, 703 (1946)). Importantly, the focus of this inquiry "is on the place, not on the person, and the defendant need not have been present in the district where the crime was committed." *Id.* (citing *Travis v. United States*, 364 U.S. 631, 634 (1961)).

In cases involving the unlawful enticement of a child or production of child pornography, venue properly lies in the district where child was enticed or where the pornography was produced. Such offenses, including each of the offenses contained within the Second Superseding Indictment, involve transportation in interstate or foreign commerce. Accordingly, the crimes are designated by statute as continuing offenses that "may be inquired of and prosecuted in any district *from, through, or into* which such commerce . . . moves." 18 U.S.C. § 3237(a) (emphasis added).

Here, the Government alleges that the child pornography at issue was produced in and moved from the Southern District of West Virginia—the district where Minor Female 1 lives. ECF No. 81, at 2. Similarly, the Government has alleged that the communications underlying the enticement charge in Count II reached Minor Female 1 in the Southern District of West Virginia.

Such facts, if proven, would be sufficient to satisfy venue in this district. *See United States v. Engle*, 676 F.3d 405, 416 (4th Cir. 2012) (finding the offense of sexual exploitation of a minor under § 2251(a) is a continuing offense under the second paragraph of 18 U.S.C. § 3237(a)); *United States v. Kapordelis*, 569 F.3d 1291, 1307–08 (11th Cir. 2009) (same); *United States v. Byrne*, 171 F.3d 1231, 1234–35 (10th Cir. 1999) (holding that a violation of 18 U.S.C. § 2422 is a continuing offense under 18 U.S.C. § 3237(a)).

Finally, although not raised by the Government in response to the Defendant's motion, the Government's burden to prove venue is a trial burden. *United States v. Powers*, 40 F.4th 129, 134 (4th Cir. 2022). "When deciding a pretrial motion to dismiss an indictment for improper venue, the district court assess only whether the allegations of the indictment, if true, would suffice to establish venue." *Id.* (citing *Engle*, 676 F.3d at 415).

In *Powers*, the Fourth Circuit found that the simple inclusion of "within the Eastern District of Virginia and elsewhere" was sufficient to withstand a pretrial motion to dismiss based on venue. In this case, the Second Superseding Indictment's allegations that the unlawful acts occurred "within the Southern District of Virginia," are certainly sufficient to withstand the Defendant's pretrial motion to dismiss. *See* ECF No. 39.

**B.      Border Search**

With respect to the Defendant's objection to the search and seizure of his cell phone at the border, the Court finds it important to note that dismissal of an indictment is not the proper remedy for an unreasonable search. *See Utah v. Strieff*, 579 U.S. 232, 237 (2016) (noting that the suppression of evidence is "the principal judicial remedy" for violations of the Fourth Amendment).

Moreover, the Court has already fully considered, and denied, a motion to suppress the evidence uncovered as a result of the border search of the Defendant and his phone. *See* ECF No. 70. As set forth in the Court's March 24, 2023 Memorandum Opinion and Order, the search at the border was a basic manual search that did not require reasonable suspicion. *See id.* at 3–4; *United States v. Ramsey,* 431 U.S. 606, 616 (1977) (holding that border searches are generally considered reasonable "simply by virtue of the fact that they occur at the border"); *see also United States v. Ickes*, 393 F.3d 501, 502 (4th Cir. 2005) ("Both Congress and the Supreme Court have made clear that extensive searches at the border are permitted, even if the same search elsewhere would not be."). The Court declines to further revisit the issue.

C.  **Sufficiency of the Evidence**

Lastly, the Defendant's motion makes three arguments regarding the sufficiency of the Government's evidence. First, the Defendant argues that the Government has not produced any evidence to prove the Defendant "enticed" the alleged minor victim. ECF No. 77, at 6–8. Second, the Defendant argues that there is no evidence of "that Mr. Chin took any actions 'for the purpose' of producing any visual depictions of a sexual encounter with the minor victim." *Id.* at 9–10. Third, the Defendant briefly submits that the photos "were not lascivious." *Id.* at 10–11.

In response, the Government submits that it intends to introduce witnesses who will testify as to the Defendant's enticement and purpose. *See* ECF No. 81, at 5 (alleging that the Defendant told the minors, including Minor Female 1, "to produce specific images and videos of themselves and that he threatened to harm himself if they did not comply").

The Government's proffered evidence, taken as true, is sufficient to establish enticement under both 18 U.S.C. 2251(a) and 18 U.S.C. § 2422(a). Although the Defendant has specifically argued that "enticement" requires some kind of "unfair advantage" or "improper purpose," *see*

ECF No. 73, at 2–3, the Defendant's definition of "enticement" is far too narrow. Both statutes employ a disjunctive "or" and embrace a wider range of conduct than what has been argued by the Defendant.[1]

*United States v. Laursen*, 847 F.3d 1026 (9th Cir. 2017), the case cited by the Defendant, does not counsel or persuade otherwise. Therein the Ninth Circuit found that the defendant sufficiently "used" a minor under § 2251(a) when he told her he wanted to take explicit pictures with her. *Id.* at 1032. Other circuits have similarly found that § 2251(a) reaches a broad range of conduct. *See United States v. Sirois*, 87 F.3d 34, 42 (2d Cir. 1996) (finding "use" under § 2251(a) is satisfied when a minor is the subject of the photography); *United States v. Wright*, 774 F.3d 1085, 1090 (6th Cir. 2014) (finding "use" element is "fully satisfied for the purposes of the child pornography statute if a child is photographed in order to create pornography").

The Fourth Circuit has similarly found that the words persuade, induce, and entice in § 2422(b) are words of common meaning that convey the idea "of one person leading or moving another by persuasion or influence, as to some action [or] state of mind." *Engle*, 676 F.3d at 411 n.3 (quoting *United States v. Broxmeyer*, 616 F.3d 120, 125 (2nd Cir. 2010)). These words do not imply or require the defendant to engage in physical coercion or other improper control over the minor victim.

---

[1] *See* 18 U.S.C. § 2251(a) ("Any person who employs, uses, persuades, induces, entices, *or* coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished as provided under subsection (e) . . ..") (emphasis added); 18 U.S.C. § 2422(b) ("Whoever, using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, *or* coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.") (emphasis added).

Finally, with respect to the lascivious nature of the photography, the Government alleges that there are up-close images and videos of minor child's genital area, which the jury may find to be lascivious. ECF No. 81, at 5.

At bottom, it is apparent that the Defendant's arguments are factual issues that can only be addressed by the finder of fact. If, after the Government closes its evidence, the Defendant believes the Government has failed to meet its burden of proof as to any count in the indictment, he retains the right to make a Rule 29 motion for judgment of acquittal or to argue the same to the jury in closing.

## CONCLUSION

In light of the forgoing, the Defendant's Motion to Dismiss, ECF No. 77, is **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the Defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: August 17, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE