IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                              Criminal No. 3:22-cr-00087

ALEX KAI TICK CHIN

SUPPLEMENTAL MEMORANDUM OF THE UNITED STATES
IN SUPPORT OF ITS RULE 414 NOTICE

Comes now the United States of America, by Jennifer Rada Herrald, Assistant United States Attorney for the Southern District of West Virginia, and hereby provides supplemental briefing regarding its notice to admit evidence of defendant's prior conviction under Rule 414.

Rule 414 was implemented in order to expand the permissible uses for certain prior bad acts in certain cases, specifically cases involving "child molestation," beyond the traditional limitations on such evidence under Rule 404. Under Rule 414, in a criminal case where a defendant is accused of "child molestation," the district court may allow evidence that the defendant committed any other "child molestation" for consideration as to any relevant matter, including propensity.

Rule 414(d) sets forth relevant definitions for terms used in Rule 414(a). "Child molestation," as used in Rule 414(a), is defined to mean a crime under federal or state law that falls into one of five categories, or a conspiracy or attempt to engaged in conduct in one of those five categories. Four of these five categories — Rule 414(d)(2)(A, C-E) — define child molestation in terms of certain conduct that involves a "child" or various parts of the body of a "child." That term, as used in those four categories of "child molestation," is defined as a person under the age of 14 in Rule 414(d)(1). Accordingly, conduct described in subsections (A), (C),

(D), and (E) of Rule 414(d)(2) must involve a minor under the age of 14 to qualify as "child molestation" as described in Rule 414(a).

The fifth category of "child molestation," however, differs in one substantial way to the other four. In Rule 414(d)(2)(B), "child molestation" is defined to mean "any conduct prohibited by 18 U.S.C. chapter 110" without any reference to such conduct having to involve a "child." While this issue has not been addressed by the Fourth Circuit, the two Circuits that have directly addressed this difference have found it to mean that the requirement that a victim be under the age of 14 does not apply to conduct that is prohibited under Chapter 110.

In *United States v. Foley*, the defendant argued that his child pornography production charges under 18 U.S.C. § 2251(a) were not "child molestation" offenses because his minor victim was above the age of 14. *United States v. Foley*, 740 F.3d 1079, 1087 n.3 (7th Cir. 2014). The Seventh Circuit rejected this argument because Rule 414(d)(2)(B) defined child molestation to mean any offense under Chapter 110 without regard to whether the victim was a "child" as defined by Rule 414(d)(1). *Id.* It thus concluded that it did not matter whether the victim of a child pornography production offense was under the age of 14 for purposes of Rule 414. *Id.*

The Tenth Circuit made a similar finding in *United States v. Sturm*. In that case, the defendant argued that his prior state conviction in Ohio for Pandering Sexually Orientated Matter Involving a Minor did not count as "child molestation" because the Ohio statute defined a minor as someone under the age of 18 and Rule 414 defined "child" as a person under the age of 14. *United States v. Sturm*, 673 F.3d 1274, 1284 (10th Cir. 2012). The circuit court found that since Rule 414(d)(2)(B) defined "child molestation" by reference to Chapter 110 independent from the term "child," the relevant age of a victim was determined according to Chapter 110. *Id.* Under that chapter, a "minor" is anyone under the age of 18. *See* 18 U.S.C. § 2256(1). For this reason, the

2

Tenth Circuit concluded that offenses under Chapter 110 were "child molestation" for purposes of Rule 414 so long as the victim was under the age of 18.

This distinction makes logical sense. Chapter 110 specifically defines "minor" to be someone under the age of 18, and under the law there is no way for a person under the age of 18 to ever legally consent to be depicted in an image or video of child pornography. The remaining categories apply to either federal hands-on sexual abuse offenses under Chapter 109A or various types of specific sexual activity. These other sections do not internally possess a clearly defined age limit that would ensure that the offenses involved *both* minors *and* illegal activity. The fundamentally different nature of Chapter 110 offenses, which by definition involve activity that is both illegal and involves minors, makes such an age requirement unnecessary under Rule 414 to ensure that it does not capture legal sexual activity or sexual activity involving only adults.

For example, under Chapter 109A there are numerous offenses that also cover illegal sexual activity with adults; such offenses cannot automatically be considered "child molestation" offenses for Rule 414 and need an additional age requirement imposed by the Rule. With regard to specific types of sexual conduct, such as contact between a defendant's genitals and another person's body as described in Rule 414(d)(2)(D), the conduct is not inherently illegal — it is only illegal if one party to the sexual activity falls below a certain age as specified by statute (often known as "the age of consent"). Those ages vary from state to state. Many states make sexual conduct illegal if the younger party is under the age of 16; however, some states permit sexual activity with even younger minors if there is only a statutorily-limited age difference between the two individuals (often known as "Romeo and Juliet" provisions), and still others require a person to be 17 or 18 years old to legally consent to sex. These variations between states, which can lead to the same exact conduct being legal in one state and illegal in another, require Rule 414 to have

a bright line age requirement for consistency and fairness. For purposes of Rule 414, Congress selected the age of 14 as an age below which sexual activity is generally considered to be molestation in order to avoid capturing sexual contact that is generally considered legal, such as sexual intercourse between an adult and a 17-year-old minor.

    Accordingly, this case is one that involves child molestation despite the fact that Minor Female 1, the victim, was over the age of 14 at the time of the crime. Both this offense and defendant's prior conviction are qualifying offenses under Rule 414. For the reasons previously set forth in the submissions by the United States, his prior conviction is admissible under the *Kelly* factors and the Rule 403 balancing test. The United States' motion to admit defendant's prior conviction under Rule 414 should be granted.

                                             Respectfully submitted,

                                             WILLIAM S. THOMPSON
                                             United States Attorney

                                           <u>/s/Jennifer Rada Herrald</u>
                                           JENNIFER RADA HERRALD
                                           Assistant United States Attorney
                                           WV State Bar No. 12181
                                           300 Virginia Street East
                                           Room 4000
                                           Charleston, WV 25301
                                           Telephone:  304-345-2200
                                           Fax:  304-347-5104
                                           E-mail: Jennifer.herrald@usdoj.gov

## **CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "SUPPLEMENTAL MEMORANDUM OF THE UNITED STATES IN SUPPORT OF ITS RULE 414 NOTICE" has been electronically filed and service has been made on opposing counsel by electronic mail this the 23rd day of August, 2023, to:

Sebastian M. Joy, Esq.
2701 Louisa Street
P.O. Box 411
Catlettsburg, KY 41129

/s/Jennifer Rada Herrald
JENNIFER RADA HERRALD
Assistant United States Attorney
WV State Bar No. 12181
300 Virginia Street East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax:  304-347-5104
E-mail: Jennifer.herrald@usdoj.gov