IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**UNITED STATES OF AMERICA**

vs.                                                                                          Case No.: 3:22-cr-0087

**ALEX KAI TICK CHIN**

**DEFENDANT'S SUPPLEMENTAL BRIEF IN OPPOSITION TO RULE 414**

Comes now, the defendant, Alex Kai Tick Chin (Mr. Chin), submits the following Supplemental Brief as ordered by the Court.

**LEGAL ARGUMENT**

The first step in any analysis of a statute is to read the words of that Statute, "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation.  Fed. R. Evid. 414. The evidence may be considered on any matter to which it is relevant.  Id.  The Statute lists *two* elements that must be present for the Government to use Rule 414.  It must involve a child under the age of 14; Fed. R. Evid. 414(d)(1) **AND** it must be a crime of child molestation. Fed. R. Evid. 414(d)(2).  The Statute says that both elements must be present; it is not enough to have only one element present.  If that first element is not met, there is no need to progress to the second element, but in the interest of thoroughness, Mr. Chin will address both elements.

1

### i.      The Alleged Victim Is Not A Child Under The Definition Of Child In Rule 414(d)(1).

Rule 414 defines a "child" as a person below the age of 14 and "child molestation" as a crime under federal law or under state law involving, among other things, "contact between the defendant's genitals or anus and any part of a child's body." Fed.R.Evid. 414(d). United States v. Deuman, 568 Fed. Appx. 414, 420 (6th Cir. 2014). The United States cited opinions by the 7th and 10th Circuits. The 7th Circuit opinion in United States v. Foley, 740 F.3d 1079, 1087–88 (7th Cir. 2014) did not address the first element in FRE 414 (d)(1), which is the requirement that any victim must be under the age of 14.

"For purposes of the rule, an offense of "child molestation" includes the production of child pornography, 18 U.S.C. § 2251(a), as well as the possession, receipt, and distribution of child pornography, 18 U.S.C. § 2252A. Fed.R.Evid. 414(d)(2)(B) (defining "child molestation" to include conduct prohibited under 18 U.S.C. chapter 110). Id. The Rule's definition of "child molestation" also includes crimes under federal or state law involving "contact between any part of the defendant's body ... and a child's genitals or anus." Fed.R.Evid. 414(d)(2)(C). Id. Thus, the defendant was charged with offenses of child molestation—child pornography production, distribution, and possession under 18 U.S.C. chapter 110—and the evidence that the Government sought to admit was evidence of an offense of child molestation—contact between the defendant's body and the minor victim's genitals when he was between eleven and thirteen years old Under Rule 414, the minor victim's testimony about his past molestation was admissible to prove the defendant's propensity to produce and possess child pornography under federal law. Id.

The Foley court did not address the first element in FRE 414; the Court for the Eastern District of Michigan disagreed with the 7th Circuit's reasoning. The Seventh Circuit has interpreted the Rule differently. United States v. Lantzy, 538 F. Supp. 3d 745, 752 (E.D. Mich. 2021). In United States v. Foley, 740 F.3d 1079 (7th Cir. 2014), the Seventh Circuit held that a defendant charged with producing child pornography under 18 U.S.C. § 2251(a) was charged with "child molestation" regardless of the age of the victim because FRE 414 defined "child molestation" to include "'any conduct prohibited by 18 U.S.C. chapter 110' without regard to whether the chapter 110 offense was committed with a person below the age of 14." Id. This interpretation of FRE 414 has been rejected by at least one treatise. See Christopher B. Mueller & Laird C. Kirkpatrick, 2 Federal Evidence § 4.86 (arguing that "child molestation" is limited to crimes against victims under 14 despite FRE 414's unqualified reference to 18 U.S.C. chapter 110). Id.

The Foley court appears to have decided the case with no analysis of FRE 414 (d)(1). While "Rule 414's reference to 'child molestation' broadly includes the receipt of child pornography," United States v. Libbey-Tipton, 948 F.3d 694, 701 (6th Cir. 2020), evidence of Defendant's prior convictions does not fall within FRE 414 for two reasons. United States v. Lantzy, 538 F. Supp. 3d 745, 752 (E.D. Mich. 2021). First, with respect to Defendant's convictions for CSC and violating his parole, the victim in each case was not a "child" as defined by the Rule.3 See Fed. R. Evid. 414(d)(1) (defining "child" as "a person below the age of 14"). Id. "Because the Federal Rules of Evidence are a legislative enactment, [courts must] turn to the traditional tools of statutory construction in order to construe their provisions." Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 163 (1988) (internal citation omitted). Id. "'When a statute includes an explicit definition,

3

[courts] must follow that definition,' even if it varies from a term's ordinary meaning." Digital Realty Tr., Inc. v. Somers, 138 S. Ct. 767, 776 (2018) (quoting Burgess v. United States, 553 U.S. 124, 130 (2008)). Id.

