## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                               CRIMINAL ACTION NO.  3:22-00087

ALEX KAI TICK CHIN

### MEMORANDUM OPINION AND ORDER

Before the Court is the Notice of the United States to Introduce Evidence Pursuant to Rule 414 of the Federal Rules of Evidence. ECF No. 79. Because the minor victim in this case was not "below the age of 14" at the time the offenses in the Second Superseding Indictment are alleged to have occurred, the Court finds that Rule 414 is not applicable to this case. The Court's reasoning is set forth in detail herein.

### I.      BACKGROUND

The Second Superseding Indictment, returned on February 7, 2023, charges Defendant Alex Kai Tick Chin with the following:

>    1.      Count One: employing, using, persuading, inducing, enticing, and coercing Minor Female 1 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct in violation of 18 U.S.C §§ 2251(a) and (e);

>    2.      Count Two: persuading, inducing, enticing, and coercing Minor Female 1, and attempting to persuade, induce, entice, and coerce Minor Female 1, to engage in sexual activity for which any person could have been charged with a criminal offense, in violation of 18 U.S.C. §§ 2422(b) and 2427; and

>    3.      Count Three: committing a felony offense involving a minor under Title 18 U.S.C. §§ 2251 and 2422(b) while being an individual required by Federal or other law to register as a sex offender, in violation of 18 U.S.C. § 2260A.

ECF No. 39.

On March 6, 2023, Chin filed a motion asking the Court to exclude evidence of his 2017 child pornography conviction in California. ECF No. 47. In response, the Government argued that evidence of the previous conviction was proper under Rule 404(b). *See* ECF No. 57. Specifically, the Government argued that Chin's prior conviction was relevant to proving Chin's intent commit the offenses alleged in the Second Superseding Indictment.

On March 24, 2024, the Court granted Chin's motion to exclude based in its finding that the limited probative value of the prior conviction did "not pass the Rule 403 balancing test." ECF No. 70, at 9.

On the precipice of trial, the United States has filed a notice, this time pursuant to Federal Rule of Evidence 414, that it intends to introduce evidence during the presentation of its case-in-chief of Chin's 2017 child pornography conviction. ECF No. 79. Chin filed a response objecting to the Government's Notice. ECF No. 82.

The Court heard oral argument on the issue on August 16, 2023, and directed the parties to file supplemental memoranda on the applicability of Rule 414 to the instant case. The issue has since been fully briefed.

## II.    LEGAL STANDARD & ANALYSIS

Generally, the Federal Rules of Evidence prohibit the admission of past conduct for propensity purposes. *See* Fed. R. Evid. 404(b) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Such evidence is generally viewed as being "unfairly prejudicial" in criminal cases. *See Old Chief v. United* States, 519 U.S. 172, 180 (1997) ("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant

evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.").[1]

In 1994, however, Congress affixed three new evidentiary rules—Rules 413, 414, and 415—to the Violent Crime Control and Law Enforcement Act. PL 103-322, Sept. 13, 1994, 108 Stat 1796. The new rules gutted the common law tradition opposing propensity evidence in certain sexual abuse and child molestation cases. *See United States v. Kelly*, 510 F.3d 433, 436–37 (4th Cir. 2007).

The evidentiary rule the Government seeks to invoke in this case, Rule 414, provides, in pertinent part:

> (a) **Permitted Uses.** In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.

Accordingly, unlike Rule 404(b), Rule 414 specifically "allows the admission of evidence for the purpose of establishing propensity to commit other sexual offenses." *United States v. Arce*, 49 F.4th 382, 394 (4th Cir. 2022).

Importantly, Rule 414 does not apply to all sexual offenses involving minors. Instead, it contains carefully worded definitions limiting its application:

---

[1] This prohibition is deep-seated. It can be traced back to the late 17th Century common law. *See* B. Bergman et al., 1 Wharton's Criminal Evidence § 4:42 (15th ed. 2023); Wigmore on Evidence: Evidence in Trial at Common Law § 58.2 (4th ed. 2023).

    (d) **Definition of "Child" and "Child Molestation."** In this rule and Rule 415:
        (1) "child" means a person below the age of 14; and
        (2) "child molestation" means a crime under federal law or under state law
    (as "state" is defined in 18 U.S.C. § 513) involving:
            (A) any conduct prohibited by 18 U.S.C. chapter 109A and
            committed with a child;
            (B) any conduct prohibited by 18 U.S.C. chapter 110;
            (C) contact between any part of the defendant's body--or an object-
            -and a child's genitals or anus;
            (D) contact between the defendant's genitals or anus and any part of
            a child's body;
            (E) deriving sexual pleasure or gratification from inflicting death,
            bodily injury, or physical pain on a child; or
            (F) an attempt or conspiracy to engage in conduct described in
            subparagraphs (A)-(E).

