## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                        CRIMINAL ACTION NO.  3:22-00087

ALEX KAI TICK CHIN

### ORDER

In light of the Fourth Circuit's May 30, 2024 Opinion, the Court directed the parties to submit additional briefing regarding the admissibility of certain evidence under Rules 414 and 403.

The evidence the Government seeks to introduce at trial is the existence of the Defendant's 2017 California conviction for possession of or control of child pornography. *See* Gov.'s Suppl. Br. at 3, ECF No. 11; Certified Records, ECF No. 117-2.

Generally, the Federal Rules of Evidence prohibit the admission of past conduct for propensity purposes. *See* Fed. R. Evid. 404(b) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Such evidence is generally viewed as being "unfairly prejudicial" in criminal cases. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.").

In 1994, however, Congress affixed three new evidentiary rules—Rules 413, 414, and 415—to the Violent Crime Control and Law Enforcement Act. PL 103-322, Sept. 13, 1994, 108

Stat 1796. The new rules gutted the common law tradition opposing propensity evidence in certain sexual abuse and child molestation cases. *See United States v. Kelly*, 510 F.3d 433, 436–37 (4th Cir. 2007).

The evidentiary rule the Government seeks to invoke in this case, Rule 414, provides, in pertinent part:

> (a) **Permitted Uses.** In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.

Accordingly, unlike Rule 404(b), Rule 414 specifically "allows the admission of evidence for the purpose of establishing propensity to commit other sexual offenses." *United States v. Arce*, 49 F.4th 382, 394 (4th Cir. 2022).

"[A]s is true of all admissible evidence, evidence admitted under Rule 414 is subject to Rule 403's balancing test." *Kelly*, 510 F.3d at 437. Yet, because Rule 414 expressly allows the evidence to be considered on "any matter to which it is relevant," including the Defendant's propensity to commit other sexual offenses, the Court has been directed to consider the following factors when applying Rule 403 to Rule 414 evidence: "(i) the similarity between the previous offense and the charged crime, (ii) the temporal proximity between the two crimes, (iii) the frequency of the prior acts, (iv) the presence or absence of any intervening acts, and (v) the reliability of the evidence of the past offense." *Id.*

Here, the Court finds that these factors weigh in favor of allowing the evidence.

*First*, the previous offense and the charged offenses are similar in nature. As earlier noted by the Court, the Defendant's prior child pornography conviction is "directly related to and similar to the conduct alleged here." Hearing Tr. at 20, ECF No. 117-1. Indeed, the Defendant's prior

conviction for possessing child pornography "would be pretty strong evidence, directly relevant to whether [the Defendant] was trying to get child pornography produced by his conduct here." *Id.*

*Second*, "[w]hile some time has elapsed between the current offense conduct and the prior conviction (the current offense occurred approximately 6 years after the prior conduct and 3 years after his conviction on that conduct)," Gov.'s Suppl. Br. at 2, the temporal proximity between the two crimes is not so great as to render the conviction inadmissible, *see Kelly*, 510 F.3d at 438 (admitting conviction that occurred 22 years prior to the crimes charged).

*Third*, while the Defendant's prior conviction relates to a single day of possession, the Court records show that he pled guilty to possessing more than 600 images of child pornography. *See* Certified Records at 2. This suggests the at least some amount of ongoing conduct on the behalf of the Defendant. Accordingly, the Court agrees with the Government that this factor either "weighs in favor of admission or is, at most, a neutral factor." Gov.'s Suppl. Br. at 4.

*Fourth,* neither party has raised argument regarding the presence or absence of intervening events. Consequently, the Court finds the fourth *Kelly* factor is neutral.

*Fifth,* the evidence the Government seeks to admit is reliable. The Government proposes that the prior conviction will be introduced either in the form of a stipulation or via certified court documents. *Id.* at 3–4; *see* Fed. R. Evid. 902 (providing that signed and certified domestic public documents are self-authenticating).

*Finally*, the Court agrees with the Government that the evidence is not unfairly prejudicial. The government is not seeking to "elicit inflammatory testimony" about the Defendant's prior conviction, but instead seeks to present his official conviction records. *Kelly*, 510 F.3d at 437–38. Moreover, the prior conviction "does not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged. " *United States v. Byers*, 649 F.3d 197, 210

(4th Cir. 2011) (quoting *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995); *see* Gov.'s Suppl. Br. at 4 (arguing that "a prior conviction for possession of child pornography (the least serious child pornography offense) is minimally inflammatory compared to the evidence that will be admitted at trial regarding the defendant persuading and coercing a minor to produce child pornography").

In light of the foregoing, the Court **ORDERS** that the Government may introduce the Defendant's California conviction for possession of child pornography at trial.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:  July 30, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE