IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                       CRIMINAL ACTION NO.  3:22-00087

ALEX KAI TICK CHIN

**MEMORANDUM OPINION AND ORDER**

Pending is the Motion of United States to Permit Videoconference Testimony. ECF No. 121. Upon review, and for the reasons stated, the motion is **DENIED.**

The Government's motion specifically seeks permission to call an unnamed "chain of custody witness" who was involved in the seizure of Mr. Chin's cell phone in El Paso, Texas. Mot. 1–2. Mr. Chin filed a response in objection to the motion, arguing that videoconference testimony would violate his Sixth Amendment right to confront witnesses against him. Resp., ECF No. 123

Although criminal defendants do not have an "*absolute* right to a face-to-face meeting with witnesses against them at a trial," *Maryland v. Craig*, 497 U.S. 836, 844 (1990) (emphasis in original), the exceptions to that general rule are limited. Indeed, "a defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial *only* where denial of such confrontation is necessary to further an important public policy and only where the reliability of the testimony is otherwise assured." *Id.* at 850 (emphasis added)

The Government's briefs neither set forth this standard nor satisfy it. The most obvious reason it seeks to have this witness testify remotely is convenience. Mot. at 2 ("[I]n order to avoid the unnecessary expense of travel and to avoid any travel related delays that could delay

the trial for such brief, non-substantive testimony the United States respectfully request that the chain of custody witness located out of state be permitted to testify by video."). But convenience is not an important public policy.

The Government additionally offers if the Court requires live testimony "the public would be deprived of a law enforcement agent at the border for at least two days." Reply at 3, ECF No. 124. This argument is not compelling. The Court has no reason to believe the public will be placed at risk if a single officer is off duty for two days. Indeed, the Government regularly tries cases with testifying border agents and other law enforcement officers. Reason suggests that many of those officers miss hours or days at work.

Finally, as the Government notes, it is the Defendant's right "to reject any and all stipulations proposed by the government." Reply at 4. Such rejections do not provide grounds for denying the Defendant face-to-face cross-examination of the witnesses against him.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the Defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:    August 9, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE