IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:22-00087

ALEX KAI TICK CHIN

### MEMORANDUM OPINION AND ORDER

Pending is Defendant Alex Chin's Motion for a New Trial. ECF No. 155. For the reasons set forth below, the Defendant's motion is **DENIED**.

### I. Background

Mr. Chin was charged in a three-count Second Superseding Indictment. ECF No. 39. Count One charged Mr. Chin with the production or attempted production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (e). *Id.* Count Two charged him with persuasion, inducement, enticement, or coercion of a minor to engage in sexual activity or attempting to do so in violation of 18 U.S.C. §§ 2422(b) and 2427. *Id.* Count Three charged him with committing a felony offense against a minor while being required to be registered as a sex offender in violation of 18 U.S.C. § 2260A. *Id.*

Mr. Chin's jury trial began on August 20, 2024, and concluded on August 22, 2024. ECF Nos. 142–144. During the first day of trial, two victims of Mr. Chin's actions, A.C. and A.M., testified. ECF No. 142. The next day, the Government called Daniel Beckman. ECF No. 143. Mr. Beckman testified that he had been in custody with Mr. Chin and that Mr. Chin told him stories that aligned with the victims' testimony. The Government then called two more witnesses: Leland Pickering, an expert witness, and Special Agent Andrew Hayden. *Id.* Mr. Chin also called an

expert witness, Ryan Greenman. *Id.* Finally, Mr. Chin took the stand and testified. ECF No. 143–44. The jury found Mr. Chin guilty on all three counts. ECF No. 146.

## II. Analysis

Pursuant to Rule 33(a) of the Federal Rules of Criminal Procedure, a Court may vacate a judgment and award a new trial upon a defendant's motion "if the interest of justice so requires." Fed. R. Crim. P. 33(a). Trial courts retain significant discretion when resolving a motion for a new trial. *See United States v. Dorlouis*, 107 F.3d 248, 254 (4th Cir. 1997). In making its decision, the Court may evaluate the evidence, including the credibility of witnesses. *See United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985).

To demonstrate a new trial is warranted based on newly discovered evidence Mr. Chin must satisfy the following five-part test:

> (1) the evidence is newly discovered; (2) the defendant exercised due diligence; (3) the newly discovered evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would probably result in acquittal at a new trial.

*United States v. Moore*, 709 F.3d 287, 292 (4th Cir. 2013) (citation omitted).

The Court finds Mr. Chin fails to meet this test. Mr. Chin seeks a new trial so he may call witnesses who could impeach Mr. Beckman and speak to Mr. Chin's good character. ECF No. 155, at 2–3. Mr. Chin does not identify the new potential witnesses but states a potential witness "has personal knowledge of the time Mr. Chin allegedly spoke with Mr. Beckman and allegedly confessed his crime." *Id.*

Mr. Chin makes no effort to demonstrate that this evidence is actually new or that he exercised due diligence in obtaining this evidence prior to trial. Presumably, the individual Mr. Chin wishes to call was incarcerated with him and Mr. Beckman, suggesting the evidence could

have been available to Mr. Chin prior to trial. The Government disclosed Mr. Beckman's interview before the trial, ECF No. 158, at 2, leaving Mr. Chin ample opportunity to obtain this evidence. Similarly, Mr. Chin knew his character could be at issue in this case. However, he has made no showing as to the novelty of this evidence or his diligence in attempting to obtain it.

Finally, the Court finds this evidence would not probably result in the acquittal of Mr. Chin. The evidence of Mr. Chin's guilt was overwhelming. The evidentiary exhibits and the testimonies of A.C., A.M., Mr. Pickering, and Special Agent Hayden convincingly detailed Mr. Chin's predatory behavior, manipulative practices, and criminal actions. Mr. Beckman merely corroborated the aforementioned evidence and the Government's argument; his testimony was not critical to achieving a guilty verdict. Impeaching Mr. Beckman would not probably result in an acquittal. Likewise, due to the overwhelming evidence against Mr. Chin, a witness testifying to Mr. Chin's good character would not probably result in an acquittal.

### III. Conclusion

Considering the foregoing, Defendant's Motion for a New Trial, ECF No. 155, is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and Defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Office.

ENTER:   November 25, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE