**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON DIVISION**

**UNITED STATES OF AMERICA**

v.                                                               **CRIMINIAL NO. 3:22-cr-00087-001**

**ALEX KAI TICK CHIN**

## SENTENCING MEMORANDUM

Defendant, Alex Kai Tick Chin, submits this Sentencing Memorandum evaluating each one of the various factors under 18 U.S.C. § 3553(a) for the Court's consideration at the Sentencing hearing scheduled for April 28, 2025, at 10:00 a.m., in Huntington, WV.

The Court, in determining the particular sentence to be imposed and the need for a variance, shall consider the factors found at 18 U.S.C. § 3553(a). These factors include; the nature and circumstances of the offense and the history and characteristics of the defendant, the need to reflect the seriousness of the offense, to promote respect for the law and provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from the further crimes of the defendant, and to provide the defendant with needed vocational or educational training, medical care, or other correctional treatment in the most effective manner. The defendant respectfully requests that the Court sentence him to the minimum sentence of 35 years.

## BACKGROUND – NATURE & CIRCUMSTANCES OF THE OFFENSE

In early 2022, Alex Kai Tick Chin drove from San Francisco, California, to Huntington, West Virginia, on his way back to California Mr. Chin stopped in Texas and crossed into Mexico for a few hours. Mr. Chin's only purpose for going into Mexico was

to walk around for a few hours and get something to eat. Once Mr. Chin crossed back into the United States, he was told to submit his thumb for a fingerprint scan. The results of the scan alerted the border patrol officers that Mr. Chin was a registered sex offender.

The border patrol officers directed Mr. Chin to another room for a secondary inspection. As a result of that secondary inspection, Mr. Chin's two cell phones were seized and searched. Border patrol officer Monica McQuality reported seeing pictures of a fully clothed suspected underage female as well as a suspected underage female exposing her breasts. At that time, Officer McQuality reportedly stopped her basic search of Mr. Chin's smartphone and reported her findings to a second border patrol officer, Wally Terrazas.

The border patrol officers contacted Homeland Security Investigations, which sent two agents to the port of entry Mr. Chin crossed back and forth through. The Homeland Security agents reported finding suspicious photographs involving a minor, which appeared to be screenshots taken from the defendant's Snapchat communications with others. The Homeland Security agent conducted a Facebook search for the female whose images were seen in the gallery and on the Snapchat profile page. He discovered that she was reportedly a student at Spring Valley High School in Cabell County, West Virginia.

On or about March 23, 2022, a Homeland Security agent in Charleston, West Virginia, conducted a follow-up check and verified from the female's date of birth that she was currently eighteen years old. However, she has been subsequently designated as Minor Female 1 as she was seventeen years old at the time of several of her Snapchat interactions with the defendant between December 12, 2020, and February 14, 2021, as

charged in the Second Superseding Indictment. Mr. Chin was arrested on April 26, 2022, in San Francisco, California, on the underlying warrant issued for the indictment.

Mr. Chin filed a Motion to Dismiss and a Motion to Suppress through his previous counsel, and the undersigned counsel also filed a Motion to Dismiss. On August 20, 2024, Mr. Chin went on trial in the Southern District of West Virginia at Huntington. After a three-day trial, the jury returned a guilty verdict. During the course of the trial, Mr. Chin testified in his own defense and based his defense on his belief that he did not persuade, induce, entice, coerce or facilitate a minor to engage in sexually explicit conduct.

## **HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

Alex Kai Tick Chin, was born to the marital relationship of Man Tak Chin and Joyce Chin. Mr. Chin has two siblings, a twin brother and a younger sister. Mr. Chin has never married, a circumstance profoundly influenced by the tragic death of his fiancée, an event that marked a turning point in his life and exacerbated his preexisting mental health struggles.

As detailed in the Presentence Report (PSR), Mr. Chin has a documented history of suicidal ideations, which have persisted for many years and intensified following the loss of his fiancée. This profound grief culminated in a suicide attempt, underscoring the severity of his emotional distress. Diagnosed with depression in 2007, Mr. Chin has managed this condition for nearly two decades, yet the compounded impact of his fiancée's death has significantly hindered his ability to cope.