If the U.S. Legislature had intended for any crimes under 18 U.S.C. Chapter 110 to be admissible regardless of the alleged victim's age, the Statute would have read as follows In this Rule and Rule 415:

**(1)** "child" means a person below the age of 14; **OR**

**(2)** "Child molestation" means a crime under federal law or under state law (as "state" is defined in 18 U.S.C. § 513) involving:

**A)** any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child;

**(B)** any conduct prohibited by 18 U.S.C. chapter 110;

**(C)** contact between any part of the defendant's body--or an object--and a child's genitals or anus;

**(D)** contact between the defendant's genitals or anus and any part of a child's body;

**(E)** deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on a child or

**(F)** an attempt or conspiracy to engage in conduct described in subparagraphs (A)-(E).

If the Statute read like that, then the United States could be correct that Mr. Chin's past conviction would be admissible, but the FRE 403 balancing test would still have to be met. However, the Statute does not read like that; it does not give the option for only

4

one element to be present. The requirement that the victim be under the age of 14 is not optional if the alleged crime falls under 18 U.S.C. Chapter 110; the Statute does not read, **OR** it reads **AND**. For the Court to allow the United States to introduce Mr. Chin's prior conviction under FRE 414, the Court would, in effect, be interpreting the Statute beyond its ordinary meaning. The Legislature included FRE 414 (d)(1) **AND** FRE 414 (d)(2) for a reason, and FRE 414 includes an explicit definition.

It is clearly established that "the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the lawmaking body which passed it, the sole function of the courts is to enforce it according to its terms." Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917) (citations omitted). United States v. Wellman, 1:08-CR-00043, 2009 WL 159301, at *2 (S.D.W. Va. Jan. 20, 2009). Therefore, Mr. Chin's prior conviction is not admissible under FRE 414 (d)(1).

### ii. Mr. Chin's Prior Conviction Should Not Be Admissible Under 414(d)(2)(B).

Should the Court hold that FRE 414(d)(1) does not qualify FRE (d)(2)(B), the Court must conduct the balancing test of FRE 403. The evidence proffered under Rule 414 is still subject to the balancing test of Rule 403 and should "be excluded if [the] probative value is substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403; see also United States v. Kelly, 510 F.3d 433, 436–37 (4th Cir.2007). United States v. Mason, 5:11-CR-168-FL, 2012 WL 380325, at *1 (E.D.N.C. Feb. 6, 2012).

Mr. Chin previously filed a Motion in Limine to exclude his prior conviction from evidence under FRE 404(b) ECF No. 47.  The Court **GRANTED** Mr. Chin's Motion in Limine to exclude the prior conviction.  ECF No. 70.  Evidence proffered under Rule 414 is still subject to the balancing test of Rule 403 and should "be excluded if [the] probative value is substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403; see also United States *v. Kelly,* 510 F.3d 433, 436–37 (4th Cir.2007).  United States v. Mason, 5:11-CR-168-FL, 2012 WL 380325, at *1 (E.D.N.C. Feb. 6, 2012).

In applying the balancing test, the court should consider the following: (1) "the similarity between the previous offense and the charged crime"; (2) "the temporal proximity between the two crimes"; (3) "the frequency of the prior acts"; (4) "the presence or absence of intervening acts"; and (5) "the reliability of the evidence of the past offense." Id.  The Fourth Circuit has suggested that this analysis is a flexible one, and the district court need not address and make findings as to each specific factor.  Id.

The Court specifically held that evidence of Mr. Chin's prior conviction did not pass the FRE 403 balancing test.  The exact same test that is required under FRE 414.  "The Court finds that Defendant's prior conviction should be excluded under Rules 403, 404(b) and 609(a).  ECF No.  70.  Starting with Rules 403 and 404(b), while the evidence is admissible for a permitted purpose, its probative value is substantially outweighed by its prejudicial effect.  Id.  Evidence of this prior conviction is relevant and admissible for a permitted purpose, at least in part because Count Three requires the Government to prove that Defendant was required to register as a sex offender.  Id.  However, evidence of Defendant's prior conviction does not pass the Rule 403 balancing test.  Id.

6

## CONCLUSION

Because the alleged victim in this case is not a child as defined in FRE 414(d)(1) and because the Court has already conducted the FRE 403 balancing test, Mr. Chin humbly moves the Court to **DENY** the United's States motion to admit evidence of Mr. Chin's prior conviction.

Respectfully submitted this 28th day of August 2023.

        ALEX KAI TICK CHIN
        By Counsel

    Very truly yours,

        JOY LAW OFFICE

        2701 Louisa Street
        P.O. Box 411
        Catlettsburg, KY 41129
        Telephone: (606) 739-4569
        Facsimile: (606) 739-0338
        Cell: (859) 488-1214

        s/ Sebastian M. Joy_____
        Hon. Sebastian M. Joy
        Counsel for Defendant Alex Kai Tick Chin
        Kentucky Bar # 92583
        West Virginia Bar # 10945
        E-mail: sjoy@joylawoffice.com
        Admitted in Kentucky & West Virginia

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

**UNITED STATES OF AMERICA**

**vs.**                                                          Case No.: 3:22-cr-0087

**ALEX KAI TICK CHIN**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **REPLY TO THE UNITED STATES RESPONSE** has been electronically filed with the Clerk of Court this date using the CM/ECF system and served upon opposing counsel as follows:

**VIA CM/ECF:**    Jenny Herrald, Esq. AUSA
Office of United States Attorney
Southern District of West Virginia
300 Virginia Street East, Room 4000
Charleston, West Virginia 25301

**DATE:**    August 31, 2023

    Very truly yours,

    JOY LAW OFFICE
    2701 Louisa Street
    P.O. Box 411
    Catlettsburg, KY 41129
    Telephone: (606) 739-4569
    Facsimile: (606) 739-0338
    Cell: (859) 488-1214

    __s/ Sebastian M. Joy_____
    Hon. Sebastian M. Joy
    Counsel for Defendant Alex Kai Tick Chin
    Kentucky Bar # 92583
    West Virginia Bar # 10945
    E-mail: sjoy@joylawoffice.com
    Admitted in Kentucky & West Virginia