Fed. R. Evid. 414(d). In order for Rule 414 to apply, both the charged offense and the prior offense must be "child molestation" offenses. *See* Fed. R. Evid. 414(a).

Child pornography offenses, including those charged in the Second Superseding Indictment and Chin's previous possession offense, are offenses prohibited by 18 U.S.C. chapter 110.[2] Accordingly, the Government avers that the prior conviction is admissible under Rule 414(d)(2)(B).

Before the Parties, the Court *sua sponte* raised concerns that Rule 414 may not be applicable to Mr. Chin's case because the victim in the Second Superseding Indictment, Minor Female 1, was over the age of fourteen at the time the alleged offences were committed.

Interpretation of Rule 414 is not uniform. Some courts have determined that in order for any crime to be "child molestation" crime, it must involve a "child" under the age of 14. *See United States v. Lantzy*, 538 F. Supp. 3d 745, 751–52 (E.D. Mich. 2021); *United States v. Taylor*, 523 F. Supp. 3d 1054, 1060 (S.D. Ind. 2021) ("For evidence to qualify under Rule 414, the victim must

---

[2] It is not pertinent that Chin was not previously *convicted* of a federal offense set forth in 18 U.S.C. chapter 110. It appears undisputed that the conduct for which Chin was convicted is *prohibited* by 18 U.S.C. chapter 110. *See* Fed. R. Evid. 414(d)(2)(B).

have been under the age of 14."); *United States v. Hernandez*, No. 1:17-cr-00183-TWP-TAB, 2020 WL 354788, at \*4–5 (S.D. Ind. Jan. 21, 2020) (limiting Rule 414 to evidence for which "the Government can first establish that the victims were below the age of 14"); *United States v. Grisanti*, No. 4:16-cr-00018-TWP-VTW, 2018 WL 1522656, at \*3 (S.D. Ind. Mar. 28, 2018) ("While the image of M.M. in the shower was pornographic content, it is not admissible under F.R.E. 414 because, as conceded by the Government, when the image was taken the victim was over the age of 14."); *United States v. Hough*, Cr. No. 06-39-C, 2008 WL 11417074, at \*2, 2 n.4 (W.D. Ky. July 29, 2008) (allowing government to introduce evidence under Rule 414 that the defendant had previously committed unlawful acts under 18 U.S.C. Chapter 110 where the children were under the age of 14). Respected treatises have come to the same conclusion. Wright & Miller, 23 Fed. Prac. & Proc. Evid. § 5393 (2d ed. 2023)[3]; C. Mueller & L. Kirkpatrick, 2

---

[3] Wright & Miller recognize the inherent conflict between the definition of child in subdivision (d)(1) and the statutory offenses in (d)(2)(B), but note there may (or may not) be other means for admitting the evidence:

> Rule 414(d)(1) defines a 'child' as 'a person below the age of fourteen.' This conflicts with aspects of subdivision (d)(2). The statutes invoked in that subdivision apply to persons of varying ages; those under 12, between 12 and 16, and those under 18. *Suppose for example, the defendant is charged with a crime under one of the statutes described in subdivision (d)(2) involving a 17-year-old. The prosecution wishes to offer evidence that defendant had once engaged in a similar crime with a 15-year-old. Neither is a crime of "child molestation" as that term is defined in subdivision (d)(1) because the victims were not "below the age of 14".* There might be, however, another path toward admissibility. If both the charged and uncharged crimes were a "sexual assault" as defined by Rule 413(d), Rule 413(a) would make evidence of the uncharged crime admissible. But if either the charged or uncharged crimes fail to meet the definition of sexual assault, the evidence is not admissible under that theory. This would mean that the evidence is inadmissible under Federal Rule of Evidence 404.