Further complicating his circumstances, Mr. Chin endured a violent assault by other inmates during his incarceration at the Carter County Detention Center. This attack

resulted in a fractured leg, an injury from which he has not fully recovered. The lingering physical limitations and chronic pain stemming from this incident have exacerbated his mental health challenges, contributing to ongoing suicidal ideations. The PSR also notes Mr. Chin's medical sensitivities, including allergies to metals and a specific antibiotic, which pose additional obstacles to his treatment and overall well-being.

These factors—Mr. Chin's prolonged mental health struggles, the devastating loss of his fiancée, the physical trauma sustained during incarceration, and his medical vulnerabilities—present a compelling case for consideration. His circumstances reflect a confluence of personal tragedy and systemic challenges that have significantly impacted his life trajectory. In light of these hardships, Mr. Chin's situation warrants a compassionate evaluation, recognizing the profound adversities he has faced and their enduring effects on his physical and psychological health.

Mr. Chin distinguished himself through honorable service in the United States Marine Corps, dedicating four years of his life to the nation's defense. During his tenure, he exemplified commitment and integrity, earning an honorable discharge around 2007. As his unit prepared for an overseas deployment, Mr. Chin faced a profound personal conflict regarding the prospect of engaging in combat against others. Choosing to uphold his deeply held principles, he sought and was granted an honorable discharge, allowing him to conclude his service with dignity and respect.

Following his commendable service and honorable discharge from the United States Marine Corps, Mr. Chin transitioned into a new chapter of his life by pursuing a career in construction. With the same dedication he displayed in the military, he contributed significantly to his community by helping to construct vital structures such as

churches, community centers, and other public buildings. His work not only supported the physical development of these spaces but also fostered a sense of unity and purpose, enriching the lives of those who utilized these facilities. Through his skilled labor and commitment, Mr. Chin left a lasting impact on the communities he served, building foundations that would stand as a testament to his desire to contribute positively to society.

## **THE DEFENDANT IS NOT IN THE PROPER MENTAL SHAPE**

Mr. Chin, would be the classic person that needs to be punished, deterred, and rehabilitated, not convicted, warehoused, and forgotten. The need for the sentence to promote respect for the law and to provide just punishment can be attained by the Court granting a downward variance and sentencing Mr. Chin, to a term below the guidelines and the minimum sentence required by the statutes.

During his trial, Mr. Chin provided testimony acknowledging that he participated in certain conversations with A.C., referred to as Minor Victim One, which contained sexually suggestive content. However, he emphasized that these exchanges were intended purely as playful banter and were not meant to be taken seriously. Mr. Chin firmly stated under oath that at no point did he harbor any intention to manipulate, persuade, induce, entice, coerce, or otherwise encourage the minor to participate in any form of sexually explicit behavior or conduct. He maintained that his actions were devoid of any malicious or predatory intent, asserting that the interactions were misconstrued and did not reflect any genuine desire to engage the minor in inappropriate activities.[1]

---

[1] See attachment One, ECF No. 169.

Minor Victim One was aware that she possessed the ability to protect herself from any perceived threats or unwanted communication from Mr. Chin. She understood that, should she feel uncomfortable, unsafe, or intimidated by his actions or messages, she had the knowledge and means to block him from further contacting her. This awareness provided her with a sense of control over the situation, as she was familiar with the steps necessary to prevent any additional interactions, ensuring she could safeguard her well-being by restricting his access to her through the relevant communication platforms or channels.[2]

Individuals like Mr. Chin, who have faced profound personal challenges and adversity, are no less deserving of compassion and support when they stumble under the weight of their circumstances. Rather than subjecting Mr. Chin to prolonged incarceration in a manner that amounts to mere warehousing, the justice system has a meaningful opportunity to prioritize rehabilitation and restorative measures tailored to his unique needs. Mr. Chin's struggles—marked by the devastating loss of his fiancée, a long history of depression and suicidal ideations, and physical trauma sustained during his detention—demonstrate that he is not beyond redemption but rather a candidate for targeted rehabilitative efforts within a correctional setting. Such interventions could address his mental health needs, foster healing, and equip him with the tools to rebuild his life.