23 Fed. Prac. & Proc. Evid. § 5393 (emphasis added).

Federal Evidence § 4:86 (4th ed. 2023); C. Fishman & A. McKenna, 4 Jones on Evidence § 20:13(b) (7th ed. 2023)

Other courts have determined that the definition of "child" set forth in subdivision (d)(1) is only applicable to the "child molestation" conduct set forth in subdivision (d)(2) that specifically include a *separate and additional* reference to a "child." *United States v.* Foley, 740 F.3d 1079, 1087 n.3 (7th Cir. 2014) ("Although Rule 414(d)(1) defines a 'child' as a person below the age of 14, it defines 'child molestation' to include 'any conduct prohibited by 18 U.S.C. chapter 110' without regard to whether the chapter 110 offense was committed with a person below the age of 14, a 'child' as defined by the Rule."); *United States v. Sturm*, 673 F.3d 1274, 1284 (10th Cir. 2012); *see also United States v. Steganyuk*, 944 F.3d 761 (8th Cir. 2019).

The United States asks this Court to adopt the latter interpretation of Rule 414. *See* ECF No. 87, at 2–3. However, the Court declines to do so in this case.

First, a plain reading of the Rule's text leads to the conclusion that it only applies in cases where the victim is under the age of 14. For the Court to hold otherwise, it would have to find that word "child" within the phrase "child molestation" in subdivision (d)(2) means something different from the word "child" in subdivision (d)(1).[4] That finding neither squares with Congress's inclusion of the phrase "in this rule" in subdivision (d) nor its inclusion of the word "and" between subdivision (d)(1) and (d)(2):

> (d) **Definition of "Child" and "Child Molestation."** *In this rule* and Rule 415:
>      (1) "child" means a person below the age of 14; *and*
>      (2) "child molestation" means a crime under federal law or under state law
>      (as "state" is defined in 18 U.S.C. § 513) involving . . .

Fed. R. Evid. 414(d) (emphasis added).

---

[4] Indeed, if that was intended, the Court is certain that Congress would have used a different word (such as "minor" or "infant") in the immediately preceding subdivision (d)(1).

Second, even assuming there is ambiguity in the language of Rule 414, the Government must recognize that it is asking the Court to construe the ambiguity against a criminal defendant. Because Rule 414 is such an extreme departure from the general rule that propensity evidence is not admissible, the Court would be very hesitant to do so. *See* 2 Federal Evidence § 4:86 ("Rule 414 represents a significant departure from common law tradition, and for this reason its coverage should not be construed in the most expansive and extravagant way that is plausible, but in a more restrained fashion that seems commensurate with the purpose and scope set forth on the face of the Rule itself.").

Finally, from a practical standpoint, the Court does not believe the Government's reading of Rule 414 logically comports with the purpose of the Rule, as it would allow admission of a prior conviction in a non-contact child pornography case involving minors aged 14–17 yet exclude it in cases involving forcible sexual contact with a 14-year-old. That outcome conflicts with the apparent legislative history and intent of Rule 414 as set forth herein. *See id.*

Consequently, even though Chin's alleged violations of 18 U.S.C §§ 2251(a) and §2260A are felonies enumerated within 18 U.S.C. chapter 110, the Court finds that Rule 414 is inapplicable to this case because charges pending against Chin do not involve a child "below the age of 14."[5]

---

[5] Moreover, even if the instant offenses were "child molestation" crimes under Rule 414(d)(2), the evidence of Chin's prior conviction would only be admissible if it survived the Rule 403 balancing test. In applying Rule 403 to Rule 414 evidence, the Fourth Circuit has directed that courts consider the following factors: "(i) the similarity between the previous offense and the charged crime, (ii) temporal proximity between the two crimes, (iii) the frequency of the prior acts, (iv) the presence or absence of any intervening acts, and (v) the reliability of the evidence of the past offense." *United States v. Kelly*, 510 F.3d 433, 437 (4th Cir. 2007).

The Court is not certain that the Government's evidence could survive 403's hurdle. Although there may be some similarity between the previous offense and the charged crimes because they both involve child pornography, the Government has provided no factual details about Chin's previous conviction. Indeed, all the Court knows about Chin's prior conviction is the California statute it fell under. Without an understanding of the previous offense, the Court cannot

### III.    CONCLUSION

In light of the foregoing, The Court **ORDERS** that the Government is precluded from introducing evidence of the Defendant's 2017 California conviction for possession of child pornography pursuant to Federal Rule of Evidence 414. If the Government believes the Defendant has in some way "opened the door" to the admission of this evidence at trial pursuant to any other evidentiary rule, it must seek leave from the Court before offering the conviction into evidence.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:  September 29, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

determine the true nature of the conviction, the frequency of the prior acts, or even the reliability of the past conviction.