The statutes under which Mr. Chin was convicted impose a mandatory minimum sentence of 35 years. At his current age of 40, this term effectively constitutes a life

---

[2] See attachment One, ECF No. 168.

sentence, offering little prospect for release or a chance to reintegrate into society. This lengthy sentence risks extinguishing any hope for Mr. Chin's recovery and personal growth, particularly in light of his documented vulnerabilities. A more balanced approach, one that considers his capacity for rehabilitation alongside the need for accountability, would better serve the principles of justice while acknowledging the complex interplay of trauma and hardship that has shaped Mr. Chin's path.

## **OBJECTIONS**

Mr. Chin has objected to the following paragraphs of the PSR. Paragraphs 42, 49, and 58, two-point enhancement for Obstruction of Justice, paragraph 64, five-point enhancement for a Chapter Four enhancement, paragraph 38, Specific Offense Characteristics, two-point enhancement for the commission of a sexual act,.

Mr. Chin respectfully submits that the application of the Obstruction of Justice enhancement in his case is unwarranted, as his testimony was grounded in his genuine, subjective belief in his own innocence. Mr. Chin asserts that his decision to testify in his own defense was a sincere exercise of his constitutional right to present his perspective, reflecting his honest conviction that he did not commit the offenses for which he was charged. He maintains that imposing additional punishment for exercising this right—specifically for articulating his personal belief in his innocence—would unfairly penalize him for participating in his own defense.

Mr. Chin's position is rooted in the principle that a defendant should not face enhanced penalties merely for offering testimony that aligns with their truthful perception of the events in question. He respectfully contends that the Obstruction of Justice

enhancement should not be applied in a manner that effectively punishes him for asserting his innocence during trial. Doing so, he argues, risks compounding his existing sentence unjustly, undermining the fairness of the judicial process and discouraging defendants from engaging in their own defense. Mr. Chin seeks a sentencing determination that recognizes the legitimacy of his testimony as an expression of his subjective belief, rather than an attempt to obstruct justice, and requests that this enhancement not be imposed in addition to the penalties he already faces.

Mr. Chin respectfully submits that the application of the five-point Chapter Four enhancement under the United States Sentencing Guidelines is inappropriate in his case, as the requisite criteria for this enhancement are not met. Specifically, Mr. Chin contends that the enhancement, which typically applies based on a defendant's prior criminal history, should not be imposed because his two convictions do not involve the same type of offense. His prior conviction was for possession, an offense that is factually and legally distinct from his current conviction, which involves charges related to persuading, inducing, enticing, coercing, or facilitating a minor into sexual activities

## **CONCLUSION**

WHEREFORE, we would respectfully submit that the court sentence Mr. Chin to a mandatory minimum term of four hundred and twenty (420) months' incarceration and this sentence is no more than necessary.

Respectfully submitted this April 21, 2025.

                                      Alex Kai Tick Chin
                                      By Counsel

Very truly yours,

JOY LAW OFFICE
2701 Louisa Street
P.O. Box 411
Catlettsburg, KY 41129
Telephone: (606) 739-4569
Facsimile: (606) 739-0338
Cell: (859) 488-1214

__s/ Sebastian M. Joy_____
Sebastian M. Joy, Esq.
Counsel for Defendant Alex Kai Tick Chin
Kentucky Bar # 92583
West Virginia Bar # 10945
E-mail: sjoy@joylawoffice.com
Admitted in Kentucky & West Virginia

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**UNITED STATES OF AMERICA**

**V**                                                             **CRIMINIAL NO. 3:22-cr-00087-001**

**ALEX KAI TICK CHIN**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **SENTENCING MEMORANDUM** has been electronically filed with the Clerk of Court this date using the

**VIA CM/ECF:**   Jenny Herrald, Esq. AUSA
Office of United States Attorney
Southern District of West Virginia
300 Virginia Street East, Room 4000
Charleston, West Virginia 25301


**DATE:**         April 21, 2025

>Very truly yours,
>
>JOY LAW OFFICE
>2701 Louisa Street
>P.O. Box 411
>Catlettsburg, KY 41129
>Telephone: (606) 739-4569
>Facsimile: (606) 739-0338
>Cell: (859) 488-1214
>
>__s/ Sebastian M. Joy_____
>Sebastian M. Joy, Esq.
>Counsel for Defendant
>Kentucky Bar # 92583
>West Virginia Bar # 10945
>E-mail: sjoy@joylawoffice.com
>Admitted in Kentucky & West Virginia